IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   v.               19-CR-227-JLS

PETER GERACE JR.

     Defendant.
_____

**MOTION TO STRIKE THE DEFENDANT'S
PRETRIAL FILING AT DOCKET 113, TO COMPEL THE DEFENDANT TO
COMPLY WITH THE SCHEDULING ORDER, TO LIMIT THE SCOPE OF THE
COURT'S CONSIDERATION OF THE DEFENDANT'S MOTION AND THE
SCOPE OF THE GOVERNMENT'S REQUIRED RESPONSE, AND FOR AN
EXTENSION OF TIME**

  **THE UNITED STATES OF AMERICA**, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Joseph M. Tripi, Assistant United States Attorney, hereby moves the Court to strike the defendant's filing at Docket 113; to compel the defendant to comply with the Scheduling Order; to limit the Court's consideration of the defendant's present motion, and the scope of the government's response, to whether or not the government should be required to disclose sealed search warrant affidavits; and for an extension of time to file the government's responses.

**PROCEDURAL BACKGROUND**

  To the extent relevant to this motion, on March 4, 2021, during arraignment and at the request of counsel for defendants Peter Gerace Jr., and Joseph Bongiovanni, this Court scheduled voluntary discovery to be provided by April 5, 2021, and the defendants selected

July 7, 2021, as the date for filing of pre-trial omnibus motions. (See Minute Entry, 03/04/2021; see also Sixth Amended Scheduling Order, Docket 97.)

On March 22, 2021, defendant Gerace had an additional attorney added to the case, who was not present at arraignment when the defendant requested four months to prepare and file motions (see Docket 106), and on March 23, 2021, the defendant sent discovery demands to the government (see Docket 113-1, at 2-9). The government received the discovery demands during the same timeframe the government was compiling and voluntarily providing voluminous voluntary discovery, and the government responded that it would respond to discovery motions and demands pursuant to the deadline for motions set by this Court. Notably, at the time of the demands, the defendant had not yet even permitted the government to complete its voluntary discovery despite previously agreeing to the deadline of April 5, 2021 (see Docket 97).

On or about April 5, 2021, the government provided voluminous voluntary discovery pursuant to Rule 16 and provided Rule 12(b)(4) notice to the defendants. The discovery provided to date includes all search warrants referenced in the defendant's instant motion, but did not provide the affidavits, which are under seal. It should be noted that much of the voluntary discovery had previously been provided to codefendant Bongiovanni because he was first charged in this case.

On or about April 19, 2021, via email the defendant requested "all search warrant applications […]." (See Docket 113-1, at 13.) As noted above, the affidavits in support of each search warrant are under seal pursuant to Court order for the reasons set forth in the affidavits. The defendant's email request was a blanket request for "all search warrant [affidavits]" and, even though search warrants were provided in voluntary discovery, no specific search warrants were identified in the email request. (Id.) The government responded that it had provided all search warrants, but that it was not voluntarily providing the search warrant affidavits/applications, which remain under seal, and further indicated that appropriate motions would need to be filed [and the disclosure issues litigated]. (Id.) All search warrants and information documenting what was seized, have been provided.

## ARGUMENT

Federal Rule of Criminal Procedure 12(c)(1) provides that "the court may, at arraignment […] set a deadline for the parties to make pretrial motions[.]" Rule 12 of the Local Rules for the WDNY provides that, unless otherwise ordered by the District Judge to whom a criminal case is assigned, the following procedures shall apply to criminal indictments and informations:

(a) **Initial Schedule.** After providing the attorneys for the government and all defendants the opportunity to be heard, either at arraignment or a date set at the arraignment, the Court shall issue an order providing:

(1) Deadlines and terms and conditions for discovery between the government and defendants;

(2) Deadlines for filing motions; and

> (3) Such other matters as the Court deems appropriate in the exercise of its discretionary and supervisory powers.

An important aspect of the Local Rule is that both parties are permitted to weigh in on the appropriate motions schedule, taking into account the amount of work involved in a particular case in combination with other case responsibilities, duties, and obligations. Where, as here, a defendant agrees to a schedule, and then fails to comply, the government is stripped of its ability to be heard as to the appropriateness of the schedule, or the off-schedule motion filed by the defendant, in disregard of the Local Rule. The Local Rule, consistent with Rule 12(c) is designed to ensure fairness, judicial economy, and the orderly progress of cases. Here, by filing off-schedule motions without requesting leave of the Court to do so, the defendant is ignoring both the Local Rule and the schedule for motions he selected at arraignment and that the Court implemented in its Sixth Amended Scheduling Order (see Docket 97).

"A district court does not abuse its discretion when it denies a motion if the mover failed to comply with the established pretrial procedures". United States v. Billings, No. 15CR00050LJVJJM4, 2015 WL 10057711, at *2 (W.D.N.Y. Dec. 18, 2015), report and recommendation adopted, No. 15-CR-50, 2016 WL 538626 (W.D.N.Y. Feb. 9, 2016). While the government is mindful that a court's discretion to deny a motion for failure to comply with established pretrial procedures typically arises in circumstances where a party seeks to file an untimely motion, the logic for denying the defendant's attempts to file *ad hoc* motions, whenever he so chooses, equally applies. Indeed, "[t]he Advisory Committee notes on the

2002 Amendment to [Rule 12(c)] explain that judges should be encouraged to set deadlines for motions because doing so **promotes judicial economy and more efficient case management**." United States v. Hawkins, No. 09-CR-0293, 2010 WL 1434192, at *1 (W.D. La. Apr. 8, 2010) (emphasis added).

