UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      Plaintiff,

    v.
                                                Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                      Defendants.


**DEFENSE RESPONSE TO PROSECUTION
MOTION TO STRIKE AND FOR OTHER RELIEF**


                                    Respectfully submitted,


                                    */s/ Joseph M. LaTona*
                                    JOSEPH M. LaTONA

                                    Office and Post Office Address
                                    403 Main Street - Suite 716
                                    Buffalo, New York  14203
                                    716-842-0416
                                    sandyw@tomburton.com

                                    JOEL L. DANIELS, ESQ.
                                    Office and Post Office Address
                                    42 Delaware Avenue - Suite 700
                                    Buffalo, New York  14202
                                    (716) 856-5140
                                    jdaniels38@aol.com

                                    Attorneys for Defendant,
                                    PETER GERACE, JR.

## DISCUSSION

### Prosecutorial Misrepresentation

As was clearly set forth in the defense Notice of Motion, the only relief being sought by the defense was an order unsealing various search warrant applications and a directive that the prosecution be ordered to comply with a Rule 12 disclosure request previously served upon the prosecution [Doc. 113, p. 1]. Indeed, the body of the defense supporting affidavit related exclusively to warrants to search two locations and a cell phone, together with a request that the Court direct compliance with the defense Rule 12 disclosure requests [Doc. 113, pp. 4-5].

The defense motion only sought access to items and information relevant to suppression issues. The motion was made because the prosecution refused reasonable defense requests for materials and information.

Despite the clear cut scope of the defense motion, the prosecution misrepresents that the defense motion also included a request for a bill of particulars [Doc. 119, pp. 5-6].

While defense counsel previously submitted to the prosecution a request that the Government voluntarily provide a bill of particulars, in light of the prosecution refusal this matter will be encompassed within the defense omnibus motions. The defense motion to unseal and compel compliance with Rule 12 requests did not include a copy of the defense requests for a bill of particulars. The motion did include the Rule 12 requests [Doc. 113, Ex. A].

### Extension Request

Among the relief sought by the prosecution was a request for a 30-day extension [Doc. 119, p. 8].

Had the prosecutor requested an extension, the defense would have agreed to a reasonable extension of time to respond to the motions for unsealing of the search warrant documentation and compliance with Rule 12.

The only condition for that consent would be that the prosecution would not oppose any reasonable motion advanced by the defense seeking additional time within which to file the defense omnibus motions.

## **The Arraignment**

During the arraignment proceedings of March 8, 2021, the issue of voluntary discovery was discussed. The prosecutor never indicated that the voluntary discovery material would not include copies of the documentation and actual application for the issuance of search warrants [Exhibit A].

Thereafter, the defense submitted its request for voluntarily compliance with a Rule 12 request [Doc. 113, Ex. A].

Later, upon receipt of the discovery material, defense counsel noted that none of the search warrant applications had been provided. That prompted an informal request of the prosecution that the defense be provided with copies of the search warrant applications [Doc. 113, Ex. C]. The prosecution responded on April 19, 2021, refusing to voluntarily comply with the defense request and stating that the defense would have to make a motion supported, among other things, by a standing affidavit [Doc. 113, Ex. D].

The prosecution's email of April 19, 2021 led to the filing of the defense motion [Doc. 113].

**JUDICIAL ECONOMY**

The record in this case clearly establishes that the defense sought access to those materials necessary to prepare and file defense pre-trial motions. The defense sought to accomplish this end by voluntarily requesting such materials from the prosecution.

While parroting the commendable objectives of fairness and judicial economy, the prosecution's position is to the contrary [Doc. 119, pp. 4-5].

Significantly, the prosecution concedes that resolving the issue seeking unsealing of the search warrant applications would "help move" this case forward [Doc. 119, p. 7]. Indeed, in the protective order originally drafted by the prosecution and signed by the Court, it was understood that suppression would involve reference to materials filed under seal [Doc. 109, p. 3]. The same applies to the matters inquired of in the defense Rule 12 requests. The defense currently does not know whether or not Mr. Gerace was subjected to electronic surveillance, an illegal identification proceeding, surreptitious interrogation or any warrantless search or seizure [Doc. 113, Ex. A].

The cases cited by the prosecution are totally inapplicable to the instant defense motion. Here, the defense is seeking the materials and information necessary to submit a complete omnibus motion on July 7, 2021. The cases cited by the prosecution involve defense failures to abide by a motion deadline set by the Court.

The prosecution speciously claims that the defense is attempting to circumvent this Court's scheduling order and the Rule 12 protocols [Doc. 119, pp. 3-5]. Nothing could be further from the truth.

Interestingly, the prosecution cites to the Advisory Committee notes on Rule 12 of the Federal Rules of Criminal Procedure.

3

Omitted from the prosecution submission is the following excerpt from the Advisory Committee notes:

> "[f]or example, in <u>United States v. Desist</u>, 384 F.2d 889, 897 (2d Cir. 1967), the Court said:
>
> 'Early in the pre-trial proceedings, the Government commendably informed both the Court and defense counsel that an electronic listening device had been used in investigating the case, and suggested a hearing be held as to its legality'" [Advisory Committee notes, 1974 amendment].

## CONCLUSION

It is respectfully submitted that the defense motion be litigated and decided expeditiously.

DATED:   May 11, 2021                          Respectfully submitted,
         Buffalo, New York


                                               */s/ Joseph M. LaTona*
                                               JOSEPH M. LaTONA

                                               Office and Post Office Address
                                               403 Main Street - Suite 716
                                               Buffalo, New York  14203
                                               716-842-0416
                                               sandyw@tomburton.com

                                               JOEL L. DANIELS, ESQ.
                                               Office and Post Office Address
                                               42 Delaware Avenue - Suite 700
                                               Buffalo, New York  14202
                                               (716) 856-5140
                                               jdaniels38@aol.com

                                               Attorneys for Defendant,
                                               PETER GERACE, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2021 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**Brendan T. Cullinane, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT