IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

          v.                                      19-CR-227-JLS

PETER GERACE, JR.,

                    Defendant.

_____

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR AN ORDER UNSEALING AND DIRECTING DISCLOSURE OF SEARCH WARRANT APPLICATIONS AND AFFIDAVITS TO THE DEFENSE

The defendant, PETER GERACE, JR., through his attorney, Joseph M. LaTona, Esq., has filed a motion seeking the unsealing and disclosure of search warrant application/affidavits. (See Docket No. 113.) The UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Joseph M. Tripi, Assistant United States Attorney, of counsel, hereby files the government's response to the defendant's motion seeking unsealing and disclosure of search warrant applications and the supporting affidavits and attachments.

## I.      STATEMENT OF FACTS

### A.      19-M-5303

On November 29, 2019, pursuant to an application, affidavit, and attachments (see 19-M-5303), this Court issued search warrants authorizing the search of 5145 Lexor Lane, Clarence, New York (see 19-M-5303-01), and 999 Aero Drive, Cheektowaga, New York (see 19-M-5303-02). The affidavit and attachments submitted in support of the search warrant

were sealed, and remain sealed, until further order of the Court because of the risk to future and ongoing investigations and the threat to witnesses if the affidavit and attached documents submitted in support were unsealed.  As the Court can discern from its *in camera* review of the search warrant application, affidavit, and attachments, the forty-one (41) page affidavit in support of the application incorporated Attachments A through F.  In total, approximately one-hundred and ninety-five (195) pages of materials were submitted in support of the search warrants.

The attachments incorporated into application 19-M-5303 included other search warrant applications, affidavits, and attachments of other search warrants authorized by this Court, and an application, affidavit, and attachments for an Apple iCloud search warrant issued by United States Magistrate Judge H. Kenneth Schroeder, Jr., which all remain under seal until further court order.  The search warrant affidavit and attachments in 19-M-5303[1] provide a detailed description of an ongoing investigation and include detailed summaries of information provided by numerous witnesses, including some who testified before a federal Grand Jury.  Based upon the detailed descriptions set forth in the search warrant affidavit, even if witness identities were to be redacted, the witnesses would be readily identifiable.

On April 28, 2021, the defendant filed a motion (see Docket 113), unsupported by any legal authority and without any attempt to demonstrate materiality under Rule 16, seeking to unseal and compel disclosure of the sealed search warrant materials in support of 19-M-5303.

---

[1] The government provided search warrants 19-M-5303-01 and 19-M-5303-02 during voluntary discovery to the defendant but did not provide the 19-M-5303 application, affidavit, and attachments which remain under seal.

As described further *infra*, the concerns that merited sealing in the first instance remain intact and the motion to unseal and to compel disclosure should be denied in all respects.

**B.      21-MJ-5072**

On February 26, 2021, pursuant to application, affidavit, and attachments (see 21-MJ-5072), this Court authorized the search warrant for 5145 Lexor Lane, Clarence, New York. The attachments to search warrant application 21-MJ-5072 included the entirety of the search warrant application, affidavit, and attachments in support of 19-M-5303.   Due to the continuing and ongoing investigation described therein, and concerns regarding the safety and security of witnesses, the Court ordered the search warrant materials, including the affidavit and attachments, sealed until further court order.  A copy of the search warrant 21-MJ-5072 was provided to the defense during voluntary discovery, but the affidavit and attachments (including the entirety of the application in 19-M-5303) were not provided.

Again, the defendant has requested the unsealing and disclosure of the 21-MJ-5102 search warrant affidavit materials without citation to a single case and/or without any attempt to demonstrate materiality.  As set forth herein, the concerns that merited sealing in the first instance remain intact and the defense motion for unsealing and disclosure should be denied.

**C.      21-mj-22**

On March 12, 2021, pursuant to application, affidavit, and attachments, United States Magistrate Judge H. Kenneth Schroeder authorized the search of One (1) Apple iPhone 11 Pro, Green in color, and bearing IMEI: 353248101165460.  The search warrant in 21-mj-22

was provided during voluntary discovery, but the sealed search warrant affidavit was not voluntarily provided.

