UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

              v.                                              Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                                        Defendants.

_____


**MEMORANDUM OF LAW**
**IN SUPPORT OF MR. GERACE'S**
**PRE-TRIAL MOTIONS**



                              Respectfully submitted,



                              */s/ Joseph M. LaTona*_____
                              JOSEPH M. LaTONA

                              Office and Post Office Address
                              403 Main Street - Suite 716
                              Buffalo, New York  14203
                              716-842-0416
                              sandyw@tomburton.com

                              JOEL L. DANIELS, ESQ.
                              Office and Post Office Address
                              42 Delaware Avenue - Suite 700
                              Buffalo, New York  14202
                              (716) 856-5140
                              jdaniels38@aol.com

                              Attorneys for Defendant,
                              PETER GERACE, JR.

## PRELIMINARY STATEMENT

This memorandum is submitted in support of Mr. Gerace's pre-trial motions.

It addresses only those motions which counsel believes further support is advisable.

## MOTION TO STRIKE

The Second Circuit has authorized a motion to strike surplusage where the offensive language is not relevant and is inflammatory or prejudicial.  United States v. Mulder, 273 F.3d 91, 99-100 (2d Cir. 2001).

In United States v. Farmer, 583 F.3d 131 (2d Cir. 2009), the court found that the lower court's failure to strike a defendant's nickname from the indictment ultimately prejudiced him at the trial.  583 F.3d at 144, 146-147.  The Farmer court recognized that the prosecution's reference to the nickname prejudiced the defendant as it indicated his propensity to commit murder.

In United States v. Allen, 2014 WL 1745933 (W.D.N.Y. 2014), Judge Arcara followed the Farmer case in granting a defense motion to strike surplusage.  In rejecting the prosecution argument that the defendant's nickname was relevant as to identity and role in the criminal enterprise, the court determined that the nickname was "not directly relevant to the crimes charged and is unduly inflammatory and prejudicial . . . ."  2014 WL 1745933, *6 (W.D.N.Y. 2014).

**MOTION FOR DISMISSAL OF COUNTS 7 AND 9**

  Mr. Gerace has moved to dismiss Counts 7 and 9 of the second superseding indictment pursuant to Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure.

  Rule 7 of the Federal Rules of Criminal Procedure mandates that an indictment must contain a ". . . definite written statement of the essential facts constituting the offense charged . . ." [Rule 7(c)(1), F.R.Crim.Pro.].

  The constitutional mandate for this rule is to sufficiently inform "the defendant of what he must be prepared to meet" and to preclude a subsequent prosecution in violation of the double jeopardy clause of the Constitution.  Russell v. United States, 369 U.S. 749, 763-764, 82 S.Ct. 1033, 1047 (1962); United States v. Pirro, 212 F.3d 86, 92-93 (2d Cir. 2000); United States v. Walsh, 194 F.3d 37, 44-45 (2d Cir. 1999); United States v. Silverman, 430 F.2d 106, 110-111 (2d Cir. 1970).

  The Russell Court held that an indictment must do more than parrot a "criminal statute" as it must contain "a statement of the facts and circumstances as will inform the accused of the specific offense . . . ."  369 U.S. at 764-765, 82 S.Ct. at 1047-1048; Pirro, supra, 212 F.3d at 93.

  Count 7 charges Mr. Gerace with maintaining a drug-involved premises during the period from 2006 until December 12, 2019 [Doc. 89, p. 30].  According to the indictment, this offense was committed in violation of 21 U.S.C. §856(a)(1) and Title 18 U.S.C. §2 [Id.].  Count 7 purported to incorporate the introduction to the second superseding indictment and Count 2 of that indictment [Id.].

2

The introduction to the second superseding indictment does not allege that Mr. Gerace distributed, possessed or manufactured any controlled substance [Doc. 89, pp. 1-4].

Two of Count 2's overt acts allege that Mr. Gerace possessed and distributed cocaine and that he purportedly facilitated prostitution at Pharaoh's Gentlemen's Club by providing drugs and money to employees in exchange for sex with Mr. Gerace and others. These acts allege that Pharaoh's was used to distribute a variety of controlled substances [Doc. 89, pp. 25-26].

