UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                            Plaintiff,

      v.                                        Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                            Defendants.

## DEFENDANT PETER GERACE, JR.'S
## OBJECTIONS TO THE MAGISTRATE/JUDGE'S
## DECISION OF JUNE 29, 2021

                                            Respectfully submitted,

                                            */s/ Joseph M. LaTona*
                                            JOSEPH M. LaTONA

                                            Office and Post Office Address
                                            403 Main Street - Suite 716
                                            Buffalo, New York  14203
                                            716-842-0416
                                            sandyw@tomburton.com

                                            JOEL L. DANIELS, ESQ.
                                            Office and Post Office Address
                                            42 Delaware Avenue - Suite 700
                                            Buffalo, New York  14202
                                            (716) 856-5140
                                            jdaniels38@aol.com

                                            Attorneys for Defendant,
                                            PETER GERACE, JR.

## PRELIMINARY STATEMENT

Based upon the prosecution's failure to disclose various search warrant applications during voluntary discovery, Mr. Gerace moved for the unsealing of search warrants directed against his home, his place of business and his cell phone. That motion was filed on April 28, 2021 [Doc. 113].

On June 2, 2021 the prosecution responded opposing the disclosure of the warrants to search Mr. Gerace's home and place of business [Doc. 123]. However, the prosecution agreed to supply a redacted copy of the search warrant application directed against Mr. Gerace's cell phone.

On June 22, 2021 Mr. Gerace submitted his reply to the prosecution's written opposition to his disclosure motion [Doc. 132].

On June 29, 2021 the redacted search warrant application was provided to the defense.

On June 29, 2021 the disclosure motion proceeded to oral argument before the Magistrate/Judge Michael J. Roemer. Although the prosecution raised a standing objection with regard to Mr. Gerace's motion to unseal the warrant to search his place of business, the Magistrate/Judge refused or failed to issue any ruling on standing [Doc. 139, p. 37].

The Magistrate/Judge then denied the defense application for disclosure of the warrant applications [Doc. 139, pp. 37-39].

Under 28 U.S.C.A. §636(b)(1) and Rule 59 of the Local Rules of Criminal Procedure, Mr. Gerace hereby advances his objections.[1]

---

[1] Contemporaneously with the filing of these objections, the defense has moved for reconsideration based upon its review of the redacted warrant to search Mr. Gerace's cell phone.

It is submitted that the Magistrate/Judge's decision was clearly erroneous and contrary to law.

## LEGAL DISCUSSION

The warrant to search Mr. Gerace's place of business -- namely, Pharaoh's Gentlemen's Club -- and the initial warrant to search his residence at 5145 Lexor Lane, were issued on November 29, 2019 [Doc. 113, pp. 2-3].

A second warrant to search Mr. Gerace's residence was issued on February 26, 2021 [Doc. 113, p. 2].

Regarding the February 2021 application to search Mr. Gerace's home, the prosecution stated that this application included attachment of the earlier application of November 2019 [Doc. 123, p. 3]. According to the prosecution, the rationale for sealing was set forth in the original November 2019 applications exclusively [Doc. 123, p. 3, B]. Nowhere in the prosecution's filing did it advance any additional reason to continue sealing which had occurred between November 2019 and February 26, 2021 [Id.]. Obviously, had any such events occurred, the prosecution would have undoubtedly at least referenced them in its opposition to Mr. Gerace's motion to unseal. Their failure to do so establishes the fact that the only rationale for sealing was that which existed in November 2019 uncorroborated by any subsequent event.

Numerous courts have recognized a common law right to access to search warrant applications. United States v. Sealed Search Warrants, 868 F.3d 385, 390 (5th Cir. 2017); Baltimore Sun Company v. Goetz, 886 F.2d 60, 63 (4th Cir. 1989); United States v. Cohen, 366 F.Supp.3d 612, 620-621 (S.D.N.Y. 2019); In Re Application for Access to Certain Sealed Warrant Materials, 2019 WL 2184825, *3 (D.C. 2019); In Re Search Warrant, 2016 WL 7339113,

*2 (S.D.N.Y. 2016); United States v. All Funds on Deposit at Wells Fargo Bank, 643 F.Supp.2d 577, 584 (S.D.N.Y. 2009).

The Magistrate/Judge's order was issued approximately nineteen months after the search warrant applications were submitted in November 2019.

There is no evidence in this record that the prosecution proffered or that the Magistrate/Judge requested any current information which purportedly would justify a continued sealing of the search warrant applications.  A number of courts have recognized that with each passing day, a rationale for sealing of a search warrant application dissipates with time.  Matter of Search of 8420 Ocean Gate Way, Easton, 353 F.Supp.2d 577 (D.Md. 2004); Matter of Search 14416 Coral Gables Way, 946 F.Supp.2d 414 (D.Md. 2011).

Indeed, this observation is consistent with that of the Second Circuit in United States v. Abuhamra, 389 F.3d 309, 321-322, 329-330 (2d Cir. 2004).  Albeit in another context, the Abuhamra court generally discussed judicial proceedings conducted *ex parte* and *in camera*.  Abuhamra expressly recognized a need to demonstrate justification for sealing on a continuing basis.  389 F.3d 309, 329-330.  Furthermore, in Abuhamra, the Second Circuit required that the prosecution provide a summary of the reasons for sealing to the defense.  389 F.3d at 329-331.

A number of courts have granted hearings with regard to a motion to unseal search warrant applications.  United States v. Napier, 436 F.3d 1133 (9th Cir. 2006); Matter of Search 14416 Coral Gables Way, 946 F.Supp.2d 414 (D.Md. 2011); Matter of Search of 8420 Ocean Gate Way, Easton, 353 F.Supp.2d 577 (D.Md. 2004); Matter of Up North Plastics, Inc., 940 F.Supp. 229 (D.Minn. 1996).

In this case, the prosecution has alleged conclusory non-specific reasons for continued sealing. Those conclusory assertions could apply to any criminal prosecution [Doc. 123, pp. 2-3, 7-8, 16-17]. Matter of Up North Plastics, Inc., 940 F.Supp. at 234.

All of the legal authorities cited above were brought to the Magistrate/Judge's attention [Doc. 132, pp. 6-9; Doc. 139, pp. 7-10, pp. 34-35].

The complete absence of any evidence in this record to justify a continued sealing of the warrant applications requires at a minimum that some sort of hearing be conducted.

As stated above, the Magistrate/Judge inexplicably failed to rule upon the prosecution's standing challenge to Mr. Gerace's application to unseal the search warrant application regarding Pharaoh's.

## CONCLUSION

Mr. Gerace's objections should be sustained as the Magistrate/Judge's ruling was clearly erroneous and contrary to law.

DATED:   July 13, 2021           Respectfully submitted,
         Buffalo, New York


                                 */s/ Joseph M. LaTona*
                                 JOSEPH M. LaTONA

                                 Office and Post Office Address
                                 403 Main Street - Suite 716
                                 Buffalo, New York  14203
                                 716-842-0416
                                 sandyw@tomburton.com

>JOEL L. DANIELS, ESQ.
>Office and Post Office Address
>42 Delaware Avenue - Suite 700
>Buffalo, New York  14202
>(716) 856-5140
>jdaniels38@aol.com
>
>Attorneys for Defendant,
>PETER GERACE, JR.

## CERTIFICATION

Counsel certifies that these objections do not raise any new legal or factual arguments that have not been previously presented to the Magistrate/Judge.

>*/s/ Joseph M. LaTona*
>JOSEPH M. LaTONA

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2021 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**Brendan T. Cullinane, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT