IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.     19-CR-227-JLS

PETER GERACE JR.,

           Defendant.

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF DECISION AND ORDER ANNOUNCED BY UNITED STATES MAGISTRATE JUDGE MICHAEL J. ROEMER ON JUNE 29, 2021

The defendant, PETER GERACE JR., through his attorney, Joseph M. LaTona, Esq., has filed a motion seeking reconsideration (see Docket 151) of this Court's decision denying the defendant's request for copies of, and to unseal, search warrant materials related to search warrants 19-M-5303, authorizing the search of 5154 Lexor Lane and 999 Aero Drive (Pharaoh's); 21-MJ-5072 authorizing the search of 5154 Lexor Lane; and 21-mj-22 authorizing the search of an Apple iPhone. The UNITED STATES OF AMERICA, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, Joseph M. Tripi, Assistant United States Attorney, of counsel, hereby files the government's response in opposition to the defendant's motion for reconsideration.

## PROCEDURAL HISTORY

As pertinent to this response, on April 28, 2021, defendant Gerace filed a motion to unseal and for disclosure of search warrant application materials for all search warrants related to Pharaoh's, 5154 Lexor Lane, and an Apple iPhone (see Docket 113). On June 2,

2021, the government filed its response (see Docket 123), which is incorporated by reference as though set forth fully herein. As set forth in Docket 123, the government agreed to provide to the defense a redacted search warrant affidavit [21-mj-22] regarding the search of the Apple iPhone cell phone because, "[U]pon further review, the affidavit and attachments in support of 21-mj-22 consist of approximately twenty (20) pages of material, and the information contained therein is more limited than the applications, affidavits, and attachments in 19-M-5303 and 21-MJ-5102, as described above. As a result, the government believes a redacted copy of the application, affidavit, and attachments in support of 21-mj-22 can be provided to the defense in a manner that sufficiently mitigates the concerns which warrant the continued sealing of the applications, affidavits, and attachments in 19-M-5303 and 21-MJ-5102." (See Docket 123 at 4.)

On June 29, 2021, the Court heard oral argument and denied the defendant's motion to unseal and/or to disclose the search warrants [19-M-5303 and 21-MJ-5102].[1] However, with respect to the Apple iPhone seized pursuant to the search warrant 21-mj-22, the Court stated: "The Court notes that with respect to the search warrant for the cell phone seized from Gerace on February 28, 2021, [*i.e.*, the Apple iPhone], the government has provided the defendant with a redacted copy of the affidavit, application, and attachments. All remaining aspects of the defendants' motion to unseal the search warrant applications are denied."[2] A copy of the transcript of oral argument, and the Court's Decision, is attached hereto and incorporated herein by reference as **Exhibit A**.

---

[1] These are the search warrants related to Pharaoh's and 5154 Lexor Lane.

[2] See **Exhibit A** at page 39.

On July 13, 2021, the defendant moved this Court to reconsider its Decision and Order ordering continued sealing of the search warrant applications [19-M-5303, 21-MJ-5102, and 21-mj-22] based upon the conclusory, unsupported, and unwarranted claim that "the affiant on all of the pertinent search warrant applications is inherently untrustworthy." (See Docket 151 at 4.) For the reasons contained in the government response at Docket 123, during oral argument on June 29, 2021, and as further described herein, the defendant's motion for reconsideration should be denied in all respects.

## THE GOVERNING LAW

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to advance new facts, issues, or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See Davidson v. Scully, 172 F. Supp. 2d 458, 461–62 (S.D.N.Y. 2001) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Id. (quoting Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.)). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially

influenced the earlier decision.' " Id. (quoting Morales v. Quintiles Transnational Corp., 25 F.Supp.2d 369, 372 (S.D.N.Y.1998) (citations omitted)).

## ARGUMENT

**I.      The Defendant has not met the Standard for a Motion for Reconsideration.**

The defendant's motion for reconsideration fails to identify controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). In citing to the redacted search warrant affidavit [21-mj-22] the government provided, the defendant is attempting to make new arguments and advance new facts and, as a result, the defendant's motion for reconsideration must be denied. See Davidson v. Scully, 172 F. Supp. 2d 458, 461–62 (S.D.N.Y. 2001) (a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court).

In rendering its decision ordering continued sealing of the search warrant applications, the Court noted that "with respect to the search warrant for the cell phone seized from Gerace on February 28, 2021, [*i.e.*, the Apple iPhone], the government has provided the defendant with a redacted copy of the affidavit, application, and attachments. All remaining aspects of the defendants' motion to unseal the search warrant applications are denied." (See **Exhibit A** at 39.) Accordingly, the defendant's use of frivolous post-argument and post-decision claims regarding the redacted cell phone search warrant affidavit, as a vehicle to reargue and relitigate the continued sealing of the other search warrant affidavits relating to Pharaoh's and 5154 Lexor Lane, is improper, beyond the scope of a motion to reconsider, is a blatant attempt to relitigate decided matters, and should be rejected.

4

## II. The Defendant's Conclusory Claims of <u>Franks</u> Violations Contained in the Cell Phone Search Warrant Affidavit [21-mj-22] are Meritless.

At the outset, even assuming *arguendo* that there were so-called <u>Franks</u> violations in the affidavit in support of search warrant 21-mj-22, it would not provide a basis to unseal all of the other search warrant applications/affidavits, namely, 19-M-5303 and 21-MJ-5102. The defendant has cited no legal authority for the notion that deliberate falsehoods or material omissions in one search warrant affidavit are applicable, and may be considered, with respect to the Court's analysis of entirely different search warrant affidavits. This is particularly so where, as here, the government has argued the defendant lacks standing (as to Pharaoh's) and has failed to establish materiality under Rule 16 (as to Pharaoh's and 5154 Lexor Lane) sufficient to order the unsealing of the search warrant affidavits. (<u>See</u> Docket 123; <u>see also</u> **Exhibit A**.)

The defendant's motion for reconsideration can be distilled to three (3) conclusory sentences, and follows:

> The redacted search warrant affidavit reveals numerous <u>Franks</u> violations unquestionably designed to mislead the issuing Magistrate. The defense contends that the affiant on all of the pertinent search warrant applications is inherently untrustworthy. Consequently, the defense requests that the Magistrate/Jude [sic] reconsider his earlier denial of the defense motion for access to the search warrant applications.

(<u>See</u> Docket 151 at ¶¶ 11-12.)

If the defendant is willing to make such sweeping statements impugning the integrity of a Special Agent, who has served this country with honor long before becoming a sworn federal agent, based upon the dearth of evidence and the absence of case law cited here, then the defendant is simply willing to say and write any and every buzzword that comes to mind that

5

he thinks will get this Court's attention and grant him the unwarranted access to search warrant materials that he desires. Simply put, the defendant has not established a single false statement or material omission with regard to search warrant affidavit 21-mj-22, and he has offered no facts or legal authority that would enable this court to conclude that the wholesale unsealing and disclosure of the other search warrant applications [19-M-5303 and 21-MJ-5102] would be appropriate.

In Docket 151-1, the defendant attempts to elaborate on his conclusory allegations by claiming that the agent omitted time periods for the counts charging Mr. Gerace, and for when defendant Gerace communicated via cell phone with his brother Anthony Gerace or his codefendant Bongiovanni. (See Docket 151 at 3-4.)

First, none of the statements are false or are even specifically alleged to be false. Second, there are no material omissions. A copy of the redacted search warrant affidavit provided to counsel is attached hereto and incorporated herein by reference as **Exhibit B**. Indeed, the enumerated offenses in the search warrant affidavit mirror the charges contained in the Second Superseding Indictment (compare **Exhibit B** ¶¶ 7, 8). The affidavit explains that when agents executed search warrants at Pharaoh's and at 5154 Lexor Lane on December 12, 2019, the defendant was not present at either premises and therefore law enforcement did not seize Gerace's mobile phone (see **Exhibit B** ¶ 7). The affidavit specifically references the case number for the Second Superseding Indictment charging Gerace, 19-CR-227, specifically identifying the case for United States Magistrate Judge H.

6

Kenneth Schroeder, Jr. (see **Exhibit B** ¶ 7)[3]. The affidavit also specifically referenced other people that Gerace has previously communicated with via mobile phone, including his brother, a convicted federal defendant, and co-defendant Bongiovanni, among others (see **Exhibit B** ¶ 10). The affidavit further summarized that agents have interviewed several witnesses regarding the defendant's use and distribution of controlled substances (see **Exhibit B** ¶ 11). The affidavit provides a statement from the affiant, based upon training and experience, that evidence of the defendant's involvement in the enumerated offenses would be stored in the phone (see **Exhibit B** ¶ 12), and further provided a detailed description of the types of evidence, relevant to the enumerated offenses, that could be stored in the cell phone (see id.).

The Second Circuit has consistently cautioned courts against disregarding the training of experience of law enforcement officers in evaluating an officer's probable cause determination. United States v. Delossantos, 536 F.3d 155, 161 (2d Cir. 2008) ("[S]ome patterns of behavior which may seem innocuous enough to the untrained eye may not appear so innocent to the trained police officer who has witnessed similar scenarios numerous times before. As long as the elements of the pattern are specific and articulable, the powers of observation of an officer with superior training and experience should not be disregarded.") (collecting cases) (citations and internal punctuation omitted.) Based upon the facts presented to Judge Schroeder, and the fact that a prior search failed to secure the defendant's cell phone, the important of the evidence was undoubtedly obvious to the issuing magistrate, particularly

---

[3] Even though the Second Superseding Indictment was not provided directly as an attachment to the affidavit for United States Magistrate Judge Schroeder, it was readily identifiable based upon the citation to the case number, 19-CR-227, and was not necessary for United States Magistrate Judge Schroeder's finding of probable cause.

in a case with enumerated (and charged) offenses involving conspiracy to distribute controlled substances and conspiracy to commit sex trafficking, among other charges. See United States v. Hammett, 2014 WL 642501, at *1–2 (2d Cir. Feb. 20, 2014) (summary order) (holding that cell phones are "tools that drug dealers often possess" and upholding seizure of two cell phones under plain view exception when discovered in an open bag containing a digital scale); United States v. Portalla, 496 F.3d 23, 27 (1st Cir.2007) (recognizing that "cell phones … [are] essential tools of the[ ] drug trade"); United States v. Slater, 971 F.2d 626, 637 (10th Cir.1992) (stating that a cell phone is a "recognized tool of the trade in drug dealing"); United States v. Green, No. 1:18-CR-121 RJA(MJR), 2021 WL 1877236, at *7 (W.D.N.Y. Feb. 3, 2021), report and recommendation adopted, No. 18-CR-121-A, 2021 WL 1856949 (W.D.N.Y. May 10, 2021) (generally recognizing the evidentiary value of cell phones in narcotics cases); see also United States v. Kidd, 386 F. Supp. 3d 364, 375 (S.D.N.Y. 2019) (agent search warrant affidavit supports probable cause for the evidence regarding co-conspirators -- even if they are not included in the Original Indictment -- and during the designated search period. The agent affidavit describes that in sex trafficking crimes "[t]raffickers often use their cellphones to communicate with … customers.")

At a minimum, there were no false statement or material omissions, and the affidavit readily established that Gerace was charged with drug and sex trafficking conspiracies; that prior search warrants executed on December 12, 2019, had not secured Gerace's mobile cell phone; that upon his arrest on February 28, 2021, law enforcement secured the defendant's mobile cell phone, and that based upon the agent's training and experience the mobile cell phone would have evidence, identified in the affidavit, relevant to the charges. It is unquestionable that a cellular telephone can store relevant information dating back months

or even years.  See United States v. Akparanta, No. 19 CR. 363 (LGS), 2019 WL 5616875, at *3 (S.D.N.Y. Oct. 30, 2019) (search warrant affidavit provides a reasonable basis to believe that evidence would be found in cell phone of crimes that had been committed six or more months earlier); see also **Exhibit B** at ¶ 12 (describing storage capabilities of cell phone including on the cell phone's memory card "even if the cell phone has lost all battery power, and not been used for an extended period of time.")

While the government reserves the right to, and will, expand upon the arguments in opposition to the defendant's motion to suppress and/or for a Franks hearing when it responds to the defendant's omnibus motions (see Docket 147)[4], it is sufficient for purposes of this claimed "motion for reconsideration" that the defendant has failed to sufficiently identify a single false statement, or material omission, and has based his allegations merely and entirely upon on his own conclusory and creative writing.  Here, the defendant has failed to make a substantial preliminary showing that: (1) the claimed inaccuracies or omissions [in the affidavit] are the results of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the judge's probable cause finding.  United States v. Salameh, 152 F.3d 88, 113 (2d Cir. 1998) (citing United States v. Levasseur, 816 F.2d 37, 43 (2d Cir. 1987).   The burden to obtain such a hearing is a heavy one, and such hearings are exceedingly rare. See United States v. Brown, 744 F. Supp. 558, 567 (S.D.N.Y. 1990) ("A defendant seeking to have the Court hold a Franks hearing bears a substantial burden."); see also United States v. Swanson, 210 F.3d 788, 790 (7th Cir. 2000) ("These elements are hard to prove, and thus Franks hearings are rarely held."). The

---

[4] Government responses to defense omnibus motions are not due until August 14, 2021, (see Docket 142).

reviewing court must be "presented with credible and probative evidence that the omission of information ... was designed to mislead or was made in reckless disregard of whether it would mislead." United States v. Rajaratnam, 719 F.3d 139, 154 (2d Cir. 2013) (internal quotation marks and citation omitted). "To prove reckless disregard for the truth, the defendants [must] prove that the affiant in fact entertained serious doubts as to the truth of his allegations." Id. (quoting United States v. Whitley, 249 F.3d 614, 621 (7th Cir. 2001)). Indeed, the Supreme Court has described a defendant's burden to establish a Franks hearing as follows:

> [T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

Franks v. Delaware, 438 U.S. 154, 171 (1978).

The defendant's allegations here fail to establish any false statements or material omissions whatsoever, much less by sworn allegations sufficient to satisfy the defendant's "heavy burden" to make a substantial preliminary showing necessary to establish a Franks violation. Accordingly, nothing about the redacted search warrant affidavit [21-mj-22] provided by the government to the defendant warrants reconsideration of this Court's June 29, 2021, Decision and Order, announced on the record (see **Exhibit A**), and the defendant's motion for reconsideration of that order should be denied in all respects.

## **CONCLUSION**

For the foregoing reasons, and incorporating Docket 123 by reference as though set forth fully herein, the defendant's motion for reconsideration should be denied and the search warrant applications, affidavits, and supporting documents should remain under seal for the reasons set forth on the record June 29, 2021.

DATED: Buffalo, New York, July 26, 2021.

JAMES P. KENNEDY, JR.
United States Attorney

BY: s/JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5839
Joseph.Tripi@usdoj.gov