UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

              v.

                                                        Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                                    Defendants.
_____


**MR. GERACE'S REPLY MEMORANDUM
REGARDING RECONSIDERATION MOTION**



                                    Respectfully submitted,



                                    */s/ Joseph M. LaTona*
                                    _____
                                    JOSEPH M. LaTONA

                                    Office and Post Office Address
                                    403 Main Street - Suite 716
                                    Buffalo, New York  14203
                                    716-842-0416
                                    sandyw@tomburton.com

                                    JOEL L. DANIELS, ESQ.
                                    Office and Post Office Address
                                    42 Delaware Avenue - Suite 700
                                    Buffalo, New York  14202
                                    (716) 856-5140
                                    jdaniels38@aol.com

                                    Attorneys for Defendant,
                                    PETER GERACE, JR.

## PRELIMINARY STATEMENT

This memorandum addresses only those portions of the prosecution response to which a written reply is deemed necessary.

Counsel submits that the following chronology is extremely relevant to the defense motion for reconsideration.

On March 4, 2021 the scheduling order was issued [Doc. 97]. Under the terms of that order, discovery was to be completed by April 5, 2021 [Id.].

On April 5, 2021 the prosecutor wrote a letter in which he stated that evidence derived from the search of Mr. Gerace's cell phone would be used by the Government at trial [Exhibit A].

On April 28, 2021 the defense moved for access to several search warrant applications, including the one for Mr. Gerace's cell phone [Doc. 113, p. 3].

On April 28, 2021 the initial text scheduling order was issued regarding the motion to unseal.

On May 11, 2021 the Court issued an amended scheduling order regarding the motion to unseal. Under that order, the prosecution was to respond by June 9, 2021 and the matter was set for oral argument on June 29, 2021.

On June 2, 2021 the prosecution filed its response to the motion to unseal. It represented that based upon "further review" it would agree to disclose a redacted copy of the cell phone search warrant application to the defense [Doc. 123, p. 4].

The redacted warrant application was not provided to the defense until June 29, 2021, the same date as the oral argument on the defense motion [Exhibit B].

It is submitted that the Court should note the dilatory tactics undertaken by the prosecution which in essence precluded the defense from referencing its analysis of the redacted cell phone search warrant application in pleadings or at argument.

**LEGAL DISCUSSION**

The prosecution cites to the decision in Shrader v. CSX Transportation, Inc., 70 F.3d 255 (2d Cir. 1995), in arguing that the reconsideration motion should be denied.  In that case, the Second Circuit found that the District Court's decision to reconsider its earlier ruling was appropriate.  70 F.3d at 257.  In addition, the decision stated that reconsideration is appropriate where the moving party can point "to controlling decisions . . ." [Id.].

In the motion to reconsider, the defense did exactly that.  In denying the original defense motion, the Court indicated that there was nothing to suggest "that the warrants were based on deliberately or recklessly false or misleading information" [Doc. 139, p. 38].  That standard was supplanted by cases decided by the Supreme Court and the Second Circuit.  In fact, the Supreme Court decision was expressly brought to the Magistrate/Judge's attention [Doc. 151, pp. 2-3; Davis v. United States, 564 U.S. 229, 238, 131 S.Ct. 2419, 2427 (2011); United States v. Smith, 967 F.3d 198, 211 (2d Cir. 2020)].

Indeed, in a decision cited by the prosecution, this Court acknowledged the decisions of the Supreme Court and the Second Circuit which extended the Franks rule and the exclusionary doctrine to a grossly negligent disregard of Fourth Amendment rights or violations which are the product of "systemic" negligence.  United States v. Green, 2021 WL 1877236, *8 (W.D.N.Y. 2021).

**<u>FRANKS</u> ISSUES**

The prosecution contends that the defense analysis of the redacted cell phone search warrant application does not justify the unsealing of the other applications [Doc. 169, p. 5].

The defense submits that the legal standard cited above provides more than ample legal authority for unsealing of the other search warrant applications.  The defense also submits that a <u>Franks</u> hearing is necessary with regard to all of the search warrant applications signed by affiant Curtis Ryan so that a full record is created with regard to the affiant's "systemic" violation of the <u>Franks</u> doctrine.

The prosecution fails to put forth a point-by-point refutation of the factual assertions from the redacted warrant application that were mentioned in the defense motion [Doc. 151, Ex. A, ¶¶ 59-70].

In short, the application failed to demonstrate that the cell phone was used during the indicted period.  There is no allegation that the affiant or anyone else in law enforcement checked with Apple or any other individual or entity to verify the fact that the seized phone was the one utilized during the indictment period.  The application fails to set forth any allegation that a cell phone was used in connection with Mr. Gerace's purported consumption of controlled substances at his home and at his business.  Also omitted are the dates where the so-called witnesses made observations of Mr. Gerace's consumption of controlled substance.  The application failed to provide any factual basis to believe that the conversations with Mr. Bongiovanni or Anthony Gerace were criminal in nature.  Furthermore, no dates of those conversations were recited in the application.

Lastly, in two separate paragraphs the affiant described the five counts of the second superseding indictment in which Mr. Gerace was charged [Doc. 169, Ex. B, pp. 2-4].

The prosecution provides no logical reason why that indictment was not attached to the search warrant application itself [Doc. 169, pp. 6-7, n. 3].  Moreover, the prosecution seems to suggest that Magistrate/Judge Schroeder was duty bound to check the case file which contained the second superseding indictment [Id.].  Obviously this suggestion is contrary to the four-corner rule.  Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031 (1971).  The prosecution claims that the indictment was not necessary for a determination of probable cause.  If that is the case, why were the five separate counts in the indictment set forth twice in the application?

The extensive time lapse between the end of the criminal activity alleged in the second superseding indictment and the application for the cell phone search warrant renders the application's allegations unquestionably stale.

The cases cited by the prosecution are readily distinguishable.  In United States v. Hammett, 555 Fed.Appx. 108, **2 (2d Cir. 2014), on the day of the defendant's arrest he was in possession of drugs, a substantial amount of cash, a digital scale and two cell phones.  Hammett did not involve a case where a grand jury had already determined that the criminal activity had ceased.

In United States v. Portalla, 496 F.3d 23 (1st Cir. 2007), cell phones and pagers were expressly utilized to facilitate drug distribution.  496 F.3d at 24.  In fact, a co-conspirator advised a cooperating undercover agent that throwaway phones should be used and the undercover agent had been specifically referred to the co-conspirator to secure cell phones to be used to further narcotics trafficking.  496 F.3d at 26-27.

In <u>United States v. Slater</u>, 971 F.2d 626 (10th Cir. 1992), telephones were expressly utilized to distribute narcotics.  971 F.2d at 628-629.  The cell phone was seized in a search of the defendant's car which also produced a large amount of cash and a semi-automatic pistol.  971 F.2d at 637.

In <u>United States v. Kidd</u>, 386 F.Supp.3d 364 (S.D.N.Y. 2019), the defendant did not raise a staleness challenge to the search warrant.  His challenge related to lack of particularity and overbreadth.  386 F.Supp.3d at 373-375.

Furthermore, the three-month delay from the seizure of the electronic devices and the issuance of a search warrant is *per se* unreasonable.  <u>United States v. Smith</u>, 967 F.3d 198, 211 (2d Cir. 2020).

Similarly, the delay in <u>Akparanta</u> would not be tolerated in light of <u>Smith</u>. <u>United States v. Akparanta</u>, 2019 WL 5616875 (S.D.N.Y. 2019).

This Court's decision in <u>United States v. Green</u>, 2021 WL 1877236 (W.D.N.Y. 2021), is readily distinguishable.  As noted in <u>Green</u>, an evidentiary hearing was conducted. Furthermore, in <u>Green</u> the warrant to search the devices was issued before the superseding indictment charging the defendant.  2021 WL 1877236, *1-*3.  Consequently, there was no grand jury indictment reflecting the fact that the period of criminality had ceased prior to the procurement of the search warrant.  Moreover, the time period of the delay is nowhere near that which occurred in this case.

## AFFIANT'S TRAINING AND EXPERIENCE

The prosecution cites <u>United States v. Delossantos</u>, 536 F.3d 155 (2d Cir. 2008), in support of the proposition that an affiant's training and experience could cure an otherwise

deficient warrant application [Doc. 169, pp. 7-8]. Significantly, Delossantos did not involve a challenge to a search warrant application. The issue in that case was whether probable cause justified the warrantless arrest of two individuals at the scene of an arranged controlled drug purchase. 536 F.3d at 157. In Delossantos, the Second Circuit specifically itemized the various factual events which justified the arrest. 536 F.3d at 159. Indeed, the Second Circuit indicated that the facts were to be evaluated based upon the officer's training and experience. The court did not rule that training and experience are sufficient to justify a search.

Several courts within the Second Circuit have rejected the training and experience position advanced by the prosecution. United States v. Guzman, 1998 WL 61850, *4 (S.D.N.Y. 1998); United States v. Rios, 881 F.Supp. 772, 773-777 (D.Conn. 1995); United States v. Gomez, 652 F.Supp. 461, 461-463 (E.D.N.Y. 1987).

In Gomez, the court recognized that probable cause to arrest an individual does not automatically provide probable cause to search a location where the arrestee resided. 652 F.Supp. at 462-463. The court rejected the proposition that the affiant's expert opinion and experience was enough to provide probable cause to search the arrested person's apartment [Id.].

In United States v. Guzman, the court expressly noted that permitting a search warrant based upon the expertise of a law enforcement agent would authorize automatic searches of any property used by a criminal suspect. 1998 WL 61850, *4. Similarly, in Rios, the court found that the affidavit failed to provide a factual basis to believe that evidence of criminality would be found at the suspect's home. 881 F.Supp. at 775.

**CONCLUSION**

The reconsideration motion should be granted.


DATED:        July 29, 2021                          Respectfully submitted,
              Buffalo, New York


                                              */s/ Joseph M. LaTona*
                                              JOSEPH M. LaTONA

                                              Office and Post Office Address
                                              403 Main Street - Suite 716
                                              Buffalo, New York  14203
                                              716-842-0416
                                              sandyw@tomburton.com

                                              JOEL L. DANIELS, ESQ.
                                              Office and Post Office Address
                                              42 Delaware Avenue - Suite 700
                                              Buffalo, New York  14202
                                              (716) 856-5140
                                              jdaniels38@aol.com

                                              Attorneys for Defendant,
                                              PETER GERACE, JR.

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 29, 2021 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**Brendan T. Cullinane, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

       I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT