UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                  19-CR-227 (JLS) (MJR)

PETER GERACE, JR.,

          Defendant.
_____

## DECISION AND ORDER[1]

Defendant Peter Gerace Jr. moved to vacate this Court's order enjoining the civil action that he commenced in state court. His motion presents two questions: (1) does the Court have authority enjoin the state action; and (2) if so, should the Court exercise that authority here. Because the answer to both questions is yes, the Court denies Gerace's motion. The order enjoining the state civil action (Dkt. 117) remains in effect.

## BACKGROUND

On April 23, 2021, the Government submitted an *ex parte* motion to enjoin the at-issue civil action pending in state court (the "State Action"). *See* Dkts. 114, 115. After hearing argument from the Government on April 29, 2021, the Court enjoined the State Action until further order. Dkts. 116, 117. The Court also

---

[1] The motions, submissions, and order underlying this decision and order are under seal. But argument on Gerace's motion occurred in an open courtroom, after the Government confirmed that it had no concerns about proceeding that way. *See* Dkt. 182, at 3. Because this decision and order discusses no substance beyond what was mentioned in open court, there is no reason to seal this decision and order.

ordered the Government to move to vacate the injunction order within 30 days of the conclusion of the criminal case as to Gerace, and to cause the order to be served on the parties to the State Action (including Gerace), and the presiding judge in the State Action. Dkt. 117.

The injunction order allowed "any party to the State Action [to] file with this Court an affidavit and memorandum of law that addresses the extent to which [it] burdens the party's right of access to the courts or other rights." Dkt. 117. Pursuant to that provision, on June 16, 2021, Gerace moved to vacate the injunction order. Dkt. 130. The Government responded in opposition, and Gerace replied. Dkts. 143, 162. The Court heard argument from the parties on July 22, 2021, and reserved decision. Dkt. 166.

## DISCUSSION

### I. The All Writs Act authorizes the Court to enjoin the State Action.

The Court enjoined the State Action "pursuant to 28 U.S.C. § 1651(a) and Federal Rule of Criminal Procedure 16(d)(1)." Dkt. 117. It concluded that the Government's motion for an injunction presented "exceptional circumstances for which no other statute provides adequate relief, authorizing [it] to act under 28 U.S.C. § 1651(a)"—the All Writs Act. *Id.*

The All Writs Act authorizes "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court "consistently has construed the All Writs Act to authorize a federal court 'to

issue such commands as may be necessary or appropriate to effectuate and prevent frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained.'" *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 40 (1993) (quoting *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172 (1977)).

Stated otherwise, the All Writs Act "is a residual source of authority to issue writs that are not otherwise covered by statute." *Id.* at 43. If a statute "specifically addresses the particular issue at hand," the statute controls. *Id.* But courts may act pursuant to this residual source where "the All Writs Act fill[s] a gap in federal statutes." *Id.* at 42 n.7 (citing *N.Y. Tel. Co.*, 434 U.S. at 174-78). In "exceptional circumstances in which a district court can show clearly the inadequacy of [relief provided by another statute]," the All Writs Act may authorize that court to act. *Id.* at 43.

Exceptional circumstances here authorize the Court to act under the All Writs Act. At first glance, 18 U.S.C. § 1514, which allows the Court to "issue a protective order prohibiting harassment of a victim or witness in a Federal criminal case or investigation," seems to apply. *See* 18 U.S.C. § 1514(b)(1); Dkt. 115, at 3-4, 6-7, 12-13;[2] Dkt. 182, at 7-8 (explaining that "witnesses have reported being or feeling threatened by Mr. Gerace and/or associates of Mr. Gerace"). But that statute is inadequate here because it requires a hearing, which would frustrate part of the relief the government seeks. *See* 18 U.S.C. § 1514(b)(1); Dkt. 115, at 44 n.2;

---

[2] Page references to Dkt. 115 are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

Dkt. 182, at 26-27. Because there is no statute that addresses the specific circumstances present here, the All Writs Act authorizes the injunction order.

In some situations, the Anti-Injunction Act, 28 U.S.C. § 2283, may limit a court's authority to act pursuant to the All Writs Act. The Anti-Injunction Act does not so limit the Court's authority where, as here, the federal government seeks the injunction. *See Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 225-26 (1957) ("The frustration of superior federal interests that would ensue from precluding the Federal Government from obtaining a stay of state court proceedings except under the severe restrictions of 28 U.S.C. § 2283 . . . would be so great that we cannot reasonably impute such a purpose to Congress from the general language of [that statute] . . . ."); *In re Grand Jury Subpoena*, 866 F.3d 231, 233 (5th Cir. 2017) ("Although federal courts are generally prohibited from granting injunctions to stay state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283, that general prohibition does not apply when the United States seeks the injunction . . . ."). Gerace initially argued that the Anti-Injunction Act precluded this Court's injunction order. *See generally* Dkt. 130-2. He later acknowledged that the Anti-Injunction Act does not bar the injunction, but maintains that the injunction order was improper under these circumstances. *See* Dkt. 162, at 2-3.

The All Writs Act authorizes the injunction order here, and the Anti-Injunction Act does not restrict that authority.

## II. Circumstances here support enjoining the State Action.

The decision to enjoin state proceedings is discretionary, and courts must weigh all factors—pro and con—before issuing a stay. *See In re Grand Jury Subpoena*, 866 F.3d at 234. Where, as here, the request is to stay a civil action in light of a pending criminal case, courts should "employ 'judicial discretion and procedural flexibility' to 'harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.'" *Id.* (quoting *Campbell v. Eastland*, 307 F. 2d 478, 487 (5th Cir. 1962)); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution . . . .").

In other words, "[d]etermining whether to enjoin a civil proceeding in the face of a related criminal case is essentially a question of balancing the private parties' interest in a prompt resolution of the civil matter with the government's interest in preserving the integrity of criminal proceedings," with the goal of avoiding prejudice. *United States v. FINRA*, 607 F. Supp. 2d 391, 393 (E.D.N.Y. 2009).[3]

---

[3] The court in *FINRA* ultimately denied the government's request to stay related arbitration proceedings, after concluding that "the only 'prejudice' the Court [could] discern [was] that allowing the arbitration to go forward [would] result in the criminal defendants having more information than they would otherwise be entitled to at this stage under the Federal Rules of Criminal Procedure." *Id.* at 394. As set forth below, on the record at argument on Gerace's motion, and in the Government's *ex parte* motion, *additional prejudice* to the Government would ensue absent the injunction order.

Consistent with these standards, the Court weighed all factors bearing on an order enjoining the State Action—first, before issuing that order and, again, in response to Gerace's motion. The Government provided numerous reasons in support of the injunction, both in its *ex parte* motion and in open court in response to Gerace's motion. Broadly stated, those reasons include (1) protecting witnesses from threats and intimidation, (2) preserving grand jury secrecy, and (3) enforcing the federal criminal discovery rules—and, overall, that the State Action "would frustrate the process . . . in Federal Court." *See generally* Dkt. 115, at 1-14; Dkt. 182, at 4-11. In addition, the Government provided the Court with specific facts to support the injunction order. *See* Dkt. 115, at 54-100 (Ex. C), 101-92 (Ex. D), 239-67 (Ex. F).[4]

The nexus between the State Action and this criminal case is clear. *See* Dkt. 130-1, at 11-33 (Ex. A);[5] Dkt. 182, at 7. In the State Action, Gerace seeks money damages and "a permanent injunction forbidding and enjoining Defendants from continuing to spread false and defamatory information of and concerning [him]." Dkt. 130-1, at 31-32; *see also* Dkt. 182, at 33-34. Given the overlap between the subject matter in the State Action and this criminal case and the relief Gerace seeks in the State Action, allowing the State Action to proceed would frustrate the investigation and prosecution of this case and, therefore, prejudice the Government.

---

[4] Gerace suggests that the Court issued the injunction order based on hearsay. *See* Dkt. 182, at 13, 24. These exhibits dispel any such argument.

[5] Page references to Dkt. 130-1 are to the numbering automatically generated by CM/ECF, which appear in the header of each page.

On the other hand, the injunction results in little prejudice to Gerace. The State Action is based on alleged conduct that began in 2016, but Gerace filed the complaint in October 2020. *See* Dkt. 130-1, at 13, 32-33. This lag suggests minimal prejudice from an additional delay in obtaining any relief he seeks in the State Action. When asked to identify the prejudice Gerace would suffer from a stay of the State Action, his counsel cited, without elaboration, the inability to obtain an injunction of future speech by the State Action defendants. *See* Dkt. 182, at 33-34. The record contains no detail as to what prejudice would transpire as a result—certainly not sufficient detail to outweigh prejudice to the Government absent the injunction order. *See United States v. Phillips*, 580 F. Supp. 517, 520 (N.D. Ill. 1984) (noting that defendant was "unable to articulate any prejudice in the civil suit that he [would] suffer from . . . a delay" in prosecuting it).

Gerace notes that he commenced the State Action before he was indicted in this criminal case. *See* Dkt. 182, at 17. But Gerace became aware of the federal criminal investigation against him by at least December 2019, when federal search warrants were executed at his home and business. *See* Dkt. 182, at 6. He commenced the State Action more than nine months later. *See* Dkt. 130-1, at 12-33 (Ex. A). A litigant need not "specifically intend to circumvent that rules of criminal discovery[;] a [litigant] with the purest of motives would, in the event the civil case was allowed to proceed, gain access to materials otherwise unobtainable and, in so doing, potentially harm the related criminal investigation." *In re Grand Jury Subpoena*, 866 F.3d at 235 (internal quotations and citation omitted). Nevertheless,

the timeline of events is a factor the Court may consider, and supports the injunction here. *See United States v. Hills*, No. 1:16CR329, 2016 WL 6893272, at *2 & n.1 (N.D. Ohio Nov. 23, 2016) ("When he filed his state civil action in 2015, Hills was well aware that a federal criminal indictment was likely to be returned against him inasmuch as federal agents had search[ed] his office and residence only two months earlier.").

In sum, the circumstances establish that prejudice to the Government and harm to the integrity of the criminal proceedings outweighs any prejudice to the parties to the State Action—including Gerace—from the injunction order. There is no basis to vacate the injunction.

## III.   *Ex parte* relief was proper.

The Court received and decided the Government's motion to enjoin the State Action *ex parte*. Gerace argues this procedure was improper.

The Government supported its motion with grand jury testimony. *See, e.g.*, Dkt. 115, at 2 ¶ 3. Because the Government's submission contains non-public details related to a grand jury investigation, *ex parte* treatment was proper. *See United States v. Feneziani*, 2007 WL 2176490, at *2 (W.D.N.Y. July 27, 2007) ("[T]here was nothing impermissible about the government's filing and the Court's consideration of the *ex parte* affidavit. Such a filing is authorized by Rule 6 of the Federal Rules of Criminal Procedure, which prohibits the disclosure of 'matter[s] occurring before the grand jury.'") (quoting Fed. R. Crim. P. 6(e)(2)).

*United States v. Abuhamra*, 389 F.3d 309 (2d Cir. 2004), does not require a different result. There, the Second Circuit concluded that the district court improperly relied on the government's *ex parte* submission of a law enforcement affidavit to remand the defendant pending sentencing. *See generally id.* It held that "a court should generally not rely on evidence submitted by the government *ex parte* and *in camera* in ruling on a criminal defendant's application for release on bail." *Id.* at 332. The court emphasized a criminal defendant's rights to due process, confrontation, and effective assistance of counsel—"[p]articularly where liberty is at stake." *See id.* at 318, 322. In addition, the court cited the public's interest in open criminal proceedings. *See id.* at 323-24.

Though filed on the criminal docket, here, the Government sought to enjoin a state, *civil* action. Its motion is related to the criminal case against Gerace, but its request is separate from the criminal proceeding and is directed to the State Action. Unlike in *Abuhamra*, Gerace's liberty was not at stake when the Court issued the injunction order, and it is not at stake now with the injunction in effect. In fact, the injunction order has no effect on Gerace's criminal case, beyond ensuring that his case proceeds in the ordinary course charted by federal criminal procedure. His attempt to argue otherwise conflates the State Action and this criminal proceeding.

What is more, the injunction order allowed Gerace—and the other parties to the State Action—to seek relief from the order, and Gerace seized that opportunity. Gerace did not have access to the Government's underlying motion, or to the specific facts or testimony supporting the injunction order. But he knew the Government's

reasons for seeking the injunction, which the Court relied on in issuing the injunction order. *See, e.g.*, Dkt. 182, at 4-11. To the extent that any of the specific facts the Government submitted *ex parte* are subject to disclosure under Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, or any other provision of federal criminal law, the Court expects that Gerace will receive them at the time dictated by relevant law. Neither Gerace's role as a litigant in a related civil case nor the Government's motion to enjoin that case augments his ability to access the Government's evidence outside of the parameters set by normal federal criminal procedure law.

## CONCLUSION

For these reasons, as well as those set forth in the Government's motion (Dkts. 114, 115), the Court DENIES Gerace's motion to vacate the order enjoining the State Action (Dkt. 130). The order enjoining the State Action (Dkt. 117) remains in effect.

Dated: Buffalo, New York
       September 10, 2021

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE