UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                        19-CR-227 (JLS) (MJR)

JOSEPH BONGIOVANNI and
PETER GERACE, JR.,

           Defendants.
_____

## DECISION AND ORDER

Defendants Joseph Bongiovanni and Peter Gerace, Jr. are charged in the Second Superseding Indictment with, among other things, conspiracy to defraud the United States, conspiracy to distribute controlled substances, and bribery. *See* Dkt. 89. They moved to unseal, and for disclosure of, the applications underlying various federal search warrants. *See* Dkts. 113, 122. This Decision and Order addresses their appeals from Judge Roemer's denials of the motions to unseal. For the reasons set forth below, the Court affirms Judge Roemer's decisions and denies Defendants' requests to unseal and for disclosure of the search warrant applications.

## BACKGROUND[1]

I.  **GERACE**

On April 28, 2021, Gerace filed a motion to unseal and for disclosure of search warrant application materials for the warrants to search Pharaoh's Gentlemen's Club at 999 Aero Drive, Cheektowaga, New York on November 29, 2019 (19-M-5303-02); 5145 Lexor Lane, Clarence, New York on November 29, 2019 and February 26, 2021 (19-M-5303-01, 21-MJ-5072); and an Apple iPhone 11 Pro on February 28, 2021 (21-MJ-22). Dkt. 113. On June 2, 2021, the Government responded. Dkt. 123. On June 22, 2021, Gerace replied. Dkt. 132.

After oral argument on June 29, 2021, Judge Roemer denied Gerace's motion to unseal and disclose the search warrants. *See* Dkts. 138 (text order), 139 (transcript).[2] Judge Roemer determined that, even assuming standing had been established, there was no basis to grant the motion to unseal. Dkt. 139, at 37. Judge Roemer concluded that there was no evidence to suggest that the warrants were based on deliberately or recklessly false or misleading information, and that any interest Defendants had in reviewing the sealed search warrant applications

---

[1] This section provides the procedural history relevant to the objections (Dkts. 152, 179, 180) to Judge Roemer's denials of the requests to unseal and disclose the search warrant applications and materials. The Court otherwise assumes the parties' familiarity with the factual background and procedural history of this case.

[2] On this date, the Government provided Gerace with a redacted search warrant application, which related to the Apple iPhone that was seized. *See, e.g.*, Dkt. 139, at 7.

2

was outweighed by the Government's significant interest in protecting the integrity of the investigation and the identity of informants. *Id.* at 38.

On July 13, 2021, Gerace moved for reconsideration. Dkt. 151. The Government opposed reconsideration on July 26, 2021. Dkt. 169. Gerace replied on July 29, 2021. Dkt. 171. Judge Roemer denied the motion for reconsideration via text order on August 6, 2021, citing the reasons stated on the record on June 29, 2021 and those "given by the Government in response to the motion for reconsideration [Dkt.] 169". Dkt. 174. Judge Roemer stated that Gerace's "Franks violations" allegations did not establish false statements or material omissions of fact and therefore could be addressed by a review of the warrant application, without an evidentiary hearing. *Id.*

Gerace filed two sets of objections: first, on July 13, 2021, to Judge Roemer's denial of the motion to unseal, *see* Dkt. 152, and then, on August 19, 2021, to Judge Roemer's denial of the motion for reconsideration, *see* Dkt. 179. On September 13, 2021, the Government responded to the objections. Dkt. 194. Gerace replied on September 20, 2021. Dkt. 195.

## II. BONGIOVANNI

On June 1, 2021, Bongiovanni filed a motion to unseal and for disclosure of search warrant applications to search him and 85 Alder Place, Kenmore, New York executed on June 6, 2019 (19-MJ-1056, 19-M-5154); and electronic devices seized from him and his residence that same day (19-M-1065). Dkt. 122. On June 9, 2021, the Government filed its opposition, citing its concerns that the specific information

3

contained in the search warrant affidavits would identify numerous witnesses and reveal other details of the continuing investigation. Dkt. 126.

On June 29, 2021, Judge Roemer, after oral argument, denied Bongiovanni's motion to unseal and disclose the search warrants. *See* Dkts. 138 (text order), 139 (transcript).

On July 12, 2021, Bongiovanni moved for clarification of Judge Roemer's June 29, 2021 decision, as it related to the unsealing and disclosure of warrant application materials related to Bongiovanni's electronic devices. Dkt. 150, at 2. On July 21, 2021, the Government opposed that motion. Dkt. 163. On August 6, 2021, Judge Roemer denied the motion for clarification via text order and directed Bongiovanni to the "reasons for the denial set forth by the Court on the record on 6/29/2021, the discussion between the parties and the Court on the record following the Court's oral decision on 6/29/2021, and the points raised by the Government in its response." Dkt. 173.

On August 20, 2021, Bongiovanni filed objections appealing Judge Roemer's denial of the motion to unseal the warrant applications and denial of his motion for clarification.[3] Dkt. 180. The Government responded on September 13, 2021. Dkt. 194. Bongiovanni replied on September 20, 2021. Dkt. 196.

---

[3] In his objections, Bongiovanni seeks to join in the arguments raised by Gerace in his appeal of Judge Roemer's decision. *See* Dkt. 180, at 1.

## DISCUSSION

### I. STANDARD OF REVIEW

Bongiovanni and Gerace appeal non-dispositive decisions and orders to this Court. Reversal is warranted if the decisions are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is "clearly erroneous only if 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (quoting *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67-68 (2d Cir. 1999)). A magistrate judge's ruling is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *See, e.g., In re Hulley Enter. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) (citations omitted).

### II. ANALYSIS

Gerace argues that Judge Roemer's oral ruling on June 29, 2021, which denied the disclosure requests, was clearly erroneous and contrary to law—specifically, Gerace argues there is a common law right to access to search warrant applications, and there is insufficient evidence presented by the Government to justify continued sealing of the search warrant applications. *See generally* Dkt. 152. Gerace's next set of objections concern Judge Roemer's order denying Gerace's motion for reconsideration, based on Gerace's review of the redacted warrant to search Gerace's phone. *See generally* Dkt. 179. These objections challenge the

search warrant affiant's[4] trustworthiness, and argue that Judge Roemer erroneously concluded the omissions cited by the defense were not material to warrant disclosure of all the search warrants. *See generally id.*

Bongiovanni also filed objections to Judge Roemer's June 29, 2021 order and to the text order denying the motion for clarification, as well as joining in co-defendant Gerace's objections. *See generally* Dkt. 180; *see also supra* note 3. Similarly to Gerace's arguments, Bongiovanni asserts a common law right for the defense to access search warrant applications and argues that the Government's proffered reasons, in light of the absence of any evidence in the record, do not justify the continued sealing of the applications. *See generally id.*

As set forth below, Judge Roemer's decisions are not clearly erroneous or contrary to law. As such, they are affirmed.

### A. Common Law Right of Access

Because both Defendants argue they are entitled to review the warrant application materials based on a common law right of access, the Court addresses that argument first.

Courts have recognized a common law right of public access to "judicial documents" or "judicial records," which includes affidavits and materials in support of search warrants. *See U.S. v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 582-83 (S.D.N.Y. 2009) (citing, *inter alia, United States v. Amodeo*, 44

---

[4] The affiant on this application is the same affiant for the earlier search warrant applications.

6

F.3d 141, 145-46 (2d Cir. 1995)); *In re Sealed Search Warrant*, No. 04-M-370 DRH, 04-M-388 (DRH), 2006 WL 3690639, at *2-3 (N.D.N.Y. Dec. 11, 2006); *see also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597-98 (1978) (discussing the public's general right of access to judicial records and documents). Assuming such a right exists, it is not absolute, and the Court must determine the weight to be accorded to the presumption of access. *United States v. Pirk*, 282 F. Supp. 3d 585, 601-02 (W.D.N.Y. 2017) (citations omitted). Because a warrant affidavit plays a significant role in determining a person's substantive rights, the common law presumption of access to a search warrant is affidavit is entitled to "great weight." *Id.* (citing *All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 584).

However, the Court must balance any competing considerations. *Id.* at 602 (citing *Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 120 (2d Cir. 2006)). These considerations may include, but are not limited to, the danger of impairing law enforcement or judicial efficiency, and the privacy interests of those resisting disclosure. *Id.* (quoting *Lugosch* 435 F.3d at 120) (internal quotation marks omitted). For example, where it is "clear from the record that the United States' criminal investigation is ongoing," and the applications and affidavits in support of the warrants "would disclose to the subjects the full range of potential criminal violations being investigated" and "the existence and identity of individuals who have cooperated in the investigation or otherwise provided information"—which "could subject those individuals to witness tampering, harassment, or retaliation"—countervailing factors in favor of maintaining sealing may outweigh the

7

presumption of access. *In re Sealed Search Warrants Issued June 4 and 5, 2008*, No. 08-M-208 (DRH), 2008 WL 5667021, at *4 (N.D.N.Y. July 14, 2008).

Here, the Government has expressed a need to maintain confidentiality due to the ongoing nature of its investigation and exposure of witness identities. *See, e.g.*, Dkt. 126, at 13-15; Dkt. 123, at 16-18. In his oral ruling, Judge Roemer stated that the sealed warrant applications provide "extensive and detailed information about the government's ongoing investigation of this matter, including information regarding cooperating witnesses who testified before the grand jury." Dkt. 139, at 37. Judge Roemer determined that any interest Defendants have in reviewing the sealed warrant applications is "outweighed by the government's significant interest in protecting the integrity of the investigation and the identity of the informants." *Id.* at 38.

As recognized in *Pirk* and other cases, these interests provide a legitimate basis to justify continued sealing of the search warrant application materials. *See Pirk*, 282 F. Supp. 3d at 602; *see also All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 585 ("Such interests are frequently found by courts to be sufficiently compelling to warrant some measure of closure.") (collecting cases); *In re Warrants June 4 and 5, 2008*, 2008 WL 5667021, at *4-5 ("[A] balancing of factors compels the conclusion that the applications and affidavits should remain sealed."). Thus, Judge Roemer's decision that these materials should remain sealed was not clearly erroneous or contrary to law.

Further, this Court has conducted its own *in camera* review of all of the warrant affidavits and application materials. Based on that review, the Court concludes that the need to maintain the confidentiality of witnesses and protect the details of the investigation are compelling reasons that outweigh any common law right of access to the search warrant applications at this stage. *See Pirk*, 282 F. Supp. 3d at 602-03. That review buttresses Judge Roemer's decision to deny disclosure of these materials to Defendants. *Id.*; *see also United States v. Pennick*, No. 17-CR-15-RJA-MJR, 2018 WL 4627138, at *4 (W.D.N.Y. Feb. 27, 2018) (denying, based on *in camera* review, defendant's motion for disclosure because the government's interest in non-disclosure outweighed the need to review the informant's testimony for probable cause), *report and recommendation adopted*, 2018 WL 3120570 (W.D.N.Y. June 26, 2018); *United States v. Montalvo*, No. 08-CR-004S, 2009 WL 595998, at *7 (W.D.N.Y. Mar. 6, 2009) (denying disclosure of an unredacted search warrant affidavit, where, based on *in camera* review, court agreed with the government's assertion that the redacted portion would disclose facts concerning an ongoing investigation).

### B. Fourth Amendment

Some district courts have recognized a Fourth Amendment right to access search warrant materials, but the question remains undecided in the Second Circuit. *See Pirk*, 282 F. Supp. 3d at 591 (first citing *Rinaldi v. City of New York*, No. 13 Civ. 4881(LAK)(JLC), 2014 WL 2579931, at *4 (S.D.N.Y. June 10, 2014) (collecting cases), *report and recommendation adopted*, 2014 WL 4626076 (S.D.N.Y.

Sept. 15, 2014); and then citing *United States v. Hawit*, 15-CR-252 (PKC), 2017 WL 3016794, at *2 n.3 (E.D.N.Y. July 14, 2017)); *see also Bennett v. United States*, No. 12-61499-CIV, 2013 WL 3821625, at *5 (S.D. Fla. July 23, 2013) (collecting cases that have recognized such a right). *But see In re EyeCare Physicians of America*, 100 F.3d 514, 517 (7th Cir. 1996) (rejecting argument that the Fourth Amendment recognizes a right of access to sealed affidavits). To the extent such a right exists, it is qualified and may be limited or denied, for example, "upon a showing of a compelling government interest that cannot be accommodated by some means less restrictive than sealing the court's records." *Bennett*, 2013 WL 3821625, at *5.

Federal Rule of Criminal Procedure 16 requires disclosure to a defendant of any document that is "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Further, pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in order to challenge the issuance of a search warrant on the basis of alleged misstatements or omissions in an affidavit, a defendant must make a "*substantial* preliminary showing that (1) there were intentional misrepresentations or omissions in the warrant affidavit, or, in other words 'the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth'; and (2) those misrepresentations or omissions were material, or 'necessary to the issuing judge's probable cause finding.'" *United States v. Nejad*, 436 F. Supp. 3d 707, 719 (S.D.N.Y. 2020) (quoting *United States v. Rajaratnam*, 719 F.3d 139, 146 (2d Cir. 2013)); *see also United States v. Saltares*, 301 F. Supp. 2d 305, 306 (S.D.N.Y. 2004). A substantial preliminary showing consists of "specific

allegations accompanied by an offer of proof'—"[u]nsupported conclusory allegations of falsehood or material omission cannot support a *Franks* challenge." *Nejad*, 436 F. Supp. 3d at 719 (quoting *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994)). Regarding the first prong, the defendant must present "credible and probative evidence" that a misstatement or omission "in a [warrant] application was 'designed to mislead' or was 'made in reckless disregard of whether [it] would mislead.'" *Id.* (quoting *Rajaratnam*, 719 F.3d at 154 (discussing the requisite *Franks* showing in the context in a wiretap application)).

Consistent with Judge Roemer's findings, this Court assumes—without deciding—that both Defendants have standing,[5] and that defendants with standing have a Fourth Amendment right to access search warrant application materials. But that does not end the inquiry.

Even with these assumptions, the Court concludes, for the reasons cited by Judge Roemer, that Defendants are not entitled to access the unredacted search warrant application materials on this basis. Like the defendant in *Saltares*, Defendants do not claim to be making the requisite *Franks* showing now—rather, they insist that they need to review unredacted copies of the warrant application materials so that they can determine if a *Franks* challenge is viable. 301 F. Supp. 2d at 306-07. But, as in *Saltares*, Defendants have not made a sufficiently specific

---

[5] To gain access to the search warrant affidavit pursuant to the Fourth Amendment, defendants must have a legitimate Fourth Amendment right in the property searched—that is, they must have standing to challenge the searches at issue. *Pirk*, 282 F. Supp. 3d at 591.

11

showing under Rule 16 or *Franks* that the unredacted warrant materials are material to their defenses at this stage. *Id.*; *see also United States v. Cobb*, 1:19-CR-00155 EAW, 2021 WL 2493240, at *15 (W.D.N.Y. June 18, 2021) (defendants failed to make the necessary showing that the materials were "material to the defense").

And as in *Saltares* and other cases, after conducting its own careful review of the warrant materials, the Court concludes that the Government's interest in protecting the integrity of its ongoing criminal investigation is compelling at this stage and, therefore, affirms Judge Roemer's denial of Defendants' request.[6] *See, e.g., Saltares*, 301 F. Supp. 2d at 307-08 (denying access to an unredacted search warrant application, where, after an *in camera* review of the affidavits, "the Court [was] unable to disagree with the Government's assertions that the redacted portions of the Affidavits would provide sufficient information to [the defendant] to enable him to identify the informant"); *see also Bennett*, 2013 WL 3821625, at *5-6 (concluding that the government's asserted interest in protecting the integrity of its ongoing criminal investigation is "constitutionally compelling" and outweighs the asserted Fourth Amendment right to access the affidavit).

---

[6] To the extent Defendants argue that they should be entitled to redacted versions of the application materials, this Court has determined, as in *Pirk*, that redaction of the confidential information "would render the affidavit[s] of little use." 282 F. Supp. 3d at 602-603 (collecting cases); *see also United States v. Hawit*, 15-cr-252 (PKC), 2017 WL 3016794, at *2 n.3 (E.D.N.Y. July 14, 2017) (finding that releasing redacted versions of those documents "would serve no purpose . . . given the scope of the redactions necessary to protect the governmental interests implicated by these documents.").

12

## C. Additional Arguments[7]

1. <u>Gerace</u>

Gerace additionally argues that the affiant of the search warrant affidavits was untrustworthy. Dkt. 179, at 2. He argues that Judge Roemer erred in concluding that the omissions cited by the defense were not material. *Id.* at 1-2. These arguments stem from Gerace's review of the redacted search warrant

---

[7] While not directly argued by the parties, this Court has also considered whether Defendants are entitled to access the warrant application materials under the First Amendment. There is no clear authority from the Second Circuit supporting a criminal defendant's entitlement under the First Amendment to access a search warrant affidavit or other materials. *See Pirk*, 282 F. Supp. 3d at 598-600 (discussing at length how district courts in this circuit have rejected the argument that a First Amendment right attaches to provide access to search warrant applications, several circuits have also rejected such a right, and one circuit decision recognized the right, while still affirming the decision to maintain sealing); *see also All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 581 (similarly discussing the circuit caselaw on this issue). *But see United States v. Cohen*, 366 F. Supp. 3d 612, 628 (S.D.N.Y. 2019) ("Although the Second Circuit has not yet spoken, this Court holds that neither experience nor logic support a First Amendment right of access to search warrant materials."). To the extent the right is recognized, it is not unlimited—documents may remain sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored that interest." *Pirk*, 282 F. Supp. 3d at 598 (quoting *Lugosch*, 435 F.3d at 120). Based on the mixed available authority, this Court cannot conclude that Judge Roemer's decision was clearly erroneous or contrary to law. *See id.* at 600. Further, as under the Fourth Amendment and common law analyses, even assuming without deciding that such a right exists, the Government's interest in protecting the integrity of its ongoing criminal investigation is constitutionally compelling. *See, e.g., Hawit*, 2017 WL 3016794, at *2 (concluding that any qualified right of access is outweighed by compelling government interests and that deferred disclosure is narrowly tailored to serve those interests); *see also Bennett*, 2013 WL 3821625, at *4 (same conclusion regarding continued sealing). After conducting its own careful review of the warrant materials, the Court again concludes that unsealing the warrant materials at this time would unjustifiably compromise that interest.

affidavit (21-MJ-22) for the iPhone, which, according to Gerace, "reveals numerous *Franks* violations." Dkt. 151, at 4. The Government responds that Gerace has not offered any actual evidence of untrustworthiness or prior findings of unreliability of the affiant, and that the omissions of time periods in the redacted warrant affidavit are not grounds for unsealing the other warrant applications. Dkt. 194, at 12-16.

Judge Roemer, in his text order denying Gerace's motion for reconsideration, stated that the alleged *Franks* violations concern staleness, probable cause, and reliability of the affiant, and do not establish false statements or material omissions of fact such that an evidentiary hearing is required. Dkt. 174. This Court, in its review at this stage of the denial of the motion for reconsideration,[8] agrees with Judge Roemer.

The allegations of untrustworthiness stem from the second argument—namely, all of the warrants are suspect because, in the iPhone warrant affidavit (21-MJ-22), the affiant neglected to specify the time periods for the counts charging Gerace and the communications via cellphone with his co-defendants. *See, e.g.*, Dkt. 179, at 4-5. Gerace's arguments do not satisfy the threshold showing that these alleged omissions were deliberately false or reckless, or that they were material, sufficient to warrant unsealing of all the warrant applications.

---

[8] The Court emphasizes that this analysis is limited to the arguments presented on the motion for reconsideration and framed by the applicable standard of review. This Court does not address fully the merits of Gerace's arguments for a *Franks* hearing, as those were raised in separate motions (Dkt. 147) that Judge Roemer denied (Dkt. 201) and in Gerace's objections (Dkt. 203) of that denial.

As noted by the Second Circuit, there is no bright-line rule for staleness: where an affidavit "establishes a pattern of continuing criminal activity, such that there is reason to believe that the cited activity was probably not a one-time occurrence, the passage of time between the last alleged event and the warrant application is less significant." *United States v. Raymonda*, 780 F.3d 105, 114 (2d Cir. 2015) (citations and internal quotation marks omitted).

Courts frequently have found probable cause to search cellphones possessed by defendants arrested in connection with ongoing drug-distribution crimes based on the experience of agents familiar with narcotics trafficking—that is, "that traffickers commonly use cellphones to communicate in the course of their narcotics distribution, as well as to store relevant information, including the names and contact information of suppliers, purchasers, and confederates." *See, e.g., United States v. Hoey*, 15 CR. 229 (PAE), 2016 WL 270871, at *9 (S.D.N.Y. Jan. 21, 2016) (collecting cases); *see also United States v. Wiegand*, 482 F. Supp. 3d 224, 240 (S.D.N.Y. 2020) (reviewing an affidavit proffering that individuals who engage in fraud and money laundering offenses store records relating to their illegal activity and to persons involved with them on electronic devices, and that files may be recovered months or years after they have been created or saved). In the context of narcotics conspiracies and operations, then, "intervals of weeks or months between the last described act and the application for a warrant [does] not necessarily make the information stale." *Rivera v. U.S.*, 928 F.2d 592, 603 (2d Cir. 1991) (citing cases).

Here, in light of the fact that the cellphone is alleged to have contained stored evidence of Gerace's involvement in the offenses in the Second Superseding Indictment, and the "considerable deference [the court accords] to the probable cause findings of the issuing magistrate," *see United States v. Thomas*, 788 F.3d 345, 350 (2d Cir. 2015), Gerace has not met his burden of showing Judge Roemer's decision on the motion for reconsideration was clearly erroneous or contrary to law. For this reason, and for the reasons already stated, the Court reaffirms that Defendant Gerace is not entitled to disclosure of the other two search warrant application materials on the basis of the alleged *Franks* violations in one warrant application.

2. <u>Bongiovanni</u>

Bongiovanni argues that Judge Roemer's decisions were unsupported by the record—specifically, that Judge Roemer did not indicate clearly that he had reviewed the materials of all three warrant applications as to Bongiovanni, and it was improper to make this type of ruling solely on the Government's proffered information.[9] Dkt. 180, at 6, 8, 11-12, 15-16. The Government responds that Judge Roemer already determined that the warrant in 19-M-5154—that was later

---

[9] This argument stems from Bongiovanni's motion for clarification (Dkt. 150), which sought information "regarding the Court's basis of knowledge for the search warrant application" relating to the warrant granted by Judge Foschio for electronic devices. Dkt. 150, at 1. Judge Roemer issued the warrant in 19-M-5154, but the other two were issued by Judge McCarthy (19-MJ-1056) and Judge Foschio (19-M-1065). The Government notes that the contents of the warrant application for 19-M-5154 were incorporated into the other two warrant applications. *See* Dkt. 194, at 10.

16

incorporated in the other two warrants applications—was to be sealed, and that it is proper for a magistrate judge to rely on the Government's proffers in making disclosure determinations. Dkt. 194, at 10-12.

Like the district court in *Pirk* and other cases, this Court has studied the underlying search warrant application materials as to each search warrant at issue here. As such, even assuming that Judge Roemer erred, Bongiovanni's argument fails because this Court has conducted the very searching inquiry that Bongiovanni seeks. *See* Dkt. 180, at 17. This Court has determined independently—and out of an abundance of caution—based on the relevant facts and circumstances of this particular case, as well as its own review of the warrant materials, that any rights of access are outweighed by the Government's significant concerns and interests. For the reasons articulated by Judge Roemer and above, Bongiovanni's arguments fail.

## CONCLUSION

For the reasons cited by Judge Roemer and set forth above, the Court affirms Judge Roemer's decisions denying Defendants' motions for disclosure (Dkts. 113, 122), for clarification (Dkt. 150), and for reconsideration (Dkt. 151).

SO ORDERED.

Dated:   November 1, 2021
         Buffalo, New York

                                             _____
                                             JOHN L. SINATRA, JR.
                                             UNITED STATES DISTRICT JUDGE