UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

UNITED STATES OF AMERICA,

                              Plaintiff,

           v.                                     Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                          Defendants.

───────────────────────────────────

## MR. GERACE'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS OBJECTION TO THE MAGISTRATE/JUDGE'S DENIAL OF HIS MOTION FOR A <u>FRANKS</u> HEARING

Respectfully submitted,

*/s/ Joseph M. LaTona*
JOSEPH M. LaTONA, ESQ.

Attorney for Defendant,
  PETER GERACE, JR.
Office and Post Office Address
403 Main Street - Suite 716
Buffalo, New York  14203
(716) 842-0416
sandyw@tomburton.com

## PRELIMINARY STATEMENT

On September 30, 2021 the parties appeared before Magistrate/Judge Michael J. Roemer for argument on the defense omnibus motions.

The Magistrate/Judge made it clear that he wished to hear argument only with regard to defense motions for evidentiary hearings.  He stated that he would hear oral argument on other motions at a later date.  All of the parties agreed to this staggered scheduling order.

After hearing defense counsel and the prosecution with regard to the defense motion for an evidentiary hearing under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978), regarding the redacted search warrant application provided to the defense, the Magistrate/Judge denied the motion for a hearing.  This occurred on the record on September 30, 2021.  Prosecution counsel was present throughout the proceedings.

The defense filed a timely objection on October 13, 2021 [Doc. 203].  Judge Sinatra set a scheduling order directing the prosecution to file its response on October 27, 2021 [Doc. 204]. The defense was afforded until November 3, 2021 to submit its reply to the prosecution response [Id.].

This reply memorandum addresses only those issues to which the defense deems a written response is appropriate.

## DISCUSSION

In an argument entirely detached from reality, the prosecution claims that the objections should be denied because the defense has failed to docket the transcript of the September 30, 2021 proceeding.   The prosecution response clearly acknowledges the

Magistrate/Judge's ruling and its needless insistence upon the filing of redundant paperwork is ridiculous [Doc. 207, p. 1].

The prosecution response goes to great lengths to address issues which are not set forth in the defense objection.  The Magistrate/Judge clearly indicated that he would hear oral argument from the defense based upon an analysis of the redacted application itself at a later date. In a text order dated August 6, 2021 the Magistrate/Judge found that additional arguments advanced by the defense "may be addressed by the Court through a review of the four corners of the warrant application and without an evidentiary hearing" [Doc. 174].  Consistent with the Magistrate/Judge's ruling, the defense reserves any and all suppression arguments directed against the face of the redacted search warrant application.

As stated above, the defense objection was limited only to the Magistrate/Judge's denial of a Franks hearing.  Contrary to the claim of the prosecution, the defense objection specifically cited governing case law.  That included the United States Supreme Court expansion of the Franks standard to include a grossly negligent disregard of Fourth Amendment rights and also a constitutional violation that is the product of recurring or systematic negligence.  See, Davis v. United States, 564 U.S. 229, 236-240, 131 S.Ct. 2419 (2011).  Consequently, those older decisions cited by the prosecution with regard to the pleading predicates needed to trigger a Franks hearing are no longer applicable [Doc. 207, pp. 4-5, 9-10, 15-16].

The prosecution concedes, as clearly it must, that the "staleness" of allegations in a warrant application must be considered in determining whether the redacted application provides probable cause [Doc. 207, p. 5].

The defense reiterates its reliance upon the staleness chart which was appended to Mr. Gerace's original objection [Doc. 203, Ex. A].

2

The redacted search warrant application failed to attach a copy of the second superseding indictment. The defense submits that this defect in and of itself warrants a <u>Franks</u> hearing.

The critical omission of the second superseding indictment establishes that Magistrate/Judge Schroeder was never informed that the grand jury had found that the alleged criminal conduct had terminated. Furthermore, Magistrate/Judge Schroeder was never informed of the time lapse from the termination of the alleged criminal conduct and the date of the search warrant application.

For all Magistrate/Judge Schroeder knew, the purported criminal conduct could have continued to the date on which the second superseding indictment was returned.

In addition, the critically omitted material undermined Magistrate/Judge Schroeder to insist upon live testimony under oath. <u>See</u>, Federal Rule 41(d) of the Federal Rules of Criminal Procedure.

Inexplicably, the Magistrate/Judge refused to apply governing Second Circuit law to the effect that recklessness can be inferred from the omission of critical information. <u>See</u>, <u>United States v. Reilly</u>, 76 F.3d 1271, 1280 (2d Cir. 1996).

As stated in Mr. Gerace's original objection, the <u>Reilly</u> court has noted,

> "[t]he good faith exception to the exclusionary rule does not protect searches by officers who fail to provide all potentially adverse information to the issuing judge, and for that reason, it does not apply here." <u>Reilly</u>, 76 F.3d at 1280.

**CONCLUSION**

Mr. Gerace's objection should be adopted by this Court.


DATED:          November 2, 2021                    Respectfully submitted,
                Buffalo, New York


                                                    */s/ Joseph M. LaTona*
                                                    JOSEPH M. LaTONA, ESQ.

                                                    Attorney for Defendant,
                                                      PETER GERACE, JR.
                                                    Office and Post Office Address
                                                    403 Main Street - Suite 716
                                                    Buffalo, New York  14203
                                                    (716) 842-0416
                                                    sandyw@tomburton.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2021 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**Brendan T. Cullinane, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT