| | |
|---|---|
| From: | webmaster@nywd.uscourts.gov |
| Sent: | Tuesday, November 9, 2021 2:47 PM |
| To: | Courtmail@nywd.uscourts.gov |
| Subject: | Activity in Case 1:19-cr-00227-JLS-MJR USA v. Bongiovanni, et al. Order on Motion to Modify Conditions of Release |

***This email originated from an outside source. Use caution clicking links or opening attachments.***

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. DISTRICT COURT

U.S. District Court, Western District of New York

## Notice of Electronic Filing

The following transaction was entered on 11/9/2021 at 2:46 PM EST and filed on 11/9/2021
Case Name: USA v. Bongiovanni, et al.
Case Number: 1:19-cr-00227-JLS-MJR
Filer:
Document Number: 214(No document attached)

Docket Text:
TEXT ORDER. Currently before the Court is defendant Peter Gerace Jr.'s motion to modify his conditions of release [190]. The government opposes the motion and cross moves for: (1) defendant to be excluded from the Earned Leave Program and (2) disclosure of certain GPS information collected by the U.S. Probation Office. The U.S. Probation Officer does not oppose defendant's motion to modify conditions of release. A hearing was held on the motions on October 27, 2021. The Court hereby denies defendant's motion to modify his conditions of release and denies the government's cross-motions in their entirety.

Defendant asks that his conditions of release be modified as follows: (1) that his electronic monitoring be changed from home detention to a curfew; (2) that any restrictions on his ability to be present at his place of business be removed; and (3) that the condition prohibiting him from using alcohol be eliminated. He makes three arguments in support of his motion: (1) the current restrictions make it difficult for him to run his business; (2) the weight of the evidence against him is weak; and (3) he has thus far been compliant with his conditions of release. The Court finds these arguments unpersuasive.

The charges in this case against defendant are serious, involving bribing a public official, drug dealing and sex trafficking. The presiding judge in this case, Hon. John L. Sinatra, Jr.,

has already determined that the current conditions of release are the least restrictive combination of conditions necessary to assure reasonably the safety of any other person and the community. *See* Transcript of April 14, 2021 [118], at 20-21; Modification Order [112]; *see also* 18 U.S.C. 3142(c)(1)(B). Defendant has failed to provide sufficient reasons to modify now these conditions. While the Court understands that defendant's conditions of release might make it more difficult for him to run his business, Judge Sinatra already considered that argument when he initially modified defendant's conditions of release to allow defendant to be present at his business during certain hours of the day. The condition that defendant not use alcohol is supported by his substance abuse history. In fact, he tested positive for cocaine on the date of his arrest. With regard to the weight-of-the-evidence argument, defense counsel basically argue that they have reviewed the evidence provided during discovery and are of the opinion that the government's case is weak. In particular, counsel attacks the credibility of a possible government witness. These arguments, however, were, or could have been, made previously and therefore do not provide a basis to change the conditions of release. *See United States v. Quinones,* 2016 WL 1694998 (W.D.N.Y. Apr. 28, 2016) (a defendant's own evaluation of the strength of the case does not constitute truly changed circumstances, such as something unexpected or a significant event). Finally, the fact that defendant has been compliant with his conditions of release is laudable, but that was what he was supposed to do. It shows that the conditions imposed have been effective.

For these reasons, the Court denies defendant's motion to modify his conditions of release. The Court also denies the government's cross-motions for the reasons stated on the record at the hearing. SO ORDERED. Issued by Hon. Michael J. Roemer on 11/9/2021.(RAZ)

1:19-cr-00227-JLS-MJR-3 Notice has been electronically mailed to:

Steven M. Cohen    scohen@hoganwillig.com, cricigliano@hoganwillig.com, kstohl@hoganwillig.com, ssweeney@hoganwillig.com

James P. Harrington    jph@harringtonmahoney.com, denised@harringtonmahoney.com, iharrington@harringtonmahoney.com, jpyle@harringtonmahoney.com

Joseph M. LaTona    sandyw@tomburton.com, josabele@verizon.net

Patrick J. Brown    pjbrown@losi-gangi.com

Joseph M. Tripi    joseph.tripi@usdoj.gov, elizabeth.harf@usdoj.gov

Brendan T. Cullinane    brendan.cullinane@usdoj.gov, danielle.orsini@usdoj.gov

Jesse Colton Pyle    jpyle@harringtonmahoney.com, denised@harringtonmahoney.com, jessepyl@buffalo.edu

Jordan Alan Dickson    jordan.dickson@usdoj.gov, pin.ecf@usdoj.gov

1:19-cr-00227-JLS-MJR-3 Notice has been delivered by other means to: