UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,

     v.                                          19-CR-227 (JLS) (MJR)

PETER GERACE, JR.,

                   Defendants.

———————————————————————

## DECISION AND ORDER

Defendant Peter Gerace, Jr. is charged in the Second Superseding Indictment with, among other things, conspiracy to defraud the United States, conspiracy to distribute controlled substances, and bribery. *See* Dkt. 89. Magistrate Judge Michael J. Roemer was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. 92.

As part of his pre-trial motions, Gerace moved for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), relating to the redacted application to search a cell phone seized from him on February 28, 2021. Dkt. 147, LaTona Aff. ¶¶ 57-70. After briefing and oral argument, Judge Roemer denied Gerace's motion for an evidentiary hearing pursuant to *Franks*. *See* Dkt. 201.

Before this Court are Gerace's objections to Judge Roemer's denial of a *Franks* hearing. Dkt. 203. The Government responded. Dkt. 207. And Gerace filed a reply. Dkt. 209.

Gerace again[1] argues a *Franks* hearing is warranted because the affiant for the cell phone search warrant deliberately omitted critical information that was material to the magistrate judge's probable cause determination—namely, that the affidavit did not provide the relevant time periods of the charges Gerace faces, the dates of his communications with co-conspirators and others, and the periods of his use of the cell phone. Dkt. 203, at 2; *see also* Dkt. 147, LaTona Aff. ¶ 66-69; Dkt. 148, at 12. According to Gerace, the omission of such information was an "attempt to mislead" the magistrate judge into believing the allegations were not stale, and the affiant exhibited a "deliberate, reckless and/or grossly negligent 'disregard for Fourth Amendment rights.'" Dkt. 148, at 12-13. In support of that argument, Gerace provides a staleness chart outlining the relevant dates and time periods. *See* Dkt. 203-1.

Judge Roemer's denial of the motion for a *Franks* hearing is neither clearly erroneous nor contrary to law.[2]

---

[1] Gerace also raised these arguments regarding a *Franks* hearing in his motion for reconsideration (Dkt. 151) of Judge Roemer's order denying Gerace's motion to unseal the search warrants. Judge Roemer then denied the motion for reconsideration via text order, *see* Dkt. 174, Gerace objected to that denial, *see* Dkt. 179, and this Court issued a Decision and Order affirming Judge Roemer's decisions. *See generally* Dkt. 208.

[2] As noted by the Government, Gerace declined to provide a transcript of Judge Roemer's denial of the motion for a *Franks* hearing. To aid in its review of Judge Roemer's decision—and, indeed, as it is required to do under the standard of review and to assess Gerace's argument that Judge Roemer did not consider properly, or failed to apply, governing Second Circuit law—the Court has reviewed the relevant recordings of the oral arguments and Judge Roemer's decision from September 30, 2021.

Pursuant to *Franks*, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and "the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56.  Therefore, "[t]o invoke the *Franks* rule, a defendant is required to show: (1) 'that there were intentional and material misrepresentations or omissions' in the warrant affidavit, and (2) that the 'alleged falsehoods or omissions were necessary to the . . . probable cause finding.'" *United States v. Fernandes*, 50 F. Supp. 3d 398, 403 (W.D.N.Y. 2014) (quoting *United States v. Mandell,* 752 F.3d 544, 552 (2d Cir. 2014)).  Importantly, there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* (quoting *Franks*, 438 U.S. at 171).

As noted in this Court's earlier Decision and Order (Dkt. 208), a substantial preliminary showing consists of "specific allegations accompanied by an offer of proof"—"[u]nsupported conclusory allegations of falsehood or material omission cannot support a *Franks* challenge." *United States v. Nejad*, 436 F. Supp. 3d 707, 719 (S.D.N.Y. 2020) (quoting *Velardi v. Walsh*, 40 F.3d 569, 573 (2d Cir. 1994)). Regarding the intentionality prong, the defendant must present "credible and probative evidence" that a misstatement or omission "in a [warrant] application was 'designed to mislead' or was 'made in reckless disregard of whether [it] would mislead.'" *Id.* (quoting *United States v. Rajaratnam*, 719 F.3d 139, 154 (2d Cir.

3

2013) (discussing the requisite *Franks* showing in the context in a wiretap application)).

Gerace has not made such a showing.  Gerace asks the Court to infer that the omission of specific dates and other information from the affidavit shows a "deliberate, reckless, and/or grossly negligent disregard of Fourth Amendment rights" such that a *Franks* hearing is required.  But this kind of unsupported inference does not rise to a "substantial" showing required under *Franks*.  Gerace's allegations are not "credible and probative evidence" that the omissions were designed to mislead or made in reckless disregard of whether they would mislead the magistrate judge.  *Nejad*, 436 F. Supp. 3d at 719 (quoting *Rajaratnam*, 719 F.3d at 154) (quotation marks omitted).

As for the materiality prong under *Franks*, as observed in the earlier Decision and Order, there is no bright-line rule for staleness.  *See* Dkt. 208, at 15 (citing *United States v. Raymonda*, 780 F.3d 105, 114 (2d Cir. 2015)).  Rather, when the supporting facts "present a picture of continuing conduct or an ongoing activity . . . the passage of time between the last described act and the presentation of evidence becomes less significant."  *United States v. Singh*, 390 F.3d 168, 181 (2d Cir. 2004) (citation omitted) (in healthcare fraud and controlled substances conspiracy case, rejecting the argument that the warrant application for business records included stale information where a period of more than twenty months elapsed between the informant's last date of employment and the search warrant application).  Further, courts frequently have found probable cause to search cellphones on the basis that

4

narcotics "traffickers commonly use cellphones to communicate in the course of their narcotics distribution, as well as to store relevant information, including the names and contact information of suppliers, purchasers, and confederates." *See, e.g., United States v. Hoey*, 15 Cr. 229 (PAE), 2016 WL 270871, at *9 (S.D.N.Y. Jan. 21, 2016) (collecting cases).

On this record, Judge Roemer's denial of the motion for a *Franks* hearing was not clearly erroneous or contrary to law.

## CONCLUSION

For the reasons cited by Judge Roemer and set forth above, the Court affirms Judge Roemer's decision denying Gerace's motion for a *Franks* hearing.

SO ORDERED.

Dated:      December 7, 2021
            Buffalo, New York


                                    JOHN L. SINATRA, JR.
                                    UNITED STATES DISTRICT JUDGE