IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.                                                                                              19-CR-227-JLS

PETER GERACE JR., and
JOSEPH BONGIOVANNI,

                  Defendants.

---

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR ADOPTION OF A SEARCH WARRANT APPLICATION ORDER SIMILAR TO UNITED STATES V. HAWIT, 2017 WL 3016794 (E.D.N.Y. 2017)

The defendant, PETER GERACE JR., through his attorney, Joseph M. LaTona, Esq., has filed a motion seeking adoption of a search warrant disclosure order similar to that issued by the Court in United States v. Hawit, 2017 WL 3016794 (E.D.N.Y. 2017). (See Docket 210).[1] Although the defendant's motion is not styled as such, it is a motion for reconsideration of this Court's November 1, 2021, Decision and Order denying defendants' motions for disclosure, clarification, and reconsideration (See Dockets 113, 122, 150, and 151). The UNITED STATES OF AMERICA, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Assistant United States Attorney, of counsel, hereby files the government's response in opposition to the defendant's motion for reconsideration based upon United States v. Hawit, 2017 WL 3016794 (E.D.N.Y. 2017).

---

[1] Defendant Joseph Bongiovanni has joined in defendant Gerace's motion without additional argument or analysis, and this response is intended to apply to both defendants' filings in Dockets 210 and 212.

## PROCEDURAL HISTORY

As pertinent to this response, on April 28, 2021, defendant Gerace filed a motion to unseal and for disclosure of search warrant application materials for all search warrants related to Pharaoh's, 5154 Lexor Lane, and an Apple iPhone (see Docket 113). On June 2, 2021, the government filed its response (see Docket 123). As set forth in Docket 123, the government agreed to provide to the defense a redacted search warrant affidavit [21-mj-22] regarding the search of the Apple iPhone cell phone because, "[U]pon further review, the affidavit and attachments in support of 21-mj-22 consist of approximately twenty (20) pages of material, and the information contained therein is more limited than the applications, affidavits, and attachments in 19-M-5303 and 21-MJ-5102, as described above. As a result, the government believes a redacted copy of the application, affidavit, and attachments in support of 21-mj-22 can be provided to the defense in a manner that sufficiently mitigates the concerns which warrant the continued sealing of the applications, affidavits, and attachments in 19-M-5303 and 21-MJ-5102." (See Docket 123 at 4.)

On June 29, 2021, the Court heard oral argument and denied the defendants' motion to unseal and/or to disclose the search warrants [19-M-5303 and 21-MJ-5102].[2] Following argument, Magistrate Judge Roemer denied the motions to unseal and on that same date the government provided Gerace with a redacted search warrant application related to an Apple iPhone that was seized. (See Dockets 138 (text order), 139 (transcript)).

---

[2] These are the search warrants related to Pharaoh's and 5154 Lexor Lane.

On July 13, 2021, the defendant moved Magistrate Judge Roemer to reconsider his Decision and Order ordering continued sealing of the search warrant applications [19-M-5303, 21-MJ-5102, and 21-mj-22] based upon the conclusory, unsupported, and unwarranted claim that "the affiant on all of the pertinent search warrant applications is inherently untrustworthy."  (See Docket 151 at 4.) The government opposed the motion for reconsideration (see Docket 169), and the defendant replied (see Docket 171).  Magistrate Judge Roemer denied the motion for reconsideration via text order on August 6, 2021.  (See Docket 174.)

On July 13, 2021, defendant Gerace objected to Magistrate Judge Roemer's denial of the motion to unseal the search warrant application/affidavits (see Docket 152), and also filed objections on August 19, 2021, to Magistrate Judge Roemer's denial of the motion for reconsideration (see Docket 179).  On September 13, 2021, the government responded (see Docket 194), and on September 20, 2021, defendant Gerace replied (see Docket 195).

On November 1, 2021, this Court issued a Decision and Order denying defendant Gerace and Bongiovanni's motions for disclosure of the search warrant affidavits, for clarification, and for reconsideration.  (See Docket 208.)

On November 5, 2021, defendant Gerace filed a motion (see Docket 210), which was joined by co-defendant Bongiovanni (see Docket 212), requesting this Court to adopt a search warrant disclosure order similar to that issued by the Court in United States v. Hawit, 2017 WL 3016794 (E.D.N.Y. 2017).  Although not styled as such, the defendants' motions (see

3

Dockets 210 and 212) are for reconsideration of this Court's November 1, 2021, Decision and Order, and the motions should be denied.

## **THE GOVERNING LAW**

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to advance new facts, issues, or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See Davidson v. Scully, 172 F. Supp. 2d 458, 461–62 (S.D.N.Y. 2001) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." Id. (quoting Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan 18, 2000) (Mukasey, J.)). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.' " Id. (quoting Morales v. Quintiles Transnational Corp., 25 F.Supp.2d 369, 372 (S.D.N.Y.1998) (citations omitted)).

**ARGUMENT**

**I.    The Defendant has not met the Standard for a Motion for Reconsideration.**

The defendant's motion for reconsideration fails to identify controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  In citing to United States v. Hawit, 2017 WL 3016794 (E.D.N.Y. 2017), the defendant noted that citation to the Hawit decision appeared twice in this Court's November 1, 2021, Decision and Order.  Of course, by citing to the Hawit decision twice, this Court was aware of and did not overlook it.  Nevertheless, Hawit is not "controlling authority" binding upon this Court and the defendant's motion for reconsideration must be denied.  See Davidson v. Scully, 172 F. Supp. 2d 458, 461–62 (S.D.N.Y. 2001) (a motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court).

This Court's Decision and Order was clear and unequivocal, and was based in part upon this Court's personal review of the search warrants at issue:

5

> Further, this Court has conducted its own *in camera* review of all of the warrant affidavits and application materials. Based on that review, the Court concludes that the need to maintain the confidentiality of witnesses and protect the details of the investigation are compelling reasons that outweigh any common law right of access to the search warrant applications at this stage. *See Pirk*, 282 F. Supp. 3d at 602-03. That review buttresses Judge Roemer's decision to deny disclosure of these materials to Defendants. *Id.*; *see also United States v. Pennick*, No. 17-CR-15-RJA-MJR, 2018 WL 4627138, at *4 (W.D.N.Y. Feb. 27, 2018) (denying, based on *in camera* review, defendant's motion for disclosure because the government's interest in non-disclosure outweighed the need to review the informant's testimony for probable cause), *report and recommendation adopted*, 2018 WL 3120570 (W.D.N.Y. June 26, 2018); *United States v. Montalvo*, No. 08-CR-004S, 2009 WL 595998, at *7 (W.D.N.Y. Mar. 6, 2009) (denying disclosure of an unredacted search warrant affidavit, where, based on *in camera* review, court agreed with the government's assertion that the redacted portion would disclose facts concerning an ongoing investigation).

(See Docket 208 at 9.)


***

2d at 306-07. But, as in *Saltares*, Defendants have not made a sufficiently specific

---

[5] To gain access to the search warrant affidavit pursuant to the Fourth Amendment, defendants must have a legitimate Fourth Amendment right in the property searched—that is, they must have standing to challenge the searches at issue. *Pirk*, 282 F. Supp. 3d at 591.

11

---

showing under Rule 16 or *Franks* that the unredacted warrant materials are material to their defenses at this stage. *Id.*; *see also United States v. Cobb*, 1:19-CR-00155 EAW, 2021 WL 2493240, at *15 (W.D.N.Y. June 18, 2021) (defendants failed to make the necessary showing that the materials were "material to the defense").

And as in *Saltares* and other cases, after conducting its own careful review of the warrant materials, the Court concludes that the Government's interest in protecting the integrity of its ongoing criminal investigation is compelling at this stage and, therefore, affirms Judge Roemer's denial of Defendants' request.[6] *See, e.g., Saltares*, 301 F. Supp. 2d at 307-08 (denying access to an unredacted search warrant application, where, after an *in camera* review of the affidavits, "the Court [was] unable to disagree with the Government's assertions that the redacted portions of the Affidavits would provide sufficient information to [the defendant] to enable him to identify the informant"); *see also Bennett*, 2013 WL 3821625, at *5-6 (concluding that the government's asserted interest in protecting the integrity of its ongoing criminal investigation is "constitutionally compelling" and outweighs the asserted Fourth Amendment right to access the affidavit).

(<u>Id.</u> at 11-12.)

Indeed, this Court has determined that the government's interests in protecting its ongoing investigation is compelling, and that the defendant has failed to establish materiality under Rule 16 or under Franks v. Delaware, 438 U.S. 154 (1978). Accordingly, the defendant's motion for reconsideration based upon Hawit decision should be denied. This Court simply did not overlook controlling decisions or data in rendering its Decision and Order on November 1, 2021 (see Docket 208).

II. **The Hawit Decision is Distinguishable for the Proposition in which the Defendant has Cited it.**

While the defendant urges the Court to set a disclosure deadline similar to that in the Hawit case, that decision is of little persuasive value for the proposition in which the defendant has cited it, that is, for a disclosure deadline for the search warrant affidavits.

First, unlike in Hawit, as set forth above, this Court has already determined that the defendants failed to establish materiality under Rule 16 and/or under Franks for disclosure of the affidavits. Second, the Hawit case was one in which the government sought the disclosure order, thereby perhaps implicitly conceding that there was information material to the defense in the affidavits at issue. Here, the government makes no such concession and submits that appropriate disclosures have already been made pursuant to Rule 16, or will be made in other formats, such as disclosure of Jencks materials, the government's pre-trial witness list, the government pre-trial memorandum, and the government's pre-trial exhibit list. Third, the Hawit decision does not describe the nature of the ongoing investigation in that case, whereas here this Court has reviewed the search warrant affidavits at issue and, based upon that review, this Court knows full-well the necessity of protecting the details of

the government's continuing investigation and need to maintain the confidentiality of witnesses. Fourth, in Hawit, the Court noted that the search warrant applications all related to the defendant's personal communication devices and accounts, 2017 WL 3016794, at *3, whereas here the government has already turned over a redacted copy of the search warrant affidavit regarding the search of an Apple iPhone seized from defendant Gerace on February 28, 2021. Fifth, unlike Hawit, because the government in this case already made a redacted disclosure regarding the search of an Apple iPhone seized from defendant Gerace on February 28, 2021, the defendant has already filed a Franks motion and objections directed towards that search warrant, which motion was denied by Magistrate Judge Roemer (see Docket 201) and objections were denied by this Court (see Dockets 208, 223).[3] Sixth, there is no trial date set in this case and therefore discussion of disclosure of any Jencks material is premature.

## CONCLUSION

For the foregoing reasons, the defendants' motions at Docket 210 and 212 should be denied in all respects.

DATED: Buffalo, New York, December 13, 2021.

TRINI E. ROSS
United States Attorney

BY:   s/JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York  14202
716/843-5839
Joseph.Tripi@usdoj.gov

---

[3] This Court's Decision in Docket 223 had not been filed at the time defendant Gerace, joined by defendant Bongiovanni, filed the instant motion.

9