UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff,

v.                                                        **DECLARATION**

                                                          Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.
                              Defendants.

_____

        STEVEN M. COHEN, being duly sworn, deposes and says:

### BACKGROUND

1.  Declarant is the attorney presently retained to represent Defendant, Peter Gerace, Jr.  This

    declaration is in support of a request to reconsider the Hon. Michael J. Roemer's denial

    of Mr. Gerace's motion pursuant to 18 U.S.C. § 3145 (a)(2).

2.  On February 25, 2021, Defendant was indicted by a Federal Grand Jury in five (5) counts

    of a Second Superseding Indictment, with codefendant Joseph BonGiovanni.

3.  On March 1, 2021 Defendant was arrested on the indictment warrant during a vacation in

    Florida and arraigned by United States Magistrate Judge Alicia O'Valle in the United

    States District Court for the Southern District of Florida on March 2, 2021.

4.  Magistrate O'Valle released Defendant on conditions pursuant to 18 U.S.C. § 3142 (3)(a).

    (*See* Docket 93, Rule 5(c) (3) documents, including Condition of Bond and Order of

Removal; *see also* Transcript of Proceedings, March 2, 2021, attached hereto as "Exhibit A").

5. Pursuant to the Conditions of Bond and Order of Removal, among other conditions Defendant was ordered to refrain from the use of alcohol, participate in Home Detention, and stay away from his business, Pharoah's Gentlemen's Nightclub, located at 999 Aero Drive, Cheektowaga, New York.

6. On April 14th Defendant, by way of his original attorney Joel L. Daniels, made a Motion for Review of the terms and conditions of his release, specifically requesting that he be allowed to be physical present at his business to attend to various duties which including any requisite banking transactions. (See Notice of Motion, filed March 25, 2021, attached hereto as "Exhibit B".)

7. Assistant United States Attorney Joseph M. Tripi responded on behalf of the United States Attorney's Office, requesting denial of the request to alter release terms and conditions.

8. The Hon. John L. Sinatra, Jr. heard oral argument in the United States District Court for the Western District of New York on April 14, 2021. (*See generally*, Transcript of Proceedings, April 14, 2021, attached hereto as "Exhibit C").

9. In reviewing the terms and conditions imposed upon Defendant's release, the Court weighed the infringement of Defendant's constitutional rights against his potential for danger and/or risk of flight.

10. The Court specifically determined, "(I) find that the combination of conditions previously imposed is not the least restrictive combination of conditions to reasonably assure the safety of others in the community.  And in particular, I find that the condition that Mr.

{II3106056.1}                                                                                                                                         2

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

Gerace stay away from Pharoah's Gentlemen's Club at 999 Aero Drive, Cheektowaga, is more restrictive than necessary, as stated, to reasonably assure the safety of others and the community." (*See*, Transcript of Proceedings, April 14, 2021, at 20-21).

11. The Court altered the terms and conditions to provide for Defendant's physical access to his business from 7:30 A.M. until 10:30 A.M., ordering that Defendant was to be alone in the building, and precluding any contact with any other employees of Pharoah's or any individuals effectuating product deliveries. (*See*, Transcript of Proceedings, April 14, 2021, at 21).

12. On September 10, 2021, Defendant filed a motion to request a modification of the terms and conditions of his release, based on a number of factors discussed herein.

13. First and foremostly, Defendant has encountered many difficulties operating as a successful business owner without the ability to personally direct his staff, including the inability to hold staff meetings, personally oversee major renovations occurring at the business property, and respond to emergencies when the occur.

14. Furthermore, after reviewing the discovery that has been provided to Defendant thus far it is clear that the Government has overstated the strength of their case against Defendant, and it has come to light that one of the witnesses who testified in the Grand Jury wherein the instant Indictment has been procured was untruthful in her testimony during the Grand Jury proceedings.

15. The Government responded to this request on October 4, 2021, in a memo that not only sought to deny Defendant's request for the modification, but additionally demanded that

{H3106056.1}

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

3

the "earned leave" that the Defendant had accrued as a reward for his absolute compliance with his supervision. Annexed hereto as "Exhibit D", please find a copy of this response.

16. On October 1, 2021, U.S. Probation Officer Specialist Michael Macaluso authored a memorandum to United States Magistrate Judge Hon. Michael J. Roemer, which stated, "Since the defendant has been under pretrial supervision, he has been compliant with his conditions of release. He began his supervision which included electronic monitoring (home detention component) monitored via G.PS. at his approved residence on March 4, 2021. Since that time, the defendant has followed all rules and regulations of the program and has maintained good communication with this office. All substance abuse tests taken from the defendant have been negative and there have been no electronic monitoring violations. Based on the defendant's compliance, this office is recommending that the release condition of electronic monitoring (home detention component) be modified to curfew, with such curfew to be set by the U.S. Probation Office." Annexed hereto as "Exhibit E", please find a copy of this Memorandum.

17. On October 20, 2021, Defendant filed a reply brief in response to the Government's Response, and the matter was scheduled for a hearing on October 27, 2021.

18. On October 27, 2021, oral arguments were heard by the Hon. Michael J. Roemer.

19. Defendant requested that he be released on curfew with no clause restricting him from entering his business at any time. (See Transcript of Proceedings dated October 27, 2021, hereinafter "T",. at 5). A true and accurate transcript of the proceedings is annexed hereto as "Exhibit F".

**HOGAN WILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

20. Defendant further advised the Court as to new information that was received regarding Katrina Nigro, one of the Government's witnesses who had testified at Grand Jury. (T. at 6).

21. Throughout the proceedings, the Hon. Michael Roemer stressed that the Court has the ability to modify the terms and conditions of Defendant's release at any time. (T. at 9).

22. The Court also advised the parties that he had spoken to Probation Officer Macaluso and confirmed Defendant's compliance as well as Probation Officer Macaluso's recommendation that Defendant's be modified from home detention to a curfew. (T. at 12).

23. The Court explained that the most recent terms and conditions of Defendant's release were imposed by the Hon. John L. Sinatra, Jr. who analyzed the least restrictive means to ensure Defendant's fundamental rights to own and operate a business were preserved while protecting the community from a potential risk of danger. (T. at 11).

24. The Government opposed Defendant's motion and further requested that the Court rescind the United States Probation Office's policy for "earned leave", stating that the Government was unaware of such a policy. (T. at 21).

25. The Government further argued that the argument with respect to the dishonesty of one of their witnesses in the Grand Jury proceedings was not valid as Katrina had not been charged with perjury, claiming that Defendant was attempting to mislead the Court. (T. at 17).

26. Finally, the Government argued that there has been no substantial change in circumstances since the imposition of the terms and conditions of Defendant's release. (T. at 18).

**HoganWillig**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

27. The Court advised the parties that the leave program had been in existence for over twenty (20) years, and accordingly the application to remove Defendant from the program was denied. (T. at 21).

28. On November 9, 2021, Hon. Michael J. Roemer issued a Text Order denying Defendant's motion in entirety, analyzing that the Hon. John L. Sinatra, Jr. had already determined that the current conditions of release are the least restrictive combination of conditions necessary to reasonably assure the safety of any other person, and the community.

29. The Order further indicates that Defendant could have made a weight-of-the-evidence argument at the time that the conditions of release were imposed, and accordingly do not provide good cause for their amendment.  A true and accurate copy of the Text Order is annexed hereto as "Exhibit G".

30. Defendant now requests a review of that order based upon the reasons listed herein.

### PHAROAH'S GENTLEMEN'S CLUB

31. Defendant has been the owner of Pharoah's Gentlemen's Club since 2018 and has been employed there for over fifteen (15) years.

32. Pharoah's has approximately seventy employees which include dancesr, bartenders, security personnel, servers, kitchen help and floor managers.

33. As the owner of the club, Defendant would generally engage in regular tastings of various new brands of alcohol that may be purchased and served by the club, as well as seasonal tastings of new menu items prepared within the kitchen at Pharoah's.

34. The condition imposed precluding Defendant's presence at the club in the presence of other people has prevented him from the ability to participate in these meetings which

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

occur in the ordinary course of business.  Furthermore, the preclusion of the consumption of alcohol has restricted his ability to test product that would be purchased for resale, another regular function of running the club which occurs in the ordinary course of business.

35. The club is also undergoing substantial reconstruction including, but not limited to, the installation of new booths, bars, flooring, seating areas, stages, and new pavement in the parking lot which reconstruction is estimated to cost hundreds of thousands of dollars. (Annexed hereto as "Exhibit H" please find estimates for portions of these renovations.)

36. The currently imposed conditions of bail have precluded Defendant from oversight of construction and the ability to view and select products based upon their potential appearance within the club.

37. Defendant has also been unable to respond to the club when issues have arisen with malfunctioning equipment and immediately resolve any issues to ensure continuation of standard business operation.

38.  In the event of a delivery, Defendant is forced to vacate the premises to comply with the pretrial supervision orders and cannot return to his business until they have completed the delivery precluding him from the ability to check the delivery and ensure everything that was ordered was delivered.

39. For the entirety of his ownership of Pharoah's, Defendant has held employee meetings every three (3) months, which generally include his management staff as well as security and bartenders.

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

40. The number of employees who would normally be in attendance during this type of staff meeting would exceed thirty (30) people, rendering his inability to meet with them at his residence, although it should be noted that these employees are able to come and go to Defendant's residence despite his inability to meet with them at his business.

41. These meetings, as well as the renovations and emergency reparations were not known prior to the initial request to modify the terms and conditions of the Defendant's release, and as such, were not considered in the least restrictive means test.

42. Defendant now requests this Court consider these factors to amend the terms and conditions of his release to allow his presence at his business while his employees are present.

## EVIDENCE OF THE PENDING CHARGES

43. On or about April 5, 2021, the United States Attorney's Office turned over voluminous discovery materials which include large scale investigations spanning over the course of a decade.

44. A thorough review of the discovery materials has provided only documentation of a single sale of marijuana to an undercover officer in 2018 by an employee of Pharoah's, and two undercover controlled purchases of narcotics by employees of Pharoah's in 2015. Neither contained evidence linking Defendant to this conduct.

45. Although two (2) search warrants were executed both at Defendant's home on Lexor Lane in Clarence, New York, and at Pharoah's Nightclub, there was no evidence recovered which would substantiate any claims made against Defendant in the Indictment.

{H3106056.1}

8

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

46. Although there are thousands of documents pertaining to multiple investigations into various drug organizations, it should be noted that none of those investigations reveal direct evidence connecting Defendant to those narcotics investigations, and further no direct evidence connecting Defendant to any crimes associated with sex trafficking.

47. This was not known to Defendant prior to the April 14, 2021 hearing, and that this discovery contains thousands upon thousands of documents.  It would have been impossible to thoroughly review this discovery and determine that there is no physical link to any criminality perpetrated by Defendant.

48. Furthermore, upon information and belief, one of the witnesses that testified before the Federal Grand Jury was Defendant's ex-wife, Katrina Nigro.

49. Some of the discovery provided to Defendant by the United States Attorney's Office include recorded phone calls placed by Katrina Nigro during her confinement at the Erie County Correction Facility in 2017.

50. During these phone calls, Ms. Nigro admitted that the Town of Amherst Court ordered a two (2) doctor examination to determine whether she was mentally competent to participate in court proceedings due to her extreme falsifications during court proceedings. A copy of these calls will be provided to the Court upon request.

51. Ms. Nigro expressed her rage to several people at the Judge's statement that she had substantial concern over Ms. Nigro's mental competence.

52. Following this admission, Ms. Nigro produced a radio show, called "Beyond the Pole" from the holding center wherein she created a narrative for her listeners that she had

{H3106056.1}

9

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

Case 1:19-cr-00227-JLS-MJR   Document 227-1   Filed 12/21/21   Page 10 of 15

purposely gone into the mental health unit so that she could expose to them the inner workings of the mental health unit.

53. These recorded phone conversations cast significant concerns as to Ms. Nigro's veracity and credibility.

54. It should also be noted that Ms. Nigro is currently incarcerated for vehicular assault in Erie County, a sentence which was handed down by Hon. Kenneth F. Case on August 19, 2021. Annexed hereto as Exhibit "I", please find Transcript of Proceedings, August 19, 2021.

55. During the sentencing proceeding, Ms. Nigro attempted to manipulate the Court into imposing a lesser sentence by stating that she is working with Assistant United States Attorney Joseph Trippi in the instant case. (*See* Transcript of Proceedings, August 19, 2021, page 5).

*56.* It has also recently been revealed that Ms. Nigro perjured herself in the Federal Grand Jury Proceedings, which record has been sealed but is available upon request. It should be noted that *this information has only recently been discovered and was not known to Defendant prior to Defendant's first request to amend the terms and conditions of his release.*

57. Ms. Nigro's actions clearly undermine the strength of the charges contained within the indictment for which Defendant stands charged and render any restrictions upon his freedom an infringement upon his constitution rights.

{H3106056.1}

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

58. Defendant did not have the ability to review the hundreds of thousands of documents provided by the United States Attorney's Office on April 5, 2021 and was unaware of the perjury committed by one of the Federal Grand Jury Witnesses.

59. It is submitted that the revelation of the weakness of the evidence supporting the Federal Indictment, as well as the discovery of the perjury committed by Ms. Nigro, would constitute a change in circumstances since the Court's decision to alter terms of Defendant's release on April 14, 2021.

60. As such, this was not an argument considered by the Hon. John Sinatra, Jr. when conducting the least restrictive means test as this information was only discovery recently.

61. As previously stated, as the discovery information was only provided to Defendant nine (9) days prior to the oral argument. It was not possible to review all of the discovery prior to the hearing to make any sort of *truthful* weight of the evidence argument.

### RISK OF FLIGHT

62. As previously discussed herein, Defendant is the owner of an extremely profitable business in Cheektowaga, New York, and is willing to provide a substantial bond to demonstrate his intent to appear at any and all court appearances.

63. Defendant is in the midst of paying considerable sums to renovate the appearance of the club, which would increase the profitability of the club.

64. These renovations were commenced following the appearance before the Hon. John Sinatra, Jr., and were unknown at the time of the initial hearing.

65. As such, in determining the least restrictive means to secure Defendant's attendance at all court appearance, Judge Sinatra did not have the opportunity to consider the factors that

{H3106056.1}

**HOGAN WILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

11

the substantial investment made by Defendant reduces his risk of flight, and the imposition that he could not be present during these renovations severely hinders his ability to effectively manage his business.

66. Defendant has been regularly briefed with respect to the nature and quality of the evidence that has been provided by the United States Attorney's Office, and he has repeatedly expressed his desire to stand trial so that he may be publicly exonerated.

67.  The weakness of the People's case, coupled with Defendant's wish to prove his innocence evidences the very clear fact that he is not a flight risk.

68. Defendant has fervently maintained his innocence since the commencement of the proceedings against him.

## RISK OF DANGER

69. During the arguments that took place on April 14, 2021 before the Honorable John L. Sinatra, the Government alluded to potential messages received by a potential witness from an individual who may have been with Defendant.

70. Specifically, the Government stated, "There has been a witness that received threats through a Facebook account during a scenario where Mr. Gerace was present with the person who was – we're still investigating it. So, I don't want to go too far into it.  But essentially, Mr. Gerace was with a person who was Facebook messaging a witness, essentially calling the witness a snitch and things of that nature, which was perceived as a threat by the witness." (*See* Transcript of April 14, 2021, proceedings at pages 6-7).

71. When asked for the date of this alleged incident, the Government indicated that it occurred in or around November 2019. (*See* Transcript of April 14, 2021 proceedings at pages 7).

{H3106056.1}

**12**

**HOGANWILLIG**
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

72. The verbiage contained within this alleged message does not intimate a threat by any means, nor does it establish that the communication was at the behest of Defendant.

73. Certainly, even if proven to be true, the content in and of itself falls short of the type of clear and convincing evidence required to establish that Defendant is a danger to the public.

74. Furthermore, it is the only allegation of the occurrence of any such instance, and almost two (2) years have elapsed.

75. To date, defense counsel has not received physical evidence of this alleged threat.

76. This fact was discussed by Defendant in the November 27, 2021 argument before the Hon. Michael Roemer.

77. Specifically, I noted, "I have never seen the Facebook post, and it's never been turned over. And Mr. Tripi, I can show where it's located, says, "we're investigating it." If it takes two (2) years to investigate a Facebook post, I suggest there is either nothing there or maybe they need somebody else to investigate it. I have no evidence that my client poses a threat to anyone, no evidence that he has ever threatened anyone." (T. at 7).

78. It should be noted that the Government never responded to this portion of my argument, which suggests that there is still no credible evidence that such behavior occurred.

79. This threat was noted in the April 14, 2021 oral arguments by the Government as an indication that Defendant poses a risk to the safety of his employees, and evidence of such threat has still not been disclosed almost seven (7) months later.

80. Clearly, the lack of evidence of this alleged threat was not before the Court when analyzing whether Defendant is a danger to his employees. As such, it is respectfully

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

submitted that there has been a change in circumstances since the least restrictive means test was imposed, and it calls for a review of the terms and conditions of Defendant's release.

## REQUEST FROM PROBATION OFFICER TO MODIFY THE TERMS FROM HOME DETENTION TO A CURFEW

81. The Hon. Michael J. Roemer was in receipt of an unsolicited Memorandum from United States Probation Officer Michael R. Macaluso, that did not merely "laud" Defendant's compliance with the terms and conditions of his release, but actually recommended that his supervision be altered from home detention to a curfew.

82. Although the decision indicates that the request of the Probation Officer is not a reason to alter the terms and conditions of release, it is again submitted that the recommendation of the United States Probation Officer could not have been known to the Court when weighing the least restrictive means to secure Defendant's future attendance and the safety of the public while preserving his fundamental rights to operate his business.

83.  Defendant respectfully submits that the aforementioned facts were not known to the Hon. John L. Sinatra, Jr. during the hearing wherein the terms and conditions of Defendant's release were reviewed and modified.

84. Although the conditions of release may have been the least restrictive means at the time the Order was imposed, that is no longer the case.

85. Accordingly, Defendant requests that this Court exercise its authority pursuant to 18 U.S.C. § 3142 (3) and modify the terms of Defendant's release from home detention to a curfew to be imposed by the United States Probation Office, and to allow for Defendant to be physically present at his business in accordance with his curfew.

{H3106056.1}                                                                                                           14

HOGANWILLIG
Attorneys at Law
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com

WHEREFORE, Defendant respectfully requests that this Court reverse the decision denying the modification of the terms and conditions of Defendant's release and allow Defendant to be released from home detention in accordance with the recommendation of the United States Probation Office. Defendant further requests that he no longer be restricted from his business, and that he be allowed to sample alcohol.

DATED:       December 21, 2021                    Respectfully submitted,

                                                  */s/ Steven M. Cohen, Esq.*
                                                  Steven M. Cohen, Esq.
                                                  *Attorneys for Peter Gerace, Jr.*
                                                  2410 North Forest Road, Suite 301
                                                  Amherst, New York 14068
                                                  Telephone: (716) 636-7600
                                                  Fax: (716) 636-7606


TO:    JOSEPH TRIPI, ESQ.
       United States Assistant Attorney for the Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202

{H3106056.1}                                                                    15

**HOGANWILLIG**
Attorneys at Law
**2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068**
**Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.hoganwillig.com**