UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

      v.                                          Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                                Defendants.
_____

**MR. GERACE'S SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTIONS TO STRIKE PREJUDICIAL SURPLUSAGE
AND TO OBTAIN THE DISCLOSURE OF
GRAND JURY EVIDENCE AND INSTRUCTIONS**

                                                  Respectfully submitted,


                                                  */s/ Joseph M. LaTona*
                                                  JOSEPH M. LaTONA, ESQ.

                                                  Attorney for Defendant,
                                                    PETER GERACE, JR.
                                                 Office and Post Office Address
                                                 403 Main Street - Suite 716
                                                 Buffalo, New York  14203
                                                 (716) 842-0416
                                                 sandyw@tomburton.com

## PRELIMINARY STATEMENT

In his omnibus motion, Mr. Gerace moved to strike prejudicial surplusage from the second superseding indictment [Doc. 147, pp. 1, 2, 3]. That motion was directed against references in the second superseding indictment to Italian Organized Crime ["IOC"] [Id.]. In addition, Mr. Gerace moved for disclosure of any evidence presented to the grand jury which related to IOC, together with any instructions given to the grand jury regarding that evidence [Doc. 147, pp. 15-16]. Mr. Gerace filed a memorandum of law in support of his pre-trial motions [Doc. 148].

On August 13, 2021 the prosecution submitted its written response to Mr. Gerace's pre-trial motions [Doc. 178]. In its response, the prosecution stated as follows:

> "[i]t is of no consequence in this case whether defendant Gerace or others were, in fact, members or associates of IOC - and the government will not argue that defendant Gerace or others were, in fact, members or associates of IOC."

The prosecution argued that it was relevant with regard to co-defendant Bongiovanni's knowledge or belief that individuals were either a member or associate of IOC [Doc. 178, p. 5]. The prosecution contended that as it was relevant as to Bongiovanni's state of mind, it should remain in the indictment "regardless of the prejudice that flows from it" [Id.].

On August 27, 2021 Mr. Gerace's reply memorandum was filed [Doc. 185]. The reply addressed both the motion to strike and the motion for grand jury disclosure [Doc. 185, pp. 1-2, 5-6]. Attached to that reply memorandum were a series of news articles concerning the investigation that resulted in Mr. Gerace's indictment and the fact that according to the media, this investigation related to "organized crime" [Doc. 185, Ex. A].

## DISCUSSION

On February 23, 2022 the Court of Appeals for the Second Circuit issued its decision in United States v. Zhong, ___ F.4th ___, 2022 WL 532947. The defendant was a Chinese national who had been convicted of a number of crimes regarding forced labor and immigration matters.

The prosecution called an expert witness at trial who discussed forced labor involving Chinese individuals and entities. *4 - *5. The Second Circuit expressly recognized that the expert's testimony improperly indicated that because the defendant was Chinese he was guilty of the charged offenses. *11 - *12.

The Zhong court went on to note that it had previously held that expert testimony indicating that a defendant's ethnicity is evidence of a crime is improper and prejudicial. *12.

In Zhong, the court cited its previous decision in United States v. Cruz, 981 F.2d 659 (2d Cir. 1992) [Id.].

Counsel was not previously aware of the Second Circuit decision in Cruz until reading the decision in Zhong.

In Cruz, a special agent testified as a fact witness and also as an expert. 981 F.2d at 660. During that testimony, the witness injected the ethnicity of the area in which the purported drug transactions allegedly took place. The Second Circuit noted that this testimony was "highly improper and prejudicial." 981 F.2d at 663. The court went on to note that:

> "[i]njection of a defendant's ethnicity into a trial as evidence of criminal behavior is self-evidently improper and prejudicial for reasons that need no elaboration here." 981 F.2d at 664.

2

Insofar as the purported relevance of the IOC testimony has nothing to do with Mr. Gerace or his state of mind, his motions to strike surplusage and for grand jury disclosure should be granted based upon the authorities cited in this memorandum of law.

Attached to this memorandum is a chart setting forth those portions of the indictment which should be stricken.

## CONCLUSION

Mr. Gerace's motion to strike surplusage and for grand jury disclosure should be granted.

DATED:    March 1, 2022            Respectfully submitted,
          Buffalo, New York


                                   */s/ Joseph M. LaTona*
                                   JOSEPH M. LaTONA, ESQ.

                                   Attorney for Defendant,
                                     PETER GERACE, JR.
                                   Office and Post Office Address
                                   403 Main Street - Suite 716
                                   Buffalo, New York  14203
                                   (716) 842-0416
                                   sandyw@tomburton.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2022 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**Brendan T. Cullinane, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT