IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

     v.                                           19-CR-227-JLS

JOSEPH BONGIOVANNI, and
PETER GERACE JR.

        Defendants.

---

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, upon the annexed affirmation of Assistant United States Attorney Joseph M. Tripi, the undersigned moves this Court, before John L. Sinatra, Jr., United States District Judge, or Michael J. Roemer, United States Magistrate Judge, in Buffalo, New York, for an Order promptly sealing the defense joint filing at Docket 265 in this case, and for such other relief as may be proper.

    DATED:     Buffalo, New York, April 7, 2022.

                                                         TRINI E. ROSS
                                                         United States Attorney

                      BY:    s/JOSEPH M. TRIPI
                              Assistant United States Attorney
                              United States Attorney's Office
                              Western District of New York
                              138 Delaware Avenue
                              Buffalo, New York 14202
                              716.843.5839
                              Joseph.Tripi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.                                                                                            19-CR-227-JLS

JOSEPH BONGIOVANNI, and
PETER GERACE JR.

          Defendants.

---

**AFFIRMATION IN SUPPORT OF MOTION TO
SEAL DEFENSE JOINT FILING AT DOCKET 265**

STATE OF NEW YORK  )
COUNTY OF ERIE       )   SS:
CITY OF BUFFALO    )

**JOSEPH M. TRIPI**, under penalties of perjury pursuant to 28 U.S.C. § 1746, states as follows:

1. I am an Assistant United States Attorney employed in the United States Attorney's Office for the Western District of New York. I have had primary responsibility for the prosecution of this case in this office. I file this affirmation in support of the government's motion to seal the defendant's joint filing in this matter at Docket 265.

2. There is a Third Amended Protective Order governing discovery in this case. See Docket No. 109. The Protective Order generally prohibits disclosure of discovery to third parties.

3.      During the course of voluntary discovery, the government indicated to counsel for the defendants that it would make certain grand jury transcripts available for review. The transcripts consisted of redacted grand jury transcripts of members of law enforcement that the government made available for review at the U.S. Attorney's Office pursuant to the terms of the Protective Order.

4.      Recently, counsel for each defendant reviewed certain redacted grand jury transcripts at the U.S. Attorney's Office.

5.      Because individuals (i.e., third parties, see Docket No. 109) are able to monitor court proceedings through the electronic filing system, I believe filing of summaries of the grand jury transcripts, as contained in the defense joint filing at Docket No. 265, may violate the Protective Order. Such publicly filed summaries of grand jury transcripts does violate the spirit of cooperation in which the government made the grand jury transcripts available to the defense for review despite the fact there is no trial date scheduled in this case.

6.      This is the second time in this case that the defense has filed information publicly that should have remained under seal pursuant to the Protective Order (the first resulted in defense counsel filing a motion to seal or withdraw and a redacted filing, and the government accepts defense representations that it was an office error).

7.      As the Court is aware, the government is not required to provide Jencks materials until after a witness has testified on direct examination at trial, and trial is not yet

scheduled in this matter. Nevertheless, the government has provided access to Jencks materials, including but not limited to the grand jury transcripts referenced in Docket No. 265, in good faith. The government would like to be confident that it can provide early access to Jencks materials before trial, however, with each violation of the government's trust, real or perceived and intentional or unintentional, the government begins to re-evaluate its willingness to provide the defense with early access to Jencks materials and/or other materials which they are not entitled to receive by law.

8. Based upon the foregoing, the government respectfully requests that Docket 265 be sealed, and the government respectfully requests permission to respond to the motion under seal on the schedule determined by the Court.

S/JOSEPH M. TRIPI
Assistant United States Attorney

Subscribed and sworn to before me

this 7th day of April, 2022.

S/ELIZABETH HARF, COMMISSIONER OF DEEDS
In and for the City of Buffalo, New York.
My Commission Expires Dec. 31, 2022.