UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES                                SPEEDY TRIAL ORDER
                                             1:19-CR-227 JLS (MJR)

        v.

JOSEPH BONGIOVANNI and
PETER GERACE, JR.,

                    Defendants.
_____

Section 3161(h)(1)(H) of Title 18, U.S.C. permits the exclusion of 30 days once a motion is taken "under advisement" by the court. A motion is taken under advisement "once the court has everything it expects from the parties prior to making its decision." *United States v. Piteo,* 726 F.2d 50, 52 (2d Cir.), *cert. denied,* 466 U.S. 905 (1984); *United States v. Bufalino,* 683 F.2d 639, 642-44 (2d Cir. 1982), *cert. denied,* 459 U.S. 1044 (1983). In this case, that occurred with respect to the defendants' motions and the submission of papers at which time the Court took the matter under advisement.

The Court has reviewed the defendants' motion papers, memoranda/affidavits, and the papers submitted on behalf of the government, in some detail, and has made progress toward a decision on the motions. However, the Court finds that this case is complex because it involves multiple defendants charged in an 18-count, 45-page indictment alleging multiple conspiracies as well as various other crimes. In addition, a myriad of lengthy pretrial motions have been filed raising complex legal issues, including a suppression motion which necessitated a multi-day evidentiary hearing

1

with numerous witnesses. Further, on May 6, 2022, the undersigned became unavailable because of illness and the need for immediate surgery. The Court notes that the undersigned has presided over this case since it began in 2019 and has conducted all evidentiary hearings. Thus, transferring the matter to another Magistrate Judge, who would need to become familiar with the extensive prior proceedings, would not have served to shorten the time for deciding the motions and likely would have resulted in further delay.

Therefore, it now appears that full consideration of the motions will take time beyond the 30-day advisement period and that "it is always open to [the court] to find that the interest of justice is best served by granting a continuance under 18 USC § 3161(h)(7) for the excess period". *United States v. Bufalino,* 683 F.2d at 645 (citation omitted). *See also United States v. Savoca*, 739 F.2d 220, 224 (6th Cir. 1984) ("Illness of the trial judge was clearly intended to be considered in determining whether [delay was excludable pursuant to § 3161(h)(7)(A) and § 3161(h)(7)(B)(i) because] the failure to grant a continuance would make 'continuation of [the] proceeding impossible.'"), *vacated on other grounds*, 761 F.2d 292, 294 n.2 (6th Cir. 1985).

Therefore, on the basis of the Court's findings that the motions are both complex and that the undersigned will be unavailable for a period of time to recover from illness and a medical procedure, and further upon the Court's findings that the interest of justice in a continuance overrides the defendants' and public's interest in a speedy trial, a continuance is granted pursuant to 18 USC § 3161(h)(7)(A) from **July 5, 2022 to August 4, 2022** for the purpose of rendering a decision.

This order "puts defense counsel on notice that the speedy trial clock has been stopped," and it ensures that, "[i]f for any reason counsel believes that [an exclusion] is inappropriate, an objection may be raised and a record made" of the objection. *United States v. Tunnesen,* 763 F.2d 74, 78 (2d Cir. 1985); *see also United States v. Kiszewski,* 877 F.2d 210, 215 (2d Cir. 1989) (prosecutors are responsible along with the court in paying attention to *Tunnesen.*)

## CONCLUSION

The foregoing constitutes a decision and order pursuant to 28 U.S.C. § 636(b)(1)(A), and the Speedy Trial Act.

**SO ORDERED**.

Dated:    July 5, 2022
         Buffalo, New York

/s/ *Michael J. Roemer*
MICHAEL J. ROEMER
United States Magistrate Judge