IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                  19-CR-227

PETER GERACE, JR.,

          Defendant.

_____

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT GERACE'S MOTION TO ATTEND A WEDDING

The defendant, PETER GERACE, JR., through his attorney, Steven M. Cohen, Esq., filed a motion for leave to attend a friend's daughter's wedding on October 8, 2022. ECF No. 301. The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi and David J. Rudroff, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby files the government's response in opposition to the defendant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2021, the grand jury returned the Second Superseding Indictment against the defendant and his co-defendant, Joseph Bongiovanni. The defendant is charged with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 2), bribing a public official, in violation of 18 U.S.C. § 201(b)(1)(A) and (b)(1)(C) (Count 6), maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. §

2 (Count 7), conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 8), and conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c) (Count 9).  Second Superseding Indictment, ECF No. 89.

The defendant is charged alongside his co-conspirator and co-defendant Joseph Bongiovanni in Counts 2 and 8.  *See id.*  Co-defendant Bongiovanni is also charged with thirteen additional counts, all of which relate to conduct he undertook as a Drug Enforcement Administration ("DEA") Special Agent.

The Second Superseding Indictment alleges in detail that the defendant and co-defendant Bongiovanni orchestrated a years-long scheme to defraud the United States DEA. *See id.*  The indictment alleges that the defendants did this by the defendant paying co-defendant Bongiovanni bribes in exchange for co-defendant Bongiovanni violating his official and lawful duties as a DEA Special Agent to protect and benefit the defendant and others. *See id*.  As the defendant continued to corruptly pay off co-defendant Bongiovanni, the defendant allegedly conspired to use his place of business to distribute illegal narcotics and conspired to engage in the sex trafficking of women.  *See id.*

On February 28, 2021, pursuant to both the Second Superseding Indictment and related arrest warrant, law enforcement arrested the defendant in Florida.  *See* ECF No. 107. On March 1, 2021, the defendant appeared before United States Magistrate Judge Alicia O. Valle, United States District Court for the Southern District of Florida.  At the conclusion of the arraignment, Magistrate Judge Valle ordered the defendant released on conditions as

requested by the government, including home confinement. *See* ECF No. 93; Rule 5(c)(3) Documents, including Conditions of Bond and Order of Removal. As the government has previously noted before this Court, Magistrate Judge Valle, in setting the defendant's conditions of release, commented, in part, "[w]ell, this was an interesting case because, but for the government's recommendation, this is a case where I think detention would be warranted." *See* ECF No. 202, Exhibit A at 25.

On March 4, 2021, the U.S. Probation Office provided an amended memorandum which established that the defendant committed an additional crime on March 1, 2021, the day of his arraignment in Florida. In his original pretrial services interview, the defendant stated that he had last used cocaine one-and-a-half years ago. However, subsequent to his appearance before Magistrate Judge Valle (and subsequent to the government finalizing its recommendation for pretrial conditions), the defendant tested positive for cocaine. U.S. Probation Officer Andre McCray's March 4, 2021 Memorandum provided an update in pertinent part:

> "It is to be noted that [at] the time of the defendant's initial drug test conducted in the Southern District of Florida, he tested positive for cocaine. Mr. Gerace reported taking some pills at a social gathering but, did not report cocaine use. At the time of the pretrial services interview, the defendant reported a history of cocaine use, with his last date of use being approximately one and a half years ago."

*See* ECF No. 202, Exhibit C at 1. Thus, the initial drug test conducted by the U.S. Probation Office in Florida determined that the defendant was using illegal narcotics and lied during his pretrial services interview with the U.S. Probation Office. *Id.*

3

On March 8, 2021, the defendant appeared before United States Magistrate Judge Michael J. Roemer, whereupon he was re-arraigned in this District and released upon the same conditions previously ordered by Judge Valle. ECF No. 105, Order Setting Conditions of Release; *see also* ECF No 202, Exhibit B (Transcript of March 8, 2021, Arraignment).

On March 10, 2021, the defendant, through his previous counsel, filed a motion to amend the Order Setting Conditions of Release which precluded him from being present at Pharaoh's Gentlemen's Club. *See* Doc. No. 108. On April 14, 2021, this Court slightly modified the Order Setting Conditions of Release. *See* ECF. Nos. 111, 112. Specifically, the Court modified the defendant's conditions only to permit the defendant to work at Pharaoh's Gentlemen's Club between the hours of 7:30 a.m. and 10:30 a.m. The Court further ordered that "while [the defendant is] on the premises of Pharaoh's Gentlemen's Club, you must be alone at all times, with the exception of a cleaning woman." Doc. No. 112. The Court also stated that the defendant must not visit Pharaoh's during any other time of the day and must not have any "verbal or written communication with any employees or staff, with the exception of a to-do list to the managers employed at Pharaoh's Gentlemen's Club." *Id*.

On September 10, 2021, the defendant filed another motion to modify the terms set forth in both the Order Setting Conditions of Release and this Court's modification. *See* ECF. No. 190. Magistrate Judge Roemer denied the defendant's motion to modify his conditions of release. ECF. No. 214. Magistrate Judge Roemer found the defendant's arguments to be "unpersuasive." *Id*. In denying the defendant's motion, Magistrate Judge Roemer reasoned, in part,

4

> "The charges in this case against defendant are serious, involving bribing a public official, drug dealing and sex trafficking. The presiding judge in this case, Hon. John L. Sinatra, Jr., has already determined that the current conditions of release are the least restrictive combination of conditions necessary to assure reasonably the safety of any other person and the community . . . Finally, the fact that defendant has been compliant with his conditions of release is laudable, but that was what he was supposed to do. It shows that the conditions imposed have been effective.

*Id*. The defendant asked this Court to overturn Magistrate Judge Roemer's decision and again modify the defendant's conditions of release. *See* ECF. No. 239. The Court denied the defendant's motion. *See* ECF Nos. 242, 252.

The defendant now asks the Court for leave to attend a wedding of a friend's daughter. ECF No. 301. The defendant provided the Court with no rationale to support his request, other than that he has been compliant with his conditions thus far. *See* ECF No. 301-1. The Court should deny this motion.

## **ARGUMENT**

The defendant has failed to provide any compelling justification to attend the wedding of a friend's daughter. His request completely disregards the seriousness of the crimes with which he is charged and his prior lie to Probation about his substance use. Among other things, the defendant is charged with bribing a federal law enforcement agent to protect himself and his business from federal narcotics investigations. *See* ECF No. 89, Count 2. The defendant is charged with possessing with the intent to distribute and distributing cocaine over a thirteen-year period. *See id*. Count 2 at ¶34. And the defendant is charged with using his business to facilitate prostitution, to obtain sex in exchange for drugs and money, and for

5

use and distribution of cocaine, cocaine base, Adderall, marijuana, and heroin. *See id.* Count 2 at ¶36.

Significantly, as outlined above, on March 4, 2021, the U.S. Probation Office informed the parties that on March 1, 2021, the defendant lied to Probation regarding his recent use of cocaine. While the defendant stated that he had last used cocaine one-and-a-half years ago, Probation reported that the defendant tested positive for the presence of cocaine, which indicated recent use.

The defendant has provided no compelling justification for why the need to attend this social event outweighs the serious concerns generated by the serious crimes with which the defendant is charged and his untruthfulness to Probation. Instead, the defendant suggests that his prior compliance with his conditions of release is reason enough for him to be given a pass for the evening. *See* ECF No. 301-1. But as Magistrate Judge Roemer previously noted, "the fact that defendant has been compliant with his conditions of release is laudable, but that was what he was supposed to do. It shows that the conditions imposed have been effective." ECF No. 214. The defendant has not provided the Court with any rationale for why his attendance at this wedding is more important than continuing to protect the safety of the community by the imposition and enforced compliance of pretrial release conditions.

Additionally, the defendant has not buttressed his request with providing any meaningful information about the wedding. The Court does not have any information about the expected attendees at the wedding, nor the background of each of the attendees. And the

defendant has already proved himself to be untrustworthy in self-reporting by lying about his use of illegal substances to Probation.

Simply put, the defendant has not provided any meaningful rationale for why he should be excused from his pretrial conditions of release. Missing a social event that he wants to attend is a consequence of his own actions and the Court's reasoned imposition of pretrial conditions of release to ensure the safety of the community.

## CONCLUSION

The government respectfully urges the Court to deny the defendant's motion.

| COREY R. AMUNDSON | TRINI E. ROSS |
|---|---|
| Chief | United States Attorney |

BY:  s/JORDAN DICKSON          s/JOSEPH M. TRIPI
Trial Attorney                 Assistant United States Attorney
Public Integrity Section       United States Attorney's Office
U.S. Department of Justice     Western District of New York
Criminal Division              138 Delaware Avenue
1301 New York Ave. NW, Ste. 1000   Buffalo, New York 14202
Washington, D.C. 20530         716.843.5839
202-597-0508                   Joseph.Tripi@usdoj.gov
jordan.dickson@usdoj.gov

BY:  s/DAVID J. RUDROFF
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716.843.5806
David.Rudroff@usdoj.gov