UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                     Plaintiff,

   v.                                              Case No. 19-CR-227

PETER GERACE, JR.,

                     Defendant.

**DEFENDANT PETER GERACE'S
REPLY MEMORANDUM REGARDING HIS
OBJECTIONS TO THE MAGISTRATE/JUDGE'S
REPORT, RECOMMENDATION AND ORDER
DATED AUGUST 5, 2022**

                                           Respectfully submitted,

                                           */s/ Joseph M. LaTona*
                                           JOSEPH M. LaTONA, ESQ.

                                           Attorney for Defendant,
                                             PETER GERACE, JR.
                                           Office and Post Office Address
                                           403 Main Street - Suite 716
                                           Buffalo, New York  14203
                                           (716) 842-0416
                                           sandyw@tomburton.com

# PRELIMINARY STATEMENT

This reply memorandum addresses only those portions of the prosecution response to which a written reply is deemed necessary.

# GRAND JURY DISCLOSURE

The prosecution does not dispute the fact that Rule 6 of the Federal Rules of Criminal Procedure authorizes the disclosure of grand jury materials where a ground to dismiss an indictment "may exist."

Similarly, the prosecution does not dispute the Magistrate/Judge's express finding that the Organized Crime grand jury testimony was "prejudicial to Gerace" [Doc. 291, p. 26].

The prosecution ignores the recognition in United States v. Williams, 504 U.S. 36, 112 S.Ct. 1735 (1992), that a lower court can exercise its supervisory power to dismiss an indictment where misconduct was committed by "prosecutors (and others)." 504 U.S. at 46, n. 6; 112 S.Ct. at 1741, n. 6. Unquestionably, Katrina Nigro perjured herself before the grand jury -- whether the prosecution was aware of it is not determinative. The Williams court expressly noted that misconduct by an individual other than a prosecutor can provide grounds to dismiss an indictment.

The prosecution complains that the defense referenced the Department of Justice Guidelines [Doc. 305, p. 9, n. 4]. The prosecution cites an earlier decision by Judge Arcara which is readily distinguishable as it involved a defense motion to suppress the defendant's grand jury testimony. In that case, Judge Arcara limited his holding as there had been no claim of any constitutional violation by the defense. United States v. Fish, 2006 WL 3731292 at *12.

Furthermore, the Second Circuit has expressly recognized that it is appropriate to review the United States Attorney's manual regarding the fairness of a proceeding before the grand jury. United States v. Hogan, 712 F.2d 757, 759-760 (1983).

## PREJUDICIAL SURPLUSAGE

The defense asks this Court to follow the procedure adopted by Judge Arcara in United States v. Allen, 2014 WL 1745933 (W.D.N.Y. 2014).

This would involve redacting the Italian Organized Crime ["IOC"] allegations from the indictment.

Obviously, should the prosecution establish a case for the admissibility of such proof at trial, that can be determined at the time of trial.

The defense is concerned that if the jury is exposed to the IOC allegation before any proof is presented that it would be prejudicial to Mr. Gerace. This was the concern that Judge Arcara had in the Allen case.

The defense submits that a limiting instruction is simply not sufficient. It should be noted that the IOC allegation is not even limited to an Italian/American criminal enterprise. Obviously, this could support a prejudicial inference that in some form or fashion Mr. Gerace might be linked to some international enterprise whose purpose is the commission of crimes.

The defense submits that there are certain grouping allegations which inevitably would prejudice a criminal defendant, such as Al Qaida, ISIS, KKK and La Cosa Nostra.

Accordingly, we ask only that the Court adopt the procedure set forth by Judge Arcara in the Allen decision.

## SUPPRESSION

In <u>United States v. Benevento</u>, 836 F.2d 60 (2d Cir. 1987), the court indicated that an affiant's experience might be insufficient to establish a nexus to search a location affiliated with a criminal defendant. In <u>Benevento</u>, the Second Circuit cited to <u>United States v. Gomez</u>, 652 F.Supp. 461 (E.D.N.Y. 1987). <u>Gomez</u> is a case relied upon by the defense and one which was brought to the Magistrate/Judge's attention.

The redacted warrant application failed to factually establish any nexus between Mr. Gerace's alleged possession and distribution of controlled substances and the cell phone.

Under the principle set forth in <u>United States v. Reilly</u>, 73 F.3d 1271 (2d Cir. 1996), the good faith exception does not apply. 76 F.3d at 1280.

## CONCLUSION

Mr. Gerace's objections should be adopted by the Court. The Court is also requested to consider the defense motion for severance and to strike prejudicial surplusage.

DATED: October 14, 2022  Respectfully submitted,
       Buffalo, New York

                              */s/ Joseph M. LaTona*
                              JOSEPH M. LaTONA

                              Attorney for Defendant,
                                PETER GERACE, JR.
                              Office and Post Office Address
                              403 Main Street - Suite 716
                              Buffalo, New York 14203
                              (716) 842-0416
                              sandyw@tomburton.com

# CERTIFICATE OF SERVICE

       I hereby certify that on October 14, 2022 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**David J. Rudroff, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

       I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT