UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,

     v.                                      Case No. 19-CR-227

PETER GERACE, JR.,

                              Defendant.

---

**DEFENDANT PETER GERACE'S
SUBMISSION IN SUPPORT OF HIS
SEVERANCE MOTION**


                                                            Respectfully submitted,


                                                            */s/ Joseph M. LaTona*
                                                            JOSEPH M. LaTONA, ESQ.

                                                           Attorney for Defendant,
                                                             PETER GERACE, JR.
                                                           Office and Post Office Address
                                                          403 Main Street - Suite 716
                                                          Buffalo, New York  14203
                                                          (716) 842-0416
                                                          sandyw@tomburton.com

## PRELIMINARY STATEMENT

Consistent with the Court's request, this submission is filed in support of Mr. Gerace's motion for severance of counts in the second superseding indictment. Severance is sought both pursuant to Federal Rule of Criminal Procedure 8(b) and Federal Criminal Rule 14.

This memorandum is subdivided accordingly.

## CONTINUING DUTY

In Schaffer v. United States, 362 U.S. 511, 80 S.Ct. 945 (1960), the Supreme Court recognized that a trial court has a continuing duty to consider severance where prejudice to the defendant appears. 362 U.S. at 516, 80 S.Ct. at 948. See also, United States v. Dinome, 954 F.2d 839, 845 (2d Cir. 1992).

## ALL EVIDENCE IS NOT PREJUDICIAL

During argument on the defense objections, the prosecutor claimed that all evidence is prejudicial to a defendant.

In United States v. Figueroa, 618 F.2d 934 (1980), the Second Circuit criticized the trial judge for expressing the "misconception" that all evidence "introduced against a defendant in a criminal case is prejudicial." 618 F.2d at 942-943.

The Figueroa court went on to note that "evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue which justified its admission into evidence" [Id.].

As noted by the Magistrate/Judge, the IOC or organized crime evidence presented to the grand jury and reflected in the indictment as IOC was "prejudicial to Gerace" [Doc. 291, p. 26].

Furthermore, as discussed below, the prosecution had earlier stipulated that the only relevance of the IOC allegation and evidence related to the state of mind of Mr. Gerace's co-defendant, Joseph Bongiovanni.

### THE COURT SHOULD NOT PERMIT A CONSTRUCTIVE AMENDMENT OF THE INDICTMENT

During oral argument on the defense objections, the prosecutor attempted to disavow a previous statement set forth in a pleading signed by members of the prosecution team:

> "It is of no consequence in this case whether defendant Gerace or others were, in fact, members or associates of IOC — and the government will not argue that defendant Gerace or others were, in fact, members or associates of IOC. What matters is co-defendant Bongiovanni's knowledge or belief that they were. The indictment limits its use of the term "IOC" only to that belief. The government's trial evidence of IOC will be limited to that relevant purpose. Because the term "IOC" is relevant, it cannot be struck from the indictment, regardless of the prejudice that flows from it" [Doc. 178, p. 5].

In another portion of that pleading, the prosecution submission states as follows:

> "As defendant Gerace correctly notes, the references to IOC are included to show a part of the state-of-mind allegations underlying the motive behind the actions defendant Gerace's co-conspirator undertook relating to the use of his position as a public official" [Doc. 178, p. 12].

During oral argument on the objections, the prosecutor intimated that the "IOC" reference would be expanded beyond the previous limitations set forth above.

2

The defense submits that any attempt by the prosecution to change its theory should be precluded by this Court. Clearly, the indictment -- according to the foregoing admissions by the prosecution -- limited the IOC allegation and evidence to the state of mind of co-defendant, Joseph Bongiovanni. As noted by the Magistrate/Judge, that evidence was prejudicial as to Mr. Gerace.

Any attempt to expand the theory of prosecution beyond what was set forth in the indictment should be precluded by this Court. See, Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270 (1960); United States v. Wozniak, 126 F.3d 105, 109-111 (2d Cir. 1997).

## MISJOINED COUNTS

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of defendants and of offenses. In a multiple-defendant case, the law clearly establishes that joinder must satisfy Rule 8(b) which is entitled "Joinder of Defendants."

Joinder is proper only where the defendants participated in the same acts "constituting an offense or offenses." Fed.R.Crim.Pro. 8(b).

Attached to this memorandum is a chart of counts misjoined with counts charging Mr. Gerace [Exhibit A].

Count 16 alleges that Mr. Bongiovanni took a DEA file some time during the period from February 1, 2019 through June 6, 2019. The count incorporates Count 1. Overt Act 55 alleges the same conduct. Count 16 does not incorporate Count 2. Despite that fact, the Count 2 conspiracy alleges as Overt Act 33 the essentially same conduct charged in Count 16.

It is Mr. Gerace's position that by failing to incorporate the Count 2 conspiracy, substantive Count 16 should be severed. Should there be any doubt about it, the Court is requested

3

to examine the grand jury evidence supporting Count 16 to ascertain whether any of the information purportedly in the file taken by Mr. Bongiovanni had anything to do with Mr. Gerace or the alleged crimes perpetrated by him.

As an aside, it is obvious that the Count 9 alleged sex trafficking conspiracy was improperly joined in an indictment charging Mr. Bongiovanni.

Significantly, there is no charge in this indictment which alleges the existence of a racketeering enterprise or a conspiracy to further the objectives of such an enterprise.

In United States v. DiNome, 954 F.2d 839 (1992), the Second Circuit held that two defendants should have been severed at trial once a Rule 29 motion had been made dismissing the racketeering charges against those defendants. 954 F.2d at 844-845.  The DiNome court also recognized that a trial court has a continuing duty to consider severance where prejudice has become apparent.

In reversing the Hellman defendants' convictions, the Second Circuit expressly recognized that,

> "[w]e cannot escape the conclusion that the evidence against the Hellmans' co-defendants including vicious murders, loan shacking, auto theft, pornography, and firearms trafficking and the very nature of the DeMeo Crew -- was prejudicial to the Hellmans." Id.

As the Court knows, Michael Masecchia is alleged in the Count 1 conspiracy to be a member or associate of Italian Organized Crime in the Western District of New York and elsewhere [Doc. 89, ¶ 5, p. 2].  Consequently, the Government will be presenting evidence that an organized crime enterprise did exist and that Mr. Masecchia was either a member of an associate of that illegal enterprise.  Furthermore, Overt Act 58 in Count 1 alleges Masecchia's possession of firearms, ammunition and controlled substance [Ov. Act. 58, p. 17].

4

This situation is virtually identical to the Hellman defendants in the <u>DiNome</u> case as they were compelled to go to trial with the DeMeo Crew of the Gambino organized crime family.  954 F.2d at 841-842.  <u>See</u> also, <u>United States v. Branker</u>, 395 F.2d 881 (2d Cir. 1968).

In <u>United States v. Spinelli</u>, 352 F.3d 48 (2003), the Second Circuit expressly observed that,

> "[t]here are, of course, cases in which the sheer volume and magnitude of the evidence against one defendant so dwarfs the proof presented against his co-defendant that a severance is required to prevent unacceptable spillover prejudice." 352 F.3d at 56.

None of the evidence supporting the misjoined counts referred to in Exhibit A would be admissible in a separate trial of Mr. Gerace.

The Supreme Court of the United States has held that severance must be granted whenever joinder is improper under Rule 8(b).  <u>United States v. Lane</u>, 474 U.S. 438, 449, n. 12, 106 S.Ct. 725, 732, n. 12.

The joinder principles set forth above have repeatedly been followed throughout the Second Circuit.

In <u>United States v. Gallo</u>, 1999 U.S. Dist. LEXIS 103 (S.D.N.Y. 1999), the Court found that a four-count extortion and conspiracy to extort indictment had been misjoined.  There, two separate groups, each affiliated with a different organized crime family, engaged in extortion and conspiracy to extort from the same victim during a period of time that partially overlapped.

Both groups perpetrated their extortion schemes by means of the wrongful use of actual and threatened force, violence and fear.  The Court expressly rejected the prosecution claim that "sit downs" between the two separate groups eliminated the misjoinder.

5

In United States v. Lech, 161 F.R.D. 255 (S.D.N.Y. 1995), Judge Sotomayor found that various conspiracy and bribery counts had been misjoined under Rule 8(b). In granting severance, the Court relied upon the observations of Judge Cabranas in United States v. Bradford, 487 F.Supp. 1093, 1094 (D.Conn. 1980). 161 F.R.D. at 256.

In Bradford, the Court observed that,

> "[i]t is well settled, however, that two separate transactions do not constitute a 'series' within the meaning of Rule 8(b) 'merely because they are of a similar character or involve one or more participant." Id.

Indeed, Lech stands for the proposition that appropriate joinder must be predicated upon all defendants' knowledge of the common scheme and all defendants' participation in that scheme. 161 F.R.D. at 257-258; see also, United States v. Castiglia, No. CR-85-93E, 1986 WL 6873 (W.D.N.Y. 1986); United States v. Ohle, 678 F.Supp.2d 215, 224-228 (S.D.N.Y. 2010).

The decision in United States v. Kouzmine, 921 F.Supp. 1131 (S.D.N.Y. 1996), stands for the proposition that the mere participation of some defendants in two conspiracies does not render joinder proper. See also, United States v. Giraldo, 859 F.Supp. 52 (E.D.N.Y. 1994).

In United States v. Figueroa, 618 F.2d 934 (1980), the convictions of all three defendants were reversed. All three had been jointly charged with conspiracy. Reversal resulted due to the admission of one of the co-defendant's prior criminal conviction. In Figueroa, Judge Newman expressly recognized that the permissible advantages of a joint trial do not include the prosecutorial maneuver of prejudicing one defendant through the admission of evidence that is admissible only as to a co-defendant. 618 F.2d at 940, 947, n. 10. The court went on to expressly note that limiting instructions cannot be regarded as a guarantee against prejudice and that a

6

defendant should not be forced into a joint trial where the reasons which arguably justify a joint trial are not significant.  618 F.2d at 945-946.

In United States v. Curley, 639 F.3d 50 (2d Cir. 2011), the defendant's conviction was vacated.  In Curley, the trial court impermissibly allowed the prosecution to establish that the defendant's brother assaulted the defendant's wife without any evidence having been presented that the brother and the defendant conspired against the defendant's wife.  639 F.3d at 59-60.  The Curley court went on to recognize that the limiting instructions given to the jury were "not sufficient."  This was due to the fact that the evidence had "low probative value" and that there was a "high risk of prejudicial effect" [Id.].

The very same could be said of Count 1's allegations about Italian Organized Crime and Michael Masecchia's membership in or association with IOC.

In United States v. Columbo, 909 F.2d 711 (1990), the conviction was reversed based upon the admission of evidence that the defendant's co-conspirators perpetrated a rape upon discovering that the sought-after narcotics were not present at the victim's home.  The Second Circuit rejected the sufficiency of the curative instruction that was given to the jury.  909 F.2d at 715.  The court found that this evidence irreparably tarnished the defendant's character and rendered it an overwhelming probability that the jury was unable to dispassionately consider the evidence [Id.].

## RULE 14

Rule 14 of the Federal Rules of Criminal Procedure authorizes a severance where joinder for trial ". . . appears to prejudice a defendant . . . ."

As was ascertained by the Magistrate/Judge, the organized crime evidence was prejudicial to Mr. Gerace.

The defense submits that there should be a severance of those counts charging Mr. Bongiovanni on which any organized crime evidence is offered from the counts charging Mr. Gerace.

This would obviously include the Count 2 conspiracy charging both Mr. Bongiovanni and Mr. Gerace.

## CONCLUSION

Mr. Gerace's severance motion should be granted.

DATED:	November 29, 2022	Respectfully submitted,
	Buffalo, New York


*/s/ Joseph M. LaTona*
JOSEPH M. LaTONA

Attorney for Defendant,
  PETER GERACE, JR.
Office and Post Office Address
403 Main Street - Suite 716
Buffalo, New York  14203
(716) 842-0416
sandyw@tomburton.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**David J. Rudroff, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT