UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

UNITED STATES OF AMERICA,

                              Plaintiff,

v.

                                                                            Case No. 19-CR-227

JOSEPH BONGIOVANNI,
PETER GERACE, JR.

                              Defendants.

───────────────────────────────────────────

## REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**I.  This Court should consider Defendant Gerace's Motion to Suppress for its merits.**

    The Government's response (Dkt 320) to Defendant Gerace's motions (Dkts 311, 316) consists mainly of irrelevant and largely inaccurate information regarding my representation, rather than focusing on the two things this Court must determine: 1) Was Mr. Gerace's Motion to Suppress untimely? 2) If untimely, is there good cause to permit the Court to consider his motion.

    A.  <u>Was Mr. Gerace's Motion to Suppress Timely under the Federal Rules of Criminal Procedure?</u>

    The question of timeliness is actually straightforward, notwithstanding the Government's arguments which I believe to contain more irrelevancies than useful data for this Court to consider. The Government claims that the Court set a deadline for pretrial motions pursuant to

{H3602785.1}

12(c)(1) and that deadline extended until, and not beyond July 12, 2021. As a result, the Gov't claims that Mr. Gerace's motion is untimely and shouldn't be considered by the Court without good cause.

Mr. Gerace does not dispute the Court's ability to set a scheduling order under FRCRP 12(c)(1) or that the Court set the motion deadline to July 7, 2021, and extended the deadline to Jul 12, 2021, pursuant to 12(c)(2). FRCRP 12(c)(2) gives the Court the power to extend or reset the deadline for pretrial motions at any time before trial. Mr. Gerace asserts that the procedural disruption with changing counsel, the filing of other motions after the scheduling order, and the complexity of discovery and analysis involved in this case compelled informal extensions and/or resets of the deadline for pretrial motions in this matter, and compels the allowance of the instant motion. For all the reasons contained in our initial Declaration to Show Cause, Mr. Gerace asserts that it would not be unreasonable to conclude that the Scheduling Order had been effectively extended without a Court order.

Furthermore, under the plain language of FRCRP 12(c)(2) the Court can extend or reset the deadline at any time before trial. It is undisputed that Defendant Gerace has not been provided with the name of a single victim of the crimes for which he has been indicted, nor the facts surrounding a single criminal transaction. Accordingly, this Court could simply extend the deadline for pretrial motions at this time in the interests of justice to properly consider the compelling alleged Constitutional violations at issue in Mr. Gerace's motion.

If this Court seeks to avoid an extension or reset, it can consider Mr. Gerace's motion – even if untimely - pursuant to 12(c)(3). On November 30, 2022, this Court set a trial date for

June 21, 2023.  Accordingly, there is no reason why Defendant Gerace's motions[1] could not be properly considered without causing further delay.

> B. There is no requirement to show the basis for requested relief was not known by Mr. Gerace before the motion deadline, in order to establish good cause

The Government seeks to shoehorn in a third requirement that is not required under FRCRP 12 in an attempt to prevent this Court from reviewing what Defense counsel verily believes to be Constitutional transgressions against Mr. Gerace by the Government. The Government asserts that Mr. Gerace must establish that the basis for his motion was not (and could not have been) known before the expiration of the motion deadline set forth in the Sixth Amended Scheduling Order (Dkt 97, filed 3/4/21).  In attempting to impose this additional requirement upon Mr. Gerace, the Government points to nothing in the Federal Rules of Criminal Procedure for authority. Rather, their sole support for this increased burden is a single cite contained in United States v. Sanders, out of the Western District of New York. 2020 U.S. Dist. LEXIS 247087, 2020 WL 8513483 (W.D.N.Y. October 9, 2020). Further, this cite uses "See," which indicates that the cited authority supports but does not directly state the proposition given.

The cited case, United States v. Robinson, does not stand for the proposition that good cause can only be shown if the basis was not known before the expiration of the motion deadline. Rather, the Robinson Court is conducting a circumstantial analysis in which they note that the Defendant knew of the basis of his suppression motion at the moment of his arrest, had previously raised the allegation in a motion to suppress a year and a half prior, and failed to correct the failure to submit a supporting affidavit by the court. Instead of renewing the motion

---

[1] In addition to the underlying motion seeking preclusion of the cell phone data, there are simultaneous motions to exceed the page limit, and to have this Court determine timeliness.  (Dks 311 and 316 and associated Text Order at Dkt 312).

{H3602785.1}                                            3

with the necessary affidavit, the Defendant in Robinson chose to file another suppression motion which was found to be untimely. Further, the court concluded that the Defendant's decision to not file by the deadline was a purely strategic decision based on the likelihood of its success.

The facts of Mr. Gerace's case are entirely different from those in Robinson. Here, Mr. Gerace did not yet have the benefit of having counsel review the 860,000 items of "disclosure" delivered to now disqualified sole practitioner Joel Daniels, Esq., (Dkt entry of 8/10/21) or new criminal trial counsel, Steven M. Cohen, Esq. who became trial counsel herein on that same August 10, 2021 date, review the same, and didn't find the objectionable material extracted from the phone at the border until recently.

This Court has been made aware of the departure of attorney Harmony Healey, Esq. and her role in this case, and how attorney Healey's departure has affected the review of the enormous quantity of data.

Contrary to the facts in Robinson, Defendant Gerace did not file a motion to suppress regarding the search conducted on his phone at the border and has not had an opportunity to have the Court address these alleged violations of his Constitutional rights. Mr. Gerace's motion for leave to file this motion is not a delay tactic or based on a strategic decision as the Government asserts. Instead, it is a good-faith response to information that was revealed through the combination of bulk data review, as well as the evidentiary hearing in several parts, initiated by his co-defendant Bongiovanni before Magistrate Judge Roemer concerning a cell phone search in April of 2019 (Dkts 219, 233, 263, 284, 292) and the Report and Recommendation by Your Honor issued August 5, 2022 which found that the cell phone search at the border violated co-Defendant Bongiovanni's Constitutional rights (Dkt 292, p. 5).

Therefore, this Court should not require that the basis for the motion was "not known before the expiration of the motion deadline." Instead, this Court should simply require good cause as is required under the plain language of FRCRP 12.

### C. Mr. Gerace can show good cause as to why his motion was not filed before the motion deadline set of July 12, 2021.

Mr. Gerace can adequately show good cause in this case as to why his motion should be considered. Mr. Gerace's motion includes arguments, facts, and bases that could not have been included before the expiration of the scheduling order in July of 2021. For the convenience of the Court, Mr. Gerace will succinctly reiterate the good causes implicated in this case and address any Government opposition that was provided in their response.

Mr. Gerace has not had the opportunity to have the Court address the Government's alleged violations of his Constitutional rights when they conducted an advanced search of his phone at the border. The Government does not address the merits of Mr. Gerace's Constitutional claims but instead assigns bad motives to the defense claiming it was either/both an attempt at a delay tactic and/or a strategic decision. With a trial date now assigned (Dkt 325 – June 21, 2023), adjudicating the instant motions will not delay the movement of this case.[2] There is no evidence other than Mr. Tripi's conclusory allegations that this motion is an attempt by Mr. Gerace or myself to delay this matter. Mr. Gerace remains essentially housebound and GPS tracked while the Government readies itself for trial, so my client is most eager to get this case over and done with. As his attorney, I am keenly interested in obtaining the evidence against my client so that I can prepare for trial as well, so I have been understandably reluctant to permit a trial by ambush. But I can assure this Court that this motion to suppress stands on its own as a substantive motion to protect my client's rights, and not as a tactic to delay anything.

---

[2] The trial date had not been set at the time my motions were made.

{H3602785.1}                                                5

The difference between an advanced search and a basic search as previously laid out by Your Honor identifies a factual and legal distinction between the Co-Defendant Bongiovanni and Defendant Gerace that affects the application of the Good Faith Doctrine and provides a good faith basis for our motion. The Government did not address this in their response despite us raising it in paragraphs 29, and 36-40 of our Declaration to Show Cause. Your Honor's recommendations were only adopted by Judge Sinatra as recently as November 22, 2022, well beyond the scheduling order deadline.

Many of the factual details of the Government's actions cited in support of our motion only came to my attention because of the evidentiary hearing for co-defendant Bongiovanni. This hearing consisted of multiple sessions, the most recent of which was conducted on January 5, 2022 (Dkt 233), well after the expiration of the Court's scheduling order. The Government addresses this briefly, claiming that nothing contained in the transcripts of Bongiovanni's suppression hearing impacted Mr. Gerace's case.  We respectfully disagree. The procedure and methodology of the warrantless border search executed against Co-Defendant Bongiovanni and the analysis of same by this Court provided an important legal perspective on which I have based the current motion.  The distinctions between the nature of the searches of Bongiovanni's phone and Gerace's phone analyzed by Your Honor are front and center in our motion.

It is Defendant's position that the Government acted in bad faith by violating its own policies to circumvent the 4th Amendment warrant requirement.  This Court is asked to consider the propriety of the Government's conduct to avoid what appears to be a systemic practice of governmental overreach.

The Government conducted additional searches against associates of Mr. Gerace as recently as March 12, 2022 which the Defense maintains is unconstitutional. This information

was not available at the time the scheduling deadline had passed. Notably, the Government does not address the conduct of its own AUSA or case agent in its brief.

As recently as November 30, 2022, this Court has considered motions for good cause when it granted Bongiovanni's motion for extension of time to move to sever. This would be considered a pre-trial motion under 12(b)(3)(D) and was technically untimely according to the scheduling order but was considered by this Court, likely because of the dramatically shifting landscape of this case since the scheduling order was entered.  (Dkt 97 entered 3/4/21)  Counsel has changed, a co-defendant has pleaded out (Masecchia, 5/9/22, Dks 280, 282) and a hearing was held concerning the Government's use of Homeland Security agents to conduct a warrantless search.

Defendant Gerace was not even charged in this case until only one week before the scheduling order was issued. The Government addresses this by implying that Mr. Gerace should have known he was going to be charged due to the Government's executed search warrants. Since Mr. Gerace has maintained all along that he has not engaged in any of the activity specified in the indictment, and none of the searches upon Mr. Gerace's business, or home, or phone turned up evidence of any such crimes, Mr. Gerace would have had reason to believe the contrary, that no indictment or arrest would be forthcoming.

It appears the Government is asserting that the very conduct we maintain is unconstitutional, has become so commonplace that citizens should expect to have their digital devices searched and dumped if the Government has ever interacted with them.  This very issue is sure to come up in the future.

I have stated from the outset that the massive amount of discovery to review, combined with the departure of my associate attorney has slowed my ability to file motions on Mr. Gerace's behalf.

I was not trial counsel until August 10, 2021, a full five months after final amended scheduling order was issued. For some reason the Government spends most of their response disputing this. The Government attempts to muddy the waters, by suggesting that my representation of Mr. Gerace in an **unrelated civil matter** somehow amounts to representation in this criminal matter. Any steps I took before June 15, 2021 were on behalf of Mr. Gerace in an unrelated civil matter venued in New York State Supreme Court before Justice Henry Nowak. That was (and is) a defamation action against two women. Between June 15, 2021, and August 10, 2021, I was merely acting in an advisory to role to Mr. Gerace's existing counsel. I was not trial counsel in this criminal matter until August 10, 2021.

## Conclusion

For all the foregoing reasons, Mr, Gerace respectfully requests this Court to consider the merits of his Motion to Suppress and give him the opportunity to hold the government accountable for its Constitutional overreach.

DATED:  December 2, 2022
        Amherst, New York

HOGANWILLIG, PLLC

*/s/Steven M. Cohen, Esq.*
Steven M. Cohen, Esq.
A*ttorneys for Defendant Peter Gerace, Jr*
2410 North Forest Road, Suite 301
Amherst, New York 14068
(716) 636-7600