UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                    Plaintiff,

            v.                                          Case No. 19-CR-227

PETER GERACE, JR.,

                                    Defendant.
_____


**DEFENDANT PETER GERACE'S
REPLY MEMORANDUM
REGARDING SEVERANCE**


                              Respectfully submitted,


                              */s/ Joseph M. LaTona*
                              JOSEPH M. LaTONA, ESQ.

                              Attorney for Defendant,
                                PETER GERACE, JR.
                              Office and Post Office Address
                              403 Main Street - Suite 716
                              Buffalo, New York  14203
                              (716) 842-0416
                              sandyw@tomburton.com

## PRELIMINARY STATEMENT

This reply memorandum is addressed only to those portions of the prosecution response to which a written reply is deemed necessary.

## MISJOINDER

Each one of the cases cited by the prosecution is readily distinguishable.  United States v. Nerlinger, 862 F.2d 967 (2d Cir. 1988), involved a single conspiracy; consequently, all of the evidence of the conspiracy was admissible against all co-conspirators.  862 F.2d at 972-974.

The defendants in United States v. Cervone, 907 F.2d 332 (2d Cir. 1990), were indicted for a RICO conspiracy.  The complaining appellant's labor bribery payment had also been alleged as a racketeering act and, consequently, joinder was found to be proper.  Furthermore, most of the evidence against that appellant involved his own recorded telephone calls.  907 F.2d at 341-342.

United States v. Rittweger, 524 F.3d 171 (2d Cir. 2008), involved two conspiracies to induce investors to contribute to the same facility ["CBL"].  The Second Circuit found that this constituted a common scheme.  524 F.3d at 174.  More than one defendant participated in both fraudulent conspiracies.  524 F.3d at 175-176.  The Rittweger court went on to "question the government's decision to try the two conspiracies together."  524 F.3d at 180.  Furthermore, the court observed as follows:

> "[R]ule 8(b) does not provide the government with limitless discretion to join defendants and does not absolve the government from an independent obligation to consider the unfairness that may result from joinder" [Id.].

Joinder was found proper in <u>United States v. Feyrer</u>, 333 F.3d 110 (2d Cir. 2003). In that case, both defendants who were involved in each separate conspiracy attended the same Las Vegas meeting where both schemes were hatched.  333 F.3d at 112-113.  Furthermore, the same middle man participated in both schemes.  333 F.3d at 112.  Moreover, brokers at the same company were bribed to promote each scheme.  333 F.3d at 112-114.  The District judge had found that because of the participants having attended the same conspiratorial meeting, they were all aware of both schemes and, consequently, evidence of both was properly admissible against the co-defendants.  333 F.3d at 115.

There is no indication that Mr. Gerace was even aware of the alleged conspiracies purportedly involving Mr. Bongiovanni and Michael Masecchia.

Significantly, the <u>Feyrer</u> court reiterated the requirement that unless Rule 8(b) is satisfied, "a motion for severance should be granted even absent a showing of prejudice."  333 F.3d at 113.

The conspiracies alleged in <u>United States v. Attanasio</u>, 870 F.2d 809 (2d Cir. 1989), had the same objective; namely, to launder funds and provide tax fraud benefits to a single defendant.  870 F.2d at 815.  The court found that evidence regarding loansharking was admissible against each co-conspirator as establishing intent in creating the fraudulent transactions.  870 F.2d at 815.  Also, one of the appellants waived severance as he failed to claim it until the government had rested its case [<u>Id</u>.].

The evidence relating to the misjoined counts itemized in Exhibit A of Document 321 is inadmissible against Mr. Gerace.  Moreover, those misjoined counts are not "inextricably intertwined" with the counts charging Mr. Gerace.  Accordingly, there is no evidentiary overlap between the misjoined counts and those counts charging Mr. Gerace.

2

Two of the misjoined counts are not alleged to have been in furtherance of either Count 1 or Count 2 of the second superseding indictment [Count 17, Count 18].

Another two of the misjoined counts are alleged to be in furtherance of the Count 1 conspiracy only [Count 10, Count 11].

Count 16 incorporated the Count 1 conspiracy only. Count 2's Overt Act 33 should be stricken or, alternatively, the Court should determine if the removed file had anything to do with Mr. Gerace. Otherwise, proof of that incident is not admissible against Mr. Gerace.

If this case involved a RICO conspiracy, then the Government's argument might have some merit. As no RICO conspiracy is alleged, the prosecution argument should be rejected by this Court.

The grand jury excerpts appended to the prosecution response further demonstrate the outrageously prejudicial hearsay evidence admitted against Mr. Gerace. A witness claimed to have heard "from other people that Mr. Gerace's family was involved in organized crime" [Doc. 328, p. 10]. In addition, there is reference to "Italian man" and the mob [Doc. 328, p. 11].

Moreover, the prosecution speciously claims that Mr. Gerace's statement that "there is no mafia" proves his awareness of having the reputation of having IOC connections. Nothing could be further from the truth. Any law abiding citizen having no reason to believe that the mafia actually exists could have made the same statement in response to a comment by someone else [Doc. 328, p. 11].

The grand jury presentment in this case violated the rule set down in United States v. Cruz, 981 F.2d 659 (2d Cir. 1992), as was recently reaffirmed in United States v. Zhong, 26 F.4th 536 (2d Cir. 2022); see also, United States v. Hogan, 712 F.2d 757, 759-760 (2d Cir. 1983).

In light of the above, Mr. Gerace reiterates his request that this Court review all grand jury evidence and instructions relating to the mafia and/or IOC.  Mr. Gerace renews his request for Rule 6 disclosure.

## RULE 14

In <u>Zafiro v. United States</u>, 506 U.S. 534, 113 S.Ct. 933 (1993), the Court rejected an absolute rule that mutually antagonistic defenses mandates severance.  The Court did recognize that prejudice can occur at a joint trial based upon the introduction of evidence inadmissible against a particular defendant.  506 U.S. at 539, 113 S.Ct. at 938.

United States v. Walker, 142 F.3d 103 (2d Cir. 1998), is readily distinguishable. There, the defendants were charged with a continuing criminal enterprise and having caused a murder in furtherance of that enterprise and of a drug conspiracy.  The court found that joinder had been proper and that the appellant had failed to show any prejudice.  142 F.3d at 107, 110.

The decisions in <u>United States v. Welch</u>, 97 F.3d 142 (6th Cir. 1996), and <u>United States v. Salameh</u>, 152 F.3d 115 (2d Cir. 1998), are distinguishable as each appellant had failed to show any prejudice.  97 F.2d at 147; 152 F.3d at 114-115.

In this case, the Magistrate/Judge found that Mr. Gerace had been prejudiced by the grand jury presentment.  The prosecution has never disputed that finding.

The decision in <u>United States v. DeVillio</u>, 983 F.2d 1185 (2d Cir. 1993), involved a RICO prosecution.  983 F.2d at 1187.  In that case, a limited instruction was found to be sufficient.  983 F.2d at 1192-1193.

As stated above, this case does not involve an allegation of the existence of a racketeering enterprise conspiracy.

4

Lastly, the prosecution, in an attempt to ignore the presumption of innocence, claims that the existence of prejudice depends upon the nature of the crimes charged against a defendant [Doc. 328, p. 13].

In support of that misguided principle, the prosecution cites two Second Circuit cases, the conduct of which has absolutely nothing to do with the charges against Mr. Gerace.

The decision in United States v. Sanpedro, 352 Fed.Appx. 482 (2d Cir. 2009), involved evidence that the defendant claimed that he had murdered several members of a Colombian cartel.  The court found that the evidence was admissible under Rule 404(b) of the Federal Rules of Evidence as it established the defendant's role in the conspiracy and the formation of the conspiracy.  352 Fed.Appx. at 485.  Obviously, as this evidence was admitted pursuant to 404(b), it was not charged in the indictment against the defendant.

In United States v. Roldan-Zapata, 916 F.2d 795 (2d Cir. 1990), the main defendant and a co-defendant were incarcerated together.  The co-defendant later cooperated with the prosecution.  The cooperator testified that while incarcerated the main defendant said that he would pay for the co-defendant's attorney and that the Government would have no case as long as he refused to become a government witness.  916 F.2d at 800, 803-804.  This evidence was found to be admissible on consciousness of guilt and as a co-conspirator statement in furtherance of the conspiracy.

It has never been established that Mr. Gerace ever tried to improperly influence a witness.

On April 14, 2021 the prosecution claimed that in November 2019 Mr. Gerace was allegedly in a room with an individual who communicated with another individual.  Purportedly, the individual contacted thought that he or she was being called a snitch [Doc. 226, Ex. C].

According to the prosecutor at that time, the contact was through Facebook and that it was "still" being investigated [Id.].  Thus far, there has been no corroborative evidence produced to establish that any such communication ever occurred.   Furthermore, there is no corroboration that Mr. Gerace was aware of and/or authorized any such communication.

**CONCLUSION**

Mr. Gerace's motion for severance should be granted.  Mr. Gerace joins in the severance motion to be filed by Mr. Bongiovanni.

DATED:      December 15, 2022        Respectfully submitted,
                Buffalo, New York


*/s/ Joseph M. LaTona*
JOSEPH M. LaTONA

Attorney for Defendant,
  PETER GERACE, JR.
Office and Post Office Address
403 Main Street - Suite 716
Buffalo, New York  14203
(716) 842-0416
sandyw@tomburton.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022 I electronically filed the preceding document with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Joseph M. Tripi, Esq.**
**David J. Rudroff, Esq.**
**Assistant United States Attorneys**

**Defense Counsel**

I further hereby certify that I have mailed by United States Postal Service said document to the following non-CM/ECF participants:

**None**

*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT