UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

PETER GERACE,

                    Defendant.

1:19-CR-227 JLS (MJR)

REPORT AND
RECOMMENDATION

This case has been referred to the undersigned by the Hon. John L. Sinatra, Jr. pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 4) Before the Court is defendant Peter Gerace's request for leave to file an untimely suppression motion. (Dkt. No. 316) For the following reasons, the Court recommends that defendant's request to file a late suppression motion be denied.

## RELEVANT FACTS AND BACKGROUND

On April 27, 2019, Peter Gerace arrived at Newark International Airport ("Newark Airport") following a trip to Jamacia. (Dkt. No. 316-2, pgs. 11-12; 53-56) At that time, his cell phone was seized by Customs and Border Protection officers and subjected to a warrantless search. (*Id.*) About six months later, on October 31, 2019, an indictment was filed in this matter, charging Joseph Bongiovanni, a retired agent for the Drug Enforcement Agency ("DEA"), with, *inter alia*, Conspiracy to Defraud the United States; Conspiracy to Distribute Controlled Substances; Bribery; Obstruction of Justice; and Making False Statements. (Dkt. No. 1) The indictment enumerated various overt acts allegedly committed by Bongiovanni and others in furtherance of the purported conspiracy to defraud. (*Id.*) Overt Act 49 specifically referenced a voicemail left for Bongiovanni by

Co-Conspirator 1, wherein Co-Conspirator 1 asked Bongiovanni about law enforcement's ability to track or "ping" certain types of cell phones. (*Id.*) According to the Government, Co-Conspirator 1 is a reference to Gerace and the cell phone number listed in Overt Act 49 is the number associated with the phone seized from Gerace and searched at the Newark Airport on April 27, 2019. On December 12, 2019, a little over two months after the indictment was filed against Bongiovanni, a federal search warrant was executed at Gerace's home and business. (*See* 1:19-MJ-5303) On July 8, 2020, attorney Steven Cohen, Esq. wrote a letter to the Assistant United States Attorney assigned to this case indicating, in part, that he was working with attorney Joel Daniels, Esq. to "recover evidence" on behalf of Gerace. (Dkt. No. 320, pg. 4) In July and August of 2020, the Government and Cohen corresponded regarding electronic devices and other property seized during the search of Gerace's home and business. (*Id.*)

On February 25, 2021, an 18-count second superseding indictment was returned by the grand jury, naming both Gerace and Bongiovanni as defendants in this case.[1] (Dkt. No. 89) Gerace was charged with Conspiracy to Defraud the United States; Paying a Bribe to a Public Official; Maintaining a Drug-Involved Premises; Conspiracy to Distribute Controlled Substances; and Conspiracy to Commit Sex Trafficking. (*Id.*) Gerace and Bongiovanni were arraigned on March 4, 2021, at which time Gerace was represented by attorney Daniels. (Dkt. No. 95) This Court then entered a Sixth Amended Scheduling Order, applicable to both defendants, which required all pretrial motions to be filed on or

---

[1] A first superseding indictment, filed on June 4, 2020, charged Bongiovanni as well as Michael Masecchia. (Dkt. No. 46) According to the Government, Gerace continued to be referred to as unnamed Co-Conspirator 1 in the first superseding indictment. Defendant Masecchia entered a plea agreement with the Government on December 9, 2020. (Dkt. Nos. 68, 69) Thus, Gerace and Bongiovanni are the current pending defendants and the second superseding indictment is the operative charging document here.

before July 7, 2021. (Dk. No. 97) On March 22, 2021, attorney Joseph LaTona, Esq. filed a Limited Notice of Appearance, indicating that he had been retained on a limited basis to work with attorney Daniels with respect to handling pretrial motions and hearings in this case. (Dkt. No. 106) On April 5, 2021, the Government formally disclosed, to Gerace and his defense counsel, information obtained as a result of the April 27, 2019 search of Gerace's phone at the Newark Airport.[2] (Dkt. No. 320, pgs. 14-15) The Government specifically produced, to Gerace and his counsel, the entire cell phone extraction; isolated text messages between Bongiovanni and Gerace; an isolated voicemail message between Bongiovanni and Gerace; a Report of Information (ROI) authored by Special Agent Curtis Ryan documenting the airport border search of Gerace's phone; and chain of custody documents. (*Id.*) On June 15, 2021, attorney Cohen sent an email to the chambers of Judge Sinatra, the District Judge presiding over this matter, indicating that he would be appearing as additional defense counsel to assist attorneys Daniels and LaTona in their representation of Gerace. (Dkt. No. 320, pg. 6) On July 1, 2021, counsel for defendants sought an extension of time through July 12, 2021 to file pretrial motions, which was granted by this Court. (Dkt. Nos. 140, 142)

On July 12, 2021, Gerace and Bongiovanni filed extensive, lengthy pretrial motions. Defendants' submissions included suppression motions; motions to dismiss the indictment for various reasons; requests for grand jury transcripts and to strike surplusage from the indictment; and numerous omnibus discovery demands. Bongiovanni moved to suppress, *inter alia*, evidence recovered from a warrantless search of his cell phone at

---

[2] It appears that the April 2021 disclosure regarding the search of Gerace's phone was the second time that this information was disclosed in this case. The Government represents that it previously disclosed the information on May 22, 2020, before the indictment was superseded to add Gerace as a defendant.

Baltimore Washington International Airport ("BWI") on April 23, 2019. (Dkt. Nos. 81, 149) Gerace moved to suppress evidence recovered from the execution of the federal search warrant at his home and business.[3] (Dkt. Nos. 147-48) However, Gerace *did not* move to suppress any of the evidence recovered from the warrantless search of his cell phone at Newark Airport on April 27, 2019. On or about August 10, 2021, attorney Daniels withdrew from his representation of Gerace in this case as a result of a conflict, and it was indicated to the District Court that Gerace would continue with attorneys LaTona and Cohen representing him.

This Court held an evidentiary hearing on November 18, 2021 and January 5, 2022 with respect to the warrantless search of Bongiovanni's phone at BWI on April 23, 2019. (Dkt. Nos. 219, 233) Additional briefing followed regarding this issue as well as a number of other issues raised in the defendants' motions. On April 26, 2022, this Court heard oral argument as to all pretrial motions filed by both defendants. (Dkt. No. 278) The argument addressed, *inter alia*, Bongiovanni's motion to suppress evidence obtained from the warrantless search of his phone at BWI; Gerace's motion to suppress evidence discovered from the search of his home and business; defendants' requests to dismiss the indictment and for disclosure of grand jury material; and the parties' various omnibus discovery demands.[4] (Dkt. No. 278) On August 5, 2022, this Court issued a Report,

---

[3] All of Gerace's pretrial motions were filed and argued by attorney LaTona.

[4] During oral argument, LaTona referenced the April 27, 2019 warrantless border search of his client's phone. LaTona claimed that the search of Gerace's phone was improper and that any information obtained from the phone and later used in support of the search warrants for Gerace's home and business was obtained illegally. The Government responded that Gerace's lawyers have been in possession of discovery regarding the phone search since the time of Gerace's indictment. This Court then stated that (1) this was the very first time it was made aware that a warrantless search of Gerace's phone had occurred; and (2) the time for filing a motion to suppress evidence obtained as a result of that search had long passed, and any such motion would be untimely under the Court's prior scheduling order.

Recommendation and Order which (1) recommended denying Gerace's motions to dismiss the indictment and to suppress evidence recovered from the search of his home and business; and (2) ruled on Gerace's various omnibus discovery demands. (Dkt. No. 291) Also on August 5, 2022, this Court issued a Report, Recommendation and Order which (1) recommended denying Bongiovanni's motions to dismiss the indictment and to suppress evidence recovered from the search of his cell phone at BWI on April 23, 2019; and (2) ruled on Bongiovanni's various omnibus discovery demands.[5] (Dkt. No. 292)

On October 28, 2022, over one year and three months after pretrial motions were due to be filed in this case according to the Sixth Amended Scheduling Order, attorney Cohen filed a letter, on behalf of Gerace, requesting leave to file a motion to suppress with a supporting memorandum in excess of the page-limit prescribed by the Local Rules for the Western District of New York. (Dkt. No. 311) This Court then demanded that Gerace show cause as to why any such suppression motion would not be untimely under the scheduling order previously issued in this case. (Dkt. No. 312) On November 14, 2022, Gerace filed the instant motion seeking leave to file an untimely suppression motion with regard to, *inter alia*, the warrantless search of his cell phone at Newark Airport on April 27, 2019.[6] (Dkt. No. 316) The Government filed a response in opposition to Gerace's

---

[5] On November 22, 2022, the District Court issued a Decision and Order affirming the recommendations and orders in the Report and Recommendations, including the recommended denials of defendants' motions to suppress evidence and dismiss the indictment. (Dkt. No. 319)
[6] It appears that Gerace is also seeking to file untimely motions to suppress evidence recovered from the warrantless searches of cell phones belonging to two of his employees. Gerace does not provide an explanation as to his basis of standing to challenge the search of phones belonging to his employees and this Court is skeptical that any such basis would exist. However, because the Court finds that defendant's request to file any new suppression or pretrial motions should be denied as untimely, it need not address the standing issue.

motion for permission to file an untimely suppression motion on November 28, 2022 (Dkt. No. 320), and Gerace filed a reply on December 2, 2022 (Dkt. No. 327).

## DISCUSSION

Rule 12 of the Federal Rules of Criminal Procedure provides that certain defenses, objections, and requests, including motions for suppression of evidence, "must be raised by pretrial motion if the basis for the motion is then reasonably available." *See* Fed. R. Crim. P. 12(b)(3)(C). Rule 12 also permits the court to set a deadline for the parties to make pretrial motions. *See* Fed. R. Crim. P. 12(c)(1). If a party does not meet the court's deadline for making a pretrial motion, the motion is to be treated as untimely. *See* Fed. R. Crim. P. 12(c)(3). However, "a court may consider the [untimely motion] if the party shows good cause" for the late filing. *Id.* Second Circuit case law has made clear that a party's failure to timely make a Rule 12(b)(3) pretrial motion constitutes a complete waiver of that issue, absent a showing of good cause. *United States v. Simmons*, 08-CR-1280, 2020 U.S. Dist. LEXIS 202878 (S.D.N.Y. Oct. 29, 2020). *See also United States v. Mustafa*, 753 F. App'x 22, 44 (2d Cir. 2018) (summary order) ("A district court is not required to entertain an untimely motion and its discretion to do so depends upon the movant showing good cause."); *United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) (A "suppression argument that was made in an untimely fashion before the district court" is waived "unless there is a showing of cause.").

As explained above, this Court set a deadline of July 7, 2021 for the filing of pretrial motions, which it later extended to July 12, 2021 by request of defendants. However, Gerace did not seek leave to file a motion to suppress evidence recovered from the April 27, 2019 border search of his phone until October 28, 2022, *over one year and three*

*months* past the deadline for filing pretrial motions in this case. Thus, the proposed motion is plainly untimely and may be considered only if Gerace can demonstrate good cause for the lengthy delay. For the reasons that follow, the Court finds that no good cause exists to consider the late motion.

To satisfy the "good cause" standard of Rule 12(c)(3), courts in this Circuit generally require a defendant to "establish that the basis for the motion was not (and could not have been) known before the expiration of the motion deadline." *United States v. Sanders*, 19-CR-00125, 2020 U.S. Dist. LEXIS 247087 (W.D.N.Y. Oct. 9, 2020). *See also United States v. Robinson*, 357 F. Supp. 3d 221, 224 (E.D.N.Y. 2019) ("the analysis of whether a suppression claim has been preserved focuses on whether the particular ground for suppression pressed later could have been, but was not, advanced prior to the expiration of the Court-mandated guidelines."). Here, Gerace and his defense counsel had ample knowledge of the basis for this motion well before the expiration of the Court's scheduling order. Gerace was present when his phone was seized and searched by law enforcement at Newark Airport on April 27, 2019, months before his indictment in this case. Both the initial indictment naming only Bongiovanni and the superseding indictment which charged Gerace referenced the number associated with Gerace's cell phone as well as communications between the defendants. The Government represents, and the defense does not dispute, that Gerace was provided with formal discovery regarding the phone search on April 5, 2021. That disclosure included the entire cell phone extraction; text and voice messages exchanged between Gerace and Bongiovanni; and a chain of custody report. Indeed, by no later than early April of 2021, three months prior to the expiration of the pretrial motion deadline, it would have been more than clear to Gerace

and his attorneys that (1) a warrantless border search of Gerace's phone had occurred on April 27, 2019 and (2) the Government intended to introduce evidence obtained from that search in their prosecution of Gerace. Thus, defendant cannot now claim that he or his counsel lacked knowledge of the facts and evidence necessary to properly support a motion to suppress the border search by the July 12, 2021 deadline.

In his response to this Court's order to show cause, attorney Cohen seems to argue that good cause exists for the late filing because of the extensive amount of discovery provided by the Government in this case and the substantial amount of time it has taken to review that material. The Court rejects this argument. Gerace was present for the seizure and search of his cell phone at Newark Airport. Defense counsel was provided with discovery regarding the circumstances and results of the search approximately three months before the pretrial motion deadline. Indeed, the Court sees no reason why any additional review of documents and evidence would have been needed to timely raise a suppression issue as to a search of defendant's phone. *See e.g., United States v. Nayyr*, 221 F. Supp. 3d 454 (S.D.N.Y. Nov. 18, 2016); *affirmed at United States v. Mulholland*, 702 Fed. Appx. 7 (2d Cir. 2017) (motion to suppress computer evidence was untimely, and therefore deemed waived, where there was no dispute that defendant was made well aware before the motion deadline that his wife consented to the search of the computer at issue, and defendant failed to assert a timely challenge to that consent).

Moreover, Gerace never requested an extension of time past the July 12, 2021 motion deadline based either on his attorneys' inability to fully review discovery material or for any other reason. *See United States v. Billings*, 15-CR-00050, 2015 U.S. Dist.

LEXIS 176160, at *4 (W.D.N.Y. Dec. 18, 2015) (denying motion to suppress under Rule 12(c)(3) where defendant brought motion more than a month after the filing deadline, which already had been extended twice). To the contrary, Gerace filed extensive pretrial motions and omnibus discovery demands covering a wide range of issues, suggesting that defense counsel spent a substantial amount of time reviewing the facts and law at issue in this case before making strategic and conscientious decisions as to what pretrial challenges to pursue. Nonetheless, regardless of whether the failure to timely file the suppression motion was the result of a purposeful decision by defense counsel at the time, or a failure of counsel to conduct a thorough review of the applicable facts and law, good cause has not been established. Indeed, "[a] strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client are all insufficient to establish cause [under Rule 12(c)(3).]." *United States v. Atuana*, 816 Fed. Appx. 592, 596-97 (2d Cir. 2020); *accord Yousef*, 327 F.3d at 125 (2d Cir. 2003) (internal quotations omitted); *Indiviglio v. United States*, 612 F.2d 624, 631 (2d Cir. 1979) (counsel's failure to make timely suppression motion constituted waiver whether omission resulted from inadvertence or strategy.)[7]

The Court further rejects the argument that good cause exists because attorney Cohen did not become trial counsel in this case until August of 2021. The record here

---

[7] The Court also rejects attorney Cohen's argument that good cause is shown because it was not until October of 2022, when he finished reviewing discovery and conducting witness interviews, that he learned of the search of phones belonging to Gerace's employees. First, Gerace has not established standing to challenge the search of phones belonging to other individuals. Second, even if he could establish standing, an attorney's failure to timely review discovery materials does not establish good cause under Rule 12(c)(3). "[C]ourts have held that counsel's failure to conduct proper pretrial investigation does not establish good cause for a defendant's failure to raise an argument covered by Rule 12(b)(3) in a timely fashion." *United States v. Duncan*, 18-CR-289, 2019 U.S. Dist. LEXIS 193839 (S.D.N.Y. Nov. 7, 2019); *accord United States v. Howard*, 998 F.2d 42, 52 (2d Cir. 1993).

shows that Cohen was communicating with the Government, on Gerace's behalf, as early as July 8, 2020, when Gerace was being investigated but had not yet been indicted. On June 15, 2021, approximately a month before the pretrial motion deadline, Cohen sent an email informing the District Judge that he would be representing Gerace as additional defense counsel in this case. Thus, the record belies defendant's claim that Cohen was not substantially involved in this matter until August of 2021. Moreover, when Cohen joined the defense team and in what capacity is largely irrelevant to the Court's inquiry here. Starting from his initial appearance on the indictment, and throughout the pendency of this case, Gerace has been represented by experienced, competent criminal defense attorneys who were fully aware of the facts surrounding the border search of the phone and could have filed a timely motion challenging that search.[8] In fact, courts have recognized that the retention of new counsel is insufficient to establish good cause for purposes Rule 12(c)(3). *Sanders*, 2020 U.S. Dist. LEXIS 247087, *8. *See also United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) ("[t]he desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause to justify relief from a waiver of a defense, objection, or request under Rule 12").[9]

---

[8] Attorney LaTona entered a notice of appearance on March 22, 2021, which stated that he would handle all pretrial matters. LaTona received discovery regarding the April 27, 2019 search of Gerace's phone by April 5, 2021. LaTona filed pretrial motions on behalf of Gerace three months later, on July 12, 2021, and failed to raise the border search issue at that time.

[9] For similar reasons, the Court rejects defendant's argument that good cause exists because an associate hired to assist attorney Cohen with this case accepted a new position in June of 2022 and was no longer assisting Cohen with discovery review. Throughout these proceedings, Gerace has been represented by at least two, and sometimes three, capable and zealous advocates. The associate noted here was not counsel of record. Her departure from Cohen's firm does not constitute good cause for the delayed filing, especially considering that (1) Gerace has had competent representation throughout this matter; (2) the information necessary for making the motion at issue was provided at least three months before the deadline; and (3) defendant never requested an extension of time to review discovery materials.

Defendant also argues that the untimely filing is a "good faith response" to the suppression hearing conducted by this Court as to the border search of Bongiovanni's phone and this Court's subsequent Report and Recommendation.[10] Gerace contends that the evidentiary hearing as to Bongiovanni's motion shed light on "the procedure and methodology of the warrantless border search…and provided an important legal perspective" which was not available to him prior to the motion deadline. The Court disagrees that this constitutes good cause. In *United States v. Robinson*, defense counsel sought leave to file an untimely suppression motion on the basis that he recently discovered "convincing and credible evidence" that would have made the basis for his suppression motion stronger than it had been before the expiration of the scheduling order. 357 F. Supp. 3d 221 (E.D.N.Y. Mar. 1, 2019). The Eastern District Court disagreed that the discovery of newly favorable evidence constituted good cause for defense counsel's "conscious decision" to forego filing a suppression motion before the deadline set by the court. *Id.* at 223. The Court reasoned that "defense counsel possessed full knowledge of the basis for making the motion when he made his decision but chose not to present it based on his assessment of its likelihood of success…[p]ut another way, he made a strategic decision not to advance the [d]efendant's motion, and now regrets not doing so because he is more confident in his chances than he was at the time." *Id.* Likewise here, defense counsel possessed full knowledge of the critical facts necessary to make a timely motion to suppress the phone evidence. Moreover, counsel had ample

---

[10] Therein, this Court concluded that the search of Bongiovanni's phone violated the Fourth Amendment, but that the good faith doctrine prevented the suppression of the evidence. Gerace now seems to argue that the factual differences between the border search of his phone and the border search of Bongiovanni's phone would prevent the good faith doctrine from applying to him.

time, after learning about the warrantless search of Gerace's phone, to investigate the specific circumstances of the border search and to review any relevant legal precedent regarding the constitutionality of such a search. When filing defendant's other, timely pretrial motions, counsel seems to have made a strategic or purposeful decision not to move to suppress evidence from the border search of Gerace's phone. Now, as a result of this Court's factual and legal determinations regarding the border search of Bongiovanni's phone, counsel believes that a suppression motion as to the border search of his phone has a greater likelihood of success. However, Gerace is not entitled to a second bite at the apple on this basis, since the "law is clear that strategic decisions of counsel cannot establish good cause under Rule 12(c)(3)." *Yousef*, 327 F.3d at 124-25.

The instant proposed suppression motion is over a year and three months late. Critically, the record proves that defendant and his counsel possessed the necessary information to raise this issue, *at the latest*, three months before the motion deadline. None of the reasons cited by defendant constitute good cause to excuse this very untimely filing. Scheduling orders in criminal cases serve an important purpose with respect to protecting both defendants' and the public's interest in speedy trials. Indeed, to excuse defendant's failure to timely raise this issue would only risk "caus[ing] further delay in this case, which would undermine the public's interest in a speedy trial." *United States v. Lewis*, 17-CR-28, 2018 U.S. Dist. LEXIS 111471, at *4 (W.D.N.Y. Feb. 1, 2018). Moreover, the Court has an independent obligation to ensure that pretrial proceedings occur without unnecessary delay, and therefore the Court must be able to require compliance with its scheduling orders in criminal cases. "[S]ince courts have a legitimate interest in the enforcement of scheduling deadlines in order to manage pending cases

and to retain the credibility of deadlines in future cases, it is not an abuse of discretion for a district court to adhere to published deadlines." *Billings*, 2015 U.S. Dist. LEXIS 176160, *2 (internal citations and quotations omitted).

## CONCLUSION

For the foregoing reasons, it is recommended that defendant Peter Gerace's request for leave to file an untimely suppression motion be denied and that the suppression issues raised therein be deemed waived. (Dkt. No. 316)

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Sinatra, any objections to the recommendation portion of this Report, Recommendation and Order must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 59(b), 45(a), and 45(c) of the Federal Rules of Criminal Procedure, and Local Rule of Criminal Procedure 59.  Any requests for an extension of this deadline must be made to Judge Sinatra.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *Pursuant to Local Rule of Criminal Procedure 59(c)(2), written objections "shall specifically identify the portions of the proposed findings*

and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

      **SO ORDERED**.


      Dated:  December 19, 2022
              Buffalo, New York



                            MICHAEL J. ROEMER
                            United States Magistrate Judge