UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                              19-CR-227 (JLS)

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

Defendants.

---

# PROTECTIVE ORDER

Upon motion of the Government for a protective order with respect to disclosure of 3500 material (and 3500 list), impeachment information, and the filing of the Government's pre-trial memorandum, witness list, and exhibit list, which will be filed and provided to counsel for Defendants proceeding to trial, and upon consideration thereof, it is hereby

**ORDERED** that the Government shall be permitted to file its pre-trial memorandum, witness list, 3500 list, and exhibit list under seal such that only the parties and the Court will have access to the Government's pre-trial memorandum, witness list, 3500 list, and exhibit list; and it is further

**ORDERED** that the Government shall be permitted, in its discretion, to designate certain witnesses listed in its pre-trial submissions as a "Protected Witness," rather than by his or her true name, provided that such "Protected Witness" designations may remain beyond the May 10, 2023 deadline in the pretrial

order (Dkt. 325) only by order of the Court after a timely application by the Government; and it is further

**ORDERED** that the Government shall provide 3500 materials[1] on a rolling basis as it is able beginning during the month of January 2023, subsequent to the entry of this protective order; and it is further

**ORDERED** that the Government be permitted to provide 3500 materials categorized as follows:

**Category 1:** 3500 materials relating to current or former members of law enforcement or other professional witnesses who may be called as trial witnesses;

**Category 2:** 3500 materials relating to fact witnesses who may be called as trial witnesses and who are represented by attorneys in this matter such that the Rules of Professional Ethics require any contact with the witnesses to be made through their attorneys, unless the attorney for any such witness consents to direct communications;

**Category 3:** 3500 materials relating to fact witnesses who may be called and who are not represented by attorneys in this matter;

**Category 4:** 3500 materials relating to any witnesses whose disclosure may, in the Government's judgment, impact ongoing investigations;

---

[1] For purposes of this protective order, reference to "3500 materials" includes impeachment information and any materials identifying Government witnesses that the Government provides to Defendants pursuant to this protective order. Nothing in this protective order shall be construed to affect the constitutional requirements that apply to the Government's disclosure of *Brady* and *Giglio* material.

**Category 5:** 3500 materials relating to sensitive witnesses, including victims, witnesses who have expressed fear or reluctance to the Government to testify publicly, and current or former confidential sources and/or informants, if applicable, and/or any witnesses designated by the Government as Protected Witnesses; and,

with respect to **Category 4** and **Category 5** witnesses, the Government shall be permitted to delay disclosure as it deems necessary as permitted by law;[2] and it is further

**ORDERED** that the Government shall clearly identify the 3500 materials provided under this order, including the attorney to whom the disclosure is being made and the category of the 3500 materials being disclosed; and it is further

**ORDERED** that the Government shall make good-faith efforts to make as much 3500 material as possible available to counsel for Defendants prior to the commencement of trial on June 21, 2023; and it is further;

**ORDERED** that early disclosure of 3500 materials by the Government is encouraged and is for attorney preparation and investigation, and therefore counsel for Defendants shall not disclose, verbally or otherwise, the substance of any 3500 materials to their respective client/Defendants until May 10, 2023, which is 42 days

---

[2] Pursuant to 18 U.S.C. § 3500, no statement or report in the possession of the United States that was made by a Government witness or prospective Government witness shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case. Moreover, the Jencks Act prohibits a district court from ordering the pre-trial disclosure of witness statements. *See United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001).

prior to the start of the trial; and it is further

**ORDERED** that counsel for Defendants shall be permitted to share the 3500 materials with attorneys, investigators, and support staff assisting with the preparation of the trial (hereinafter "defense team"), provided that no copies of the 3500 materials are removed from the attorney's custody and control or are retained by anyone other than the attorneys of record in this case, and provided that no witness shall be shown the written statement of another witness—or given a verbal summary thereof that indicates which witness is the source of the statement; and it is further

**ORDERED** that the defense team shall not reveal the identities of any witnesses to anyone, including other witnesses or third parties; and it is further

**ORDERED** that counsel for Defendants shall ensure compliance with this protective order by each member of the defense team, and shall maintain their own listing of each of each person who has been permitted to review the materials, in the event that *in camera* review of such list becomes necessary; and it is further

**ORDERED** that counsel for Defendants shall not make or provide copies of the materials for Defendants or any third parties, and shall ensure that Defendants and any third parties do not take photos or videos, capture images, or in any way copy or record any 3500 materials, impeachment information, pre-trial memoranda, witness list, 3500 list, exhibit list, or other materials provided voluntarily by the Government pursuant to this protective order for trial preparation; and it is further

**ORDERED** that counsel for Defendants shall not make or provide copies of any reproductions, written summaries, or attorney work product summarizing, in whole or in part, any 3500 materials, impeachment information, pre-trial memoranda, witness list, 3500 list, exhibit list, or other materials provided voluntarily by the Government pursuant to this protective order for trial preparation; and it is further

**ORDERED** that counsel for the Government shall endeavor to provide and/or make available unredacted 3500 material and impeachment information to defense counsel as expeditiously and as far in advance of trial as possible; and it is further

**ORDERED**, that counsel for Defendants must retain all copies of the 3500 material, impeachment information, or other witness-related materials provided voluntarily by the Government for trial preparation. Counsel for Defendants may not disseminate any materials provided by the Government pursuant to this protective order to any third parties, post any materials to social media in any format, or verbally disclose the contents of any materials provided by the Government to any third parties. The materials provided pursuant to this protective order shall be used by defense counsel solely for trial preparation, investigation, and trial; and it is further

**ORDERED**, that counsel for Defendants shall use the 3500 material, impeachment information, the Government's pre-trial memorandum, witness list,

and exhibit list solely for the purposes of trial preparation, investigation, and trial; and it is further

**ORDERED** that, in the event Defendants make a pre-trial motion *in limine* based upon the material provided, or made available, pursuant to this protective order, such motion *in limine* shall redact any witnesses' names and identifying information from the publicly filed motion, and unredacted copies of such motion *in limine* shall be provided to the Court and counsel for the Government; and it is further

**ORDERED** that, at the close of trial, appeals, and any post-trial motions in this criminal case, counsel for Defendants shall return all 3500 material and impeachment information to the Government, or shall confirm destruction of the foregoing materials by letter to the Government, except for those documents received in evidence; and it is further

**ORDERED** that counsel for Defendants shall maintain copies of the Government's pre-trial memorandum, witness list, protected witness list (if applicable), and exhibit list, and/or protected exhibit list in the attorney's file only, and shall not provide copies to Defendants or any third parties upon the conclusion of the trial.

DATED:   January 9, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE