IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

      v.                                                       19-CR-227

PETER GERACE JR.,

          Defendants.

_____

## GOVERNMENT'S OPPOSITION TO DEFENDANT GERACE'S MOTION TO MODIFY CONDITIONS OF RELEASE

The defendant, PETER GERACE, JR., through his attorney, Steven M. Cohen, Esq., filed a motion to modify his conditions of release. ECF No. 337. The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, David J. Rudroff, and Nicholas T. Cooper, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby files the government's opposition to the defendant's motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 2021, the grand jury returned the Second Superseding Indictment against the defendant and his co-defendant, Joseph Bongiovanni. The defendant is charged with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (Count 2), bribing a public official, in violation of 18 U.S.C. § 201(b)(1)(A) and (b)(1)(C) (Count 6), maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. §

2 (Count 7), conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 8), and conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594(c) (Count 9).  Second Superseding Indictment, ECF No. 89.

The defendant is charged alongside his co-conspirator and co-defendant Joseph Bongiovanni in Counts 2 and 8.  *See id.*  Co-defendant Bongiovanni is also charged with thirteen additional counts, all of which relate to conduct he undertook as a Drug Enforcement Administration ("DEA") Special Agent.

The Second Superseding Indictment alleges in detail that the defendant and co-defendant Bongiovanni orchestrated a years-long scheme to defraud the United States DEA.  *See id.*  The indictment alleges that the defendants did this by the defendant paying co-defendant Bongiovanni bribes in exchange for co-defendant Bongiovanni violating his official and lawful duties as a DEA Special Agent to protect and benefit the defendant and others.  *See id*.  As the defendant continued to corruptly pay off co-defendant Bongiovanni, the defendant allegedly conspired to use his place of business to distribute illegal narcotics and conspired to engage in the sex trafficking of women.  *See id.*

On February 28, 2021, pursuant to both the Second Superseding Indictment and related arrest warrant, law enforcement arrested the defendant in Florida.  *See* ECF No. 107. On March 1, 2021, the defendant appeared before United States Magistrate Judge Alicia O. Valle, United States District Court for the Southern District of Florida.  At the conclusion of the arraignment, Magistrate Judge Valle ordered the defendant released on conditions as

requested by the government.  *See* ECF No. 93; Rule 5(c)(3) Documents, including Conditions of Bond and Order of Removal.  As the government has previously noted before this Court, Magistrate Judge Valle, in setting the defendant's conditions of release, commented, in part, "[w]ell, this was an interesting case because, but for the government's recommendation, this is a case where I think detention would be warranted."  *See* ECF No. 241, Exhibit A at 25.

On March 4, 2021, the U.S. Probation Office provided an amended memorandum which established that the defendant committed an additional crime on March 1, 2021, the day of his arraignment in Florida.  In his original pretrial services interview, the defendant stated that he had last used cocaine one-and-a-half years prior to his arrest.  However, subsequent to his appearance before Magistrate Judge Valle (and subsequent to the government finalizing its recommendation for pretrial conditions), the defendant tested positive for cocaine.  U.S. Probation Officer Andre McCray's March 4, 2021 Memorandum provided an update in pertinent part:

> "It is to be noted that [at] the time of the defendant's initial drug test conducted in the Southern District of Florida, he tested positive for cocaine. Mr. Gerace reported taking some pills at a social gathering but, did not report cocaine use. At the time of the pretrial services interview, the defendant reported a history of cocaine use, with his last date of use being approximately one and a half years ago."

*See* ECF No. 241, Exhibit B at 1.  Thus, the initial drug test conducted by the U.S. Probation Office in Florida determined that the defendant was using illegal narcotics and lied during his pretrial services interview with the U.S. Probation Office.  *Id*.

On March 8, 2021, the defendant appeared before United States Magistrate Judge Michael J. Roemer, whereupon he was re-arraigned in this District and released upon the

3

same conditions previously ordered by Judge Valle.  ECF No. 105, Order Setting Conditions of Release; *see also* ECF No. 241, Exhibit C (Transcript of March 8, 2021, Arraignment).

On March 10, 2021, the defendant, through his previous counsel, filed a motion to amend the Order Setting Conditions of Release which precluded him from being present at Pharaoh's Gentlemen's Club.  *See* Doc. No. 108.  On April 14, 2021, this Court slightly modified the Order Setting Conditions of Release.  *See* ECF. Nos. 111, 112.  Specifically, the Court modified the defendant's conditions only to permit the defendant to work at Pharaoh's Gentlemen's Club between the hours of 7:30 A.M. and 10:30 A.M.  The Court further ordered that "while [the defendant is] on the premises of Pharaoh's Gentlemen's Club, you must be alone at all times, with the exception of a cleaning woman."  Doc. No. 112.  The Court also stated that the defendant must not visit Pharaoh's during any other time of the day and must not have any "verbal or written communication with any employees or staff, with the exception of a to-do list to the managers employed at Pharaoh's Gentlemen's Club."  *Id*.

On September 10, 2021, the defendant filed another motion to modify the terms set forth in both the Order Setting Conditions of Release and this Court's modification.  *See* ECF. No. 190.  Magistrate Judge Roemer denied the defendant's motion to modify his conditions of release.  ECF. No. 214.  Magistrate Judge Roemer found the defendant's arguments to be "unpersuasive."  *Id*.  In denying the defendant's motion, Magistrate Judge Roemer reasoned, in part,

> "The charges in this case against defendant are serious, involving bribing a public official, drug dealing and sex trafficking. The presiding judge in this case, Hon. John L. Sinatra, Jr., has already determined that the current conditions of release are the least restrictive combination of conditions necessary to assure

4

> reasonably the safety of any other person and the community . . . Finally, the fact that defendant has been compliant with his conditions of release is laudable, but that was what he was supposed to do. It shows that the conditions imposed have been effective.

*Id*.

On January 14, 2022, the defendant asked this Court to overturn Magistrate Judge Roemer's decision and again requested a modification of the defendant's conditions of release. *See* ECF. No. 239. The Court denied the defendant's motion. *See* ECF Nos. 242, 252.

The defendant now raises the same arguments that this Court previously rejected, *see* ECF Nos. 239, 242, 252, to ask the Court, again, to modify his conditions of release. *See* ECF No. 337-1. The defendant specifically asks this Court to remove the defendant's condition of home confinement and replace that condition with a curfew. *Id*. at 1. The defendant also seemingly requests that the Court remove any restriction on the defendant's presence at Pharaoh's. *See id*. at 6–7. The Court should deny this motion.

## **LEGAL STANDARD**

This Court has authority to, at any time, impose additional or different conditions of release. 18 U.S.C. § 3142(c).[1] However, "the authorization to amend a release order in

---

[1] The defendant incorrectly states that his motion to modify should be considered under the provisions of 18 U.S.C. § 3145(a)(2). *See* ECF No. 337-1 at 1. Section 3145 permits a defendant to move for an amendment to conditions of release when those conditions are imposed by a magistrate judge or by "a person other than a judge of a court having original jurisdiction over the offense[.]" 18 U.S.C. § 3145. As explained above, this Court—not a

Section 3142(c) is based on the possibility that a changed situation or new information may warrant altered release conditions." *United States v. Dzhamgarova*, No. 1:21-cr-58-MKV, 2021 WL 3113036, at *1 (S.D.N.Y. Jul. 21, 2021) (quotation marks omitted); *see United States v. Giacobbe*, No. 1:18-CR-00108 EAW, 2020 WL 1932530, at *1 (W.D.N.Y. Mar. 30, 2020) (denying defendant's motion for modification of release conditions because "Defendant has not established a change in circumstances sufficient to warrant modification of his pretrial release conditions."). In other words, "[c]onditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown." *Dzhamgarova*, 2021 WL 3113036, at *1. (citing *United States v. Falcetti*, No. 02 CR 140(ILG), 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2002)). Courts have held that the requirement that new information or changed circumstances be presented in order to modify release conditions stems from 18 U.S.C. § 3142(f)(2)(B)—a provision that permits the reopening of the hearing in which conditions of release are determined. *See, e.g.*, *United States v. Gay*, Case No. 4:20-cr-40026-JES-JEH, 2020 WL 5983880, at *3 (C.D. Ill. Oct. 7, 2020) (finding that a motion to modify conditions of release is akin to a motion to reopen the detention hearing under 18 U.S.C. § 3142(f)(2)(B)). Section 3142(f)(2)(B) states that a detention hearing to determine whether there will be the imposition of pretrial release conditions may be reopened only when the court finds "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such

---

magistrate and not a judge from a different district—imposed the current conditions of release on the defendant. *See* ECF Nos. 112, 242, 252. Section 3145 is inapplicable, here.

person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2)(B).  Notably,

> "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event.  Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened."

*United States v. Quinones*, 13-CR-83S, 2016 WL 1694998 (W.D.N.Y. Apr. 28, 2016).

If a defendant establishes a changed situation or new information warranting consideration of a modification, a court then must consider "the statutory standards applicable to the setting of bail." *United States v. Zuccaro*, 645 F.2d 104, 106 (2d Cir. 1981). Specifically, a court "considers the nature and circumstances of the offenses charged, the weight of the evidence against the defendant, the defendant's personal characteristics and criminal history, and the nature of the danger to the community posed by modification." *See Dzhamgarova*, 2021 WL 3113036, at *1 (citing 18 U.S.C. § 3142(g)).

## ARGUMENT

The defendant has failed to present any new information or changed circumstances warranting reconsideration of his conditions of release.  Even if the defendant were able to surmount the threshold of providing new information or changed circumstances, this Court's imposition of the current conditions of release remains appropriate given the nature and circumstances of the offense charged, the defendant's history, and the danger posed by the defendant's requested modifications.

I.  **THE DEFENDANT HAS FAILED TO PRESENT ANY NEW INFORMATION OR CHANGED CIRCUMSTANCE THAT WAS PREVIOUSLY UNKNOWN TO HIM WHEN HE LAST ASKED THIS COURT TO MODIFY HIS CONDITIONS OF RELEASE IN JANUARY 2022.**

The defendant argues that there have been three changes in circumstance since the Court rejected his motion to modify conditions of release in January 2022[2]: (1) "the revelation of the weaknesses of the evidence supporting the Federal Indictment," (2) "the discovery of the perjury committed by Ms. Nigro[,]" and (3) "the illegal phone search at the border[.]" ECF No. 337-1 at 10. None of these three baseless claims constitute new information or a change in circumstance justifying a reconsideration of the defendant's conditions of release.

As to the defendant's first and second claims of a change in circumstance, the defendant's belief about the quality of the evidence against him and his characterization of the reliability of a person the defendant believes is a government witness is not new information or a change in circumstance. The defendant knows this is not new information or a change in circumstance because the defendant made the exact same claims in January 2022 in front of this Court. *See* ECF No. 239-1 at 9–13, 16–17. And the Court denied the defendant's request to modify his conditions of release. *See* ECF Nos. 242, 252. The

---

[2] The defendant incorrectly states that the appropriate date from which to consider whether there is new information or a change in circumstance is April 2021—the date this Court originally set the defendant's current conditions of release. However, as outlined above, this Court most recently considered and reaffirmed the defendant's conditions of release in January 2022 when the defendant last moved to modify his conditions. Had the defendant obtained new information or experienced a change in circumstance prior to January 2022, the defendant had the opportunity to present that information to the Court then. As the government will explain below, the information presented by the defendant in the instant motion is not new information or a change of circumstance regardless of whether the pertinent date for consideration is April 2021 or January 2022. Regardless of which date applies, the government's arguments remain the same.

defendant cannot legitimately rehash old arguments and concomitantly claim those arguments constitute new information or a change in circumstance.

Even if the defendant had not made the exact same arguments in his most recent request to modify his conditions of release, these claims would still not constitute a change in circumstance. As the court said in *Quinones*, "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." 2016 WL 1694998, at *1. All the defendant does, here, and as he did in January 2022, is exactly what the court in *Quinones* said was insufficient to constitute "new information." Namely, the defendant suggests that, in his view, the evidence against him is weak. This self-serving characterization is not new information or a change in circumstance.

The defendant's final claim that the search of his cell phone at the United States border on April 27, 2019, constitutes a change in circumstance since January 2022, belies logic. The defendant has sought leave to untimely file a motion to suppress based on the search of his cell phone at the U.S. border. *See* ECF No. 320. In denying the defendant's motion to untimely file his suppression motion, Magistrate Judge Roemer stated, "by no later than early April of 2021 . . . it would have been more than clear to Gerace and his attorneys that (1) a warrantless border search of Gerace's phone had occurred on April 27, 2019 and (2) the Government intended to introduce evidence obtained from that search in their prosecution of Gerace." ECF No. 330. To argue that information known to the defendant and his lawyers

9

by April 2021, at the latest, is somehow a change in circumstance that occurred after January 2022, is illogical, and has no bearing on the conditions of his release.

The defendant has not presented any new information or change in circumstances. His inability to do so should be dispositive of his request to modify his conditions. The motion should be denied.

II. **IF THE COURT FINDS THE DEFENDANT HAS ESTABLISHED THE EXISTENCE OF NEW INFORMATION OR A CHANGE IN CIRCUMSTANCE, THE COURT SHOULD STILL NOT MODIFY THE DEFENDANT'S CONDITIONS OF RELEASE.**

Even if the Court finds the defendant has established the existence of new information or a change in circumstance, the Court should maintain the defendant's conditions of release as they currently are. Those conditions provide the least restrictive means of ensuring the safety of the community and that the defendant will appear at court hearings. The defendant's requested modifications disregard the specifics of the crimes with which he is charged, his history with U.S. Probation, and the specifics of the posture of this case.

In this case, the Second Superseding Indictment plainly establishes that the defendant has used Pharaoh's to engage in serious federal crimes. *See* ECF No. 89. In returning the Second Superseding Indictment, the grand jury found probable cause that, among other things, the defendant paid bribes to protect himself and his business from federal narcotics investigations (*see* Count 2, ¶¶ 7, 9, 18); that the DEA agent that the defendant bribed interceded on the defendant's behalf with U.S. Probation and made false representations to the FBI that the defendant was a DEA informant in order to dissuade the FBI from continuing

10

an investigation into the defendant and Pharaoh's (*id.* at ¶¶ 8,10, 11, 13, 14, 19); that the defendant called the DEA agent he was bribing after a stripper overdosed at Pharaoh's whereupon the co-defendant DEA agent advised the defendant to "get her [the overdosing stripper] out" of Pharaoh's (*id.* at ¶26); that the defendant possessed with intent to distribute and distributed cocaine over an approximate thirteen-year period (*id.* at ¶34); that several female dancers overdosed in Pharaoh's over an approximate nine-year period (*id.* at ¶35); and, that the defendant maintained Pharaoh's to facilitate prostitution, to obtain sex in exchange for drugs and money, and for use and distribution of cocaine, cocaine base, Adderall, marijuana, and heroin (*id.* at ¶36; *see also* Counts 6–9).

Moreover, as detailed in the Pretrial Services Report, on June 26, 2006, the defendant was convicted of a federal felony, namely, Conspiracy to Defraud the United States, and United States District Court Judge William M. Skretny sentenced the defendant to five months of imprisonment to be followed by 36 months of supervised release. While on Supervised Release in that case, the defendant reported that he was employed at his parents' restaurant, Pietro's Restaurant on Transit Road. However, U.S. Probation received information that the defendant was, in fact, operating Pharaoh's and distributing cocaine from that location. As such, the defendant's history and instant charges show that the defendant has continually and repeatedly used Pharaoh's as a place to conduct unlawful conduct regardless of any type of supervision from the Court. Additionally, as outlined above, the defendant lied to U.S. Probation after his initial arraignment in this case.

Finally, the posture of this case warrants the Court's attention if it considers modifying the defendant's conditions of release as requested. The government is prepared to begin producing Jencks Act material to counsel for both the defendant and his co-defendant upon entry of a protective order. This means that in the coming months, counsel for the defendant, and eventually the defendant, himself, will learn the identities and statements of potential government witnesses. The risk to the community by someone accused of conspiring to commit sex trafficking, drug trafficking, and corruption offenses only increases when the defendant can identify exactly who has made allegations against him and what those individuals said.

The information the defendant presents in the instant motion does not warrant a modification of his conditions of release. That the defendant thinks the case against him is weak or that the defendant's probation officer believes the defendant has complied with his conditions of release in this case does not make the defendant any less of a danger to the community. To suggest that any of the information the defendant presents would change the Court's calculus on the danger the defendant presents shows a lack of acknowledgement by the defendant of the seriousness of the allegations against him.

The government acknowledges that pretrial release conditions may make it more difficult for the defendant to conduct himself however he wishes. But a grand jury found probable cause that the defendant committed serious federal crimes, the defendant lied to U.S. Probation after his arrest, and the defendant has a history of engaging in criminal conduct at Pharaoh's while under the supervision of the Court. The defendant should not be given a free

pass to continue to operate as he did prior to being indicted.  The Court properly found the current conditions of release were necessary to protect the community.  Nothing has changed since the Court made that finding.

## CONCLUSION

The government respectfully urges the Court to deny the defendant's motion.

|  |  |
|---|---|
| COREY R. AMUNDSON<br>U.S. Department of Justice<br>Chief, Public Integrity Section | TRINI E. ROSS<br>United States Attorney |

BY:  s/JORDAN DICKSON
     Trial Attorney
     Public Integrity Section
     U.S. Department of Justice
     Criminal Division
     1301 New York Ave. NW, Ste. 1000
     Washington, D.C. 20530
     202-597-0508
     jordan.dickson@usdoj.gov

BY:  s/JOSEPH M. TRIPI
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York 14202
     716.843.5839
     Joseph.Tripi@usdoj.gov

BY:  s/DAVID J. RUDROFF
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York  14202
     716/843-5806
     David.Rudroff@usdoj.gov

BY:  s/NICHOLAS T. COOPER
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York  14202
     716/843-5830
     Nicholas.Cooper@usdoj.gov