UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-
                                                Case No. 19-CR-227

**JOSEPH BONGIOVANNI,**
**PETER GERACE, JR.**

                Defendants.

---

## REPLY IN FURTHER SUPPORT OF DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION

Defendant Gerace submits this in Reply to the Government's opposition (Dkt 353) to our objections to the Magistrate Judge's Report, Recommendation, and Order dated December 19, 2022. (Dkt 330). We respectfully reject the Government's assertion that Gerace raises claims for the first time in his objection. We also respectfully reject the Government's claim that Gerace has not established, and cannot establish, good cause to file this motion after the deadline set by the Court.

The Government claims that Mr. Gerace did not identify a due process violation by setting a pretrial motion deadline before trial before the Magistrate Judge. This assertion is a misreading of Mr. Gerace's argument. Mr. Gerace made clear in his Response in Support of his Motion for Leave to File a Motion to Suppress that he is not disputing the Court's ability to set a scheduling order under FRCRP 12(c)(1) or its ability to extend or reset the deadline any time before trial. Mr. Gerace argued his motion wasn't untimely due to an informal extension of the deadline, and that the Court can extend or reset the deadline at any time before trial. (Dkt 327, 2).

{H3645117.1}
                                                  1

Mr. Gerace asserts that the Magistrate's failure to extend or reset the deadline upon Mr. Gerace's reasonable request violates his Due Process rights under the Constitution because the Defendant cannot properly have his motion to suppress considered by the Court.

To the extent that the Magistrate Judge's Report and Recommendations (Dkt. 330) violated Mr. Gerace's Due Process rights, this issue could not be addressed before the Magistrate Judge issued his report and recommendations. Accordingly, in his Declaration Showing Cause, Mr. Gerace asserted that he "…has not had the opportunity to have this Court address the asserted violations of [his] Constitutional rights." (Dkt 316 ¶ 33). Mr. Gerace brought this argument up to the extent possible before the Magistrate Judge and is now reasserting it.

The Government asserts that courts around the country routinely deny as untimely motions to suppress that are made before trial, but after the Rule 12 deadline. (Dkt 353, 13). However, none of these cases cited by the Government are applicable here due to the statutory requirement that this Court make a *de novo* determination of the proposed findings of the Magistrate Judge. See U.S.C. § 636(b)(1). The relevant section reads:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

The cited cases support a determination that it is not necessarily an abuse of discretion for a Judge to deny leave to file a motion to suppress if filed after a deadline set by the Court before trial. However, they do not to any extent prevent this Court under a *de novo* standard from properly considering whether under the current circumstances a denial of leave to file will result in a denial of Mr. Gerace's Due Process rights.

Additionally, none of the Second Circuit case law cited by the government justifies its refusal to deny Mr. Gerace leave to file his Motion to suppress. In United States v. Kopp, the criminal defendant withdrew his original motion to suppress with the intention of getting a strategic benefit. 562 F.3d 141, 143 (2d Cir. 2009). Further, the defendant in that case failed to show how he was prejudiced by the denial of his suppression motion.

Here, Mr. Gerace has not had the opportunity to present his motion to suppress before the Court. Additionally, Mr. Gerace has asserted the prejudice he would suffer as a result of the Court's failure to hear his Motion to suppress is insurmountable. (Dkt. 341, 12).

In United States v. Howard, counsel offered no reason for her failure to discuss with her client the circumstances of his arrest before the court's April 26 deadline. 998 F.2d 42, 52 (2d Cir. 1993). By contrast, Mr. Gerace has shown law and facts that were not available to him prior to the pretrial motion deadline. Accordingly, this Court should review the Court's denial *de novo* and properly grant Mr. Gerace leave to file his Motion to Suppress in accordance with his Due Process rights.

The Government also asserts that Mr. Gerace did not raise the argument that the deterrence effect of suppressing evidence amounts to good cause. However, Mr. Gerace laid out the gravamen of his argument in his Declaration in Support before the Magistrate Judge:

> DHS Agent Ryan as case agent for this prosecution, and at the behest of the United States Attorney's Office – Dept. of Justice, not Dept. of Homeland Security – used the border exceptions and DHS to circumvent the warrant requirements to which the Dept. of Justice is routinely and constitutionally held. (Dkt. 316-1, 9).

Mr. Gerace also addressed the matter in his Response:

> It is Defendant's position that the Government acted in bad faith by violating its own policies to circumvent the 4th Amendment warrant requirement. This Court is asked to consider the propriety

>of the Government's conduct to avoid what appears to be a systematic practice of governmental overreach. (Dkt 327, 6).

It appears that the government believes this issue wasn't raised because the words "deterrence effect equals good cause" wasn't included. Mr. Gerace argues it is clear from the above arguments that Mr. Gerace was asserting that the Government's bad conduct provided good cause in itself.

Further, the Government only addresses its own conduct in a footnote, claiming there is no deterrent effect to be had as there is no government misconduct to dissuade. Respectfully, this is blatantly false. Mr. Gerace's proposed Motion to Suppress that was included as an exhibit before the Magistrate (Dkt. 3316-2) clearly evidences violations of internal policy by the government and clear disregard of Constitutional protections. The government's failure to address its apparent violations of internal policy and Constitutional law demonstrates clear cause why this Court needs to address this matter on the merits.

Mr. Gerace has set forth numerous reasons the Motion to Suppress was not filed by the Court's pretrial deadline which establish good cause under FRCP 12. Such good cause includes: (1) Mr. Cohen became lead counselor on this case on August 10, 2021, one month after the pretrial motion deadline passed; (2) The departure of criminal department associate Harmony Healy, who was tasked with studying and familiarizing herself with the more than 860,000 items of "evidence," caused great setbacks in this case. This left us with the need to re-review hundreds of thousands of documents in addition to interviewing more than 100 witnesses; (3) We were alerted to several factual distinctions and Customs and Border Patrol policies during an evidentiary hearing, held on November 18, 2021, four months after the pre-trial motion deadline passed, regarding Mr. Gerace's co-defendant Joseph Bongiovanni's Motion to Suppress; (4) Two decisions within the Second Circuit regarding warrantless cell phone searches at the border came

out after the Court's pretrial motion submission deadline passed. Magistrate Judge Roemer issued one of those decisions on August 5, 2022, regarding Bongiovanni's Motion to Suppress. (Dkt 292). Since Magistrate Judge Roemer's August 5th decision set new precedent for warrantless cell phone searches at the border within the Second Circuit, the basis for this claim could not have been known prior to that August 5, 2022, decision.

Finally, the Government does not address Mr. Gerace's contentions that he had no information of the methodology as to how the Government conducted its border search, and only learned that information at the evidentiary hearing of Co-Defendant Bongiovanni. The Government contends that the only information needed for Mr. Gerace to bring his Motion to Suppress was – (1) Mr. Gerace's cell phone had been seized and searched, (2) the search was conducted pursuant to the border search exception and without a warrant, (3) the search involved a full forensic extraction of his cell phone, and (4) the government intended to use evidence obtained from that search at trial. See (Dkt. 353, 17).

This information alone does not form the basis for his Motion to Suppress. See (Dkt. 3316-2). Mr. Gerace asserts that he could not have possibly known whether the search properly fell under the border search exception until the methodology of the search had been provided. Unsurprisingly, when the methodology was eventually revealed, it uncloaked numerous Government abuses and circumventions of their own internal policies to violate Mr. Gerace's Fourth Amendment rights.

This Court grant Defendant leave to have this Court address the Constitutional violations at issue notwithstanding the timing of the filing, for good cause due to new facts, new law, counsel difficulties, and the sheer amount of information to review.

WHEREFORE, Gerace respectfully requests that this Court not adopt Judge Roemer's Report and Recommendation and accept Mr. Gerace's motion for leave to file an untimely motion.

Dated: January 24, 2022
      Amherst, New York

                                                      */s/ Steven M. Cohen*
                                                      Steven M. Cohen, Esq.
                                                      HOGANWILLIG, PLLC.
                                                      *Attorneys for Defendant Gerace*
                                                      2410 N. Forest Rd., 3rd Floor
                                                      Amherst, New York 14068
                                                      (716) 636-7600
                                                      scohen@hoganwillig.com