UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                  19-CR-227 (JLS) (MJR)

PETER GERACE, JR.,

          Defendant.
_____

## DECISION AND ORDER

      Defendant Peter Gerace, Jr. is charged in the eighteen-count second superseding indictment with offenses related to defrauding the United States, bribery, distributing controlled substances, obstruction of justice, and sex trafficking. Dkt. 89. Trial is set to commence for Gerace and his co-defendant, Joseph Bongiovanni, on June 21, 2023.[1]

      Gerace filed numerous pre-trial motions—including a motion to suppress evidence seized from his home, business, and cell phone, based on the purported untrustworthiness of the warrant—on July 12, 2021, consistent with the operative scheduling order. Dkt. 147; *see also* Dkt. 142. United States Magistrate Judge Michael J. Roemer, who was designated to hear and determine, and report and recommend on, all pre-trial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), issued a Report, Recommendation, and Order on Gerace's motions on August 5, 2022. Dkt. 92; Dkt. 291.

---

[1] Both Gerace and Bongiovanni have severance motions pending with this Court.

While objections to that Report, Recommendation, and Order were pending with this Court[2]—and after this Court had set an oral argument date on those objections—on October 28, 2022, Gerace asked Judge Roemer for permission to file an oversized brief in support of a new suppression motion. Dkt. 311. Judge Roemer directed Gerace to show cause why this proposed suppression motion would be timely. Dkt. 312. After receiving briefing from the parties, Judge Roemer issued a Report and Recommendation ("R&R") on December 19, 2022, recommending that this Court deny Gerace leave to file an untimely suppression motion and deem the proposed suppression issue waived. Dkt. 330.

Gerace objected to the R&R, arguing that the R&R erred by: (1) concluding that his proposed suppression motion is untimely because scheduling order deadlines may not violate due process; and (2) failing to consider all his proffered reasons to find that good cause exists to file a late suppression motion. Dkt. 341. The Government opposed Gerace's objections, and Gerace filed a reply in further support. Dkt. 353; Dkt. 364.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). A district court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

---

[2] This Court ultimately resolved Gerace's pre-trial motions on November 22, 2022. Dkt. 319.

2

This Court carefully reviewed Judge Roemer's recommendations to deny Gerace leave to file a late suppression motion and to deem the suppression issues raised in the proposed motion waived, as well as the relevant record. Gerace does not identify a reason to disturb Judge Roemer's analysis on these facts, especially considering the Second Circuit cases that affirmed similar outcomes. *See, e.g.*, *United States v. Moore*, 541 F. App'x 37, 39 (2d Cir. 2013) (affirming district court's "decision not to entertain" suppression motion filed eight months after the court's deadline but before trial, citing Federal Rule of Criminal Procedure 12); *United States v. Kopp*, 562 F.3d 141, 143 (2d Cir. 2009) (citing Rule 12, and stating that "[a] party waives its ability to move to suppress evidence if it fails to do so by the pre-trial deadline set by the court, except that the district court may grant relief from that waiver '[f]or good cause'"); *United States v. Howard*, 998 F.2d 42, 51–52 (2d Cir. 1993) (affirming district court's denial of leave to file late suppression motion under Rule 12, where defendant sought leave thirty-nine days after the pre-trial motions deadline and did not demonstrate good cause).

Gerace's due process argument does not change the analysis. As another court has recognized, albeit in a different context: "The mandatory waiver provided for in Rule 12[] . . . applies whatever may be the claimed basis for the application of the exclusionary rule, including claims that evidence was obtained as a result of an illegal search and seizure under the Fourth Amendment." *See United States v. Michalek*, 819 F. Supp. 250, 261 (W.D.N.Y. 1993), *aff'd*, 9 F.3d 1536 (2d Cir. 1993). Even such "fundamental constitutional rights" as the "Fourth Amendment right to

be free from unreasonable searches and seizures" are "waived by reason of a defendant's failure to raise them within the time frame established by the trial court." *Id.* at 262. Upon its *de novo* review, therefore, the Court accepts and adopts Judge Roemer's recommendation to deny Gerace leave to file a late suppression motion.

For the reasons above and in the R&R, the Court accepts and adopts Judge Roemer's R&R (Dkt. 330) and denies Gerace's motion for leave to file a late suppression motion (Dkt. 316). Further proceedings shall continue according to this Court's pretrial order (Dkt. 325).

SO ORDERED.

Dated:   February 6, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE