IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                      19-CR-227-JLS

PETER GERACE JR.,

                Defendant.

---

## NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF CUSTODIAL STATUS AND FOR REVOCATION OF ORDER OF RELEASE

**PLEASE TAKE NOTICE**, that upon the annexed Affidavit of Joseph M. Tripi, Assistant United States Attorney, the government moves this Court before the Honorable John L. Sinatra, Jr., United States District Court Judge, Buffalo, New York, for an Order reconsidering and revoking the defendant's Release Order pursuant to Title 18, United States Code, Sections 3141(a), 3142(f)(2)(B), 3147, 3148(b)(1)(A) and (b)(1)(B), and for such other relief as may be proper.

    DATED: Buffalo, New York, March 30, 2023.

                                              TRINI E. ROSS
                                              United States Attorney

                    BY:    s/JOSEPH M. TRIPI
                            Assistant United States Attorney
                            United States Attorney's Office
                            Western District of New York
                            138 Delaware Avenue
                            Buffalo, New York 14202
                            716/843-5839
                            Joseph.Tripi@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                              19-CR-227-JLS

PETER GERACE JR.,

            Defendant.

---

### AFFIDAVIT

STATE OF NEW YORK  )
COUNTY OF ERIE      )    SS:
CITY OF BUFFALO    )

**JOSEPH M. TRIPI**, being duly sworn, deposes and states:

1. I am an Assistant United States Attorney for the Western District of New York and assigned to my office's file concerning this action.

2. On March 27, 2023, the defendant was ordered detained pending trial on a new indictment, which charges the defendant with witness tampering and distribution of cocaine. See Case No. 23-CR-037-JLS; Dkt. Nos. 1, 8.

3. The detention order in Case No. 23-CR-037-JLS was issued after the government made detailed proffers to the Court, which provided new and additional information about the defendant. The Court made detailed findings on the record in issuing

its detention decision on March 27, 2023.  See Case No. 23-CR-037-JLS; Dkt. No. 8 (citing to transcript of proceedings on March 24, 2023 and March 27, 2023).

4.      Title 18, United States Code, Section 3141(a) gives "judicial officers" authority to make determinations regarding bail in all stages of a criminal case, up to and including the trial stage.

5.      Title 18, United States Code, Section 3142(f)(2)(B) provides that a detention hearing may be reopened at any time before trial if the judicial officers finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue of detention or release.  Here, although the government initially consented to release on conditions when the defendant was arrested in Florida, there was new and additional information learned by the movant and proffered to the Court on March 24, 2023 and March 27, 2023, in Case No. 23-CR-037-JLS, which bear upon the defendant's release conditions in this case.

6.      Title 18, United States Code, Section 3148(b) "sets forth the basis for revoking an order of release where a defendant violates the conditions of his release or commits a crime while on release."  United States v. Parker, 65 F. Supp. 3d 358, 362 (W.D.N.Y. 2014).  Here, during argument in support of detention in Case No. 23-CR-037-JLS, the government proffered extensive information establishing probable cause that the defendant made several material false statements in support of his application (and subsequent loan modifications) for an EIDL loan through the Small Business Administration.

These statements included false representations that: (i) applicant does not present live performances of a prurient sexual nature; (ii) applicant is not engaged in any illegal activity; and, (iii) for any criminal offense […] applicant has never been convicted, plead guilty, […] or been placed on any form or parole or probation.

7.  The defendant's false representations on the EIDL loan application, and in subsequent certifications of the accuracy of the information contained in the loan application, resulted in a fraudulently obtained $2,000,000 EIDL loan to the defendant's business, Pharaohs Gentlemen's Club.  Notably, as proffered by the government and demonstrated by supporting documents presented to the Court during argument on March 27, 2023, the defendant made two loan modifications, and certified his prior false statements in his EIDL loan application as true, after he was placed on conditions of release in this case.  Accordingly, based upon the proffers this Court heard on March 24, 2023 and March 27, 2023, there is probable cause to believe the defendant committed another federal, state, or local crime while on pre-trial release (including wire fraud and other federal offenses).  See 18 U.S.C. § 3148(b)(1)(A)-(B).[1]

8.  Under Section 3148(b), first, the Court must determine if either (1) there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release," or (2) there is "clear and convincing evidence that the person has violated any

---

[1] The government further indicated during its proffers that it anticipates additional charges pertaining to the defendant's EIDL loan fraud.  Once those charges are filed, Title 18, United States Code, Section 3147(1) provides that the defendant shall be sentenced to an additional term of imprisonment, up to 10 years, for committing a new crime while on release.

other condition of release...." 18 U.S.C. § 3148(b)(1)(A)-(B).  Second, the Court must find either (1) that "there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community," or (2) that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2)(A)-(B).  The second inquiry has a preponderance of the evidence standard.  United States v. Gotti, 794 F.2d 773, 778 (2d Cir. 1986).  Here, as evidenced below, the defendant's fraudulent criminal activity in procuring a fraudulent EIDL loan in the amount of $2,000,000 while on release triggers the necessary elements under Section 3148(b) to order the defendant detained pending trial in Case No. 19-CR-227-JLS.

9. Condition 5 of the defendant's standard release conditions signed March 2, 2021, by United States Magistrate Judge Alicia O. Valle, in the Southern District of Florida, stated that the defendant "must not violate any federal, state, or local law while on release in this case."  Dkt. 93.

10. Condition 1 of the defendant's Order Setting Conditions of Release signed on March 19, 2021, by United States Magistrate Judge Michael J. Roemer stated that "[t]he defendant shall not commit any offense in violation of federal, state, or local law while on release in this case." Dkt. 105.

11. Subsequent modifications of the defendant's release conditions did not alter the requirement that "[t]he defendant shall not commit any offense in violation of federal, state,

or local law while on release in this case." See Dkt. Nos. 112 and 361.

12.     As described by the government during proffers to this Court on March 24 and 27, 2023, in Case No. 23-CR-037-JLS, the defendant violated his conditions of release. There is probable cause to believe he committed EIDL loan fraud in an amount of $2,000,000 in violation of the condition that he shall not commit any offense in violation of federal, state, or local law while on release in this case.

13.     As a result of the foregoing, and consistent with the Court's Detention Order in Case No. 23-CR-037 (see Dkt. 8) the Court should reconsider the defendant's release, order the defendant detained pending trial, and revoke the defendant's release order in Case No. 19-CR-227-JLS.

DATED:  Buffalo, New York, March 30, 2023.

TRINI E. ROSS
United States Attorney

BY:     s/JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5839
Joseph.Tripi@usdoj.gov

Subscribed and sworn to before me this
30th day of March 2023.

s/ELIZABETH HARF, Commissioner of Deeds
In and for the City of Buffalo, New York.
My Commission Expires Dec. 31, 2024