UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.  Case No. 19-CR-227

PETER GERACE, JR.

                Defendant.
_____

## GERACE'S OPPOSITION TO GOVERNMENT'S MOTION TO RECONSIDER CUSTODIAL STATUS AND REVOCATION OF ORDER OF RELEASE

LIPPES MATHIAS LLP

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com

Eric M. Soehnlein, Esq. deposes and says the following under penalty of perjury:

1. I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York. I am co-counsel to Peter Gerace, Jr. in the above matter. As such, I am fully familiar with the facts and circumstances of this case.

2. I make this declaration in opposition to the Government's Motion for Reconsideration of Custodial Status and for Revocation of Order of Release (Dkt. #413). In doing so, I explicitly adopt, rely upon and incorporate the defense proffer in Case No. 23-CR-037-JLS on March 24 and March 27, 2023.

3. Terms and conditions exist that will ensure Mr. Gerace's return to court, guard against any risk of flight, and safeguard the community while his cases proceed toward trial. The Court should release Mr. Gerace on such terms and conditions.

4. Counsel provides this declaration to amplify and clarify facts that are pertinent to these issues.

### I. The Government's Proffer

5. As a threshold matter, much of the Government's proffer in support of detention had nothing to do with detention or the analysis that should have been done by the Court. In it's proffer, the Government relied on numerous

unsupported and salacious allegations, nearly all of which occurred in 2019 before Mr. Gerace was indicted in this case.

6. Critically, we believe much of the proffer came from a witness identified by the defense in a related motion who, defense counsel believes, provided material and demonstrably false information to the grand jury. Allegations based on the testimony of that witness must be disregarded in their entirety.

7. More notably, since he was indicted in 2019, he has not violated any term or condition of his supervised release. He has abided by its terms and conditions for two and a half years. The Court explicitly found that that rebutted the presumption against release in the 23-CR-37 case.

8. In that regard, it is noteworthy that Probation recommended (and continues to recommend) that Mr. Gerace be released. Simply put, the facts of this case demonstrate there are terms and conditions that will ensure the safety of the community, mitigate any real or perceived risk of flight, and will ensure Mr. Gerace's return to Court.

## II. The Timing of the New Indictment is Suspect

9. The conduct in the new indictment occurred in 2019, prior to Mr. Gerace's being charged in this case. By the Government's admission, it had knowledge of the text messages and other allegations for several years prior to the new indictment.

10. Days before the new indictment was returned, Mr. Gerace made a motion for additional access to 3500 material. Counsels' review of the material at issue suggested material falsehoods and misleading statements made before the grand jury. In order to ensure appropriate motions were made, counsel sought the opportunity to review the material with Mr. Gerace.

11. Three days after the motion was made, the Government indicted Mr. Gerace on the new charges that had occurred several years prior. By the Government's admission, the final witness was put into the grand jury after Mr. Gerace had made the motion for access to discovery.

### III. The Government Misconstrues Mr. Gerace's Relationship with Law Enforcement

12. Much of the Government's proffer misconstrued Mr. Gerace's relationship with a detective in the Amherst Police Department. There is nothing improper about that relationship, however. Indeed, upon information and belief, that individual is a respected and esteemed member of the Department.

13. By way of background, Mr. Gerace was first contacted by Amherst Police when his ex-wife made a number of unsubstantiated allegations against him.

14. Mr. Gerace cooperated with inquiries from law enforcement, providing them access to cell phone and financial records in connection to their investigation.

15. Through that investigation, law enforcement learned the allegations against Mr. Gerace were false. Ultimately the investigation led to the arrest of Mr. Gerace's ex-wife.

16. Amherst Police remained in contact with Mr. Gerace because his ex-wife continued to make unsupported and false allegations to other law enforcement agencies, including the New York State Police and Erie County Sheriff's Office.

17. Through the course of those allegations, Amherst Police was often contacted to share the results of their investigation.

18. Through that process, Mr. Gerace came to know members of law enforcement. He continues to be friendly with those individuals. However, there is nothing improper about that friendship. Indeed, if there were, we trust the Government would have shared that information with the Court in the course of its proffer.

### IV. The Government Misrepresented Alleged Fears of Government Witnesses

19. Key to the Government's proffer were allegations about Mr. Gerace's relationship with his ex-wife. Those allegations were false.

20. Mr. Gerace's ex-wife appeared in Court on March 27 to support his application to be released in the case.

21. Notably, she indicated to defense counsel that the Government's proffer regarding Mr. Gerace's influence over a New York State Supreme Court judge to effectuate the name change of their son was false. Contrary to the

allegations of the Government, the name change was done with hew knowledge, consent and input, and it was a process that took several months.

22.     More critically, Mr. Gerace's ex-wife indicated she is not afraid of Mr. Gerace.  She supports his release.  She believes he is an important support mechanism for their son.  She believes he is safe to be around, is safe for her son to be around, and she believes he should be released while this case is pending.

## V.     The Court Should Not Rely on Allegations Regarding COVID Era Loans

23.     We believe a review of the facts and circumstances of Mr. Gerace's business's EIDL application shows he has valid defenses to the allegations made by the Government and demonstrates efforts at compliance with the law.

24.     The EIDL program was part of the Federal Government's COVID assistance package.  Mr. Gerace, like many other business owners, was solicited by a private lender to apply for the loans.

25.     Working with his accountant and individuals at the lender, Mr. Gerace prepared the loan applications.  He believed at the time that he filled out the application appropriately.  He relied on the advice and guidance of individuals he trusted in that regard.

26.     Perhaps more importantly, the record shows Mr. Gerace's business used the money appropriately and that he is repaying the loans –with interest – as contemplated by the program.

27.   Further, as stated in the defense proffer, we do not believe Mr. Gerace's business' application for EIDL loans – and Mr. Gerace's efforts to abide by the terms and conditions of those loans – speaks to detention in this case.

## VI.   Conclusion

28.   Mr. Gerace has been supervised for two and half years.  There is no allegation that he has violated the terms or conditions of his release or that he has attempted to threaten or intimidate witnesses during that time.  The allegations the Government relies upon occurred several years ago, and they do not suggest Mr. Gerace should be incarcerated while this matter is pending.

29.   Simply put, terms and conditions exist that will ensure Mr. Gerace's return to court, guard against any risk of flight, and safeguard the community while his cases proceed toward trial.  We respectfully request that the Court should release Mr. Gerace on such terms and conditions.

DATED:   April 4, 2023
         Buffalo, New York

LIPPES MATHIAS LLP

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com