UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                                              CASE NO. 1:19-CR-00227-JLS-MJR-3

JOHN BONGIOVANNI AND
PETER GERACE, JR.

_____

# MEMORANDUM OF LAW IN OPPOSITION TO GOVERNMENT'S MOTION TO JOIN THE SECOND SUPERSEDING INDICTMENT

LIPPES MATHIAS LLP

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com

Defendant, Peter Gerace, Jr., provides the following memorandum in opposition to the Government's motion to join the Second Superseding Indictment in Case No. 19-CR-227-JLS with the Indictment in Case No. 23-CR-037-JLS.  For the reasons set forth below, we respectfully request that the Government's motion be denied.

I. Introduction

In 2019, the Government charged Mr. Gerace with conspiring to defraud the United States, paying a bribe to a public official, maintaining a drug involved premises, conspiracy to distribute a controlled substance, and conspiracy to commit sex trafficking.  On March 24, 2023, the Government charged Mr. Gerace again, in a separate four count indictment, alleging witness tampering and possession with intent to distribute and distribution of cocaine.  As the Court knows, the alleged witness tampering occurred through messages sent on social media by a third party on Mr. Gerace's behalf.

The Government seeks to join the indictments, alleging the charges are part of a common scheme or plan and are logically connected to one another.  Notably, there is no allegation that the substantive counts in the first indictment involve witness tampering, intimidation, electronic messaging or the use of third parties to intimidate or effectuate the plans.  There is also no allegation that the acts alleged in the new indictment furthered the charges of defrauding the United States, bribing a public official, maintaining a drug involved premises or conspiring to

commit sex trafficking.  As such, joining the indictments at trial will unfairly prejudice Mr. Gerace, and the Court should not grand the Government's motion.

## II.   Legal Standard

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of multiple offenses.  It allows joinder in three circumstances: (1) when the offenses "are of the same of similar character;" (2) when the offenses are "based on the same act or transaction;" and (3) when the offenses are "connected with or constitute parts of a common scheme of plan." *United States v. Scali*, 820 Fed. Appx. 23 (2d Cir. 2020).  Where offenses are not of the "same or similar character," it is prejudicial misjoinder to allow them to proceed to trial together.  *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001).  That is particularly the case where offenses were committed years apart and there is no showing that the crimes are of the same act or transaction.  *United States v. Chavis*, 296 F.3d 450 (6th Cir. 2002); *United States v. Richardson*, 161 F.3d 728, 733-34 (D.C. Cir. 1998); *United States v. Hawkins*, 776 F.3d 200 (4th Cir. 2015).  In the same vein, joinder is also improper where the Government cannot show the charges are part of the "common scheme or plan." *United States v. Mackins*, 315 F. 3d 399, 413 (4th Cir. 2003); *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001).

More critically, the law counsels that counts should be tried separately when trying them together will cause undue prejudice to a defendant.  See. Fed. R. Crim. P. 14; *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002); *United States*

*v. Adkinson*, 135 F.3d 1363, 1374 ( 11th Cir. 1998).  Undue prejudice lies where: (1) the defendant may become embarrassed or confounded in presenting separate defenses; (2) proof that defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a separate trial for the second offense; and (3) the defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.  *United States v. Jordan*, 112 F.3d 14, 16 (1st Cir. 1997); *United States v. Scivola*, 766 F.2d 31, 41-42 (1st Cir. 1985).

III. **The Court Should Deny the Government's Motion**

The Court should deny the Government's motion.

As a threshold matter, the charges of witness tampering in the new indictment are not "of the same or similar character" to those charges in the first indictment, nor are they of the same act or transaction as the counts in the first indictment.  More critically, as is noted above, the new charges were committed years after the most serious and significant acts in the first indictment and are not part of a common scheme or plan.

More seriously, trying the indictments together will cause undue prejudice to Mr. Gerace.  Indeed, not only will allegations of witness tampering unduly and unfairly prejudice Mr. Gerace at trial, but, in light of the allegations regarding the facts and circumstances of the alleged tampering, it is likely that Mr. Gerace would

wish to testify on his own behalf regarding the facts and circumstances of the tampering counts and that that testimony would force him to choose to testify as to all counts in the first indictment where he otherwise may not want to.

For the foregoing reasons, we respectfully request that the Government's motion be denied.

DATED:   Buffalo, New York
         April 7, 2023

Respectfully Submitted,

**LIPPES MATHIAS LLP**

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com