MANDATE

21-2419
United States v. Gerace

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-three.

PRESENT:
    **DENNIS JACOBS,**
    **MYRNA PÉREZ,**
    **SARAH A. L. MERRIAM**
        *Circuit Judges.*

---

**United States of America,**

      *Appellee,*

    v.                                                                                                                                       No. 21-2419

**Peter Gerace, Jr.,**

      *Defendant-Appellant.*

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | EDWARD P. YANKELUNAS (Steven Cohen, *on the brief*), HoganWillig, PLLC, Amherst, NY. |
| FOR APPELLEE: | KATHERINE A. GREGORY, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY. |

MANDATE ISSUED ON 05/26/2023

Appeal from an order of the United States District Court for the Western District of New York (John L. Sinatra, Jr., *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court entered on September 10, 2021 is **AFFIRMED**.

This case asks us to consider whether the district court abused its discretion in granting, on an *ex parte* basis, a motion to enjoin a New York State civil action that Peter Gerace, Jr. ("Gerace") filed against two individuals for defamation. The government asserts these are not just any two individuals, but rather individuals Gerace believes are witnesses in this criminal proceeding against him.[1] We hold that the district court did not abuse its discretion in granting the *ex parte* application for an injunction because the Anti-Injunction Act, 28 U.S.C. § 2283, does not bar the United States from seeking a stay of state court proceedings and because the district court properly applied a balancing test that weighed potential prejudices. Nor did the district court abuse its discretion in reviewing the injunction request *ex parte* because it found good cause. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision.

**I.    Standard of Review**

This Court reviews the issuance of an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651, for abuse of discretion. *See Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012).

We review the district court's *ex parte* consideration of the government's motion for abuse of discretion. *See United States v. Abu-Jihaad*, 630 F.3d 102, 142–43 (2d Cir. 2010); *In re Grand Jury Investigation*, 774 F.2d 34, 37 (2d Cir. 1985), *rev'd on other grounds sub nom. United States*

---

[1] We emphasize that Gerace *believes* the two individuals named in the state court defamation action are witnesses in the criminal proceedings against him. This belief has neither been confirmed nor denied given the "ongoing interest in grand jury secrecy[.]" *In re Doe*, 711 F.2d 1187, 1194 (2d Cir. 1983) (citation and quotation marks omitted).

2

*v. John Doe, Inc. I*, 481 U.S. 102 (1987).

**II.  Discussion**

    **A. The District Court Acted Within Its Discretion Regarding the Injunction**

We find that the district court acted within its discretion in granting the injunction and subsequently denying Gerace's motion to vacate.  Under the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  Relevant to this case, the All Writs Act must be read in conjunction with the Anti-Injunction Act, "which tempers the potency of the All Writs Act by limiting the circumstances under which a federal court may enjoin state court proceedings."  *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013).  Specifically, the Anti-Injunction Act provides that federal courts "may not grant an injunction to stay proceedings in a State court except [1] as expressly authorized by Act of Congress, or [2] where necessary in aid of its jurisdiction, or [3] to protect or effectuate its judgments."  28 U.S.C. § 2283.

But this case does not require us to delve into the exceptions of the Anti-Injunction Act because the Anti-Injunction Act does not apply when the government is the party seeking to enjoin state court proceedings.  *See Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 225–26 (1957).  As this Court has previously stated, *Leiter* stands for the proposition that the Anti-Injunction Act "does not bar the United States from seeking a stay of state court proceedings."  *Trump v. Vance*, 941 F.3d 631, 638 (2d Cir. 2019); *see also Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 829 (1997) ("Just as the Tax Injunction Act is inapplicable where the United States is a party, a parallel rule prevails under § 2283."); *In re Grand Jury Subpoena*, 866 F.3d 231, 233 (5th Cir. 2017) ("Although federal courts are generally prohibited from granting injunctions to stay state

court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283, that general prohibition does not apply when the United States seeks the injunction, as it does here." (footnote omitted)); 17A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4222 (3d ed. April 2022 Update) ("The Anti-Injunction Act does not apply at all when it is the United States that seeks to stay proceedings in a state court." (footnote omitted)).

Of course, injunctions sought by the government are not to be automatically granted. "The question still remains whether the granting of an injunction was proper in the circumstances of this case." *Leiter*, 352 U.S. at 226. We find, in the extraordinary circumstances presented here, that the district court properly applied a balancing test which weighed the potential prejudice to Gerace in the state civil action with the potential harm to the integrity of the criminal proceedings. *See, e.g.*, *In re Grand Jury Subpoena*, 866 F.3d at 234 ("'[t]he power to enjoin state proceedings is discretionary, allowing the [district] court to weigh those factors both pro and con to the issuance of a stay.'" (quoting *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1274 (7th Cir. 1976) (alterations in original))).

The government's interest in the injunction was to avoid compromising the criminal and grand jury proceedings by preventing the evasion of justice and abuse of potential government witnesses. The Second Superseding Indictment was filed two months prior to the injunction request. This indictment explicitly named Gerace as a co-conspirator in an alleged criminal enterprise that had access to sensitive, confidential law enforcement intelligence and used that access to evade justice. At the time the district court considered the injunction, therefore, Gerace was aware of what the government sought to prove in its charges against him, which is relevant to the government's concern that Gerace might try to intimidate whomever he thought might testify against him. In fact, at the hearing on Gerace's motion to vacate, the government stated that a co-

4

conspirator had admitted that members of the enterprise had access to the names of potential cooperators. Transcript of Proceedings at 7, *United States v. Gerace*, No. 1:19-CR-00227-JLS-MJR (W.D.N.Y. July 22, 2021), ECF No. 182. According to the government, "witnesses ha[d] reported being or feeling threatened by Mr. Gerace and/or associates of Mr. Gerace." *Id.*

The district court considered on the one hand the government's interest in protecting witnesses from threats and intimidation, preserving grand jury secrecy, and enforcing the federal criminal discovery rules, and on the other, Gerace's interest in obtaining an injunction on the state defendants' speech. Decision and Order at 6–8, *United States v. Gerace*, No. 1:19-CR-00227-JLS-MJR (W.D.N.Y. Sept. 10, 2021), ECF No. 191. Here, the potential interests of the government are considerable, whereas the potential prejudice faced by Gerace is *de minimis*. Indeed, this is exactly the type of case—where a criminal enterprise thrives off of gathering and using confidential law enforcement intelligence—that merits the relief granted by the district court. *See United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . . ."); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[T]he Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. . . . Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem to require such action . . . ." (alteration in original) (citation and quotation marks omitted)). The district court therefore did not abuse its discretion in granting the injunction and subsequently denying Gerace's motion to vacate.

**B. *Ex Parte* Review Was Also Within the District Court's Discretion**

Nor do we find that the district court abused its discretion in reviewing the injunction request *ex parte*, because the district court complied with the governing Federal Rule of Criminal Procedure. Although the injunction pertained to concerns about potential witnesses, the district court was obviously also concerned about maintaining the secrecy of grand jury proceedings, which implicates Rule 6 of the Federal Rules of Criminal Procedure. Pursuant to that Rule: "Records, orders, and subpoenas relating to grand-jury proceedings *must* be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6) (emphasis added). Additionally, where, as here, "an *in camera* submission is the only way to resolve an issue without compromising a legitimate need to preserve the secrecy of the grand jury, it is an appropriate procedure." *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994); *see also Matter of Marc Rich & Co., A.G.*, 707 F.2d 663, 670 (2d Cir. 1983) ("Although in camera submissions of affidavits are not to be routinely accepted, an exception to this general rule may be made where an ongoing interest in grand jury secrecy is at stake." (citation and quotation marks omitted)).[2]

Because the decision to review the government's motion *ex parte* was consistent with the text of the applicable Federal Rule of Criminal Procedure and our precedent, we find that the district court was within its discretion to review the materials *ex parte*.

---

[2] Gerace contends that *ex parte* consideration of the government's motion violated his Fifth Amendment right to procedural due process. *See* Appellant's Reply Brief at 2–4. "In camera proceedings are extraordinary events in the constitutional framework because they deprive the parties against whom they are directed of the root requirements of due process, *i.e.* notice setting forth the alleged misconduct with particularity and an opportunity for a hearing . . . . They can only be justified and allowed by compelling state interests." *In re Taylor*, 567 F.2d 1183, 1187–88 (2d Cir. 1977) (citations omitted). For reasons previously stated, the district court's *ex parte* consideration of the government's motion was justified by "compelling state interests," which were appropriately weighed against Gerace's "private interests that [were] affected by the court's action." *Id.* at 1188 (citation omitted).

6

1     We have considered Gerace's remaining arguments and found them to be without merit.

2   Accordingly, we **AFFIRM** the order of the district court.

3

4                                           FOR THE COURT:
5                                           Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

7