UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                         19-CR-227 (JLS) (MJR)

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

    Defendants.
_____

UNITED STATES OF AMERICA,

    v.                                                         23-CR-37 (JLS) (MJR)

PETER GERACE, JR.,

    Defendant.
_____

### MEMORANDUM IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE

**LIPPES MATHIAS LLP**

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com

2

**TIVERON LAW**

s/Steven M. Cohen
*Attorneys for Defendant*
*Peter Gerace, Jr.*
2410 N. Forest Road
Suite 301
Getzville, New York 14068
(716) 636-7600
scohen@tiveronlaw.com

Peter Gerace, Jr. submits the following memorandum in further support of his motion for pre-trial release and in accord to the Order of this Court dated May 31, 2023.

## I. The Court Should Reconsider its Detention Order

In the context of a detention order, a judicial officer has the inherent power to reconsider his or her own prior order. *United States v. Gallo*, 653 F.Supp.320 (E.D.N.Y. 1986) (adopting Federal Rule of Civil Procedure 60(b), which applies to federal criminal proceedings. *United States v. Colombo*, 616 F.Supp.780, 783 (E.D.N.Y. 1985)); *see also United States v. Ishraiteh*, 59 F.Supp.2d 160 (D. Mass. 1999). As the Court knows, Rule 60(b) counsels the Court to review its prior judgments where there is newly discovered evidence (Rule 60(b)(2)) or for "any other reason that justifies relief" (Rule 60(b)(6)).

In a similar vein, a Court can – *sua sponte* – find that it has received or become aware of new or material information that is grounds to reopen the detention hearing, regardless of whether or not the new or material information was submitted to the Court as a basis to review detention. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988) (the court was authorized to reopen the detention hearing when previously nonexistent, material information was brought to light, namely, the court's adverse ruling at the suppression hearing, which increased the likelihood of defendant's conviction). Indeed, the plain language of the statute provides: "[t]he hearing may be reopened, before or after a determination by the

3

judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f).

Here, the Court should exercise its well-established inherent authority and reopen the detention hearing.

Counsel believes the adjourned trial date, the difficulties in preparing for trial while Mr. Gerace is incarcerated, and learning of new charges against a federal cooperating witness that severely undercut that witness' credibility demonstrate the injustice of continued incarceration and should counsel the Court to reconsider its prior order.

Perhaps more importantly, the Government's bald, unsupported allegation that Mr. Gerace was involved in placing rats on the vehicle of a cooperating witness' mother and roommate undercuts the strength of the Government's proffer and, therefore, the strength of the evidence leading to Mr. Gerace's detention. The Government's apparent willingness to rely unsupported allegations, and its unwillingness (or inability) to articulate law enforcement efforts to verify or investigate the allegations highlight the weaknesses of the Government's case. Even perfunctory questions posed by the Court to the Government demonstrate the shortcomings of the Government's investigation into the allegation, the weaknesses

4

in the Government's theory, and the cavalier attitude the Government has taken to proffering facts with respect to detention.

Simply put, in response to the detention issue, the Government supplied new and clearly material information to the Court and to defense counsel. The import of that information is plain. Because the credibility (or lack thereof) of the allegations cut to the core of the detention issue, the Court should reopen the hearing to create a fulsome record and to allow both parties a full and fair opportunity to be heard.

## II. The Court Should Hold and Evidentiary Hearing

Basic logic undercuts the Government's argument. It is the witness, and not Mr. Gerace, who has the most to gain by asserting the dead rats were found near her residence after she started cooperating with law enforcement. It is the witness, and not Mr. Gerace, who has the greater means, motive and opportunity to place the dead animals on the vehicles of her roommate and mother.

The Government did not and cannot rebut this logic. The Government did not and cannot link Mr. Gerace to the dead rat incident. The Government did not and cannot rule out the possibility that someone else placed the dead rats on the vehicles. And, perhaps most critically, the Government did not and cannot rule out the possibility (or indeed, the likelihood) that the witness placed the animals there herself.

Through investigation, defense believes there is good reason to think the witness is not credible. Defense counsel believes the witness has a long history of

5

mental illness, including a history of hallucinations and other ailments that impact her relationship to objective reality.

Title 18 U.S.C. 3142(f)(2)(B) provides the defendant with certain rights at a detention hearing. Those include the right to present witnesses on his behalf, the right to cross examine witnesses who appear at the hearing, and the right to present other information or evidence to rebut proof offered by the Government. Because a detention hearing may result in a period of incarceration and other loss of liberty, a detention hearing is meant to be a "full blown adversarial hearing." *United States v. Salerno*, 481 U.S.739, 742 (1987).

Courts have interpreted the defendant's rights and the tenets of basic due process to allow the defendant to subpoena witnesses. *United States v. Hurtado*, 779 F.2d 1467 (11th Cir. 1985). "It is the court and not the Government that determines whether proceeding by proffer is acceptable in a given detention hearing." *United States v. Hammond*, 44 F.Supp.2d 743, 744 (D.Md. 1999). Where the reliability of a witness or event is central to the decision regarding detention, the defendant should be afforded the right to confront adverse witnesses. *Id*. The case law suggests there is a "conditional right" to call adverse witnesses, subject to the Court's discretion. *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987); *United States v. Winsor*, 785 F.2d 755 (9th Cir. 1986); see also *United States v. Ridinger*, 623 F. Supp. 1386 (W.D. Mo. 1985) (the Court held that in the context of a

detention hearing the Court had the authority to insist the Government provide live witness testimony to corroborate proffered hearsay testimony).

As the Court noted at oral argument, the allegations of the dead rat incident are critical to this issue. As the Court noted in its comments: "Do you see where I am? I mean, I guess the point is that absent this, you've got one set of facts. With this you've got a different set of facts, right? And I can't just dismiss it without figuring out what happened." Dkt. 500 at p. 36.

The credibility of the Government's proffer – and the reliability of whatever supporting evidence may exist – are the root of the issue. Without the dead rat allegations, Mr. Gerace has a history of compliance, a Probation Department that recommends his release, and a record that, by the Court's own findings, rebuts any presumption in favor of incarceration.

While defense counsel does not believe the Government's allegations are credible, we respectfully submit that due process and fundamental fairness should counsel the Court to hold an evidentiary hearing on this issue with live witness testimony. At a minimum, we believe that hearing should provide Mr. Gerace with the following:

1. The ability to confront the witness alleging she discovered the dead rats on the vehicle;

2. The ability to review law enforcement efforts to investigate the allegations;

3. The ability to examine law enforcement agents/investigators regarding their efforts to investigate the allegations.

### III. Conclusion

For the foregoing reasons, we respectfully request the Court reopen the detention hearing and provide Mr. Gerace with a full and fair opportunity to develop the record as is contemplated by the law.

Dated:      Buffalo, New York
               June 2, 2023

Respectfully submitted,

**LIPPES MATHIAS LLP**

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com

**TIVERON LAW**

s/Steven M. Cohen
*Attorneys for Defendant*
*Peter Gerace, Jr.*
2410 N. Forest Road
Suite 301
Getzville, New York 14068
(716) 636-7600
scohen@tiveronlaw.com