UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

        Defendants.

19-CR-227 (JLS) (MJR)

---

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,

        Defendant.

23-CR-37 (JLS) (MJR)

---

## DECISION AND ORDER

At the conclusion of the detention hearing on March 27, 2023, the Court determined that the statutory factors, facts, and circumstances before it required Defendant Peter Gerace, Jr.'s detention pending trial:

> I've heard everything I heard on Friday[, March 24, 2023] and today, all pursuant to the factors in [18 U.S.C. § 3142(g)], which I've studied at length.
>
> Like I noted on Friday, a major focus for me is how I'm to weigh Mr. Gerace's compliance with the conditions in the 19-CR-227 case, on the one hand, with several items to kind of—[to] counter [that] and stand in the face of that; and things like the new detail that I've heard from [the Government] surrounding the Facebook incident, which resulted in the three counts of indicted conduct related to the Facebook incident in this case, including the corroboration of those details.

> Also new to me is the Government's proffer about Mr. Gerace referring to the victim witness as a snitch prior to the November 19, 2019 alleged conduct, and in real time as well.
>
> I still have some concerns as well about the Government's proffer about Mr. Gerace's apparent willingness to use his contacts in the legal system to improperly disadvantage those perceived as being against him.
>
> And there, in part, I'm concerned about [two incidents] that I heard about on Friday as well.
>
> The cocaine and drug supplying and prostitution [proffers] aren't good facts either.
>
> The loan application [proffers], at a minimum, present recent untrustworthy activity from June, 2020 and July, 2021. Some of that activity after [Mr. Gerace was] release[d] in the 19-CR case.
>
> And in particular, noteworthy is the denial of prior convictions and current indictment, among other items on those applications.
>
> I also note that—I don't know if I need to note that, but I note that witness tampering is something that goes to the heart of the justice system.
>
> And I think that's something that, at a minimum, [*United States v. LaFontaine*, 210 F.3d 125 (2d Cir. 2000),] accounts for and speaks to.
>
> Taking into account all of the [Section 3142(g)] factors, including defendant's past conduct and how that relates to the safety of witnesses in this case and the safety of witnesses in the 19-CR case, I note that defendant's record of compliance is sufficient to rebut the presumption in [Section 3142(e)(3)].
>
> Nevertheless, I find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person [and] the community, especially vis-a-vis witnesses against Mr. Gerace.

Dkt. 15 (23-CR-37), at 32–34.

On May 24, 2023, Gerace moved to re-open the detention hearing and for pretrial release (Dkt. 491; Dkt. 493), which the Government opposed (Dkt. 497; Dkt.

498). The Court heard oral argument on May 31, 2023, and received supplemental briefing from Gerace and the Government. Dkt. 501; Dkt. 502; Dkt. 503.

The Court has painstakingly considered all arguments on both sides, balancing Gerace's liberty interest with the need for witness and public safety—specifically, how the existing factors bear on whether the Court can conclude, by clear and convincing evidence, that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." *See* 18 U.S.C. § 3142(f). Here, as in all cases, the Court is aware of the need for a careful balance of the competing concerns involved in the analysis of pre-trial release or detention, as well as the implications for Gerace and the public based on where the balance is struck. *See generally United States v. Salerno*, 481 U.S. 739, 746–47, 755 (1987).

In sum, the Court has reviewed the parties' proffers, arguments, and written submissions and identifies no basis, on this record, to grant Gerace's motion for pre-trial release.[1] The Court therefore denies Gerace's motion to re-open the detention hearing and for pre-trial release (Dkt. 491), in its entirety.

SO ORDERED.

Dated: June 6, 2023
       Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] At the May 31, 2023 oral argument, the Court denied the portion of Gerace's motion that sought to re-open the detention hearing.