UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA


      v.                            CASE No. 1:19-CR-00227-JLS-MJR-3

JOHN BONGIOVANNI AND
PETER GERACE, JR.

          DEFENDANTS.
_____



## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

### LIPPES MATHIAS LLP

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com

### TIVERON LAW

s/Steven M. Cohen
*Attorneys for Defendant*
*Peter Gerace, Jr.*
2410 N. Forest Road, Suite 301
Getzville, New York 14068
(716) 636-7600
scohen@tiveronlaw.com


1

## I.  Introduction

The Government's case relies on unsubstantiated rumors about Peter Gerace, Jr. ("Mr. Gerace") and his family. Stated plainly, the Government sought and obtained indictment relying on certain unfounded ethnically charged stereotypes. Throughout this case, the Government has referred to Mr. Gerace as the "grandson of the reputed Boss of the Buffalo La Cosa Nostra ("LCN")," and it frequently asserts that his grandfather's purported title proves he is affiliated with Italian Organized Crime ("IOC").

Mr. Gerace's grandfather has been deceased for over a decade. Mr. Gerace is a businessman whose last name happens to end in a vowel. The Government – by public admissions – is fixated on the fictitious issue of IOC in Western New York. The Government allowed ███████████████████████████████ to taint the grand jury with irrelevant inflammatory references to IOC and allowed her to materially mischaracterize her relationship with Mr. Gerace. The Government allowed her to omit key information which was known to the Government at the time of her testimony. The Prosecution has done nothing to remedy her dishonesty.

The Government engaged in selective prosecution on the basis of Mr. Gerace's Italian-American heritage and allowed the grand jury to rely on unreliable, untrue, and inflammatory testimony to indict him. Accordingly, this Court should dismiss the Indictment in accordance to Fed. R. Crim. P. 12(b)(iv).

II.    Discussion

"Nothing can corrode respect for a rule of law more than the knowledge that the government looks beyond the law itself to arbitrary considerations, such as race, religion, or control over the defendant's exercise of his constitutional rights, as the basis for determining its applicability." *United States v. Berrios*, 501 F.2d 1207, 1209 (2d Cir. 1974); *See Oyler v. Boles*, 368 U.S. 448, 456 (1962). *United States v. Schwamborn*, 2007 WL 9653331, at *9 (E.D.N.Y. June 29, 2007); *United States v. Avellino*, 136 F.3d. 249, 256 (2d Cir. 1998). Here, Mr. Gerace has been subjected to a selective prosecution for his Italian-American heritage through an Indictment procured via misconduct before the grand jury.

> **a.  This Court should dismiss the Indictment because the Government committed misconduct by knowingly presenting ethnically inflammatory and materially false evidence to the grand jury and failing to remedy the testimony.**

A District Court may dismiss an indictment where "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 257 (1988). A defendant can establish prejudice by either (1) showing the misconduct "substantially influenced the grand jury's decision to indict," or (2) demonstrating "there is 'grave doubt' that the decision to indict was free from substantial influence of [misconduct] violations." *Id.*, at 256; *United States v. Mechanik*, 475 U.S. 66, 78 (1986).

A prosecutor may not make statements or argue in a manner calculated to inflame the grand jury unfairly against an accused. *United States v. Hogan,* 712 F.2d

757, 759 (2d Cir. 1983); *United States v. Serubo*, 604 F.2d 807, 818 (3d Cir.1979).
"Whenever the prosecutor learns of any perjury committed before the grand jury, he
is under a duty to immediately inform the court and opposing counsel – and, if the
perjury may be material, also the grand jury – in order that appropriate action may
be taken." *United States v. Basurto*, 497 F.2d 781, 785–86 (9th Cir. 1974). A District
Court may dismiss an indictment to either (1) eliminate prejudice to a defendant or
(2) prevent the prosecutor from impairing the grand jury's role as an independent
body. *Hogan*, at 761.

Here, the Court should dismiss the indictment because of misconduct during
the grand jury phase, which creates grave doubt as to whether the decision to indict
was free from substantial influence thereof. *Bank of Nova Scotia*, at 257. Specifically,
Prosecutors elicited ethnically inflammatory testimony from ███████████. The
Government knew this information to be unreliable but elected to highlight it at the
beginning of ██████ testimony. Instead of remedying ██████ ethnically charged
remarks, the Government made them central to the Government's theory of
prosecution. The Government knew or should have known several of ██████
statements mischaracterized key elements of her relationship with Mr. Gerace but
made no efforts to remedy her testimony.

Early in her examination before the grand jury, Prosecutors tailored their line
of questioning to elicit the following exchange regarding ████████████
██████

4



The Government deliberately elicited ███████████ grand jury testimony (13 pages into a 91-page transcript) about Mr. Gerace having "mafia" ties – an assertion Nigro based on a Wikipedia page. On several occasions, the Government *begins* its description of Mr. Gerace ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████ Here, before addressing any of Mr. Gerace's current employment, alleged conduct, or any detail germane to this matter, the Government insists on mentioning rumors about Mr. Gerace's long-deceased grandfather. The Government highlights Mr. Gerace as Joseph Todaro, Sr.'s grandson before any title he holds material to this case. This

indicates this case is about who Mr. Gerace is, not what the Government believes he has done.

███████████████████████████████████████ ███ ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████ It is well-settled law that Wikipedia is an unreliable source of information. *Bing Shun Li v. Holder*, 400 F. App'x 854, 857 (5th Cir. 2010); *Badasa v. Mukasey*, 540 F.3d 909, 910–11 (8th Cir.2008). This, along with a privately maintained blog called "americanmafia.com" are the only bases the Government provides in support of its improper theory about Mr. Gerace's grandfather.

Further, the Government's fascination with the "mafia" is well-known to the public at large. The Buffalo News recently quoted a prosecutor as saying, "Gerace is one of the persons whom Bongiovanni believed was associated with IOC and thus wanted to ingratiate himself with." Herbeck, Dan, *Prosecutor voices concern for safety of witnesses in Buffalo trial involving organized crime allegations*, Buffalo News, Jan. 7, 2023.

While the Government's unconstitutional and improper intention of making Mr. Gerace's heritage an issue is grounds for dismissal in and of itself (and more thoroughly briefed under Point II(b)), the Government committed further prosecutorial misconduct by ██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

Second Circuit authority counsels toward dismissal of the Indictment. In *Hogan*, the matter was remanded to the District Court with instructions to dismiss the indictment because the AUSA tainted the grand jury by referring to the accused as "a hoodlum who should be indicted as a matter of equity." *Hogan*, at 761-62. The court found the AUSA's remarks were compounded by him improperly eliciting testimony about uncharged crimes he believed the accused participated in. On the AUSA's actions, the court wrote, "These government accusations and others appear to have been made, not to support additional charges, but in order to depict appellants as bad persons and thereby obtain an indictment for independent crimes. This tactic is 'fundamentally unfair.'" *Id.*, at 761 (*quoting United States v. Ciambrone*, 601 F.2d 616, 623 (2d Cir. 1979)). The *Hogan* court's finding is largely based on *United States*

7

*v. Serubo*, 604 F.2d 807 (3d Cir.1979), where the court dismissed the indictment upon finding the AUSA improperly elicited testimony about the accused's alleged violent nature and affiliation with organized crime without laying proper foundation. *Serubo*, at 818.

Here, the Government behaved similarly. Prosecutors elicited testimony about Mr. Gerace's alleged affiliations with IOC early to unfairly prejudice the grand jury. Prosecutors laid no foundation for Mr. Gerace being affiliated with IOC and never returned to the subject throughout the remainder of the examination. ████████ ██████████████████████ It is telling that, despite the accusation, there is no allegation of racketeering or similar acts in the Indictment or the charges in this case. ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████

This Court should dismiss the Indictment because the Government deliberately elicited racially inflammatory testimony about Mr. Gerace, ██████████ ████████████████████████████████████████████████████████ ████████████████████████████

### b. This Court should dismiss the Indictment because Mr. Gerace was selectively prosecuted on the basis of ethnicity.

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996). To support a defense of selective or discriminatory prosecution,

a defendant must establish, at least prima facie, "(1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). A selective prosecution defense applies to the constitutional propriety of the initiation of the prosecution and is immaterial arguments regarding the guilt or innocence of the defendant. *Wayte v. United States*, 470 U.S. 598, 608 (1985).

Here, the Government's conduct demonstrates Mr. Gerace (and Mr. Bongiovanni) was charged, whereas similarly situated individuals were not. *Berrios*, at 1211. ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████ In the Trial Memorandum, the Government correctly asserts "johns" (men who receive sex from prostitutes) are not excluded from prosecution for federal sex trafficking crimes. ██████████████████████████████ ███████████████████████████████████ ████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████



Again, these are similarly situated – but uncharged – individuals. The obvious difference between these uncharged "johns" and Mr. Gerace (and Mr. Bongiovanni) is they lack the stigma of unfounded accusations of involvement with IOC. This indicates "others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him," thereby satisfying the first element of a selective prosecution claim. *Berrios*, at 1211.

and constant irrelevant references to his grandfather being the "reputed Boss of the Buffalo LCN Family" and allusions to Mr. Gerace's alleged involvement with IOC

show Mr. Gerace was impermissibly selected for prosecution on the basis of race.

The second element for a selective prosecution defense – that the Government's discriminatory selection of him for prosecution Mr. Gerace (and Mr. Bongiovanni) is based on the impermissible consideration of race – is also satisfied.

*Berrios*, at 1211. ██████████████████████████████████████

██████ Mr. Gerace's ethnicity and family are irrelevant to any element of any offense charged in the Indictment. The Government threads this needle by citing the unreliable Wikipedia page ██████ mentioned in her unreliable grand jury testimony, thereby demonstrating a concerted effort to make Mr. Gerace's grandfather being the "reputed" boss of an IOC family an issue in this case.[2] Mr. Gerace's relationship with his late grandfather is irrelevant to this matter. This is a thinly veiled attempt by the Government to weaponize Mr. Gerace's Italian-American heritage in the context of ugly stereotypes and unfounded accusations.[3] Mr. Gerace has been unambiguously targeted because of who his grandfather is "reputed" to be.

████████████████████████████████████████████████████

███████████████████████████████████████████ But for his familial relation to Joseph Todaro, Sr., the Government would not be prosecuting Mr. Gerace, as evidenced by the numerous uncharged individuals who satisfy the criteria the Government sets forth for being a co-conspirator. The Government conveys its disinterest in prosecuting prominent local figures unless they are subject to rumors pertaining to ugly, racially based stereotypes.

---

[2] Puzzlingly, the Government does not cite the Wikipedia entry for "Mafia," which is hyperlinked to the "Buffalo crime family" entry cited in its trial memorandum. Per the "Mafia" entry, "Omertà is a key oath or code of silence in the Mafia that places importance on silence in the face of questioning by authorities or outsiders; non-cooperation with authorities, the government, or outsiders." In light of Mr. Gerace initiating several encounters with law enforcement – including several instances of domestic abuse committed against him by Nigro – Mr. Gerace's conduct known to the Government is fundamentally at odds with basic tenets of "mafia" principles, per the Government's own cited source.

[3] Notably, Joseph Todaro, Sr. has not been charged with a crime since 1983 and has never been convicted of one. No one in Mr. Gerace's immediate family has ever been charged in a RICO case.

Mr. Gerace has been treated differently than similarly situated individuals because of his last name. Accordingly, this Court should dismiss the Indictment due to selective prosecution.

## III.   Conclusion

For the foregoing reasons, Mr. Gerace respectfully requests the Indictment be dismissed. In the alternative, Mr. Gerace requests a hearing on this issue so that a full record of what information was known to law enforcement and the timing of that knowledge can be known and understood.

Dated:          Buffalo, New York
                June 7, 2023

Respectfully submitted,

**LIPPES MATHIAS LLP**

s/Eric M. Soehnlein
Eric M. Soehnlein, Esq.
*Attorneys for Defendant*
*Peter Gerace, Jr.*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
(716) 853-5100
esoehnlein@lippes.com

**TIVERON LAW**

s/Steven M. Cohen
*Attorneys for Defendant*
*Peter Gerace, Jr.*
2410 N. Forest Road, Suite 301
Getzville, New York 14068
(716) 636-7600
scohen@tiveronlaw.com

12