IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                       19-CR-227-JLS

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                Defendants.

---

UNITED STATES OF AMERICA,

      v.                                                                      23-CR-37-JLS-MJR

PETER GERACE, JR.,

                Defendant

---

## GOVERNMENT'S OPPOSITION TO DEFENDANT GERACE'S MOTION FOR RECONSIDERATION

The defendant, PETER GERACE, JR., through his attorney, Joseph M. LaTona, Esq., filed a motion for reconsideration of the Court's order denying his motion to suppress. ECF No. 507. The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, Nichola T. Cooper, and David J. Rudroff, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby files the government's response in opposition to the defendant's motion.

The defendant has not identified any legitimate legal basis for the Court to entertain a motion to reconsider. Even if the Court does consider the motion on its merits, the defendant's claims in support of suppression are meritless. The motion should be denied.

## ARGUMENT

### I. Reconsideration

The Court should first reject the defendant's motion for reconsideration because there is no basis for the Court to reconsider its order.

#### A. Legal Principles

"The standard for granting a motion for reconsideration is strict[.]" *United States v. Stacharczyk*, 511 F. Supp. 3d 438, 440 (W.D.N.Y. 2021) (quotation marks and citations omitted). In this district, motions for reconsideration in criminal cases are assessed under the standard set forth for reconsideration in civil cases. *See United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases). That standard permits reconsideration if one of the following three circumstances exist: "(1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *United States v. Stevens*, No. 04-CR-222S (1), 2021 WL 48516, at *1 (W.D.N.Y. Jan. 6, 2021), *aff'd*, No. 21-85-CR, 2021 WL 3722085 (2d Cir. Aug. 23, 2021) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013). The Second Circuit has made

clear that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSZ Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"Parties seeking reconsideration 'should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Stevens*, 2021 WL 48516, at *1 (quoting *Duane v. Spaulding and Rogers Mfg. Inc.*, No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994)). This is true because reconsideration is not a "device intended to give an unhappy litigant one additional chance to sway the judge." *Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist.*, No. 94-CV-219, 1994 WL 688298, at *1 (N.D.N.Y. Nov. 10, 1994).

      B.     Analysis

The defendant's sole basis for reconsideration is an incorrect claim that the Court "overlooked the core holding" in *United States v. Wagner*, 989 F.2d 69 (2d Cir. 1993). *See* ECF No. 507. In *Wagner*, a drug case, the court upheld a district court's finding that the criminal conduct included in a search warrant affidavit was stale. *Id*. at 75. The *Wagner* court concluded that,

> the evidence supporting the O'Leary search boiled down to this: a single, small purchase of marijuana from O'Leary in her home more than six weeks before the search, the fact that O'Leary made a "recorded" statement to the CI "in substance" that Canale was her source for that marijuana, and the unsubstantiated assertion by the affiant that O'Leary's home was owned by Canale.

*Id*. The *Wagner* court did not reach the issue of whether the good faith exception to the exclusionary rule applied. *Id*. at 75–76. The *Wagner* court also upheld the authorization of a Title III wiretap application that was primarily based on an informant's provision of information to law enforcement. *Id*. at 73.

This defendant's claim that the Court overlooked *Wagner* is completely erroneous. In fact, the defendant admits in his filing that the Court did not overlook *Wagner*, but rather that the defendant disagrees with the Court's application of *Wagner*. *See* ECF No. 507 ("Although the Decision and Order cited the *Wagner* decision, the Court failed to properly apply it."). Such an admission is appropriate because the Court, in fact, did engage in an analysis of staleness that relied on the "core holding" of *Wagner*. *See* ECF No. 496 at 13–16.

The defendant's claim that the Court did not engage sufficiently with *Wagner*'s discussion of informant reliability is equally misplaced. *See* ECF No. 507 at 4–5. The Court conducted an independent and thorough review of the entire search warrant application. ECF No. 496 at 11 ("The Court has conducted a *de novo* review of the search warrant application for Gerace's home and Pharaoh's, adding in the purported omissions and correcting the purported misstatement. Upon that review, the Court is confident that the application establishes probable cause to search both locations."). The Court explicitly dispensed of the defendant's claims about lack of independent law enforcement corroboration of source information. *See id*. at 11 n.7, 15–16. In so doing, the Court showed that it engaged with

4

*Wagner*'s discussion of informant reliability.[1] The defendant's disagreement with the Court's analysis is not proof that the Court overlooked binding precedent. Rather, the argument "amounts to nothing more than Defendant quarreling with the Court's conclusion on this issue, which is not a basis for reconsideration." *United States v. Stacharczyk*, 511 F. Supp. 3d 438, 440 (W.D.N.Y. 2021).

Aside from the incorrect claim that the Court overlooked *Wagner*, the defendant has raised no other ground for reconsideration. Because the Court engaged with *Wagner*'s discussion of staleness and informant reliability, the defendant's motion for reconsideration is baseless. It should be denied.

## II.   Merits

While the government maintains that the defendant has not given the Court any reason to reconsider its order, if the Court chooses to do so, it should still deny the defendant's motion. The defendant's substantive quarrel with the Court's order is primarily confined to the amount and quality of law enforcement corroboration of source information. *See* ECF

---

[1] In addition, the Second Circuit has confined the need for independent law enforcement corroboration to "professional criminal informants." *Caldarola v. Calabrese*, 298 F.3d 156, 163 (2d Cir. 2002) ("We have similarly recognized that the language in *Aguilar* and *Spinelli* was directed toward the reliability of professional criminal informants."). This is because "[t]he Supreme Court has recognized, for example, that 'if an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability—... rigorous scrutiny of the basis of his knowledge [is] unnecessary.'" *Id*. (quoting *Illinois v. Gates*, 462 U.S. 213, 233–34 (1983)). The source referred to by the defendant throughout his filing as an "informant" is not considered by the government to be a "professional criminal informant." Rather the source is an individual who provided information to law enforcement following an arrest. Regardless, the Court's order considered whether there was independent law enforcement corroboration of material aspects of the source's information.

No. 507 at 4–5. The Court engaged with this argument in its consideration of the defendant's original motion and found that the affiant provided sufficient corroborative information:

> As stated above, the Court conducted a *de novo* review of the search warrant application for probable cause. The affidavit details how each source was familiar with the people or premises they provided various types of information about. Information from different sources was largely consistent, and the sources corroborated aspects of each other's information. Law enforcement investigation corroborated certain source information as well. Where a source was facing criminal charges and cooperating with the hope of receiving a favorable disposition of his or her case, the affiant disclosed that fact. *See* Dkt. 370, at 16 ¶ 27, 18 ¶ 28, 19 ¶ 29, 21 ¶ 30, 22 ¶ 31, 26 ¶ 36 & n.20. Under these circumstances, the specific benefit a source might receive has a negligible effect—if any—on probable cause.

ECF No. 496 at 16. The Court previously found that even if it credited the defendant's claims about purported omissions and misstatements by the affiant—including claims about lack of law enforcement corroboration—there was still sufficient information to support a probable cause finding to search the defendant's home and business. *See id.* at 10. The defendant may disagree with the Court's analysis. But the analysis soundly considered the plethora of information, both inculpatory and favorable to the defendant, included in the search warrant affidavit. There was sufficient information to support a probable cause finding. And the defendant's repeated attempts to secure an evidentiary hearing and to suppress evidence have been repeatedly meritless.

Even if the affidavit lacked probable cause, as the government has argued and as the Court found in considering the original motion, the good faith exception to the exclusionary rule would apply. Even if a warrant is subsequently adjudged to have lacked probable cause or otherwise to be deficient, suppression is to be the "last resort, not [the court's] first impulse." *Herring v. United States*, 555 U.S. 135, 140 (2009). This is because, as the Supreme Court has noted, the "heavy toll" that the suppression of evidence takes on the administration of justice: "its bottom-line effect, in many cases, is to suppress the truth and set the criminal loose in the community without punishment." *Davis v. United States*, 564 U.S. 229, 237 (2011). Thus, "[t]o trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Herring*, 555 U.S. at 144.

As the Court appropriately determined in ruling on the defendant's original motion, the good faith exception would apply despite the defendant's challenges to the affiant's reliability. *See* ECF No. 496 at 18–19. ("After examining the search warrant application and Gerace's arguments, the Court cannot conclude that the affiant exhibited deliberate, reckless, or grossly negligent disregard for Gerace's Fourth Amendment rights."). Nothing included in the defendant's motion for reconsideration changes that analysis. Suppression would be improper. The defendant's motion should be denied.

## CONCLUSION

The government respectfully urges the Court to deny the defendant's motion.

|  |  |
|---|---|
| COREY R. AMUNDSON<br>Chief | TRINI E. ROSS<br>United States Attorney |
| BY: s/JORDAN DICKSON<br>Trial Attorney<br>Public Integrity Section<br>U.S. Department of Justice<br>Criminal Division<br>1301 New York Ave. NW, Ste. 1000<br>Washington, D.C. 20530<br>202-597-0508<br>jordan.dickson@usdoj.gov | s/JOSEPH M. TRIPI<br>s/NICHOLAS T. COOPER<br>s/DAVID J. RUDROFF<br>Assistant United States Attorney<br>United States Attorney's Office<br>Western District of New York<br>138 Delaware Avenue<br>Buffalo, New York 14202<br>716.843.5839<br>Joseph.Tripi@usdoj.gov |