IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                                                  19-CR-227-JLS

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

        Defendants.

---

UNITED STATES OF AMERICA,

v.                                                                                                  23-CR-37-JLS-MJR

PETER GERACE, JR.,

        Defendant

---

**GOVERNMENT'S RESPONSE TO DEFENDANT**
**GERACE'S MOTION FOR RECONSIDERATION**

THE UNITED STATES OF AMERICA, Trini E. Ross, United States Attorney for the Western District of New York, Corey R. Amundson, Chief of the Public Integrity Section, Joseph M. Tripi, David J. Rudroff, and Nicholas T. Cooper, Assistant United States Attorneys, and Jordan Dickson, Trial Attorney, Public Integrity Section, of counsel, hereby opposes defendant Peter Gerace's motion for reconsideration of the Court's order denying his motion to suppress. Dkt. 510.

**PRELIMINARY STATEMENT**

In October 2022—fourteen months after the deadline to bring pretrial motions, and one year after Magistrate Judge Roemer specifically admonished defense counsel that further

motions would be untimely—counsel for Gerace moved to suppress evidence recovered during the search of Gerace's cell phone.  Dkt. 311 (letter to Court requesting permission to file oversized motion to suppress).  Magistrate Judge Roemer directed Gerace to show cause why such a motion would not be untimely (Dkt. 312), and, after briefing, recommended that the motion be denied as untimely.  Dkt. 330.  This Court adopted Judge Roemer's R&R and denied Gerace's motion. Dkt. 368.

Now, despite identifying no new evidence, no change in controlling law, and no error of law or manifest injustice, Gerace moves for reconsideration of the Court's order.  Dkt. 510.  Instead, Gerace appears to contend that the recent 54-day adjournment of his trial somehow entitles him to foist his untimely motion upon the Court yet again.  This is plainly meritless.  For the reasons discussed below, the Court should deny the motion to reconsider.

## STATEMENT OF FACTS

For a full recitation of the facts regarding the untimeliness of Gerace's motion, the government respectfully refers the Court to its response in opposition to Gerace's motion to suppress.  *See* Dkt. 320 at 1-16.

## ARGUMENT

**A. The Court should deny Gerace's motion because there is no basis for the Court to reconsider its Order.**

"The standard for granting a motion for reconsideration is strict[.]" *United States v. Stacharczyk*, 511 F. Supp. 3d 438, 440 (W.D.N.Y. 2021) (quotation marks and citations omitted). In this district, motions for reconsideration in criminal cases are assessed under the

same standard for reconsideration in civil cases. *See United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases). The standard permits reconsideration only where there is: "(1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice." *United States v. Stevens*, No. 04-CR-222S (1), 2021 WL 48516, at *1 (W.D.N.Y. Jan. 6, 2021), *aff'd*, No. 21-85-CR, 2021 WL 3722085 (2d Cir. Aug. 23, 2021) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013). The Second Circuit has made clear that "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSZ Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

1. **Nothing in the Court's recent scheduling orders permits Gerace to relitigate untimely motions.**

As an initial matter, Gerace "seek[s] clarification of the intent and effect of [several] Orders" which he believes give him leave to re-assert his untimely motion. Dkt. 510-1 ¶ 4. Those orders set filing deadlines for motions related to evidentiary or procedural issues in the upcoming trial, such as the admissibility of organized crime evidence, other motions in limine, or motions related to Gerace's pretrial detention. *See, e.g.,* Dkt. 489 and 490. However, none of those Orders provides a party leave to (a) bring suppression motions that are untimely or that could have been brought before the pretrial motions deadline in 2021, or (b) relitigate motions that were already brought and decided by the Court.

The Court should therefore "clarify" its various scheduling Orders only to confirm that they mean exactly what they say, and that none of them authorizes Gerace to bring his untimely motion to suppress for a second time.

### 2. Gerace has not identified a basis for reconsideration.

On the merits, the Court should deny the motion to reconsider because it Gerace has not identified a legal basis for reconsideration. Indeed, the Court correctly found that Gerace's motion to suppress was untimely, and that Gerace did not establish good cause to consider the merits of his motion. *See* Dkt. 330 at 6-12, Dkt. 368 at 3-4. The Court cited controlling and applicable Second Circuit law. *See, e.g., United States v. Moore*, 541 F. App'x 37, 39 (2d Cir. 2013) (affirming denial of suppression motion filed eight months after the court's deadline but before trial); *United States v. Kopp*, 562 F.3d 141, 143 (2d Cir. 2009); *United States v. Howard*, 998 F.2d 42, 51-52 (2d Cir. 1993) (affirming district court's denial of leave to file late suppression motion filed thirty-nine days after the pre-trial motions).

Against this, Gerace has not identified new, controlling law, new evidence, or clear errors in the Court's analysis that would justify reconsideration. Instead, Gerace argues that the Court should reconsider its prior order because the recent trial adjournment "provides the Court with an opportunity to hear [his motion to suppress] without sacrificing its ability to manage the scheduling deadline[s]." Dkt. 510-1 ¶ 9. Not only is this not a legitimate basis for reconsideration, but it appears to be premised on a misunderstanding of why Gerace's motion to suppress was denied in the first place.

To that end, Gerace appears to believe that the Court denied his motion to suppress due to the short time between the untimely motion and trial. *See* Dkt. 510-1 ¶ 7-10. Thus, in his view, with the additional 54 days provided by the recent adjournment the Court can now turn to the merits of his motion. However, the Court did not deny Gerace's motion due to its proximity to trial; the Court denied Gerace's motion because it was made over a year after the Court's pretrial motions deadline without good cause for the delay. Dkt. 330 at 6-12, adopted in Dkt. 368. The brief adjournment recently granted by the Court does not change this fact. Gerace's motion is still untimely, and the basis for that determination—maintaining respect for, and compliance with, the Court's scheduling Orders—is also unchanged. The Court should therefore deny the motion to reconsider.

Lastly, to the extent Gerace argues that equity or fairness compel the Court to decide his motion on the merits because the Court scheduled other pretrial motions to be resolved at the pretrial conference (*see* Dkt. 510-1 ¶ 13), that, too, should be rejected. Although the Court's pretrial scheduling order contemplates motions in limine and other evidentiary or procedural motions, *e.g.* motions to exclude evidence under the Federal Rules of Evidence, nothing in the order permits the filing of otherwise untimely suppression motions in advance of trial. In other words, *any* motion to suppress evidence on Fourth Amendment grounds would be untimely—not just this one. There is therefore nothing unfair or inequitable about the Court denying his suppression as untimely while also entertaining procedural motions before trial.

## **CONCLUSION**

For all of these reasons, Gerace has not identified a single legally recognized basis for reconsideration. The Court should therefore deny the motion to reconsider its order denying suppression of Gerace's cell phone.

DATED: Buffalo, New York, June 20, 2023.

| | |
|---|---|
| COREY R. AMUNDSON<br>Chief | TRINI E. ROSS<br>United States Attorney |

BY:  s/JORDAN DICKSON
      Trial Attorney
      Public Integrity Section
      U.S. Department of Justice
      Criminal Division
      1301 New York Ave. NW, Suite 1000
      Washington, D.C. 20530
      202-597-0508
      Jordan.Dickson@usdoj.gov

BY:  s/JOSEPH M. TRIPI
      s/DAVID J. RUDROFF
      S/NICHOLAS T. COOPER
      Assistant United States Attorneys
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York 14202
      Joseph.Tripi@usdoj.gov
      David.Rudroff@usdoj.gov
      Nicholas.Cooper@usdoj.gov