IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                19-CR-227-LJV

PETER GERACE, JR.,

        Defendant.

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
## REGARDING CRIMINAL FORFEITURE

The United States of America, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Elizabeth M. Palma, Assistant United States Attorney (hereinafter "the government"), of counsel, hereby submits the following proposed jury instructions regarding forfeiture.

Before the jury begins deliberating, the Court must determine whether the defendant or government request that the jury be retained to determine the forfeitability of specific property. *See* Fed. R. Crim. P. 32.2(b)(5)(A). The government hereby expresses that it is not requesting the jury to be retained for such purpose.

In the event that the defendant, PETER GERACE JR., requests that the jury be retained, the government respectfully requests that the Court give the jury the attached proposed jury instructions, after a verdict of guilty is returned as to the offenses charged in Counts 7, 8 and/or 9 of the Second Superseding Indictment. *See id.* R. 32.2(b)(5)(B).

The government also requests that leave be granted to amend or provide supplemental instructions and/or special verdict forms as the evidence may demand.

DATED:  Buffalo, New York
        July 10, 2023

                                TRINI E. ROSS
                                United States Attorney

                        By:     /s/_____
                                ELIZABETH M. PALMA
                                Assistant United States Attorney
                                United States Attorney's Office
                                Western District of New York
                                138 Delaware Avenue
                                Buffalo, New York 14202
                                (716) 843-5860

# FORFEITURE INSTRUCTIONS

INTRODUCTION .................................................................................................................. 1

FORFEITURE FOR DRUG VIOLATIONS.................................................................... 3

FORFEITURE FOR SEX TRAFFICKING ..................................................................... 4

FACILITATING PROPERTY ......................................................................................... 5

GUILTY VERDICT .......................................................................................................... 6

BURDEN OF PROOF....................................................................................................... 7

CONSIDERATION OF TRIAL EVIDENCE ................................................................. 8

DUTY NOT TO CONSIDER CERTAIN ISSUES
TO BE DECIDED BY THE COURT............................................................................... 9

UNANIMOUS VERDICT................................................................................................ 10

SPECIAL VERDICT FORM .......................................................................................... 11

# FORFEITURE INSTRUCTION NO. 1

## INTRODUCTION

In view of your verdict that defendant, PETER GERACE JR., is guilty of:

Count 7:   Title 21, United States Code, Section 856(a)(1) and
Title 18, United States Code, Section 2
(Maintaining a Drug-Involved Premises),

Count 8:   Title 21, United States Code, Section 846
(Conspiracy to Distribute Controlled Substances and Maintain Drug Involved Premise), and

Count 9:   Title 18, United States Code, Section 1594(c)
(Conspiracy to Commit Sex Trafficking),

you must now deliberate and consider a special verdict about whether there is a nexus, that is, a connection, between certain property alleged in the Second Superseding Indictment to be subject to forfeiture and the offenses for which you have already found the defendant guilty.[1] The property in question is:

> The premises, buildings, appurtenances, improvements, fixtures, and real property and fixtures located at **999 Aero Drive, Cheektowaga, New York**, and more fully described in a deed filed and recorded in Erie County Clerk's Office, on June 1, 2009 in Book 11162 of Deeds at Page 6131

The Third Forfeiture Allegation of the Second Superseding Indictment alleges that this property is subject to forfeiture pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and the Fourth Forfeiture Allegation of the Indictment alleges that this

---

[1] Fed R. Crim. P. 32.2(b)(5)(B). *See United States v. Finazzo*, 682 Fed.Appx. 6, 14 (2d Cir. 2017) (obligation of the fact finder during the forfeiture hearing is to determine the nexus between the crime of conviction and the property sought to be forfeited) (quoting *United States v. Daugerdas*, 837 F.3d 212, 231 (2d Cir. 2016)); *United States v. Sandini*, 816 F.2d 869, 873-74 (3d Cir. 1987) (issues of culpability and forfeitability should be determined in the same trial, but the jury should not consider the special forfeiture verdict until after it has convicted the defendants).

property is subject to forfeiture pursuant to Title 18, United States Code, Sections 1594(d)(1) and 1594(d)(2).

**"Forfeiture"** is an aspect of punishment imposed following a conviction of a criminal offense.[2] When the government forfeits property, it is divesting all right, title and interest in property from a person for the person's criminal behavior.

---

[2] *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("criminal forfeiture [is] an aspect of punishment imposed following conviction of a substantive criminal offense"). *See also* FORFEITURE, *Black's Law Dictionary* (11th ed. 2019) ("The loss of a right, privilege, or property because of a crime. . . . Title is instantaneously transferred to another, such as the government. . .")

## FORFEITURE INSTRUCTION NO. 2

## FORFEITURE FOR DRUG VIOLATIONS

Under federal law, any person who is convicted of a violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2 (Maintaining a Drug Involved Premises) (Count 7) and/or Title 21, United States Code, Section 846 (Narcotics Conspiracy) (Count 8) (hereinafter referred to as "the drug offenses"), for which you have found the defendant guilty, shall forfeit to the United States "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation." [3]

---

[3] 21 U.S.C. § 853(a) ("Any person convicted of [felony violations of 21 U.S.C. § 841 through 21 U.S.C. § 865] . . . shall forfeit to the United States . . . (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation...").

3

## FORFEITURE INSTRUCTION NO. 3

## FORFEITURE FOR SEX TRAFFICKING

Under federal law, any person who is convicted of a violation of Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking) (Count 9) (hereinafter referred to as the "sex trafficking offense"), shall forfeit to the United States any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property.[4]

---

[4] 18 U.S.C. § 1594(d) ("[A]ny person convicted of a violation of [18 U.S.C. § 1581 through 18 U.S.C. § 1597] . . . shall forfeit to the United States—(1) such person's interest in any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property; . . .").

4

## FORFEITURE INSTRUCTION NO. 4

## FACILITATING PROPERTY

Property that "**facilitates**" drug trafficking offenses and/or a sex trafficking offense is any property that makes the crime easier to commit or harder to detect, in any substantial way.[5]

Facilitating property need not be indispensable to the commission of the offenses and need not be used exclusively for illegal conduct to be facilitating property. All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the drug trafficking and/or sex trafficking violations. If a portion of the property is used in any way to facilitate drug trafficking and/or sex trafficking, then the entire property is forfeitable.

---

[5] *See United States v. Sabhnani*, 566 F. Supp.2d 148, 153 (E.D.N.Y. 2008) (court includes jury instruction explaining facilitating property and the substantial connection requirement in its opinion), *aff'd*, 599 F.3d 215 (2d Cir. 2010).

## FORFEITURE INSTRUCTION NO. 5

## GUILTY VERDICT

In your consideration of the forfeiture allegations of the Second Superseding Indictment, you are instructed that your previous determinations that the defendant is guilty of having committed the offenses as alleged in the Second Superseding Indictment is final and conclusive, and you must not seek to discuss or determine anew the guilt or innocence of the defendant.

You are further admonished that all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, and the necessity of a unanimous verdict, will all continue to apply during your supplemental deliberations concerning the forfeiture allegations.

## FORFEITURE INSTRUCTION NO. 6

## BURDEN OF PROOF

However, the previous instructions on the government's burden of proof regarding your verdict on the guilt of the defendant does **not** apply to your deliberations and verdict regarding forfeiture.

In deliberating and deciding your verdict regarding the forfeitability of the subject property, I instruct you that the government need only prove by a **"preponderance of the evidence"** that the real property was involved in or used in the drug offenses and/or sex trafficking offense. The government is not required to prove this beyond a reasonable doubt.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true. You will use "preponderance of the evidence" while deliberating the forfeiture of the real property. Your job is to determine whether it is more likely than not that the real property was involved in or used in or in furtherance of the convicted offenses.[6]

---

[6] *Daugerdas*, 837 F.3d at 231 ("For a criminal forfeiture order to pass muster, the government must establish, by a preponderance of the evidence, the 'requisite nexus between the property and the offense.'") (quoting Fed. R. Crim. P. 32.2(b)(1)(A)); *United States v. Peters*, 732 F.3d 93, 98 (2d Cir. 2013) (preponderance standard applies to criminal forfeiture); *United States v. Bellomo*, 176 F.3d 580, 595 (2d Cir. 1999) ("It follows as a matter of logic that, absent any indication to the contrary in the statutory text, criminal forfeiture . . . depends on the preponderance of the evidence"). *See also United States v. Duncan*, 18-CR-289 (SHS), 2020 WL 4345730 *1 (S.D.N.Y. July 29, 2020) (quoting *United States v. Schlesinger*, 396 F. Supp. 2d 267, 271 (E.D.N.Y. 2005)) ("It is well-settled in the Second Circuit that once the defendant is convicted of an offense on proof beyond a reasonable doubt, the government is only required to establish the forfeitability of the property subject to criminal forfeiture as a result of that offense by a preponderance of the evidence").

## FORFEITURE INSTRUCTION NO. 7

## CONSIDERATION OF TRIAL EVIDENCE

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.[7]

---

[7] Fed. R. Crim. P. 32.2(b)(1) ("The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.").

*See also United States v. Papas*, 715 Fed.Appx. 88, 90-91 (2d Cir. 2018) (the fact finder may rely on evidence from the guilt phase of the trial and the parties may offer additional evidence during the forfeiture phase of trial; it is not necessary to reintroduce that evidence in the forfeiture hearing) (citing Fed. R. Crim. P. 32.2(b)(1)(B));  *United States v. Roberts*, 696 F. Supp. 2d 263, 271 (E.D.N.Y. 2010) (court is not limited to evidence admitted in the guilt phase of the trial; defendant's proffer statements regarding the quantity of drugs sold was admissible to rebut his assertion that the government's expert witness was overestimating that quantity in calculating the amount of the money judgment), *aff'd in part*, *vacated in part by* 660 F.3d 149, 153 (2d Cir. 2011); *Sabhnani,* 599 F.3d at 262-63 (2d Cir. 2010) (forfeiture may be based on testimony in the record from the guilt phase of the trial, including evidence of the harm done to the victims); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (the court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the government to reintroduce that evidence in the forfeiture hearing); *United States v. Gaskin*, No. 00-CR-6148, 2002 WL 459005, at *9 (W.D.N.Y. Jan. 8, 2002), *aff'd*, 364 F.3d 438 (2d Cir. 2004) ("the Court in reaching its decisions may consider not only evidence already in the record, but any additional evidence presented by the parties at a hearing").

## FORFEITURE INSTRUCTION NO. 8

## DUTY NOT TO CONSIDER CERTAIN ISSUES
## TO BE DECIDED BY THE COURT

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture.

You should disregard any claims that other persons may have to the property.[8] The interests that other persons may have in the property will be taken into account by the court at a later time.[9] Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

---

[8] *United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018) ("At stage one of that procedural framework, before entering a preliminary order of forfeiture, the court is directed to adjudicate the government's interest vis-à-vis the defendant 'without regard to any third party's interest in the property.'").

[9] *PacNet Services, Ltd. v. U.S. Dept. of Treasury*, 2022 WL 2561204 at *1 (2nd Cir. Jul. 8, 2022) (rejecting third parties' complaint that district court entered the preliminary order of forfeiture without considered their interests; under Rule 32.2(b)(2)(A), that is what the district court was required to do; claimants get to assert their interests in the ancillary proceeding); *Gaskin*, 2002 WL 459005, *9 n.4 (ownership is a question for the court alone to determine in the ancillary proceeding).

## FORFEITURE INSTRUCTION NO. 9

## UNANIMOUS VERDICT

Your concern now is to determine whether the real property was used to commit or facilitate the drug offenses for which you have found the defendant has committed, and whether the real property was used to commit or facilitate the sex trafficking offense for which you have found the defendant has committed.

You must reach a unanimous verdict as to the question on the special verdict form. Everyone must agree on whether by a preponderance of the evidence that the real property facilitated the drug offenses and/or sex trafficking offense for which the defendant was convicted.

# FORFEITURE INSTRUCTION NO. 10

## SPECIAL VERDICT FORM

A special verdict form has been prepared for you. The special verdict form lists the real property which the government asserts is property subject to forfeiture and its alleged connection to each crime.[10]

Accordingly, if you find from your consideration of all the evidence that the government has proved, by a preponderance of the evidence, that the property is facilitating property of the drug offenses and/or sex trafficking offense then you should indicate "Yes" on the corresponding Special Forfeiture Verdict Form. If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove these elements by a preponderance of the evidence, then you should indicate "No" on the corresponding Special Forfeiture Verdict Form.

You may indicate your determination simply putting an "X" or "✓" in the space provided next to the words "Yes" or "No".

---

[10] Fed. Rule. Crim. P. 32.2(B)(2)(b) ("the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.")

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                         19-CR-227-LJV

PETER GERACE, JR.,

        Defendant.

## SPECIAL VERDICT FORM

We, the jury, return the following special verdict as to the following property:

> The premises, buildings, appurtenances, improvements, fixtures, and real property and fixtures located at **999 Aero Drive, Cheektowaga, New York**, and more fully described in a deed filed and recorded in Erie County Clerk's Office, on June 1, 2009 in Book 11162 of Deeds at Page 6131

We, the jury, unanimously find, that the property identified above is:

A. Property that was used to commit the violation of Count 7 of the Second Superseding Indictment, Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2 (Maintaining a Drug Involved Premises), for which we found the defendant, PETER GERACE, JR., guilty.

    Yes _____                                         No_____

B. Property that was used to commit the violation of Count 8 of the Second Superseding Indictment, Title 21, United States Code, Section 846 (Narcotics Conspiracy), for which we found the defendant, PETER GERACE, JR., guilty.

    Yes _____                                           No_____

    C. Property that was used to commit the violation of Count 9 of the Second Superseding Indictment, Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking), for which we found the defendant, PETER GERACE, JR., guilty.

Yes _____ No_____

I CERTIFY THE ABOVE TO BE TRUE AND ACCURATE.

_____
DATED                                                              FOREPERSON