IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    19- CR-227-LJV

v.

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

                Defendants.
_____

UNITED STATES OF AMERICA,                    23-CR-37-LJV

v.

PETER GERACE JR.,

                Defendant.
_____

**DECLARATION IN RESPONSE TO DEFENDANT BONGIOVANNI'S MOTION FOR PRE-TRIAL RELIEF**

STEVEN M. COHEN, ESQ., declares under penalty of perjury and pursuant to 28 USC §1746, that the following is true and correct, and all arguments are made in good faith:

1. I am an attorney duly admitted to practice law in the State of New York and am admitted to practice before the United States District Court for the Western District of New York.

2. I make this declaration in response to the submission by Co-Defendant Bongiovanni's defense team seeking pre-trial relief. (Doc 586)

{H3812380.2}                                    1

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

3. The factual allegations by Mr. Singer in Doc 586 appear to me to be in all respects accurate, except that I note that I haven't personally been advised by Cheryl Meyers-Buth, Esq. that she isn't willing to take this case. When I visited Mr. Gerace in jail on August 10, 2023, he was still hopeful that she would, but Mr. Gerace advised me that she had scheduling conflicts that I believe Judge Vilardo may be able to assist with.

4. As to Mr. Tripi's email to the Court (8/4/23 10:52 am) asserting conflicts of interest respecting witnesses, it would be up to Ms. Meyers-Buth to determine whether such conflicts in fact exist, and if so, whether they are waivable or otherwise able to be neutralized by having special counsel handle certain crosses and directs.[1]

5. I do have two calls out to Ms. Meyers-Buth to discuss these topics with the goal of getting her to agree to take Mr. Gerace's case, which is Mr. Gerace's desire.

6. Significantly, I have had a positive discussion with Donald M. Thompson, Esq. who Mr. Gerace has also indicated a strong desire to retain, and who I know to be an experienced and highly capable attorney. Mr. Thompson is willing to consider taking this case on, with my assurance that I will share all of my files and evidence in easily digestible form, and review the strategy with him.[2]

7. Mr. Thompson invites the Court, or any representative of the Court, to contact him directly so that he can share his calendar constraints and preparation

---

[1] We are keenly aware of Mr. Tripi's constant attack on the ethics and motives and potential conflicts for Bongiovanni attorney James Harrington, Esq., Gerace's counsel – who he successfully caused to be disqualified – Joel Daniels, Esq., me, who Mr. Tripi moved the Court for potential conflict of interest given my firm's associate's representation of one of the many prosecution witnesses (currently under adjudication at Docs 542, 549, 562, 573) and now Cheryl Meyers-Buth, Esq.

[2] I don't know the ethics of billing a client who has fired me, but my obligation to the client comes first, and I pledged to assist Mr. Thompson with the transition even if my firm isn't able to charge the (former) client.

{H3812380.2}                                                                                                                                              2

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

   requirements.  Mr. Thompson's office number, which is published, is 585-423-0060.  Mr. Thompson invited me to give his cell phone number to the Court, which I will do in an email, such that it does not appear in PACER.

8. Mr. Thompson was advised of Judge Vilardo's offer from the bench to contact judges presiding over other state and federal cases to assist in getting adjournments to allow for the preparation and trial of this case.

9. Both Ms. Meyers-Buth and Mr. Thompson are, by my personal observation and knowledge, excellent lawyers, either of whom I am confident would capably represent Mr. Gerace in my stead.

10. Mr. Singer accurately reports on the logistical obstacles to working with both Mr. Soehnlein and me in a joint-defense capacity.

11. Regrettably, my relationship with Mr. Gerace has further deteriorated with the death of his friend, our witness #201, government witness #122.

12. As the Court will recall from prior filings, Mr. Gerace's complaints about me included my failure to bring a grievance and certain legal process against a prosecutor in this case, in significant part because of the pressure that was brought to bear by the prosecution on that witness, and also on another individual relevant to this case, who had taken his own life.

13. Mr. Gerace now blames me in significant part for witness 201/122's death, which occurred well after I was fired by my client, due to my failure to take the action he requested.  My recent communication with Mr. Gerace is now more strained than ever.

{H3812380.2}                                                                                         3

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

14. Mr. Singer's point that the prior Judge should have recused himself back in May of 2023 when the potential for numerous conflicts were first brought to His Honor's attention (Doc 586, p. 12, par. 19) is certainly valid. I raised that very same issue in my sealed affidavit of 8/2/23 at par. 9.

15. Mr. Singer's point that "the government also is responsible for delay: it pursued a superseding indictment in June 2020 and a second superseding indictment in February 2021 which added co-defendant Gerace" (Doc 586, p. 12, par. 19) while accurate, needs to be emphasized and fleshed out. Mr. Gerace only became a part of this old case for the first time in February of 2021, and it was the government's failure to bring this case – or drop if for lack of evidence – much earlier that caused much of the delay for Mr. Bongiovanni, and the government's highly questionable assertion of conflict with Mr. Joel Daniels that caused delay for Mr. Gerace.

16. Gerace's defense team opposed the prior motions for adjournments and wanted to push the case against Gerace forward, and the Gerace defense team moved for severance early on so that Gerace could have his day in Court, to which the government objected, so any notion that it is Mr. Gerace who is attempting to delay this case is wholly without merit, and I adjure this Court to view the case in its totality the next time the government suggests "gamesmanship."

17. Bongiovanni's counsel's request for a severance of the two Defendants into separate cases at this juncture may well be appropriate, for both the same reasons as before, and due to the current circumstances. Although I have not been able to speak with my client about this, and have no specific authority to join the request

{H3812380.2}

**Tiveron Law, PLLC**
2410 NORTH FOREST ROAD | SUITE 301 | AMHERST, NEW YORK 14068
Phone: 716.636.7600 | Toll Free: 800.636.5255 | Fax: 716.636.7606 | www.tiveronlaw.com

4

        for a severance, I point out that the Gerace defense team sought precisely that relief in this case with Mr. Gerace's consent under different circumstances, which are still relevant today, and possibly more so given the representation issue. See, eg., Docs 147, 148, 149, 185, 321, 329.

18. With regard to status, Mr. Thompson advised that he would not be able to attend Court on August 18th.[3]

19. It is my hope that the Court can have a favorable discussion with Mr. Thompson so that many of the concerns raised in Doc 586 can be resolved.

        Respectfully submitted,

        */s/Steven M. Cohen*
        Steven M. Cohen

---

[3] Although not stated in Minute Entry 580, it is my recollection that Judge Vilardo instructed me to bring new counsel to Court on August 18th at 11:00 am. I haven't heard back from Ms. Meyers-Buth as of 3:18 pm, 8/11/23.

{H3812380.2}    5