IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                      19-CR-227-JLS

JOSEPH BONGIOVANNI,
PETER GERACE, JR.,

        Defendants.

---

UNITED STATES OF AMERICA,

    v.                                                      23-CR-37-JLS-MJR

PETER GERACE, JR.,

        Defendant

---

### GOVERNMENT'S JURISDICTIONAL BRIEF IN OPPOSITION OF THE DEFENDANT'S SECOND MOTION FOR RECONSIDERATION OF DETENTION

    **THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, David J. Rudroff, and Nicholas T. Cooper, Assistant United States Attorneys, Corey R. Amundson, Chief, United States Department of Justice, Public Integrity Section, and Jordan Dickson, Trial Attorney, United States Department of Justice, Public Integrity Section, of counsel, hereby files this supplemental response in opposition to the defendant's motion for reconsideration of detention.

1

## I.     Procedural Background

On March 27, 2023, the Honorable Judge John L. Sinatra, Jr., ordered Defendant Peter Gerace detained pending trial pursuant to 18 U.S.C. § 3142(e)(1).  *United States v. Gerace*, 23-cr-37-LJV, ECF No. 8, March 28, 2023, Order of Detention.  Defendant Gerace filed a Notice of Appeal on April 19, 2023.  *See* Notice of Appeal, ECF No. 17, filed April 19, 2023; *see also United States v. Gerace*, Case No. 23-6392 (2d Cir. 2023).  Following the transfer of this case to Your Honor, Defendant Gerace filed on August 8, 2023—**134 days** after the Court ordered him detained—what he stylized as a "Motion for Pre-Trial Release."  In substance, however, Defendant Gerace's Motion was a motion for reconsideration: Defendant Gerace cited the standard governing motions for reconsideration and repeatedly sought the Court's reconsideration of Judge Sinatra's March 27th detention order.  *See, e.g.*, Mot. for Pre-Trial Release (hereinafter the "Motion for Reconsideration"), ECF No. 585, filed Aug. 8, 2023, at 4, 5, 6.[1]  And, notably, unlike his prior motion, he did not move to re-open his detention pursuant 18 U.S.C. § 3142(f).  *See* Mot. to Reopen, ECF No. 493, filed May 24, 2023.  In light of his pending appeal before the Second Circuit, Defendant Gerace's untimely motion divests this Court of jurisdiction to review Judge Sinatra's detention order.

---

[1]     Motions and pleadings drafted by attorneys are not entitled to the liberal construction standards attendant to *pro se* filings.  *See generally Kurian v. Forest Hills Hosp.*, 962 F. Supp. 2d 460, 467 (E.D.N.Y. 2013).  Moreover, when assessing a motion's nature, courts look to its substance—not its label.  *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (in the habeas context, favorably observing that "[v]irtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is *in substance* a successive habeas petition and should be treated accordingly" (emphasis added)).

## II.     Legal Framework

Jurisdictional issues "can be raised at any time throughout the proceedings." *Donnelly v. Controlled Application Rev. & Resol. Program Unit*, 37 F.4th 44, 54 (2d Cir. 2022) (quoting *In re Indu Craft, Inc.*, 749 F.3d 107, 112 n.7 (2d Cir. 2014)).  In that vein, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see Zhao v. State Univ. of N.Y.*, 613 F. App'x 61, 62 (2d Cir. 2015) (unpublished) (same).  This rule, however, is not ironclad.  The Federal Rules of Appellate Procedure ("FRAP") provide that timely post-judgment motions under certain Rules of the Federal Rules of Criminal Procedure ("Criminal Rules") or of the Federal Rules of Civil Procedure ("Civil Rules") delay the effectiveness of a filed notice of appeal.  *See* FED. R. APP. P. 4(b)(3) (referring to Criminal Rules 29 (for judgment of acquittal), 33 (for a new trial), and 34 (for arrest of judgment)); FED. R. APP. P. 4(a)(4) (referring to, *inter alia*, Civil Rules 59 (for alteration or amendment of an order or judgment) and 60 (for relief from an order or judgment)).

Motions for reconsideration brought in criminal cases, though absent in the Federal Rules of Criminal Procedure, have traditionally been allowed within the Second Circuit and similarly implicate the effectiveness of a filed notice of appeal.  *See generally United States v. Clark*, 984 F.2d 31, 33–34 (2d Cir. 1993) (observing "that a timely request for reconsideration [in criminal matters] tolls the time for appeal").  In that regard, the Second Circuit has traditionally treated motions for reconsideration arising within a criminal matter as the equivalent of a Rule 59(e) motion or Rule 60(b) motion brought under the Civil Rules, depending on the timing of the motion's filing.  *See id.* at 32 ("We conclude that a motion to

reconsider a section 2255 ruling is available, that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter, and that its effect on appellate jurisdiction, like motions for reconsideration in civil cases, depends on whether it is filed within or outside the 10–day period.")²; *United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (noting that, in the § 2255 context, "post-judgment motions for reconsideration may be filed in criminal cases."); *see also United States v. Gist*, 2021 WL 3197183, at *2—3 (2d Cir. July 29, 2021) (unpublished summary order) ("If we were to conclude instead that a motion for reconsideration of the denial of a § 3582(c) motion should not be treated as within the scope of FRAP Rule 4(b)(3)—and we note that the government cited more civil cases than criminal cases in arguing to the district court that Gist's appeal was to be held in abeyance—we would look for guidance to FRAP Rule 4(a), which governs appeals in civil cases.").

More specifically, FRAP 4(a)(4)(A), which governs civil appeals, instructs that "[i]f a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—*and does so within the time allowed by those rules*—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion," including a motion to alter or amend judgment under Rule 59. *Id.* (emphasis added); *see also Dudley ex rel. Estate of Patton v. Penn-America Ins. Co.*, 313 F.3d 662, 666 (2d Cir. 2002) (stating that a timely motion brought pursuant to Federal Rule of Civil Procedure 60(a) "that also meets applicable time constraints of Rule 4 resets the time to file a notice of appeal to run from the entry of the order disposing of the motion," in view of "[t]he clear and plain language of the

---

² The Federal Rules of Civil Procedure have been amended since *Clark* was announced. *See* FED. R. CIV. P. 59 Advisory Committee Note (2009) ("Former Rules 50, 52, and 59 adopted 10–day periods for their respective post-judgment motions.").

rule" and the lack of "distinction between Rule 60(a) and Rule 60(b) motions" (citation omitted)).  Rule 59(e), in turn, requires parties seeking to alter or amend a judgment to file their motion "no later than 28 days after the entry of the judgment."  FED. R. CIV. P. 59(e).

### III.  Analysis

The United States Attorney's Office submits that the Court lacks jurisdiction to consider Defendant Gerace's Motion for Reconsideration.  Defendant Gerace noticed his appeal of Judge Sinatra's detention order on April 19, 2023.  *See* Notice of Appeal, ECF No. 17.  Following this case's transfer to Your Honor, Defendant Gerace filed his Motion for Reconsideration on August 8, 2023, long after Rule 59(e)'s 28-day deadline.[3]  Because Defendant Gerace's Motion for Reconsideration was not filed "within the time allowed by [Rule 59]," FED. R. APP. P. 4(a)(4)(A), it does not suspend the jurisdiction-stripping effects that ordinarily attach to notices of appeal.  *Cf. Lora v. O'Heaney*, 602 F.3d 106, 108–09 (2d Cir. 2010) (discussing the effects of Federal Rule of Appellate Procedure 4's timeliness provision on an untimely motion for reconsideration); *cf. also Moskovits v. Fed. Rep. of Brazil*, 21-CV-4309,

---

[3]  Defendant Gerace's May 24, 2023, motion to reopen, which he brought based on a change of circumstances pursuant to 28 U.S.C. § 3142, did not implicate the jurisdiction-stripping effect of his April 19th Notice of Appeal.  Under FRAP (a)(4)(A), only certain motions restrain the Notice of Appeal's jurisdictional reach—and a motion to reopen detention proceedings under § 3142 is not one of them.  *See* FED. R. APP. P. (a)(4)(A)(i)–(vi).  But even if the motion to reopen somehow affected Rule 4's jurisdictional impact—or tolled Civil Rule 59€'s 28-day clock—Defendant Gerace's instant Motion for Reconsideration is untimely vis-à-vis his April 19th Notice of Appeal and, accordingly, this Court lacks jurisdiction to consider it.

More specifically, Mr. Gerace's May 24, 2023, motion to reopen came 58 days after Judge Sinatra's March 27, 2023 detention order, and 35 days after defendant Gerace's April 19, 2023 Notice of Appeal.  Moreover, Judge Sinatra denied Defendant Gerace's motion to reopen on June 6, 2023.  More than 28 days had passed after Judge Sinatra's June order when Defendant Gerace filed his Motion for Reconsideration on August 8, 2023.

2021 WL 4263069, at *2 n. 3 (S.D.N.Y. 2021) (concluding that the district court retained jurisdiction to consider a motion for reconsideration, despite a previously noticed appeal, where the motion for reconsideration was filed within the 28-day time frame); *Caltenco v. G.H. Food Inc.*, 16-CV-1705, 2023 WL 3984338, at *3 (E.D.N.Y. 2023) (concluding that post-notice of appeal motion was untimely filed under FRAP 4(a)).

In other words, for the Court to have jurisdiction over Defendant Gerace's Motion for Reconsideration, all he had to do was file it within 28 days. *See* FED. R. CIV. P. 59(e); FED. R. APP. P. 4(a)(4)(A). His failure to file it "within the time allowed by" that rule, means that the district court is "divest[ed] [of its jurisdiction] . . . over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58; *see Zhao*, 613 F. App'x at 62. Accordingly, we respectfully request that Your Honor deny Defendant Gerace's Motion for Reconsideration without prejudice for lack of jurisdiction.

DATED: Buffalo, New York, August 21, 2023.

                                      TRINI E. ROSS
                                      United States Attorney

BY:    s/JOSEPH M. TRIPI
           Assistant United States Attorney
           United States Attorney's Office
           Western District of New York
           138 Delaware Avenue
           Buffalo, New York 14202
           716/843-5839
           Joseph.Tripi@usdoj.gov

BY:    s/NICHOLAS T. COOPER
           Assistant United States Attorney
           United States Attorney's Office

Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5830
Nicholas.Cooper@usdoj.gov