

U.S. Department of Justice

United States Attorney
Western District of New York

*Federal Center*                               *716/843-5700*
*138 Delaware Avenue*               *fax 716/551-3052*
*Buffalo, New York   14202*    *Writer's Telephone:   716/843-5839*
                                             *Writer's fax:   716/551-5563*
                                                   *Joseph.Tripi@usdoj.gov*

August 25 , 2023

Honorable Lawrence J. Vilardo
United States District Court Judge
2 Niagara Square
Buffalo, New York 14202

       Re:     <u>United States v. Peter Gerace, Jr.</u>
                  19-CR-227 and 23-CR-37

Dear Judge Vilardo:

       On August 18, 2023, the Court questioned whether it had the authority to deny a defense request to relieve Mr. Cohen as counsel for defendant Gerace.  The government submits this letter to aid the Court's inquiry and incorporates Docket No. 596 by reference.

       "A defendant's right to counsel of his choice is not an absolute one" and "but must give way when required by the fair and proper administration of justice."  *United States v. Perez*, 325 F.3d 115, 124 (2d Cir. 2003); *United States v. Ostrer*, 597 F.2d 337, 341 (2d Cir. 1979); *see also United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008) (affirming district court's denial of substitution of counsel after weighing the delay and inefficiency that might ensue and disallowed formal substitution of counsel while permitting new counsel to participate in proceedings).  The Sixth Amendment right to effective assistance of counsel also does not guarantee a meaningful relationship between the defendant and his counsel. *United States v. John Doe 1*, 272 F.3d 116, 122 (2d Cir. 2001).  A "complete breakdown in communication or irreconcilable conflict" may be grounds for substitution, however "[b]ecause the right to counsel of one's choice is not absolute, a trial court may require a defendant to proceed to trial with counsel not of defendant's choosing."  *United States v. Schmidt*, 105 F.3d 82, 89 (2d Cir. 1997).

       In this vein, Chief Judge Wolford has held that "[c]ourts are hesitant to grant motions to withdraw made on the eve of trial."  *United States v. Jafari*, 24 F. Supp. 3d 291, 293 (W.D.N.Y. 2014).  Moreover, "[a] district court generally has discretion to determine when a motion is made on the eve of trial."  *See United States v. Fox,* 558 F. App'x 66, 70–71 (2d Cir

2014) (district court was within its discretion to deny appointment of new counsel when scheduled trial date was only five months away); *Reyes,* 352 F.3d at 515 (motion to withdraw filed one week before trial was untimely); *United States v. Mangual–Corchado,* 139 F.3d 34, 42 n. 18 (1st Cir.1998) (motion to withdraw filed three weeks before trial could be untimely); *United States v. Zaccaria,* 95–CR–97S–29, 1997 WL 642985, *3, 1997 U.S. Dist. LEXIS 16329, *7 (W.D.N.Y. Apr. 11, 1997) ("[W]e are two weeks from trial. It would wreak havoc on [defendant's] defense if he [was] forced to prepare and proceed to trial with a new lawyer."). "[O]nly an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable delay violates the right to assistance of counsel." *United States v. Weinberg*, 852 F.2d 681, 687 (2d Cir. 1988) (citations omitted).

The Court should be particularly weary to grant such a request where, as here, the defense has engaged in dilatory (and other) tactics. *See, e.g., United States v. Diaz-Rodriguez*, 745 F.3d 586, 591 n.7 (1st Cir. 2014) ("[E]ven in the privately retained attorney scenario, the decision to fire counsel, particularly on the eve of trial, affects the interests of the government in preparing for trial and the court in the administration of justice. There is always the possibility that such firings could be delay tactics by the defendant."); *United States v. Treadwell*, 11 F. App'x 502, 508-09 (6th Cir. 2001) (Summary Order) (conviction and sentence affirmed where District Court observed that defendant's "motions were all part of a strategy to delay trial and invoke his speedy trial right; that the defendant was 'playing games with me and trying to scam the system,' asking for 'an endless supply of lawyers,' and 'repeatedly arguing the same things[.]'") (punctuation modified); *see also United States v. Matsushita*, 1985 WL 1909, at *4 (S.D.N.Y. July 2, 1985) (noting that it was disingenuous for the defendant to engage in dilatory tactics in an attempt to frustrate the Court's efforts to have the case proceed to trial and then move to dismiss the indictment for an alleged violation of his right to a speedy trial).

Based on the government's motion in opposition to Mr. Cohen's motion to withdraw and/or to be relieved, *see* Docket No. 596, and this supplemental letter, the government requests that the Court deny Mr. Cohen's motion. Doing so will ensure that the government, the defendants, and the public receive a speedy trial beginning on October 23, 2023.

       Very truly yours,

       TRINI E. ROSS
       United States Attorney

BY:   JOSEPH M. TRIPI
       Assistant United States Attorney