

U.S. Department of Justice

*United States Attorney*
*Western District of New York*

*Federal Center*                                *716/843-5700*
*138 Delaware Avenue*              *fax 716/551-3052*
*Buffalo, New York 14202*    *Writer's Telephone: 716/843-5839*
                                               *Writer's fax: 716/551-5563*
                                                     *Joseph.Tripi@usdoj.gov*

September 15, 2023

Honorable Lawrence J. Vilardo
United States District Court Judge
2 Niagara Square
Buffalo, New York 14202

      Re:     <u>United States v. Joseph Bongiovanni and Peter Gerace Jr.</u>
                 19-CR-227 and 23-CR-37

Dear Judge Vilardo:

      The government generally objects to the proposed schedule submitted by the defendants via letter on September 14, 2023. *See* Doc. No. 33 (filed under Case No. 23-CR-37). The proposal set forth by the defense is objectionable in several respects, including the elongated timeline for briefing, arguing pending motions, and its request to file additional or supplemental submissions by October 11, 2023.

      Many of the issues identified by the Court have been pending since before the case was transferred from United States District Court Judge John L. Sinatra, Jr. Indeed, such issues were fully briefed by the parties when Eric Soehnlein, Esq. ("Attorney Soehnlein") was still lead counsel for defendant Gerace. *See* Transcript of Status Conference, June 30, 2023 (discussing motions which have been fully briefed).

      Attorney Soehnlein tacitly acknowledged that pending motions *in limine* and evidentiary rulings were ripe for argument and decision on May 11, 2023, when he opposed an adjournment of the June 21, 2023, trial date on defendant Gerace's behalf. In particular, Attorney Soehnlein stated, "We're opposing the adjournment, Your Honor, because Mr. Gerace is in custody and he wants to have a trial as soon as possible." *See,* Transcript of Proceedings 5/11/2023, at 25. Attorney Soehnlein later repeated, "we do oppose the adjournment." *Id.* at 30.

Now, contrary to the view expressed by defendant Gerace on May 11, 2023, that all the legal issues could be argued and decided by June 21, 2023, the defendant now proposes an elongated briefing schedule to proceed in four stages. In particular, the defendants' request a "deadline of October 11, 2023, for all submissions" related to pending motions *in limine*, the motion to dismiss the indictment, and motion for a gag order. The defendants' request should be denied. With the exception of the motion for a gag order, Attorney Soehnlein previously filed all of defendant Gerace's motions *in limine* and motion to dismiss, and/or responded to the government's filings.[1]

In particular, as described *infra*, defendant Gerace's motions *in limine* were briefed by Attorney Soehnlein in anticipation of the June 21 and August 14, 2023, trial dates. The defendants should not get a proverbial "do-over" on every motion, or motion *in limine*, previously filed (and pending oral argument for months) simply because defendant Gerace's former lead attorney took what amounted to a brief sabbatical.[2]

Notably, on February 24, 2023, Attorney Soehnlein filed a Notice of Appearance (*see* Doc. No. 377) and promptly assumed the lead counsel role for defendant Grace. Attorney Soehnlein maintained that status until this Court permitted him to withdraw on July 12, 2023. Just three days later, on July 15, 2023, defendant Gerace "fired" his remaining longtime attorney, Steven Cohen, and since that time the motions and procedural posture of the case has remained virtually unchanged.

---

[1] Upon information and belief, the only filing he did not handle is the response to the government's motion for a gag order.

[2] *See United States v. Sanders*, No. 19CR00125RJAJJM001, 2020 WL 8513483, at *3–4 (W.D.N.Y. Oct. 9, 2020), *report and recommendation adopted,* No. 19-CR-125-A, 2021 WL 81654 (W.D.N.Y. Jan. 11, 2021) (retention of new counsel is not sufficient to establish good cause to justify relief from the waiver provisions of Rule 12(c)(3)); *United States v. Reid*, 2014 WL 1338811, *3 (W.D.N.Y. 2014) (Arcara, J.) (same); *United States v. Montague*, No. 14-CR-6136-FPG-JWF, 2017 WL 9517689, at *1 (W.D.N.Y. Feb. 27, 2017), *report and recommendation adopted*, No. 14-CR-6136-FPG, 2017 WL 3483665 (W.D.N.Y. Aug. 15, 2017) (the court advised counsel that the appointment of new counsel was not intended to re-open all prior proceedings and that absent "exceptional circumstances" the Court would not allow the filing of additional pre-trial motions); *see also United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011) ("[t]he desire to suppress incriminating evidence and the retention of new counsel are not by themselves sufficient to establish good cause to justify relief from a waiver of a defense, objection, or request under Rule 12").

Indeed, until on or about July 12, 2023, Attorney Soehnlein acted as lead counsel for defendant Gerace—he argued all motions, primarily spoke at every court appearance, and was heavily involved in the litigation. In particular, defendant Gerace, through Attorney Soehnlein, filed the following:

- Defendant Gerace's Motion and Memorandum of Law in Support of the Defense Motion to Modify the Protective Order (*see* Doc. No. 394; filed on March 22, 2023, by attorney Soehnlein *only;*);

- Defendant Gerace's Opposition to the Government's Motion to Reconsider Custodial Status and Revocation of Order of Release (*see* Doc. No. 422, filed on April 6, 2023, by attorney Soehnlein *only*);

- Defendant Gerace's Memorandum in Opposition of Joinder of Indictments (*see* Doc. No. 424, filed on April 7, 2023, by attorney Soehnlein *only*);

- Defendant Gerace's Motions in Limine (filed under seal on May 3, 2023, by attorney Soehnlein *only*) seeking: (i) preclusion of references to organized crime; (ii) preclusion based upon spousal privilege; (iii) opposition of coconspirator statements; (iv) preclusion of reputation evidence; (v) exclusion of jail calls; (vi) exclusion of sex trafficking evidence; (vii) exclusion of evidence related to Coconspirator 2; (viii) prohibiting evidence of Italian Organized Crime; and (ix) limiting evidence of Gerace's prior federal conviction;

- Defendant Gerace's Memorandum in Opposition of the Government's Motion to: (1) Delay Disclosure of Protected Witness Identities; (2) Modify Sections II-A and II-E of the Pre-Trial Order; and (3) to Preclude Defendant's from Cross-Examining Witnesses regarding their addresses (filed on May 10, 2023, by attorneys Soehnlein and Cohen);

- Defendant Gerace's Motion to Re-Open the Detention Hearing (*see* Doc. No. 491, filed on May 24, 2023, by attorneys Soehnlein and Cohen);

- Defendant Gerace's Memorandum in Further Support of Defendant's Motion for Release (*see* Doc. No. 501, filed on June 2, 2023, by attorneys Soehnlein and Cohen);

- Defendant Gerace's Motion to Preclude Government Expert Testimony (*see* Doc. No. 509, filed by attorney Soehnlein and Cohen);

- Defendant Gerace's Motion to Dismiss the Indictment (filed June 7, 2023, by attorneys Soehnlein and Cohen [public version at Doc. No. 515]);

- Defendant Gerace's Witness List (filed on June 16, 2023, by attorneys Cohen and Soehnlein); and,

- Defendant Gerace's Motion for Reconsideration of Denial of Motion to File Untimely Motion to Suppress Cell Phone Evidence (*see* Doc. No. 510, filed by attorneys Cohen and Soehnlein);

Attorney Soehnlein, and therefore the Gerace defense team, is fully versed in the discovery previously provided and the legal issues in this case. At no time has Attorney Soehnlein indicated that he did not have access to all discovery, or the 3500 materials produced early by the government.

To the extent additional materials were produced by the government during the brief time Attorney Soehnlein has been out of the case, the government will ensure defendant Gerace has any such materials that have not been provided to the Gerace defense team by attorney Steven Cohen. In sum, the posture of the case has been largely unchanged since July 12, 2023, when the Court allowed Attorney Soehnlein to withdraw and there is no basis to supplement, re- do, and/or re-file the motions that have been pending for the better part of 2023.

The government submits that the motions *in limine* previously filed, and other motions the Court previously itemized, are ripe for oral argument. Accordingly, the government respectfully submits that the Court should:

(i) Schedule Oral Argument for pending *motions in limine*, including the defendants' motion to preclude IOC evidence;

(ii) Schedule Oral Argument for the defendant Gerace's pending motion for reconsideration of denial of his motion to file an untimely motion to suppress cell phone evidence;

(iii) Schedule Oral Argument for the pending motion to dismiss the indictment;

(iv) Schedule a date within two weeks for the defendants to respond to the government's motion for a gag order;

(v) Schedule a date within two weeks for the defendants to respond to the government's motion for an intra-district transfer; and,

4

(vi)  Schedule a date within three weeks for the parties to submit a joint proposed scheduling order, or to submit separate proposed requests;

Notably, the government was not consulted on any of the deadlines proposed by the defendants in their September 14, 2023, letter.

Very truly yours,

TRINI E. ROSS
United States Attorney

BY:  JOSEPH M. TRIPI
Assistant United States Attorney