UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    v.                                                                                              19-CR-227 (LJV) (MJR)

PETER GERACE, JR.,

            Defendant.
_____

UNITED STATES OF AMERICA,

    v.                                                                               23-CR-37 (LJV) (MJR)

PETER GERACE, JR.,

            Defendant.
_____

## DECISION AND ORDER

Defendant Peter Gerace, Jr., has moved for reconsideration of the Court's February 2023 decision and order (Docket Item 368)[1] denying his motion to file a late motion to suppress cell phone evidence. *See* Docket Item 510. The government opposed Gerace's motion, *see* Docket Item 531; Gerace replied, *see* Docket Item 574; and the government filed a sur-reply, *see* Docket Item 583. Because Gerace has not met the standard for reconsideration, the Court denies his motion.

The Federal Rules of Criminal Procedure do not recognize a motion for reconsideration; traditionally, though, courts within the Second Circuit have entertained

---

[1] The Honorable John L. Sinatra, Jr., issued the decision and order underlying Gerace's motion here. On June 21, 2023, the case was reassigned to the undersigned. Docket Item 537.

such motions and analyzed them under the standard for reconsideration in civil cases. *See United States v. Stacharczyk*, 511 F. Supp. 3d 438, 439-40 (W.D.N.Y. 2021) (citations omitted).

That standard is "strict," and courts generally will deny a motion for reconsideration "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Courts should grant motions for reconsideration "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Stacharczyk*, 511 F. Supp. 3d at 440 (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

A district judge's non-final orders and rulings "are subject to modification by that district judge at any time prior to final judgment, and may be modified to the same extent if the case is reassigned to another judge." *Arons v. Lalime*, 3 F. Supp. 2d 328, 330 (W.D.N.Y. 1998) (citing *In re United States*, 733 F.2d 10, 13 (2d Cir. 1984)). But "reassignment . . . does not itself supply a persuasive basis to revisit the prior rulings in a case." *Waverly Props., LLC v. KMG Waverly*, 2011 WL 13322667, at *1 (S.D.N.Y. Dec. 19, 2011) (citing cases). In other words, the standard for granting a motion for reconsideration does not change simply because a case has been reassigned to a

2

different judge.  See Arons, 3 F. Supp. 2d at 330 (citing the "three circumstances [that] may justify reconsideration of an earlier decision in a case," and denying motion for reconsideration of prior decision after reassignment to a new judge because no such circumstances existed).[2]

In fact, when a case with a long history is reassigned, a "new judge is well advised . . . not to attempt a de novo review of all of the many orders and decisions made over a lengthy period."  Peyser v. Searle Blatt & Co., 2004 WL 307300, at *1 (S.D.N.Y. Feb. 17, 2004).  Of course, the newly assigned judge "must stand ready to consider any properly-filed motion, including a motion for reconsideration, on its merits."  Id.  But a party does not get another bite of the apple simply because a new judge is assigned.[3]

Except for two arguments raised for the first time in his reply, Docket Item 574, Gerace does not cite new evidence or new law to support his reconsideration request.  First, Gerace argues that Rule 12, as amended in 2014, provides that his failure to file a timely suppression motion was a forfeiture and not a mandatory waiver; he says that the Court therefore has the authority, under Fed. R. Crim. P. 12(c)(2), to extend the deadline for pretrial motions without finding good cause.  See Docket Item 574.

---

[2] The Court recognizes that Gerace moved for reconsideration before the case was reassigned.  Nevertheless, reassignment does not change the applicable standard—or provide a basis—for reconsideration here.

[3] The Court is especially mindful of its obligation not to give the defendant another bite of the apple because the reassignment of this case resulted from a witness list filed by the defendant.  So if this Court now were to review the motion to reconsider de novo, that obviously would encourage parties unhappy with a judge's decision to take some action that might—or, indeed, that necessarily would—result in the judge's recusing himself or herself.

Second, Gerace swears in an affidavit, Docket Item 574-1, that he was "told by his previous counsel Joel Daniels in Joe LaTona's presence around March or April of 2021 that the cell phone information wasn't going to be used in this case . . . so no cell phone suppression motion would be necessary." *Id.* at ¶ 1.  Neither argument is persuasive.

As for the Rule 12 argument, this Court agrees with the government that regardless of whether Gerace waived or forfeited his suppression arguments, Rule 12(c)(3) requires a showing of good cause for the Court to consider an untimely motion to suppress.  Judge Roemer concluded that Gerace failed to show good cause here, *see* Docket Item 330, and Judge Sinatra agreed, *see* Docket Item 368.  Given the "strict" standard for reconsideration, this Court sees no reason to revisit those decisions—that is, a clear error to correct or a manifest injustice that would result from leaving the prior decision and order intact.

As for the "new" evidence to which Gerace's affidavit refers, such evidence is neither new nor supported by the record.  Gerace's affidavit says the conversation about cell phone evidence occurred in March or April 2021.  Docket Item 574-1 at ¶ 1.  But he raised this claim for the first time in his reply, filed more than two years later on July 28, 2023.  *See* Docket Item 574.  And Gerace does not explain why he did not mention this conversation—which dictated defense counsel's choice not to file a crucial pretrial motion—in any prior submissions.  Moreover, and as the government recounts in its sur-reply, *see* Docket Item 583, defense counsel knew about the cell phone evidence long before the pretrial motion deadline.

Therefore, even if this Court might have forgiven the late filing or extended the deadline in the first instance, the Court will not second guess Judge Sinatra's and Judge

Roemer's decisions not to do so.  Gerace has not met the standard for reconsideration, and his motion, Docket Item 510, therefore is DENIED.

    SO ORDERED.

Dated:    October 19, 2023
              Buffalo, New York

                                                         _____
                                                         LAWRENCE J. VILARDO
                                                         UNITED STATES DISTRICT JUDGE