UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

-v-

JOSEPH BONGIOVANNI,                                     Case No.: 19-CR-227
PETER GERACE, JR.,

                        Defendants.
_____

UNITED STATES OF AMERICA,

-v-

                                                                         Case No.: 23-CR-37

PETER GERACE, JR.,

                        Defendant.
_____

### REPONSE TO MOTION TO SEVER DEFEDANT
### BY CO-DEFENDANT JOSEPH BONGIOVANNI (DOCKET ENTRY 697)

## Introduction

Last week, Counsel for Bongiovanni filed the Motion to Sever. Dkt. # 697. The Motion moved for Severance pursuant to Federal Rule of Criminal Procedure (Fed. R. Crim. P.) 14(a).

That rule states in its entirety:

> Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court

> may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).

Mindful that the Government's motion to disqualify co-counsel for Gerace has left the Gerace trial team in disarray and unable to prepare or proceed with the trial on all of the pending charges against Gerace in case nos. 19-cr-227 and 23-cr-37, Gerace does not oppose severance in order to allow Bongiovanni's trial to proceed in February.

However, as an alternative to severance of defendants, Gerace moves for severance of the offenses, or severance of counts, to allow Bongiovanni's trial to proceed forward and give Gerace an opportunity to immediately confront those charges that are related to Bongiovanni during the course of that trial.

Addressing the counts related to Bongiovanni at the first trial would defer the defense of the remaining counts to a second trial after the Government's motion to disqualify has been resolved. This would allow the defense team to stabilize and to prepare for the defense in a narrower second trial, focused on the most complicated portions of the case against Gerace.

## Discussion

Bongiovanni has moved for severance, without opposition from the Government, which will presumably result in two trials.

If the two trials are based on severance of the two defendants, then the first trial would address charges pending against Bongiovanni in case 19-cr-227, while the second trial would address charges against Gerace in both case 19-cr-227 and 23-cr-37.

The four counts contained in case 23-cr-37 do not include Bongiovanni, and would be deferred until a second trial, regardless of what form of severance is granted. Thus, discussion regarding severance is based on review of the charges contained in the Second Superseding Indictment in case 19-cr-227.

In the 18-count indictment, there are two counts that charge both Bongiovanni and Gerace: Count Two, Conspiracy to Defraud the United States, and Count Eight, Conspiracy to Distribute Controlled Substance.

Addendum 1, attached to this response, provides a table of the charges pending against the defendants.

It appears that there would be similar evidence for those two counts in both trials, so judicial economy appears to favor having Gerace joined on those two counts along with the inclusion of the related bribery count (Count Six) during the Bongiovanni trial.

Addendum 2 and Addendum 3 demonstrate alternative scenarios where the objective of allowing Bongiovanni to proceed to trial in February is accomplished by either Severance of Defendants (Addendum 2), which results in multiple counts being prosecuted in both trials, compared to Severance of Offenses (Addendum 3) which results in no counts being prosecuted in two separate trials.

Judicial economy would favor severance of offenses as opposed to severance of the defendants, and the trial against Bongiovanni would be able to proceed in February as discussed.

As the Government had previously argued in opposition to severance:

> Joint trials "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused to come to trial." Bruton v. United States, 391 U.S. 123, 134 (1968). Joint trials also "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." Richardson v. Marsh, 481 U.S. 200, 210 (1987). Thus, the Second Circuit has "long held that there is a preference for the joint trial of defendants who have been indicted together. United States v. Muzaffar, 714 Fed.Appx. 52, 54 (2d Cir. 2017). Indeed, "joint trials play a critical role in the criminal justice system." Richardson, 481 U.S. at 209.

Dkt. 328 at 3-4.

There are various reasons that Gerace would seek to resolve the Bongiovanni-related counts in the February trial. Some of those reasons are addressed in the Notice of Motion, filed separately from this response. Among those considerations are the impact that it would have on the second trial.

With the defense team for Gerace in disarray, resolving the Bongiovanni-related counts in a first trial would narrow the scope of evidence that would be presented at the second trial.

Furthermore, the second trial would be shielded from some of the spillover prejudice that will undoubtedly result from the evidence that the Government intends to

present against Bongiovanni, including but not limited to the evidence regarding Italian Organized Crime (IOC). The Government has previously stated that "assuming *arguendo*, that reference to IOC at trial only pertains to Bongiovanni, any spillover effect on Gerace may be easily mitigated by a curative instruction." Dkt. # 328 at 12.

The Government will almost certainly argue that the inclusion of the Bongiovanni-related counts at the second trial would give it a reason to present IOC evidence, but if the Bongiovanni-related counts involving Gerace are resolved at the first trial, there is no legitimate argument for the inclusion of that evidence at the second trial.

Further reasons for the severance of offenses, as opposed to severance of counts, as well as review of the relevant procedural history, is addressed in a Notice of Motion for severance of Counts, filed separately.

Gerace does not seek to disturb the objective of allowing Bongiovanni to proceed to trial in February, but this alternative relief would also allow Gerace to advance his case forward despite the current disposition of the defense team following the Government's Motion to Disqualify.

## **Conclusion**

It is respectfully requested that the Court grant severance but consider granting severance of offenses/counts rather than severance of defendants.

The defense moves for that relief upon Notice of Motion, filed separately, in hopes that Gerace can resolve portions of his case in spite of the status of the defense team following the Government's Motion to Disqualify Counsel.

Dated: December 26, 2023

s/ Mark A. Foti  
Mark A. Foti, Esq.

**Addendum 1**

Breakdown of the charges in case no. 19-cr-227:

| Count # | Charge | Bongiovanni | Gerace |
|---|---|---|---|
| 1 | Conspiracy to Defraud the United States | X | |
| 2 | Conspiracy to Defraud the United States | X | X |
| 3 | Conspiracy to Distribute Controlled Substances | X | |
| 4 | Public Official Accepting a Bribe | X | |
| 5 | Public Official Accepting a Bribe | X | |
| 6 | Paying a Bribe to a Public Official | | X |
| 7 | Maintaining a Drug-Involved Premises | | X |
| 8 | Conspiracy to Distribute Controlled Substances | X | X |
| 9 | Conspiracy to Commit Sex Trafficking | | X |
| 10 | Obstruction of Justice | X | |
| 11 | Obstruction of Justice | X | |
| 12 | Obstruction of Justice | X | |
| 13 | Obstruction of Justice | X | |
| 14 | Obstruction of Justice | X | |
| 15 | Obstruction of Justice | X | |
| 16 | Obstruction of Justice | X | |
| 17 | False Statements to an Agency of the United States | X | |
| 18 | False Statements to an Agency of the United States | X | |

Breakdown of the charges in case no. 23-cr-037:

| Count # | Charge | Bongiovanni | Gerace |
|---|---|---|---|
| 1 | Tampering with a Witness | | X |
| 2 | Tampering with a Witness | | X |
| 3 | Tampering with a Witness | | X |
| 4 | Distribution of Cocaine | | X |

**Addendum 2**

Severance of Defendants:

Overlapping Counts in RED (does not include related counts, such as Count Six)

TRIAL ONE (15 Total Counts)

| Count # | Charge | Bongiovanni | Gerace |
|---|---|---|---|
| 1 | Conspiracy to Defraud the United States | X | |
| 2 | Conspiracy to Defraud the United States | X | |
| 3 | Conspiracy to Distribute Controlled Substances | X | |
| 4 | Public Official Accepting a Bribe | X | |
| 5 | Public Official Accepting a Bribe | X | |
| 8 | Conspiracy to Distribute Controlled Substances | X | |
| 10 | Obstruction of Justice | X | |
| 11 | Obstruction of Justice | X | |
| 12 | Obstruction of Justice | X | |
| 13 | Obstruction of Justice | X | |
| 14 | Obstruction of Justice | X | |
| 15 | Obstruction of Justice | X | |
| 16 | Obstruction of Justice | X | |
| 17 | False Statements to an Agency of the United States | X | |
| 18 | False Statements to an Agency of the United States | X | |

TRIAL TWO (9 Total Counts)

| Count # | Charge | Bongiovanni | Gerace |
|---|---|---|---|
| 2 | Conspiracy to Defraud the United States | | X |
| 6 | Paying a Bribe to a Public Official | | X |
| 7 | Maintaining a Drug-Involved Premises | | X |
| 8 | Conspiracy to Distribute Controlled Substances | | X |
| 9 | Conspiracy to Commit Sex Trafficking | | X |
| | Four Additional Counts from Case No. 23-cr-037 | | |

## Addendum 3

Severance of Offense:

No Overlapping Counts

TRIAL ONE (16 Total Counts)

| Count # | Charge | Bongiovanni | Gerace |
|---|---|---|---|
| 1 | Conspiracy to Defraud the United States | X | |
| 2 | Conspiracy to Defraud the United States | X | X |
| 3 | Conspiracy to Distribute Controlled Substances | X | |
| 4 | Public Official Accepting a Bribe | X | |
| 5 | Public Official Accepting a Bribe | X | |
| 6 | Paying a Bribe to a Public Official | | X |
| 8 | Conspiracy to Distribute Controlled Substances | X | X |
| 10 | Obstruction of Justice | X | |
| 11 | Obstruction of Justice | X | |
| 12 | Obstruction of Justice | X | |
| 13 | Obstruction of Justice | X | |
| 14 | Obstruction of Justice | X | |
| 15 | Obstruction of Justice | X | |
| 16 | Obstruction of Justice | X | |
| 17 | False Statements to an Agency of the United States | X | |
| 18 | False Statements to an Agency of the United States | X | |

TRIAL TWO (6 Total Counts)

| Count # | Charge | Bongiovanni | Gerace |
|---|---|---|---|
| 7 | Maintaining a Drug-Involved Premises | | X |
| 9 | Conspiracy to Commit Sex Trafficking | | X |
| | Four Additional Counts from Case No. 23-cr-037 | | |