IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

       v.                                                                     19-CR-227-LJV
                                                                         19-CR-37-LJV

PETER GERACE, JR.,

            Defendant
_____

## ADVISORY

**THE UNITED STATES OF AMERICA**, by and through its attorney, Trini E. Ross, United States Attorney for the Western District of New York, Casey L. Chalbeck, Joseph M. Tripi, and Nicholas T. Cooper, Assistant United States Attorneys, hereby files this advisory concerning the Court's May 13, 2024, Text Order, ECF No. 934, (dated May 13, 2024).

On May 13, 2024, the Court entered a Text Order stating that defendant Peter Gerace "is entitled to additional time to respond in light of the government's again seeking disqualification of Attorney Soehnlein—rather than merely outlining a proposed *Curcio* inquiry as this Court and Gerace had anticipated." *Id.*

To ensure a clear record, the government notes that the Court initiated the May 1, 2024, status conference preceding the government's filing concerning potential and/or actual conflicts as follows:

    **The Court:**    So, there's a few things that we need to discuss. So first of all, in the Gerace case, now that I've made the decision on the disqualification motion, **I think I need to give the government a chance to comment on whether there's still a lesser actual or potential conflict** in light of my Safe Harbor analysis.

                        Does the government want to take a position now, or do you want time to think about it and submit something? **I think I**

**said in that decision in a footnote that I wanted to consider anything the government would have to say on that**.

Status Conf. Tran., at 3, (dated May 1, 2024) (emphases added); *see United States v. Gerace*, No. 19-CR-227, 2024 WL 1793022, at *8, n.7 (W.D.N.Y. Apr. 25, 2024) ("This Court will schedule a status conference to discuss the question of whether Soehnlein has a potential or lesser actual conflict that requires a full-blown *Curcio* hearing and, if necessary, will order further briefing on that question. Gerace, through counsel, has made clear his view that "[t]here is no conflict." Docket Item 771 at 33. But the government has not yet had an opportunity to address whether there is still a conflict in light of this Court's analysis of the safe harbor provision.").

In response, the government requested "a couple of days to evaluate whether we need to file anything on that" and noted it would, at minimum, request a "colloquy on actual or potential conflict[s]." Status Conf. Tran., at 3. Mr. Gerace's *Curcio* counsel, Attorney Kevin Spitler, agreed that a *Curcio* hearing "would make sense." *Id.* The Court, for its part, advised: "Especially because, you know, I'm a belt-and-suspenders guy, **I think that doing both is probably a good idea**." *Id.* at 4 (emphasis added). Accordingly, the Court announced a briefing schedule, giving the government until "Monday," May 6, 2024, and the defense until "that Friday," May 10, 2024, if it "want[ed] to submit anything in response" to the government's filing. *Id.*

The government respectfully recounts this record considering the Court's comment that it "anticipated" that the government would "merely outlin[e] a proposed *Curcio* inquiry." ECF No. 934. Based on the foregoing exchange between the Court and the parties, the government's interest in preserving the integrity of Mr. Gerace's prosecution—to include providing Mr. Gerace with an adequate opportunity to **rationally** assess and respond to the

actual and potential conflicts contemplated by the government's motion (ECF No. 919)—the government did not understand the Court's invitation for further briefing to be limited to a *Curcio* inquiry "outline."  *See United States v. Perez*, 325 F.3d 115, 127 (2d Cir. 2003) ("Where the defendant can **rationally** opt to retain counsel of his choice despite a conflict, the court conducts a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." (emphasis added)).[1]

Moreover, to the extent the Court characterizes the government's motion as one "again seeking Attorney Soehnlein's disqualification," ECF No. 934, the government notes that, as part of the *Curcio* process, the Court possesses "substantial latitude in refusing waivers" of both actual and potential conflicts of interests.  *Wheat v. United States*, 486 U.S. 153, 163 (1988).  The government considered it prudent to request that any waiver not be accepted considering the Court's own acknowledgment that the "safer move"—from the perspective of preserving the finality of any conviction that might result from Mr. Gerace's prosecution—would be to disqualify Attorney Soehnlein.  *Gerace*, 2024 WL 1793022, at *2, n.2.

DATED:   Buffalo, New York, May 13, 2024.

TRINI E. ROSS
United States Attorney

BY:   s/CASEY L. CHALBECK
s/JOSEPH M. TRIPI
s/NICHOLAS T. COOPER
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

---

[1] Elucidation of any lesser actual or potential conflicts will inform Mr. Gerace's participation in the *Curcio* process, thereby assisting him in making a fully reasoned waiver.