UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                                                          Case No.: 19-CR-227

JOSEPH BONGIOVANNI,

PETER GERACE, JR.,

Defendants.

_____

UNITED STATES OF AMERICA,

v.

PETER GERACE, JR.,                                                            Case No.: 23-CR-37

Defendant.

_____

## ATTORNEY DECLARATION

Mark A. Foti, Esq. declares the following under penalty of perjury:

1.  I am an attorney at law duly licensed to practice in the United States District Court for the Western District of New York.  Together with Eric M. Soehnlein, Esq., I am co-counsel to Peter Gerace, Jr. in the above matter.  As such, I am fully familiar with the facts and circumstances of this case.

1

2. I make this declaration in support of Mr. Gerace's motion for an Order of this Court: (1) unsealing the May 17, 2023, transcript at Dkt. # 488, subject to appropriate redactions; (2) directing disclosure of any and all *ex parte* applications by the government for a crime-fraud order that reference Mr. Gerace or Mr. Soehnlein, including any proceedings related thereto and the disposition the application(s); (3) permitting Mr. Gerace to file a Sur-Reply to the government's brief dated June 6, 2024, filed at Dkt. # 997; and (4) such other relief deemed appropriate by this Court.

**I.   The Court Should Unseal the May 17, 2023 Colloquy (Dkt. 488) With Appropriate Redaction**

3. As this Court knows, at an appearance on May 17, 2023, the attorneys for the parties had a discussion with Judge John L. Sinatra, Jr. that is currently sealed. That appearance pre-dated the filing of the defense witness list by several weeks.

4. The entirety of the transcript itself is wholly exculpatory to Mr. Gerace and Mr. Soehnlein on the issues the government has raised related to the defense witness list.

5. The defense has limited its comments on the substance of the May 17, 2023, conference and attempted to primarily focus on the conclusions that should be drawn from review of that transcript, but as this matter progresses, specific details of the transcript, including quotations, are necessary to appropriately discuss its significance and to fully rebut the government's recent mischaracterization of the discussion.

6. Over the past six and a half months, the government has repeatedly avoided addressing the May 17, 2023, colloquy, knowing full well that it eviscerates the theory behind the government's aggressive efforts to disqualify Mr. Soehnlein.

7. The government did not meaningfully address the content of the colloquy in its filings dated December 11, 2023 (Dkt. # 691), January 11, 2023 (Dkt. # 711), April 22, 2024 (Dkt. # 886) or May 8, 2024 (Dkt. # 922).[1]

8. In the two filings where the government addressed the May 17, 2023, appearance, including its recent Reply, filed on June 5, 2024, the government grossly mischaracterizes what occurred during that sealed discussion. Dkt. # 997.

9. There is no reasonable interpretation of the May 17, 2023, conference which supports the conclusions drawn by the government in its June 5 filing. The defense needs to have the ability to openly address the government's narrative of what occurred during that sealed discussion.

10. While this Court is obviously capable of reviewing the May 17, 2023, transcript, the defense should be given the opportunity to respond regarding the actual content of the discussion with actual references and quotations to what was said. In order to do so, Mr. Gerace respectfully requests that the Court unseal the transcript subject to

---

[1] Additionally, although the defense never received an unredacted copy of the government's initial motion to disqualify Mr. Soehnlein, filed on November 21, 2023 (Dkt. 666), based on the heavily redacted version the defense received and the comments the government made on the record at an appearance on November 28, 2023, the defense believes the government also ignored the May 17th discussion in that filing as well.

3

appropriate redaction, if necessary, to protect the privacy interests of the individuals discussed on the record.

## II. Disclosure of Any Crime-Fraud Applications

11. The government's primary arguments in its Reply depend upon Mr. Soehnlein being called as a witness against Mr. Gerace in case no. 23-CR-99. *See* Dkt. # 997 at 3 - 27.

12. To protect the attorney-client privilege, an attorney cannot testify against his client absent a crime-fraud order issued by a federal district court judge. *United States v. McDonald*, 2002 U.S. Dist. LEXIS 21651 (E.D.N.Y. 2002); *United States v. Zolin*, 491 U.S. 554, 573 (1989). Absent such an Order, the privilege forecloses any such testimony from counsel. The government knows this.

13. In its Reply, the government argues "the facts establish that the crime-fraud exception applies" to this issue. Dkt. # 997 at 11. The government presents arguments on this issue that are wholly dependent on that premise.

14. The defense is not aware of the status of any crime fraud applications, but it is aware that at least one application was made. On March 5, 2024, the government asserted that a crime-fraud application was pending in this matter. Dkt. # 798 at 18, FN 6.

15. If a crime-fraud application had been granted, presumably the government would have said so in its motion papers and presumably the Gerace defense team would be aware of the order.

16. If the application has been denied, it likely forecloses any possibility that Mr. Soehnlein could be called to testify against Mr. Gerace, rendering the government's arguments moot and further supporting Mr. Gerace's arguments that the government is not acting in good faith in continuing its efforts to disqualify Mr. Soehnlein.

17. The government made the decision to file its reply replete with reference to the crime-fraud exception to attorney-client privilege. It is only appropriate that the defense be able to properly address these arguments.

18. In order to do so, the defense seeks disclosure of any and all crime fraud application(s), and any proceedings related thereto and the disposition of any application(s).

**III.     Motion to File a Sur-Reply**

19. Pursuant to Rule 12(d) of the Local Rules of Criminal Procedure, Mr. Gerace respectfully requests an opportunity to file a brief sur-reply on this issue.

20. As is set forth in **Exhibit A**, the government's June 5 Reply submission presents new factual contentions and new arguments raised for the first time in that submission. To accommodate the new arguments, the government filed a Reply that is more than three times the page limitation set by the Local Rules.

21.     In order to ensure a complete record and fairness to all parties, Mr. Gerace respectfully requests an opportunity to respond to the new facts and new arguments raised by the government for the first time in its Reply, by permitting the filing of the Sur-Reply, attached to this motion as Exhibit A.

DATED:     June 10, 2024

s/ Mark A. Foti<br>
Mark A. Foti, Esq.