

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*     *716/843-5700*
*138 Delaware Avenue*     *fax 716/551-3052*
*Buffalo, New York   14202*     *Writer's Telephone:   716/843-5881*
*Writer's fax:   716/551-3052*
*Casey.Chalbeck@usdoj.gov*

October 16, 2024

**VIA PACER**
Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

        Re:   *United States of America v. Peter Gerace, Jr.*,
                 **Case Numbers: 19-CR-227-LJV; 23-CR-37-LJV**

Dear Judge Vilardo:

      The government hereby submits this letter in response to defendant Peter Gerace, Jr.'s brief regarding the government's proposed protective order. *See* Resp. to Mot., ECF No. 1292, (filed Oct. 15, 2024). The defense opposes the protective order for two reasons. First, Mr. Gerace urges that the government's proposal provides the government with "inappropriate leverage" should either he or one of his agents improperly disclose juror information. *Id.* at 2. Second, he argues that the proposal's contested provisions are duplicative of other sources of authority—namely, the district's jury plan and uncited circuit caselaw—and thus unnecessary. *See id.* at 2–3. These objections misapprehend the purpose of the protective order, misunderstand its effects, and underscore the need for an explicit order in the first place.[1]

      Rather than advance a game of "gotcha," the protective order aims to ensure that *both* parties treat the information of private citizens discharging a sacred duty of citizenship with the care, respect, and sensitivity that it is owed. To that end, the proposed protective order offers clear and fair terms governing the management of juror information. Such clarity is to be embraced, not eschewed.

---

[1] Mr. Gerace does not substantively respond to the government's second and third modifications of the *Wilson* order, focusing instead on only the first and fourth proposed modifications. *See* Resp. Br. at 3–4 (focusing on the first modification and the fourth modification). Regarding the first modification, the defense cites claims it will be difficult to return electronic material to the Court. The government does not wish to make the defense team's job more difficult and would thus consent to the *Wilson*'s order certification procedure. The government asks the Court to enter its proposed protective order in all other respects.

Indeed, the proposal's "reasonably clear" terms will help ensure that the parties know *ex ante* what conduct can—and cannot—expose them to liability. *Mannix v. Phillips*, 619 F.3d 187, 197 (2d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 267 (1997)); *cf., e.g.*, *United States v. Chalmers*, No. S5 05 CR.59 DC, 2007 WL 591948, at *3 (S.D.N.Y. Feb. 27, 2007) (Chin, J.) ("I agree that the some of the provisions to which [the defendant] objects are unclear, and I agree further that the Proposed [Protective] Order should be clear, specific, and precise."). Thus, far from lengthening "leverage," the proposal lessens the risk that ambiguously phrased provisions will enlarge the parties' liability.[2]

Mr. Gerace's second objection fares no better. For starters, if, as Mr. Gerace maintains, the proposal is duplicative of existing legal authority, it cannot provide any greater "leverage" to either party—unless, that is, the defendant does not intend to abide by the disparate sources of authority he claims make the order unnecessary.[3] Mr. Gerace's consternation over an integrated protective order only showcases why such an order is necessary, especially considering that ethical rules and caselaw authority do not apply with equal force to him. More fundamentally, however, consolidating disparate regulations into one protective order facilitates clear, efficient communication amongst the respective litigation teams. And given the defendant's unfamiliarity with the nuances of caselaw, both parties should welcome the issuance of a short protective order that, in plain English, synthesizes the law applicable to the handling of juror information.

In sum, because "[j]ury service is an exercise of responsible citizenship by all members of the community," the parties must handle the personal information provided by private citizens responsibly. *Powers v. Ohio*, 499 U.S. 400, 402 (1991). "Clear, specific, and precise," protective order language is a necessary first step to safeguard the private information disclosed by our fellow citizens and, by extension, the integrity of our jury system. *Chalmers*, 2007 WL 591948, at *3. Accordingly, the government respectfully requests that the Court enter its proposed protective order.

                                    Very truly yours,

                                    TRINI E. ROSS
                                    United States Attorney

                            BY:     CASEY L. CHALBECK
                                    Assistant United States Attorney

CC:     Mark Foti, Esq.
        Eric Soehnlein, Esq.

---

[2] Surely it is not Mr. Gerace's position that he should be permitted, on the one hand, to seek a vague and ambiguous protective order and then, on the other, argue that the order's ambiguity deprived him of fair notice in the event of a potential breach. But even if it is, this Court should reject such a "heads I win, tails you lose" gamble.

[3] To the extent that the protective order could *increase* either party's exposure to liability, it is only because the other sources of legal authority Mr. Gerace relies upon lack the binding effect of a court order.

Joseph M. Tripi, Esq.
Nicholas T. Cooper, Esq.
Caitlin M. Higgins, Esq.