

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*        *716/843-5700*
*138 Delaware Avenue*        *fax 716/551-3052*
*Buffalo, New York  14202*    *Writer's Telephone:  716/843-5881*
                          *Writer's fax:   716/551-3052*
                          *Casey.Chalbeck@usdoj.gov*

November 19, 2024

**VIA PACER**
Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

       Re:    *United States of America v. Peter Gerace, Jr.*,
               Case Numbers: 19-CR-227-LJV; 23-CR-37-LJV

Dear Judge Vilardo:

       To date, the trial has encountered issues regarding whether a witness may offer an opinion pursuant to Rule 701—based upon her perceptions of the common practices at Pharaoh's Gentlemen's Club—that it was well known that commercial sex acts were occurring in the VIP area of the club. In particular, the government has endeavored to elicit such opinion testimony based upon (a) the personal experiences of the witness dancers, and (b) information the dancers have learned through their discussions with others.

       Rule 701 exists "because witnesses often find difficulty in expressing themselves in language which is not that of an opinion or conclusion." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) (quoting FED. R. EVID. 701 Advisory Committee Note on 1972 Proposed Rules). To be admissible, lay opinion testimony must be rationally based upon the witness's perception. *United States v. Tsekhanovich*, 507 F.3d 127, 129 (2d Cir. 2007) ("We have interpreted Federal Rule of Evidence 701(a) to require that lay opinion testimony be *both* (a) based on the witness's first-hand perceptions and (b) rationally derived from those first-hand observations." (internal quotations omitted)); *see* FED. R. EVID. 701(a). The lay opinions or inferences must be helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. *United States v. Garcia,* 413 F.3d 201, 213 (2d Cir. 2005); *see* FED. R. EVID. 701(b).

       Undoubtedly, witnesses may testify in the form of an opinion based upon their personal observations and experiences. Indeed, courts in this circuit have said that "direct participation in the . . . activities of the charged enterprise" may sufficiently "afford[ ] [a

witness] particular perceptions of its methods of operation [such that he or she] may offer helpful lay opinion testimony under Rule 701 even as to coconspirators' actions that he did not witness directly." *United States v. Ghavami*, 23 F. Supp. 3d 148, 170 (S.D.N.Y. 2014) (quoting *United States v. Yannotti,* 541 F.3d 112, 125–26 & n. 8 (2d Cir. 2008)); *see United States v. Castro*, 411 F. App'x 415, 418 (2d Cir. 2011) (unpublished) (affirming district court's decision permitting witnesses—former members of MS-13—to offer lay opinion testimony under Rule 701 regarding the "practices of MS-13"). Indeed, lay opinions may be offered as a "shorthand" way of describing conclusions from a series of conversations or collective facts. *See United States v. Awadallah*, 401 F. Supp. 2d 308, 314 (S.D.N.Y. 2005) ("In certain circumstances, it may be appropriate for lay witnesses to testify as to their opinion of a *person's mood or state of mind*, as an acceptable shorthand for their perceptions of that person's outward physical characteristics and conduct." (emphasis added)). In that vein, "there is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others[,]" and the rules of evidence "do not, in principle, bar a lay witness from testifying as to whether a defendant in a criminal prosecution had the requisite knowledge," provided Rule 701's standard requirements are met. *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992).

Here, the jury should be permitted to consider opinion testimony from young women who worked at Pharoah's related to why they felt unable to leave a VIP dance when a patron tried to engage in sex acts. Specifically, provided that the testimony is rationally based on the witness's perceptions, the jury should be permitted to hear that, in the witness's opinions, (1) club employees did not care for their well being and (2) how VIP-room-based sex acts were part of the club's general operation. *See Awadallah*, 401 F. Supp. 2d at 315 (indicating that witness could opine on defendant's state of mind based on his "observations of [the defendant's] facial expression or manner of speech"); *cf. United States v. Danilovich*, 731 F. App'x 45, 49 (2d Cir. 2018) (unpublished) (affirming admission of lay opinion testimony interpreting "certain language" used by the defendant where witness was personally involved in the defendant's organization). The witnesses' perceptions regarding these issues all drive at the very core of whether sex trafficking occurred through force, fraud, or coercion as alleged in the indictment. Thus, lay opinion testimony of a dancer's perception pertaining to how the VIP room area was operated, and how widespread the organization's [Pharoahs] knowledge of such activity was, should be permitted because it is helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

        Very truly yours,

        TRINI E. ROSS
        United States Attorney

    BY:    CASEY L. CHALBECK
            Assistant United States Attorney

CC:   Mark Foti, Esq.
       Eric Soehnlein, Esq.
       Joseph M. Tripi, Esq.
       Nicholas T. Cooper, Esq.