

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

---

*Federal Center*  *716/843-5700*
*138 Delaware Avenue*  *fax 716/551-3052*
*Buffalo, New York 14202*  *Writer's Telephone: 716/843-5839*
*Writer's fax: 716/551-3052*
*Casey.Chalbeck@usdoj.gov*

November 20, 2024

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

    Re: ***United States of America v. Peter Gerace, Jr.,***
       **Case Numbers: 19-CR-227-LJV; 23-CR-37-LJV**

Dear Judge Vilardo:

  This letter is provided to assist that Court in evaluating objections made during testimony when the government seeks to offer certain lay opinion testimony. In the trial to date, a repeated issue has been whether or not a witness may offer an opinion pursuant to Rule 701, based upon the common practices at Pharaohs Gentlemen's Club, that it was well known that commercial sex acts were occurring in the VIP area of the club. In particular, the government has endeavored to elicit such opinion testimony based upon (a) the personal experiences of the witness dancers, and (b) information the dancers have learned through their discussions with others. The government submits that, upon proper foundation, both scenarios, either in isolation or combination, provide a proper basis to admit lay opinion

  Lay opinion testimony must be rationally based upon the perception of the witness. *United States v. Tsekhanovich*, 507 F.3d 127, 130 (2d Cir. 2007). The lay opinions or inferences must be helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. *United States v. Garcia,* 413 F.3d 201, 213 (2d Cir. 2005). Undoubtedly, witnesses may testify in the form of an opinion based upon their personal observations and experiences. *United States v. Kaplan*, 490 F.3d 110, 118 (2d Cir. 2007) ("[W]e have observed that . . . the 'not based on specialized knowledge' requirement requires that a lay opinion must be the product of reasoning processes familiar to the average person in everyday life." (internal quotation marks omitted)).

  "[D]irect participation in the ... activities of the charged enterprise" may sufficiently "afford[ ] [a witness] particular perceptions of its methods of operation [such that he or she] may offer helpful lay opinion testimony under Rule 701 even as to coconspirators' actions that he did not witness directly." *United States v. Ghavami*, 23 F. Supp. 3d 148, 170 (S.D.N.Y.

2014) (quoting *United States v. Yannotti,* 541 F.3d 112, 125–26 & n. 8 (2d Cir.2008); *see also United States v. Castro*, 411 F. App'x 415, 418 (2d Cir. 2011) (testimony by former members of MS–13 violated the rules against hearsay and were not otherwise admissible as lay opinion testimony. These witnesses offered testimony regarding the practices of MS–13 and their experience with the organization). Indeed, lay opinions may be offered as a "shorthand" way of describing conclusions from a series of conversations or collective facts. *United States v. Freeman*, 514 F.2d 1184, 1191 (10th Cir. 1975); *United States v. Thompson*, 708 F.2d 1294, 1298 (8th Cir. 1983); *United States v. Saccoccia*, 58 F.3d 754, 780 (1st Cir. 1995). Here, the dancers offering the opinions were part of the business at Pharaohs and are able to provide opinions based upon their experiences and/or participation in the activities at Pharaohs.

Finally, "there is no theoretical prohibition against allowing lay witnesses to give their opinions as to the mental states of others[,]" and [the rules of evidence] "do not, in principle, bar a lay witness from testifying as to whether a defendant in a criminal prosecution had the requisite knowledge." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992); *see also United States v. Hoffner*, 777 F.2d 1423, 1425-1426 (10th Cir. 1985) (lay opinion about another person's state of mind may be admissible).

Here, the jury is in the process of considering testimony from young women who worked in a strip club, and their testimony about why they felt unable to leave a VIP dance when a patron tried to engage in sex acts, or why they felt nobody cared, or why they felt it was how the club was specifically set up to operate, all drive at the very core of whether sex trafficking occurred through force, fraud, or coercion as alleged in the indictment. Because many factors may influence a witness's perception "Rule 701's authorization of lay opinion testimony was adopted because witnesses often find difficulty in expressing themselves in language which is not that of an opinion or conclusion." *Rea*, 958 F.2d at 1215 (quoting Fed.R.Evid. 701 Advisory Committee Note on 1972 Proposed Rules). Thus, lay opinion testimony of a dancer's perception pertaining to how the VIP room area was operated, and how widespread the organization's [Pharaohs] knowledge of such activity was, should be permitted because it is helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

        Very truly yours,

        TRINI E. ROSS
        United States Attorney

BY:    S/JOSEPH M. TRIPI
        Assistant United States Attorney