

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*                              *716/843-5700*
*138 Delaware Avenue*                    *fax 716/551-3052*
*Buffalo, New York 14202*      *Writer's Telephone: 716/843-5839*
                                              *Writer's fax:  716/551-3052*
                                       *Casey.Chalbeck@usdoj.gov*

November 25, 2024

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:    ***United States of America v. Peter Gerace, Jr.,***
         **Case Numbers: 19-CR-227-LJV; 23-CR-37-LJV**

Dear Judge Vilardo:

This letter is provided to assist the Court in evaluating objections made during testimony when the government sought to offer certain evidence, to wit, images obtained from the internet.

Federal Rule of Evidence 901 requires that the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). The proponent of the evidence is not required "to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *Id.* The authenticity requirement is satisfied where sufficient proof—whether direct or circumstantial—has been introduced so that a reasonable juror could find in favor of authenticity or identification. *United States v. Vayner*, 769 F.3d 125, 130 (2d Cir. 2014); *United States v. Al-Moayad*, 545 F.3d 139, 172 (2d Cir. 2008) (noting that the "proof of authentication may be direct or circumstantial"). This standard "is one of reasonable likelihood," *United States v. Ortiz*, 966 F.2d 707, 716 (1st Cir. 1992), and is thus "not . . . a particularly high hurdle," *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999) (quoting *Ortiz*, 966 F.2d at 716).

"Depending on the purpose for which it is to be offered into evidence, there is no reason to conclude that the images [from the internet] may not be authenticated solely upon the basis of the testimony of a person who has accessed and retrieved the image." *United States v. Oreckinto*, 234 F. Supp. 3d 360, 366 (D. Conn. 2017). "Indeed, the Second Circuit has noted that it is 'skeptical' that there should be 'greater scrutiny or particularized methods for the authentication of evidence derived from the Internet due to a heightened possibility for manipulation.' " *Id.* (quoting *Vayner*, 769 F.3d at 131 n.5); *see In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-1570 (GBD)(SN), 2021 WL 5414948, at *5 (S.D.N.Y. Nov. 19, 2021). Moreover, courts routinely rely upon images on the internet in other important criminal contexts, such as those impacting whether a defendant is detained pre-trial, or whether to

apply sentencing enhancements. *See United States v. Sirianni-Navarro*, 10-CR-188-A, 2010 WL 5419034, \*3 (W.D.N.Y. Dec. 23, 2010) (a picture on defendant's Facebook page of her and her husband surrounded by money was considered at a detention hearing as evidence she knew her husband dealt drugs, contrary to her statements, since her husband was unemployed); *see also United States v. Williams*, 2013 WL 1189245, at \*5-6 (4th Cir. March 25, 2013) (finding that the defendant's girlfriend's Facebook photo of a motel room with the caption "up partying all night" was relevant evidence to show the defendant and his girlfriend had conspired to manufacture methamphetamine in a motel room in the context of a sentencing enhancement.).

Here, through the testimony of a person with knowledge (i.e., Special Agent Curtis Ryan, who is the person who located images on the internet) the government simply seeks to admit images of people inside Pharaoh's that were readily available on the internet. The knowledgeable witness has testified that he conducted an internet search for images of Pharaoh's, located a website of a photographer, and observed images of individuals inside Pharaoh's—a location he recognizes and has been inside before.[1]  In that regard, Special Agent Ryan is merely authenticating that the images have been taken in a location that he has personally been inside and has seen multiple photos of in the course of his investigation. The government, as the proponent of the evidence, is not attributing the website to the defendant, or any specific date the images are from (although subsequent witnesses may provide such testimony). Given the low bar for authentication, and the limited purpose for which the photos are being offered, the images that were readily available on the internet may be "authenticated solely upon the basis of the testimony of a person who has accessed and retrieved the image." *Oreckinto*, 234 F. Supp. 3d at 366; *see also Al-Moayad*, 545 at 172 ("proof of authentication may be direct or circumstantial."). Where, as here, the has been evidence has adduced sufficient evidence to support a finding that the proffered evidence is what it is claimed to be (*i.e.*, images of people inside Pharoah's that were on the internet), the opposing party "remains free to challenge the reliability of the evidence, to minimize its importance, or to argue alternative interpretations of its meaning, but these and similar other challenges go to the *weight* of the evidence—not to its *admissibility*." *Vayner*, 769 F.3d at 131.

Based upon the foregoing, the internet images located by Special Agent Curtis Ryan should be admitted during his direct testimony, and any challenges to the evidence go to the weight of the evidence, not its admissibility.

Very truly yours,

TRINI E. ROSS

---

[1] Although the government submits the foundation has been adequately laid, the government could lay additional foundation based upon the witness's knowledge of individuals in the photos that were available on the internet.  For example, a Pharoah's dancer who Special Agent Ryan previously interviewed, and who already testified at this trial, is depicted in the photos as are other individuals who Special Agent Ryan has interacted with or identified through this investigation.

United States Attorney

BY:   S/JOSEPH M. TRIPI
       S/Casey L. Chalbeck
       Assistant United States Attorneys