IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                19-CR-227-V / 23-CR-37-V

                                                      **(FILED UNDER SEAL)**

PETER GERACE JR.,

              Defendant.

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF ADMISSIBILITY OF GOVERNMENT EXHIBIT 555 AS A SUMMARY CHART

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi, Nicholas T. Cooper, and Casey L. Chalbeck, Assistant United States Attorneys, of counsel, hereby submits this memorandum in support of the admissibility of Government Exhibit 555 as a summary chart pursuant to Federal Rule of Evidence Rule 1006.

### FACTUAL BACKGROUND

The government intends to make use of a summary evidence chart during trial. The chart, marked as Government Exhibit 555[1], summarizes approximately 40 individual exhibits and organizes them in three principal ways: (1) based upon the event they relate to; (2) based upon the witness(es) who testified regarding that event; and (3) based upon the allegations they relate to in the Redacted Indictment. Government Exhibit 555 summarizes and organizes 40 of the hundreds of exhibits (comprising thousands of pages) expected to be entered into evidence. By doing so, this chart essentially provides a "Table of Contents"

---

[1] Gov. Ex. 555 will be provided to the Court via email.

summarizing some of the exhibits entered into evidence in this case, and – sticking with the literary analogy – listing which chapter (or part of the case) each exhibit pertains to. In doing so, the chart assists the jury in organizing and digesting the voluminous DEA records, phone records, emails, subpoena returns, and photographs introduced into evidence at this trial.

In authenticating this summary chart, the government expects to conclude its proof by calling Special Agent Brian Burns to offer testimony regarding how the chart was constructed. The defendant has all of the evidence and is aware of all of the testimony that supports this chart. The government has already provided the defendant with prior draft versions of the chart[2], and prior to SA Burns' testimony, the government will provide the defense with any 3500 material which SA Burns has created, maintained and relied upon in generating and updating the summary chart. This exhibit will assist the jury in understanding the complex and sprawling nature of the government's conspiracy allegations by putting voluminous exhibits and testimonial evidence into chart form. This chart will allow the jury to visualize the connections between individuals, exhibits, and events without necessitating the jury to memorize every detail from over 36 witnesses' testimony and thousands of pages of evidence.

**THE LAW**

Federal Rule of Evidence 1006 governs the use of summaries at trial. Courts have found the admittance of summary evidence is necessary because it would not be reasonable

---

[2] The government first produced an early, draft version of Gov. Ex. 555 on October 15, 2024. In that email, the government expressed its intent to introduce the chart as summary exhibit. The government has subsequently sent the defense an updated version of the exhibit, and the defendant also already has the current version marked as Government Ex. 555. The government will submit Gov. Ex. 555 to the Court separately, via email, and respectfully requests that the chart be filed under seal as it contains the names of protected witnesses and victims in this case.

to expect an average jury to compile summaries and re-create sophisticated flow charts of the voluminous evidence that underlies some cases. *United States v. Lasko,* 146 F. App'x 530 (2d Cir. 2005).

Rule 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

As noted in the 2024 Amendments to Rule 1006, "to serve their intended purpose, Rule 1006 summaries must be admitted as substantive evidence . . . and the rule has been amended to clarify that a party may offer a Rule 1006 summary 'as evidence."

By its plain terms, Rule 1006 allows for the introduction into evidence of summaries in a variety of forms, including recordings, photographs, charts and calculations. Moreover, as the 2024 Amendments make explicit, summaries introduced under Rule 1006 are themselves evidence for the jury's consideration. Therefore, they can go into the deliberation room with the jury just like any other piece of admitted evidence. *See United States v. Pinto,* 850 F.2d 927 (2d Cir. 1988) (affirming admission of exhibit that summarized "numerous witnesses and voluminous evidence, including reference to 66 wiretaps of telephone calls placed to some 35 telephone numbers[,] . . . . the names of identified participants in the telephone conversations, the numbers used by conspirators and the addresses of several conspirators' residences, [as well as] where calls were placed or received").

Just as importantly, summary charts are admissible even where they are constructed from the *testimony* of the government's witnesses, as well as voluminous records. *See United*

*States v. Goldberg*, 401 F.2d 644, 647-48 (2d Cir. 1968) (affirming admission of "charts and summaries . . . . constructed exclusively from the testimony of the government's witnesses and from [ ] voluminous business records, which had been previously admitted into evidence.").

Although the underlying original documents upon which the summaries are based must be admissible, they do not have to actually be received into evidence. *See Weinstein's Federal Evidence § 1006*. The requirements to admit the summary include making the originals upon which the summary is based available to the opposing party. The underlying original documents must themselves be admissible and the proponent who offers the summary must be able to authenticate it. *See United States v. Bray*, 139 F.3d 1104 (6th Cir. 1998). A proper foundation must be established "connecting the numbers on the chart with the underlying evidence." *United States v. Citron*, 783 F.2d 307, 316 (2d Cir. 1986). Prior to use at trial, the Court must determine that the summary charts "fairly represent and summarize the evidence upon which they are based." *United States v. O'Connor*, 237 F.2d 466, 475 (2d Cir. 1956). If the summary charts fairly represent the evidence, they may be admitted with a limiting instruction. *Id.* Once admitted, summary evidence, like other evidence, may be taken by the jury to the jury room for examination during deliberations. *United States v. Pinto*, 850 F.2d 927, 935 (2d Cir. 1988).[3]

For example, in *United States v. Jasper*, a district court in the Southern District of New York noted that "[t]he Second Circuit has long approved the use of summary charts for

---

[3] Rule 611(a) also provides authority for admitting a number of different types of pedagogical aids including summary charts. Although charts presented under Rule 611 are used for demonstrative purposes only they can, with the court providing an appropriate cautionary instructions, go the jury. *See United States v. Munar,* 419 Fed.Appx. 600 (6th Cir. 2011)*; United States v. Johnson,* 54 F.3d 1150 (4th Cir. 1995)*.*

assistance in complex matters and has even allowed the jury to have charts not received in evidence in the jury room during its deliberations, so long as the judge properly instructs the jury that it is not to consider the charts as evidence." No. 00 CR. 825(PKL), 2003 WL 221740, at *2 (S.D.N.Y. Jan. 31, 2003) (internal quotations omitted).  The court in *Jasper* further observed that "a summary chart must be based on foundation *testimony* or documents connecting it with the underlying evidence summarized, and must be 'based upon and fairly represent competent evidence already before the jury." *Id.* (emphasis added and citing *United States v. Koskerides,* 877 F.2d 1129, 1134 (2d Cir. 1989), *and United States v. Citron,* 783 F.2d 307, 316 (2d Cir. 1986)).

This practice is widely embraced by courts across the country, and extends to testimonial evidence, because, in conspiracy cases, for instance, such exhibits may "aid the jury '[in] put[ting] the myriad of complex and intricate pieces of testimonial and documentary evidence comprising the puzzle together . . . .'" *United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000) (quoting *United States v. Winn*, 948 F.2d 145, 157 (5th Cir. 1991)). [4]

Likewise, the First Circuit has concluded that charts and summary exhibits are appropriate where, as here, "summarization will remove logistic or cognitive barriers to the jury's discharge of its duties." *United States v. Appolon* , 695 F.3d 44, 61 (1st Cir. 2012); *see id* (where "summary evidence in this case obviated the need for the government to introduce, and the jury to sift through, mortgage and sale records for each of the twenty-one properties involved in appellants' scheme, and also facilitated tracing the scheme's proceeds through [an] IOLTA [account]").

---

[4] The court in *Taylor* ultimately found that the admission of the chart in that case was error because "the organizational chart did not accurately reflect the underlying testimony." *Taylor* at 316. Here, as described *supra*, Gov. Ex. 555 accurately reflects and summarizes the underlying testimony and exhibits in this case.

Once the requirements of Rule 1006 and its attendant caselaw are met, challenges to summary exhibits are best channeled through cross-examination, as a panel of the Fourth Circuit's decision in *United States v. Lewis*, 13 F. App'x 180 (4th Cir. 2001) (unpublished) makes clear. There, the Fourth Circuit panel affirmed the admission of charts and summaries where the government introduced charts "to summarize extensive financial evidence regarding Lewis's money laundering activities," noting that "[s]uch charts are permitted expressly under Fed. R. Evid. 1006." *Id.* at 192. The trial judge had (appropriately) given the defendant an opportunity to "challenge the charts' conclusions and summaries and to cross-examine [the agent] who testified as to the contents of the charts." And the judge gave an instruction similar to one contemplated by Sands in the Modern Federal Jury Instructions when the defense contests summary charts.

In that regard, Sands provides as follows:

Certain [summaries; charts; etc.] were admitted in evidence. [You may use those [summaries; charts] as evidence [even though the underlying [documents; evidence] are not here].]

[The accuracy of the [summaries; charts] has been challenged. [The underlying [documents; evidence] [has; have] also been admitted so that you may determine whether the summaries are accurate.]

[It is up to you to decide how much weight to give to the summaries.]

1 Modern Federal Jury Instructions-Criminal P 5.05 (2021).

According to the *Lewis* panel, this instruction "told the jury that it should give the charts 'such weight as you feel like that you are entitled to. If you do not think they are entitled to any weight, you don't have to give them any weight.'" *Lewis*, 13 F. App'x 180, 192.

Similarly, the Third Circuit rejected a defendant's appeal arguing that the trial judge had erred by permitting the use of summary charts because, the defendant contended, the charts did not summarize sufficiently voluminous evidence and because the charts were

allegedly "misleading and unfairly prejudicial by virtue of presenting only certain payments within each transaction represented." *United States v. Onque*, 665 F. App'x 189, 199 (3d Cir. 2016). In affirming the trial judge, the Third Circuit wrote:

> The Government introduced large amounts of evidence in this case. The fact that the charts included the most pertinent information with respect to each transaction does not render the charts misleading; on the contrary, it highlights their utility in winnowing out evidence extraneous to the charged offenses. The condensed charts certainly do not recreate the entirety of the Government's case. We again find no error in the admission of this summary evidence.

*Id.*

So, too, the Seventh Circuit has recognized that cross-examination—not preclusion—is the best vehicle for the defendant to elicit any facts that might have suggested that the government's charts incorrectly captured the nature of [the documents summarized]." *United States v. Swanquist*, 161 F.3d 1064, 1073 (7th Cir. 1998).

The foregoing are consistent with long-standing Second Circuit caselaw. For example, in *SEC v. Fowler*, after a chart was admitted pursuant to Rule 1006 over Fowler's objection, which Fowler did not contest on appeal, the Second Circuit noted that the chart "was admitted under Rule 1006 and as such constituted substantive evidence" provide powerful evidence of the issue Fowler was contesting on appeal – whether there had been sufficient evidence that he had engaged in unauthorized trading. 6 F.4th 255, 263-64 (2d Cir. 2021).

Similarly, in *United States v. Miller*, the Second Circuit rejected the defendant's challenge to the admissibility of a summary chart of phone bills pertaining to phone calls and text messages between five men. 954 F.3d 551, 565 (2d Cir. 2020). The exhibit had been "admitted as substantive evidence pursuant to Rule 1006, which allows a party to 'use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or

photographs that cannot be conveniently examined in court.'" *Id.*

Finally, in *United States v. Pinto*, the Second Circuit rejected the defendant's challenge to the admission of summary charts for sixty-six wire taps of thirty-five telephone numbers and found no error in allowing the jurors to use the charts during deliberations. 850 F.2d 927, 935-36 (2d Cir. 1988).

## ANALYSIS

The allegations underlying the indictment in this case span from 2005 to 2019 and involve the existence of three distinct yet overlapping conspiracies in which the defendant participated. In order to learn this case, the jury must familiarize itself with the names and roles of dozens of individuals who either participated in, or bore witness to, one or more conspiracies. Count 1 alleges 20 overt acts. To meet its burden of proof at this trial, the government will have called over 40 witnesses, introduced hundreds of exhibits (consisting of thousands of pages), all spread over the course of eight weeks. As this Court well knows, this case is fairly described as complex.

In complex cases such as this one, consistent with the foregoing authority, federal courts across the United States have routinely permitted the introduction of summary charts where, as here, the charts fairly represent and summarize the evidence upon which they are based. Indeed, Gov. Ex. 555 accurately summarizes which exhibits in evidence relate to which allegations in the Redacted Indictment and which witness testimony. This chart summarizes the voluminous proof introduced during this case which could not otherwise be conveniently viewed in court. As such, upon adequate foundation testimony offered by SA Burns, the government intends to offer Gov. Ex. 555 into evidence as a summary chart. The

government submits this memorandum in support in order to assist the Court in ruling on the admissibility of this chart.

DATED: Buffalo, New York, December 10, 2024

TRINI E. ROSS
United States Attorney

BY:   s/JOSEPH M. TRIPI
s/NICHOLAS T. COOPER
s/CASEY L. CHALBECK
Assistant United States Attorneys
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