The defendant should not be able to amend, or make up, the schedule for motions as he goes along.  As the government indicated in its informal email response to the defendant (see Docket 113-1 at 11) "[W]e will be responding on the current motion schedule if/when these [discovery motions] are formally filed."  There is a scheduling order in place which was agreed to by the parties and the Court on March 4, 2021.  Indeed, it was the defendant who requested four months, until July 7, 2021, to file motions, and the Court ordered "**[A]ll pretrial motions, dispositive and non-dispositive […] shall be filed by 7/7/2021**[,]" and that "**[A]ll responses […] shall be filed by 8/9/2021**." (See Docket 97) (emphasis added).

Importantly, by incorporating his informal discovery demands and request for a bill of particulars (see Docket 113-1 at 3-9) into his present motion also seeking disclosure of sealed search warrant affidavits, the defendant is seeking a tactical advantage.  By including his informal discovery demands under the guise of seeking sealed search warrant affidavits, the defendant is attempting to take two-bites at the proverbial apple.  The defendant intends to compel the government to respond to discovery demands and a bill of particulars now, and undoubtedly will refile the same requests later buried in a lengthier omnibus motion on or about July 7, 2021.  In addition to ignoring the schedule the Court set, to which he agreed,

the defendant should not be permitted to file *ad hoc* and duplicative motions in a piecemeal fashion requiring the government to respond to motions whenever the defendant feels like filing a motion. For example, to date the government has provided 149,292 pages of discovery, and volumes of other data. If the defendant is permitted simply to file a motion whenever he wants, or every time he identifies an issue, or every 10,000 pages he reviews in discovery, it will invalidate the purpose of this Court's Scheduling Order, Local Rule 12, and the purpose behind Rule 12(c), which is designed to promote "judicial economy and more efficient case management." See Hawkins supra.

As a result, the Court should either strike the defendant's current filing to the extent it contains a motion to compel discovery and a request for a bill of particulars (see Docket 113-1 at 3-9), and/or permit the government to respond on August 9, 2021, which is the date the Court set for the government to respond to all pre-trial motions. (See Docket 97 at ¶3.) Just because the defendant decided to file a premature discovery motion should not compel the government to respond prematurely and prior to the agreed upon deadlines. If the defendant seeks an expedited motion schedule, he should file that motion with the Court and the government will request all defense motions and government responses be filed on an expedited schedule as well. Alternatively, the defendant should be precluded from re-filing any duplicative motions for discovery and a bill of particulars at a later date, on July 7, 2021.

Notwithstanding the foregoing, unlike the defendant's efforts to seek a tactical advantage by filing two rounds of discovery motions and requests for a bill of particulars (see

Docket 113-1 at 3-9), the government is mindful that litigating whether or not the government should be required to disclose the search warrant affidavits will help move this litigation forward, and the government consents to litigating that aspect of the defendant's current motion prior to the government's August 9, 2021, response deadline set forth in the Sixth Amended Scheduling Order.  Nevertheless, the government requests a 30-day extension of time to respond to the defendant's motion, and requests that its requirement to respond to this off-schedule defense motion be limited in scope to the defendant's efforts to obtain disclosure of sealed search warrant affidavits.  The government's request for an extension of time is because the undersigned has been out of the office since early March[1] and only recently returned to work at the USAO-WDNY on May 3, 2021, after an extended absence from the office due to a personal matter. While the undersigned responded to emails from the defendant's counsel prior to May 3, 2021, the undersigned's "out of office" automatic email response was also sending messages advising defense counsel the undersigned was out of the office.  As the government attorney responsible for responding to Docket 113, the undersigned was unable to review the defendant's motion until recently returning to the office.

---

[1] While out of the office, the undersigned worked in a limited capacity, including to ensure discovery in this case was timely provided.

## CONCLUSION

**WHEREFORE**, the government requests the following:

(i) That the Court strike defendant's motion at Docket 113 from the record, and require the defendant to comply with the deadlines set forth in the Sixth Amended Scheduling Order; or in the alternative

(ii) That the Court permit the government to respond to the defendant's general requests for discovery and for a bill of particulars (see Docket 113 at ¶3; see also 113-1 at 3-9) on August 9, 2021, pursuant to the deadline for such responses in the Court's Sixth Amended Scheduling Order (see Docket 97);

(iii) That the Court limit its consideration of the defendant's current motion filed at Docket 113, and the scope of the government's required response, to whether or not the government should be ordered to disclose sealed search warrant affidavits to the defendant; and

(iv) That the Court permit the government a thirty (30) day extension of time to file its response to Docket 113, regardless of whether or not the Court requires the government to respond to all issues raised by the defendant in Docket 113 or, as requested by the government, that the Court require only a limited response within the next thirty (30) days relating solely to disclosure of the sealed search warrant affidavits, and permitting the government to respond to the defendant's other discovery requests and request for a bill of particulars (see Docket 113 at ¶3; see also 113-1 at 3-9) on August 9, 2021, pursuant to the Court's Sixth Amended Scheduling Order.

DATED: Buffalo, New York, May 8, 2021.

        JAMES P. KENNEDY, JR.
        United States Attorney

BY:   S/JOSEPH M. TRIPI
      JOSEPH M. TRIPI
      Assistant U.S. Attorney
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York  14202
      (716) 843-5839
      Joseph.Tripi@usdoj.gov