The defendant has moved to unseal and for disclosure of the search warrant application, affidavit, and attachments in support of 21-mj-22. Upon further review, the affidavit and attachments in support of 21-mj-22 consists of approximately twenty (20) pages of material, and the information contained therein is more limited than the applications, affidavits, and attachments in 19-M-5303 and 21-MJ-5102, described above. As a result, the government believes a redacted copy of the application, affidavit, and attachments in support of 21-mj-22 can be provided to the defense in a manner that sufficiently mitigates the concerns which warrant the continued sealing of the applications, affidavits, and attachments in 19-M-5303 and 21-MJ-5102. Accordingly, with the Court's permission, the government will prepare a redacted version of the application, affidavit, and attachments in support of 21-mj-22, and will provide a copy of same to the defendant's counsel under the terms of the Protective Order currently in place (see Docket 109).

## II.  THE DEFENDANT'S MOTION FOR AN ORDER UNSEALING SEARCH WARRANT AFFIDAVITS SHOULD BE DENIED

### A.  The Law

Neither Rule 16 nor Rule 41, by their plain terms, require disclosure of the search warrant affidavits, even under circumstances where a defendant establishes standing. See Weatherford v. Bursey, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case..."); see also United States v. Scully, 108 F. Supp. 3d 59, 123

(E.D.N.Y. 2015) (Rule 16 "does not entitle a criminal defendant to a 'broad and blind fishing expedition among [items] possessed by the Government on the chance that something impeaching might turn up.'") (citations omitted).

"Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted," and "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Rakas v. Illinois, 439 U.S. 128, 133–34 (1978). In Rakas, the Court rejected the "target theory" of standing where the defendant attempted to challenge evidence obtained because of an unlawful search and seizure merely because the defendant had been a target of the search and seizure. Id. at 132-33. Moreover, while reiterating that a Fourth Amendment violation can only be asserted by those whose rights were violated by the search itself and not by those who are aggrieved solely by the introduction of damaging evidence, the Supreme Court has also explicitly held that "co-defendants and co-conspirators have been accorded no special standing." United States v. Alderman, 394 U.S. 165, 171-172 (1969); see also United States v. Padilla, 508 U.S. 77, 78 (1993) (rejecting a rule conferring standing upon a defendant who had a supervisory role in the conspiracy or joint control over the place or property involved in the search and seizure); United States v. Galante, 547 F.2d 733, 739 (2d Cir. 1976). It is a defendant's burden to establish Fourth Amendment standing, "[i]ndeed it is their duty to do so. For the purposes of establishing the existence of a subjective expectation of privacy (let alone the reasonableness of this expectation), reliance on what the Government believes to be true is a poor substitute for factual averments that fully set forth what a particular defendant

believes to be the facts of his or her case."  United States v. Gerena, 662 F. Supp. 1218, 1250–51 (D. Conn. 1987).

It is also a defendant's burden to demonstrate materiality in the context of seeking discovery pursuant to Rule 16, and courts generally require defendants to demonstrate Fourth Amendment standing as a threshold matter before considering whether or not a defendant can establish materiality sufficient to order the government to disclose a search warrant affidavit pursuant to Rule 16.  See Fed.R.Crim.P. 16(a)(1)(E); see also United States v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991); United States v. Pirk, 282 F. Supp. 3d 585, 591 (W.D.N.Y. 2017) ("to gain access to the search warrant affidavit pursuant to the Fourth Amendment, [d]efendants must have a legitimate Fourth Amendment right in the property searched."); United States v. Saltares, 301 F. Supp. 2d 305, 306–07 (S.D.N.Y. 2004) (defendant failed to make a sufficiently specific showing under Fed.R.Crim.P. 16 that unredacted copies of the [search warrant] affidavits were material to his defense to justify an order from the court directing the Government to turn over information that it claimed would reveal the identity of a confidential informant); United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir.1990) (defendant has the burden of making a prima facie showing of materiality); United States v. Jenkins, No. 1:15-CR-00142 EAW, 2017 WL 3283859, at *4 (W.D.N.Y. Aug. 2, 2017) (the burden is on the defendant to establish what is material and discoverable under Rule 16).

"Evidence is material if its pretrial disclosure will enable a defendant to alter significantly the quantum of proof in his favor."  United States v. Giffen, 379 F. Supp. 2d 337,

342 (S.D.N.Y. 2004).  Conclusory allegations of materiality are insufficient for a defendant to establish materiality.  Id.  Where a defendant's request for disclosure of a search warrant affidavit is based upon conclusory claims of materiality, or where a defendant's stated need for the information is outweighed by legitimate government concerns that disclosure of the affidavit will identify and endanger witnesses, informants, and expose ongoing investigations, courts routinely deny defendant's access to sealed search warrant affidavits.  See United States v. Napier, 436 F.3d 1133, 1136 (9th Cir. 2006); see also  United States v. Cartagena, 593 F.3d 104, 114 (1st Cir. 2010) (denying disclosure of information that would tend to identify informants); In re Search Warrant for 2934 Morris Road, Niles, Ohio 44406, 48 F.Supp.2d 1082, 1084 (N.D. Ohio 1999) (denying motion to unseal search warrant affidavit, even assuming standing existed, based upon "the sensitive nature of the information contained in the affidavit, the compelling governmental interest in protecting the ongoing investigation, and the privacy interests of those named in the affidavit."); [2] In re Search Warrant for Secretarial Office Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988) (deciding search warrant documents should remain under seal due to an ongoing investigation wherein the documents "describe in considerable detail the nature, scope and direction of the government's investigation").  A defendant's desire to access a sealed search warrant affidavit to prepare a Franks motion, or to identify potential government witnesses, is insufficient to

---

[2]  In addition to the compelling government interest involved in this case in protecting an ongoing investigation, and the privacy interests of those named and/or referenced with specificity in the search warrant affidavits, the volume and specificity of information included in the affidavits would make redaction ineffective at preserving investigation's integrity, and protecting the safety and privacy of the witnesses who provided information.  See Matter of Search Warrants for National Builders Corp., 833 F.Supp. 644, 646 (N.D. Ohio 1993); see also Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987) ("[T]he First Amendment right of access to criminal proceedings is not absolute. Proceedings may be closed and, by analogy, documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.") (internal quotations omitted.)

establish materiality and a defendant's need for a search warrant affidavit.  See Napier, 436 F.3d at 1136.  Here, as set forth below, the defendant failed to make any claims of materiality whatsoever.

### B.   Argument

#### 1.   Standing

In support of his motion, the defendant submitted a barebones declaration seeking to establish Fourth Amendment standing in 999 Aero Drive, Cheektowaga, New York and 5154 Lexor Lane, Clarence, New York.

#### a.   999 Aero Drive

Regarding 999 Aero Drive, which is the premises known as Pharaoh's Gentlemen's Club, the defendant stated: "[t]he Gentlemen's Club located at 999 Aero Drive in Cheektowaga, New York is and has been operated by Pharaoh's GC, Inc. a corporate entity[;]" and "[s]ince April, 2018 [sic] I have been the sole shareholder in that corporate entity.  In addition, I am in the process of acquiring title to that location pursuant to a land contract."  (See Docket 113-2 at ¶¶ 2-3.)

The defendant has failed to establish standing in 999 Aero Drive.  The defendant's status as the sole shareholder of Pharaoh's GC, Inc. is insufficient to establish standing.  It has long been recognized that the Fourth Amendment "'protects people, not places.'"  Smith v. Maryland, 442 U.S. 735, 739 (1979) (quoting Katz v. United States, 389 U.S. 347, 353 (1967).  A defendant "is obliged to show that he had a legitimate expectation of privacy in the

area searched before he can invoke the protection of the Fourth Amendment." <u>United States v. Smith</u>, 621 F.2d 483, 486 (2d Cir. 1980).  "Where the premises searched is a business, defendants seeking suppression must establish both that they are associated with the business and that they have a legitimate expectation of privacy in the part of the business that was searched." <u>United States v. Kazarian</u>, No. 10 Cr. 895(PGG), 2012 WL 1810214, at *18 (S.D.N.Y. May 18, 2012) (citing <u>O'Connor v. Ortega</u>, 480 U.S. 709, 718 (1987) ). Unlike the nearly absolute protection of a residence, the "great variety of work environments" requires analysis of reasonable expectations "on a case-by-case basis." <u>O'Connor</u>, 480 U.S. at 718. Indeed, seventy-five years ago, in <u>Lagow v. United States</u>, the Second Circuit held:

> What a man chooses to avail himself of the privilege of doing business as a corporation, even though he is its sole shareholder, he may not vicariously take on the privilege of the corporation under the Fourth Amendment; documents which he could have protected from seizure, if they had been his own, may be used against him, no matter how they were obtained from the corporation. Its wrongs are not his wrongs; its immunity is not his immunity. This we have four times decided.

159 F.2d 245, 246 (2d Cir. 1946).  Similarly, in <u>United States v. Chuang</u>, 897 F.2d 646, 649-50 (2d Cir. 1990), the court held that a bank officer had no expectation of privacy in another's workspace, notwithstanding his operational control over the bank.[3] "Shareholders of a corporation do not have standing merely because they are shareholders, nor can they vicariously assert the corporation's Fourth Amendment rights. They must establish some personal expectation of privacy in the corporate records at issue." <u>United States v. Triumph Cap. Grp., Inc.</u>, 211 F.R.D. 31, 54 (D. Conn. 2002), <u>but see</u> <u>United States v. Schwimmer</u>, 692 F. Supp. 119, 125 (E.D.N.Y. 1988) (assuming a defendant established a privacy interest

---

[3] There are circumstances where a reasonable expectation of privacy can exist in a business office with regard to business records, <u>see</u> <u>Mancusi v. DeForte</u>, 392 U.S. 364, 367-70 (1968), but the defendant's affidavit in this case has not sufficiently set forth his privacy interests in 999 Aero Drive, Cheektowaga, New York.

based upon ownership and control of the company's affairs and his office at the company's suite of offices).

While there may be circumstances where a sole shareholder can establish a Fourth Amendment standing in the search of a business, the defendant's factual averments in this case are insufficient.  Here, for example, the defendant has not alleged that he controls the premises at 999 Aero Drive; that he has an office there; that he physically controls who has access to the premises and/or its various rooms; or that the records and items stored there (and seized from there) belonged to him.  Instead, the defendant has merely alleged that he has been the sole shareholder of the corporate entity for what amounts to a small portion of the time-period encompassed by the charges contained in the Superseding Indictment.

As described above, the defendant cannot rely upon the government's allegations to establish standing, see Gerena supra, or to buttress his standing claims.  Indeed, a defendant only has standing if he establishes that he had a reasonable expectation of privacy in the areas searched or the items seized. See Rakas 439 U.S. at 143.  Here, rather than alleging specific facts, the defendant has apparently made a tactical decision to proffer only a conclusory bare bones statement that he is the sole shareholder of the corporate entity known as Pharaoh's GC Inc.  Therefore, the defendant has failed to allege facts sufficient to establish standing in 999 Aero Drive.

Based upon the foregoing, the defendant neither has standing to contest the search at 999 Aero Drive[4] nor has he made a threshold Fourth Amendment showing demonstrating that he has a need to review the search warrant affidavit and attachments relating to the search warrant conducted at Pharaoh's (see 19-M-5303).

### b.    5154 Lexor Lane

As to 5154 Lexor Lane, the defendant's affidavit states that "[s]ince July 25, 2018 I have owned the residence at 5154 Lexor Lane in Clarence, New York.  I have lived at that residence since I acquired title."  (See Docket 113-2 at ¶ 1.)  Unlike the defendant's statements related to 999 Aero Drive, the government concedes that defendant has sufficiently established standing in 5154 Lexor Lane, Clarence, New York.

As set forth above, there was a single search warrant application, affidavit, and attachments provided in 19-M-5303 that were the basis of the search warrants for both 5154 Lexor Lane (19-M-5303-01) and 999 Aero Drive (19-M-5303-02).  The application, affidavit, and attachments provided in 19-M-5303 were re-provided to the Court as one of the attachments in the application for the second search warrant conducted at 5154 Lexor Lane. (See 21-MJ-5072.)   Notwithstanding the foregoing, the search warrant affidavits and attachments should neither be unsealed, nor disclosed to the defendant, as described *infra*.

---

[4] The defendant has received discovery documenting what was seized from Pharaoh's, and including reports and photographs documenting what was seized and from where within the premises at 999 Aero Drive.

2.    <u>**Materiality**</u>

The defendant's conclusory requests for the search warrant affidavits and attachments do not establish materiality pursuant to Rule 16(a)(1)(E)(i), and the defendant's request to unseal and disclose the search warrant affidavits and attachments should be denied.

Under Rule 16(a)(1)(E), evidence is material if it will play an **important** role in uncovering admissible evidence, aiding in witness preparation, corroborating testimony, or assisting impeachment or rebuttal.  <u>United States v. Farias</u>, No. CR 11-0647 RS MEJ, 2012 WL 1424759, at *2–3 (N.D. Cal. Apr. 24, 2012) (emphasis added).  Put another way, evidence is material if its pretrial disclosure will enable a defendant to "**alter significantly** the quantum of proof in his favor."  <u>Giffen</u>, 379 F. Supp. 2d at 342 (emphasis added.)

Here, the search warrant affidavits and attachments sought by the defendant will not aid the defendant in any of the ways necessary to establish materiality.  For example, pursuant the District Court's pretrial order and Title 18, United States Code, Section 3500, the defense will later be provided with the statements of any trial witnesses referenced in the search warrant affidavits, such that the defendant will not need the search warrant affidavit, particularly at this juncture, to gain access to the government witness statements to assist the defense in impeaching or rebutting the testimony of government witnesses.[5]  The government will also provide witness impeachment information, such as criminal histories, plea agreements, and/or cooperation agreements, which will enable the defendant to prepare for

---

[5] The government will also provide witness impeachment information, such as criminal histories, plea agreements, and/or cooperation agreements, which will enable the defendant to prepare for trial.

trial.  Moreover, as part of its trial submissions required by the District Court's pre-trial order, the government will be required to provide a witness list summarizing anticipated witness testimony.  Accordingly, the defendant will not need the search warrant affidavits he seeks to aid the defense in impeaching or rebutting the testimony of government trial witnesses.

Additionally, the government provided the defendant with voluntary discovery, including the results of the search warrants at 999 Aero Drive, 5154 Lexor Lane, and law enforcement reports, documents, and photos pertaining to the other search warrants whose applications, affidavits, and attachments were provided to the Court as attachments to the affidavits in 19-M-5303 and 21-MJ-5102.[6]  Thus, particularly in light of the voluminous voluntary discovery provided and the additional information that will be provided pursuant to the District Court's pre-trial order, there is no basis to conclude the search warrant affidavits sought by the defendant are material to his defense.  Plainly, the defendant is simply seeking to prematurely identify government witnesses, and his motion should be denied.

In sum, materiality must be viewed in the context of the government's case-in-chief at trial.  The defendant has already been provided voluminous itemized and searchable discovery.  Additionally, pursuant to customary practice, Local Rules, and the District Court's standard pre-trial order, by the time the defendant's case proceeds to trial, he will have

---

[6] Per law enforcement, the Apple iCloud search warrant authorized by United States Magistrate Judge H. Kenneth Schroeder, Jr., and executed as to codefendant Bongiovanni, revealed no information backed up to the cloud.

the government's trial memorandum, witness list, [7] expert witness list, exhibit list, and Jencks materials which will ensure the defendant has more than sufficient information to prepare for trial.  Thus, the search warrant affidavit and attachments sought are immaterial, that is, they will not play an "important role" in trial preparation or "alter significantly the quantum of proof" in the defendant's favor.

Accordingly, the defendant has not established, or even attempted to establish, materiality and his motion to unseal and for disclosure of the search warrant affidavits and attachments should be denied.

> **a.    Materiality is not Established by a Defendant's Desire to Particularize a Motion Pursuant to Franks v. Delaware, 438 U.S. 154 (1978), or to Learn the Identity of Witnesses and/or Informants.**

Consistent with the foregoing, the defendant's implicit desire to file a <u>Franks</u> motion or to challenge the magistrate's probable cause determination is also insufficient for this Court to order unsealing and disclosure of the search warrant affidavits to the defendant.

In <u>United States v. Napier</u>, the defendant, the target of a search warrant wherein law enforcement found a substantial quantity of drugs inside his residence, argued on appeal that the District Court erred by refusing to unseal portions of a search warrant affidavit that were

---

[7] Subject to any protective orders and/or any other measures that may be necessary to ensure witness safety and to secure witness appearances in court, such as, for example, designation of protected witnesses on the government's witness list.

based upon his two drug sales to a confidential informant.  436 F.3d 1133 (9th Cir. 2006).

Specifically, in <u>Napier</u>, the defendant argued:

> because [defendant] was not permitted to examine the sealed portions of the
> search warrant, he asserts that he was wrongly thwarted from making the
> "substantial preliminary showing" required by <u>Franks</u>. [Defendant] argues that
> because <u>Franks</u> recognized a defendant's right to challenge the truthfulness of
> warrant affidavits, it necessarily means that any interference with the
> defendant's ability to mount that challenge is impermissible.

> <u>Id.</u> at 1136.

The Ninth Circuit described the defendant's argument as "untenable" and further

stated:

> [W]e disagree that <u>Franks</u> creates an unlimited right to access all information
> possibly needed to meet the preliminary showing requirement. [The
> defendant's] interest, although significant, must be balanced against other
> values. Here, that value is the government's interest in maintaining integrity of
> ongoing criminal investigations and ensuring the safety of the informant. See
> <u>Roviaro v. United States</u>, 353 U.S. 53, 60-64, 77 S.Ct. 623, 1 L.Ed.2d 639
> (1957) (recognizing "Government's privilege to withhold from disclosure the
> identity of persons who furnish information of violations of law to officers
> charged with enforcement of that law").

<u>Id.</u>  The Ninth Circuit further noted that the government's privilege under <u>Roviaro</u> "extends

to information that would tend to reveal the identity of the informant." <u>Id.</u>  The Ninth Circuit

ultimately affirmed the conviction and held that the district court did not err by refusing to

unseal portions of the search warrant, and further reiterated that a defendant does not have

an absolute right to contest the veracity of the information contained in the search warrant.

<u>Id.</u> at 1139; <u>see</u> <u>also</u> <u>United States v. Cartagena</u>, 593 F.3d 104, 114 (1st Cir. 2010) (denying

disclosure of information that would tend to identify informants); <u>In re Search Warrant for</u>

<u>2934 Morris Road, Niles, Ohio 44406</u>, 48 F.Supp.2d 1082, 1084 (N.D. Ohio 1999) (denying

motion to unseal search warrant affidavit, even assuming standing existed, based upon "the sensitive nature of the information contained in the affidavit, the compelling governmental interest in protecting the ongoing investigation, and the privacy interests of those named in the affidavit."); United States v. Paloscio, 2002 WL 1585835 at *3 (S.D.N.Y. Jul. 17, 2002) (denying defendant's motion for unsealing and production of search warrants and materials submitted in support of their issuance where the defendant did not assert a personal property interest in the automobile which was subject to the search and the search warrant materials and which also related to ongoing investigation); United States v. Farias, No. CR 11-0647 RS MEJ, 2012 WL 1424759, at *1–3 (N.D. Cal. Apr. 24, 2012) (disclosure of confidential information was inappropriate where defendant failed to articulate any substantial reasons); United States v. Saltares, 301 F. Supp. 2d 305, 306-307 (S.D.N.Y. 2004) (denying disclosure of unredacted search warrant application where the defendant claimed the unredacted affidavit was necessary to determine the viability of a filing a Franks motion); United States v. Pennick, 2018 WL 4627138 (W.D.N.Y. Feb. 27, 2018) (finding that disclosure of the search warrant application would allow the defendant and other individuals to identify the confidential informant, thus jeopardizing his or her safety).

Here, the defendant wants the search warrant affidavits unsealed because they contain a composite of sensitive information, including summarized statements of witnesses and law enforcement work product, that the defendants normally would not be entitled to until trial, if at all (i.e., not all witnesses referenced in the search warrant affidavit may be called at trial, etc.). See e.g., Title 18, United States Code, Section 3500 (witness statements not required to be disclosed until after a witness testifies on direct examination at trial), and Fed. R. Crim. P.

16(a)(2) (exempting from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."). Unsealing the search warrant affidavits in this case would undoubtedly prematurely expose the identities of numerous government witnesses and potential witnesses. Public exposure of witness identities could lead to witness tampering and/or other efforts to stifle witness cooperation in this case, which would jeopardize the government's ability to ensure witnesses appeared to testify at trial. Efforts to stifle witness cooperation, through public identification and dissemination of their identities, could be accomplished by the defendant, directly or indirectly, or by others interested in stifling witness cooperation with the government in this case and in its ongoing investigation. The search warrant affidavits and attachments at issue provide insight into the government's ongoing investigations, and disclosure to the defendants could severely jeopardize those investigations.

Indeed, the defendant has already attempted to target individuals he believes to be government witnesses by tactically filing civil lawsuits in state court against individuals he believes cooperated with law enforcement. Premature identification of witnesses, through unsealing and/or disclosure of these search warrant affidavits, could lead to more civil lawsuits designed to have a chilling effect on witnesses and to circumvent federal discovery laws. Moreover, one aspect of the continuing investigation includes whether the defendant, personally or through others, has engaged in witness intimidation. Furthermore, the defendant has connections to the Outlaws Motorcycle Club (OMC), as referenced in the Second Superseding Indictment, and if witness identities are prematurely exposed, there may

be a chilling effect on potential trial witnesses and/or other witnesses law enforcement intends to interview in its continuing investigation.[8]

Where, as here, the government has demonstrated a compelling interest in requiring the materials to be kept under seal, and there is not less restrictive means than sealing, such as redaction, access to the sealed search warrant materials should be denied.[9] United States v. Oliver, 208 F.3d 211 (Table), 2000 WL 263954, at *2 (4th Cir. Mar. 9, 2000); see also United States v. Pirk, 282 F. Supp. 3d 585, 592 (W.D.N.Y. 2017); United States v. Montalvo, No. 08-CR-004S, 2009 WL 595998, at *7 (W.D.N.Y. Mar. 6, 2009) (finding unsealing a redacted portion of a search warrant affidavit would disclose facts of an ongoing investigation); Matter of Search of 1638 E. 2nd St., Tulsa, Okl., 993 F.2d 773, 775 (10th Cir. 1993) (a redacted version should be made available **if doing so would not reveal the informant's identity or prejudice an ongoing investigation**) (emphasis added).  In this case, even with redaction, many witness identities would be revealed from the content of the government's ongoing investigation such that redaction is an inappropriate substitute for continued sealing of the affidavit and attachments.

---

[8] More details are available to the Court upon its *in camera* examination of the search warrant affidavits at issue, and the government iterates that the concerns that initially justified sealing remain.

[9] With regard to these search warrant affidavits, redaction would render them meaningless because of the number of summarized witness statements that would need redacting, along with aspects of the affidavit that relate to the breadth, scope, and direction of the government's ongoing investigation.

3. **A Court May Satisfy its Obligations in Reviewing Search Warrants Without Ordering Disclosure of the Underlying Affidavits to the Defense.**

This Court does not need the defendant's input with respect to its probable cause determinations or to appropriately review the affidavits supporting these search warrants.  It is well-settled that there is a "presumption of validity with respect to the affidavit supporting the search warrant."  Franks v. Delaware, 438 U.S. 154, 171 (1978).  Notwithstanding this well-established presumption, implicit in the defendant's conclusory request for the search warrant affidavits and applications is a desire to file a motion seeking to challenge the probable cause described in the search warrant affidavits and/or to file a Franks motion seeking to controvert the warrants by attacking the veracity of the search warrant affiant. However, the defendant's desire to file motions attacking the search warrant is an insufficient reason to unseal and order disclosure of the search warrant affidavits, particularly when weighed against the significant government interests in protecting the identity of government witness identities to ensure they will be available to testify at the trial and to protect the scope and direction of ongoing investigations.  As the Court can readily ascertain from its recollection of the search warrant affidavits in this matter, and from any *in camera* review it conducts, unsealing and disclosure would prematurely identify witnesses, potentially rendering them unavailable for trial, and would compromise a continuing ongoing investigation.

Notwithstanding that the defendant has failed to establish standing in 999 Aero Drive, and has failed to even attempt to establish materiality of any search warrant affidavits,  the duty of a court reviewing the validity of a search warrant is simply to ensure the magistrate

had a substantial basis for concluding that probable cause existed.  United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993) (emphasis added); see also Illinois v. Gates, 462 U.S. 213, 238-239 (1983).  Simply put, the Court does not need the defendant's assistance to review the warrants and conclude there was a substantial basis for concluding that probable cause existed for the search warrants.

A search warrant issued by a neutral and detached magistrate is entitled to substantial deference, and doubts should be resolved in favor of upholding the warrant.  Id.; see also United States v. Travisano, 724 F.2d 341, 345 (2d Cir. 1983).  However, even if the magistrate judge lacked a substantial basis for concluding that probable cause existed for the search warrant, the evidence in this case would not be suppressed because the officers relied in good faith upon a search warrant issued by a neutral and detached magistrate judge.  See United States v. Leon, 468 U.S. 897, 926 (1984) (observing "[i]n the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."); see also United States v. Martin, 157 F.3d 46, 53 (2d Cir. 1998) (holding that because the officers who executed the search warrants acted in good faith, there was no need to suppress evidence thus discovered, even if the search warrant neglected to describe the items to be seized with particularity or even if the warrant was stale when issued).

## **CONCLUSION**

For all of the foregoing reasons, the defendant's motions to unseal and disclosure of search warrant affidavits and attachments should be denied.

DATED:  Buffalo, New York, June 2, 2021.


JAMES P. KENNEDY, JR.
United States Attorney


BY:    s/JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716/843-5839
Joseph.Tripi@usdoj.gov