Nowhere in Count 2 is it alleged that Mr. Gerace manufactured any controlled substance, yet Count 7 alleged that Pharaoh's was maintained "for the purpose of manufacturing" controlled substance [Doc. 89, p. 30].

Significantly, the time period encompassed by Counts 2 and 7 of the second superseding indictment range from 2005 until December 12, 2019 [Doc. 89, pp. 17, 30]. Neither of those counts specify the date, specific type and amount of controlled substance and/or individuals involved with any of the possessions and/or distributions of controlled substance purportedly occurring at Pharaoh's. Similarly lacking any specifics is the allegation that drugs or money was exchanged for sex.

This lack of specifics renders it impossible to investigate and/or present any alibi defense. It also precludes any reasonable possibility of an investigation into the background or credibility of any individual who claims to be a sex trafficking victim.

Furthermore, as there is a virtually unlimited number of potential victims, the lack of specificity creates the danger that evidence will be presented at trial that never was presented to the grand jury. This would violate the legal principles set forth above. This danger is exacerbated by virtue of the expansive fourteen-year period encompassed by the purported criminality.

The <u>Russell</u> Court specifically noted the unconscionable prejudice that would arise from a nebulous indictment that would allow the prosecution to "roam at large - to shift its theory of criminality."  369 U.S. at 768, 82 S.Ct. at 1049; <u>see also</u>, <u>Pirro</u>, <u>supra</u>, 212 F.3d at 92.

The Second Circuit in <u>Walsh</u> agreed with <u>Russell</u> in noting that the constitutional mandate of a factually specific indictment is to prevent the prosecution from filling in "elements of its case with facts other than those considered by the grand jury."  <u>United States v. Walsh</u>, 194 F.3d at 44, <u>citing</u>, <u>United States v. Abrams</u>, 539 F.Supp. 378, 384 [S.D.N.Y., 1982].

Moreover, the Supreme Court in <u>Russell</u> warned that allowing a prosecutor or court to speculate as to what specific proof the grand jury considered would violate the Constitution. <u>Russell</u>, 369 U.S. at 770, 82 S.Ct. at 1050.

Count 9 of the second superseding indictment charges Mr. Gerace with conspiring with unnamed individuals to engage in sex trafficking during the period 2009-2018 [Doc. 89, p. 32].  Other than reciting a time frame, Count 9 merely recites the statutory language set forth in 18 U.S.C. §§ 1591(a), (e) and 1594(c).

Count 9 does not allege the commission of any overt act in furtherance of the purported conspiracy.  It fails to allege any substantive act purportedly undertaken in furtherance of the conspiracy.  Count 9 fails to identify any alleged victim of the purported conspiracy.  The count fails to particularize exactly how an alleged victim was enticed or recruited.  Furthermore, Count 9 does not specify any threat, coercion or use of fraud to cause any alleged victim to engage in a commercial sex act.

As the Court knows, the offense of conspiracy is typically proven by circumstantial evidence which typically includes the actions and words of the alleged co-conspirators.  Routinely, the commission of a substantive act is utilized to establish the original formation of the conspiracy.

4

Rarely has prosecutorial proof of a conspiracy involved an actual in-person meeting and verbal agreement to violate the law.

Count 9 does not incorporate by reference Count 2 of the second superseding indictment.

As noted above, Overt Act 36 of Count 2 alleges that Mr. Gerace promoted prostitution at Pharaoh's Gentlemen's Club by providing drugs and money to employees in exchange for sex with Mr. Gerace and others. Obviously, some proof of sex acts being performed at Pharaoh's was presented to the grand jury. In the event that those sex acts purportedly resulted from a Pharaoh's employee being coerced or threatened or in some other fashion caused to become a victim of sex trafficking, then the specifics of same should have been presented to the grand jury and alleged in Count 9.

Accordingly, if evidence of any substantive act was presented to the indicting grand jury, it should have been specified in the indictment itself under Russell and Russell's progeny. The failure to do so renders Count 9 defective and it should be dismissed.

A number of courts have dismissed an indictment for failure to specify the identity of a victim. These decisions related to obstruction of justice and extortion prosecutions. United States v. Solovey, 2005 WL 1279228 (W.D.N.Y. 2005); United States v. Urso, 369 F.Supp.2d 254 (E.D.N.Y. 2005); United States v. Abrams, 539 F.Supp. 378 (S.D.N.Y. 1982); United States v. Agone, 302 F.Supp. 1258 (S.D.N.Y. 1969).

## MOTION FOR BILL OF PARTICULARS

Mr. Gerace is charged in five counts of an 18-count second superseding indictment. Those counts span an extensive time period. The charges against Mr. Gerace ended in some counts

fourteen months before the indictment was returned.  In other counts, the time lapse between the end of the criminal conduct and the return of the indictment was two years or more.

The counts charging Mr. Gerace are summarized as follows:

(a)     Count 2 - Conspiracy to Defraud the United States; 2005 - February 2019 [24 months before the indictment was returned].

(b)     Count 6 - Bribing a Public Official; 2009 - June 6, 2019 [20 months before the indictment was returned].

(c)     Count 7 - Maintaining a Drug Involved Premises; 2006 - December 12, 2019 [14 months before the indictment was returned].

(d)     Count 8 - Conspiracy to Distribute Controlled Substances; 2009 - February 2019 [24 months before the indictment was returned].

(e)     Count 9 - Conspiracy to Sex Traffic; 2009 - 2018 [26 months before the indictment was returned].

The balance of this portion of Mr. Gerace's legal memorandum is divided into several subtopics.

## Elsewhere

Counts 2, 8 and 9 allege that the purported criminal conduct occurred within the Western District of New York and "elsewhere" [Doc. 89, ¶ 2, p. 17; ¶ 2, pp. 31; p. 32].  Mr. Gerace has moved for particularization of that term [B/P, ¶¶ 9, 28, 31].

The prosecution should be ordered to comply with these particularization requests. Such particularization is essential, especially in light of the expansive time period encompassed by the charges against Mr. Gerace.

Several District Courts have granted particularization requests regarding location. United States v. Mannino, 480 F.Supp. 1182, 1185-1186 (S.D.N.Y. 1979); United States v. Orsini, 406 F.Supp. 1264 (E.D.N.Y. 1976); United States v. Ricciardi, 40 F.R.D. 133 (S.D.N.Y. 1965); United States v. Vasquez, 25 F.R.D. 350 (S.D.N.Y. 1958).

**Known and Unknown Co-Conspirators**

Counts 2, 8 and 9 allege that Mr. Gerace conspired with known and unknown co-conspirators.  He has moved for particularization as to each known co-conspirator and further disclosure in the event the Government uncovers the identity of any currently "unknown" co-conspirator [B/P, ¶¶ 9, 29, 30, 31].

A number of courts have granted this requested particularization, especially when the alleged criminal conduct spanned a lengthy time period.  United States v. Akhavan, 2020 WL 2555333 *2 (S.D.N.Y. 2020); United States v. Pinto-Thomaz, 352 F.Supp.3d 287, 303 (S.D.N.Y. 2018); United States v. Mannino, supra.

In fact, the Akhavan court expressly noted the Second Circuit's observation in United States v. Barnes, 158 F.3d 662, that a bill of particulars is especially appropriate when a conspiracy count covers a long period of time and a "complex series of events."  2020 WL at *2.

**Manner and Means**

Count 2 contains several purported parts of the charged conspiracy [Doc. 89, ¶¶ 4, 15, pp. 19-21].

Mr. Gerace has sought the particulars, whether there was any unpled "part" of the conspiracy in addition to those set forth in Count 2. In the event the prosecution would attempt to prove any such part at trial, it should provide the specifics of same now.

Significantly, the Second Circuit reversed the conviction in United States v. Davidoff, 845 F.2d 1151 (1988), for the trial court's failure to compel the prosecution to particularize any offense it would prove at trial encompassed by the phrase "but not limited to." 845 F.2d at 1154. The Davidoff court found that the trial court had abused its discretion despite there being over 6,000 pages of discovery material provided to the defense, as well as Jencks material. 845 F.2d at 1155.

## Bribe Payments

Counts 2 and 6 allege that Mr. Gerace paid cash bribes to co-defendant Joseph Bongiovanni [Doc. 89, Count 2, ¶¶ 9, 18; Count 6, pp. 20, 22, 29-30].

The time period encompassed by those counts ranges from 2005 through June 6, 2019 [Doc. 89, Count 2, ¶ 2, pp. 17-18; Count 6, pp. 29-30].

Mr. Gerace seeks the necessary particulars regarding the date, location and amount of each alleged cash bribe payment [B/P, ¶¶ 14, 18, 24].

Obviously, those essential particulars are needed to investigate any alibi defense to ascertain whether any such transaction occurred.

Two courts have authorized the granting of such particulars. United States v. Dean, 266 F.Supp. 159 (S.D.N.Y. 1966); United States v. Ricciardi, supra.

8

**Controlled Substances**

Counts 2, 7 and 8 accuse Mr. Gerace of possession of controlled substance with the intent to distribute and the distribution of same [Doc. 89, Count 2, ¶¶ 34, 36; Count 7, ¶ 2; Count 8, ¶ 2, pp. 25-26, 30-31].

The time period encompassed by these charges begins in 2005 and ends in December 2019 [Doc. 89, pp. 17, 25-26, 30-31].

Mr. Gerace has moved for disclosure of the date, time, location, type and amount of controlled substance involved in each actual and/or intended distribution of illicit drugs [B/P, ¶¶ 20, 26, 27].

Authority exists for these requested particulars.  United States v. Orsini, supra; United States v. Vasquez, supra.

**Conspiracy to Engage in Sex Trafficking**

Count 9 charges Mr. Gerace with conspiracy to commit sex trafficking during the period from 2009 through 2018 [Doc. 89, p. 32].  Mr. Gerace is alleged to have conspired with "known" and "unknown" individuals in a manner effecting both "interstate and foreign commerce" [Id.].

This alleged conspiracy was purportedly committed in the Western District of New York and "elsewhere" [Id.].

According to the second superseding indictment, the conspiracy ended 26 months before this indictment was returned.  Count 9 merely parrots the statutory language set forth in 18 U.S.C. §§ 1591(a), (e), 1594(c).

9

Mr. Gerace has moved under Rule 12 to dismiss Count 9 for its failure to contain the required "essential facts constituting the offense charged . . ." [Rule 7(c)(1), Fed.R.Crim.Pro.]. If that motion is denied, then Count 9 should be particularized in accordance with the defense motion for same.

Given the 9-year time frame of the alleged conspiracy, coupled with the 26-month lapse since the alleged conspiracy ended, detailed particularization is essential for Mr. Gerace's defense.

The Second Circuit has expressly noted that a defendant's right to prepare a defense supersedes a prosecutor's desire to withhold its theory or the evidence upon which that theory is based. United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998).

The defense is left entirely in the dark with regard to the actual facts and circumstances alleged in Count 9.  On the face of that count, Mr. Gerace is alleged to have conspired with any number of known and unknown, unnamed individuals.  Geographically, the conspiracy covered the whole world.  The extended time period of the alleged conspiracy itself, coupled with the lapse of time since that conspiracy ended, renders it virtually impossible for Mr. Gerace to prepare to defend phantom factual allegations nowhere set forth in Count 9.

In an earlier portion of this memorandum, the defense has addressed the issue of "known" and "unknown" co-conspirators, as well as the "elsewhere" allegation.

In addition, several courts have required particularization as to the date, time, place, substance of actions and identity of perpetrators and/or victims.  United States v. Eldridge, 2010 WL 3749060, *8 (W.D.N.Y. 2010); United States v. Trumpower, 546 F.Supp.2d 849, 852 (E.D.Cal. 2008); United States v. Orsini, 406 F.Supp. 1264, 1266 (E.D.N.Y. 1976); United States

v. Crisona, 271 F.Supp. 150, 156 (S.D.N.Y. 1967); United States v. Ricciardi, 40 F.R.D. 133, 134 (S.D.N.Y. 1965).

Accordingly, the Court should order the prosecution to specify the date, time, location and identity of any perpetrator, together with the identity of any individual caused to engage in any commercial sex act. The particulars should include how the alleged victim was caused to engage in the act.

The same should be provided regarding any enticement and/or recruitment and/or any method to secure any alleged victim's participation in any commercial sex act.

## Among Other Acts

Count 6 accuses Mr. Gerace of bribing co-defendant Joseph Bongiovanni, a public official [Doc. 89, pp. 29-30]. Count 6 enumerated nine alleged actions undertaken in furtherance of the purported bribery scheme [Id.]. However, those specific alleged actions were preceded by the phrase "among other acts" [Doc. 89, ¶ 2, p. 29].

Mr. Gerace has moved for the particulars of any unpled objective of the bribery scheme which is encompassed by the term "among other acts."

Under the authority of United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988), the prosecution should be directed to provide the requested particularization.

## Miscellaneous

Count 2, which charges Mr. Gerace and co-defendant Joseph Bongiovanni, alleges a number of incidents under the "manner and means" and "overt act" portions of that count [Doc. 89, ¶¶ 5, 7, 8, 17, 19, pp. 19-22].

As stated above, Count 2 alleges a conspiracy to defraud the United States.

In the paragraphs mentioned above, there were various alleged incidents which furthered the conspiracy. As Mr. Gerace is an indicted co-conspirator, he should be made aware of incidents which may not involve him but which furthered the purported conspiracy. United States v. Koschtschuk, 2010 WL 584018 *15 (W.D.N.Y. 2010).

Consequently, the prosecution should be required to identify each individual (other than Mr. Gerace) who purportedly provided payments to Mr. Bongiovanni, together with the information purportedly provided by Mr. Bongiovanni to Mr. Gerace, and also the identity of any federal agent who Mr. Bongiovanni purportedly influenced not to investigate Mr. Gerace and Pharaoh's [B/P, ¶¶ 11, 12, 13].

In addition, it should be specified whether Mr. Bongiovanni ever provided a "cover" story to Mr. Gerace and, if so, what that was. Also, it should be specified whether it is alleged that Mr. Gerace provided to and/or offered to provide Mr. Bongiovanni with anything of value in order to influence the Federal Probation Department and, if so, what that thing of value was [B/P, ¶¶ 15, 19].

## SUPPRESSION

The redacted application to search the cell phone seized from Mr. Gerace fails to provide probable cause. In addition, the affiant omitted critical information regarding when various events purportedly occurred in an attempt to mislead the issuing Magistrate into a belief that the critical allegations were not stale. United States v. Raymonda, 780 F.3d 105 (2d Cir. 2015).

12

Unquestionably, the affiant has exhibited a deliberate, reckless and/or grossly negligent "disregard for Fourth Amendment rights" and accordingly, a <u>Franks</u> hearing should be conducted.  <u>Davis v. United States</u>, 564 U.S. 229, 238, 131 S.Ct. 2419, 2427.

Obviously, the <u>Franks</u> rule applies to material omissions as well as material misrepresentations.  <u>United States v. Ferguson</u>, 758 F.2d 843 (2nd Cir. 1985).

## **<u>BRADY</u>**

It is respectfully submitted that the District Court should order the disclosure of all pleadings and proceedings which led to the injunction regarding Mr. Gerace's civil suit in New York State court.  Judicial intervention was sought by the prosecution in its intent to confer a benefit on Katrina Nigro.  <u>See</u>, <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763 (1972).

## **CONCLUSION**

The defense motions should be granted.

DATED:     July 12, 2021          Respectfully submitted,
              Buffalo, New York

*/s/ Joseph M. LaTona*
JOSEPH M. LaTONA

Office and Post Office Address
403 Main Street - Suite 716
Buffalo, New York  14203
716-842-0416
sandyw@tomburton.com

13

JOEL L. DANIELS, ESQ.
Office and Post Office Address
42 Delaware Avenue - Suite 700
Buffalo, New York  14202
(716) 856-5140
jdaniels38@aol.com

Attorneys for Defendant,
PETER GERACE, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2021 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**Brendan T. Cullinane, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT