IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                    19-CR-227-LJV
                                                                                  23-CR-37-LJV

PETER GERACE, JR.,

                  Defendant.

---

## RESPONSE IN OPPOSITION TO THE DEFENDANT'S MEMORANDUM REGARDING POTENTIAL JURY INSTRUCTIONS

The UNITED STATES OF AMERICA, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Joseph M. Tripi and Nicholas T. Cooper, Assistant United States Attorneys hereby files the government's response and opposition to the defendant's memorandum regarding potential jury instructions. *See* Doc. No. 1410.

**A. The Defendant's Request for Inclusion of a Gratuity Language in the Court's Bribery Instruction Under Section 201(b) Should be Denied.**

**[Responding to Point II of the Defendant's Memorandum at Doc. No. 1410]**

Mr. Gerace is charged with bribing a public official, former DEA Special Agent Joseph Bongiovanni, under 18 U.S.C § 201(b) which, unlike 18 U.S.C. § 666, has a separate gratuities subsection under § 201(c). The Second Superseding Indictment charges Mr. Gerace with bribery under 18 U.S.C. § 201(b) in Count 2 as follows:

> Beginning in or about 2009, and continuing to on or about June 6, 2019, the exact dates being unknown to the Grand Jury, in the Western District of New York, the defendant, **PETER GERACE JR.**, did, directly and indirectly, corruptly give, offer, and promise a thing of value to a public official, namely a DEA Special Agent, with intent to induce the performance of an official act

and to induce a public official to do an act and omit to do an act in violation of his lawful duty, as opportunities arose; that is, the defendant, **PETER GERACE JR.** paid and facilitated bribe payments to Joseph Bongiovanni, a DEA Special Agent, in United States currency to among other acts, to falsely advise an Federal Bureau of Investigation (FBI) Special Agent (SA) that the defendant **PETER GERACE JR.** was a DEA confidential source, thereby inducing the FBI SA to abandon a narcotics investigation into the defendant **PETER GERACE JR.** and Pharaoh's Gentlemen's Club; to create an official DEA 6 document falsely stating that the defendant **PETER GERACE JR.** was a DEA source; to provide advice and information to the defendant **PETER GERACE JR.**; to help the defendant **PETER GERACE JR.** and Pharaoh's Gentlemen's Club avoid federal narcotics investigations; to induce Bongiovanni to use his position as a DEA SA to make statements to his co-worker, a fellow DEA SA, to dissuade and discourage the fellow DEA SA from investigating the defendant **PETER GERACE JR.** and Pharaoh's; to make false and misleading statements to other members of law enforcement; to provide information about law enforcement methods and techniques; to help such drug trafficking activities continue; and to make false statements in official DEA memoranda in order to minimize the relationship between Bongiovanni and the defendant **PETER GERACE JR.** as a means to conceal their conspiratorial relationship.

**All in violation of Title 18, United States Code, Sections 201(b)(1)(A) and 201(b)(1)(C).**

First, the decision in *Snyder v. United States*, 603 U.S. 1, 5 (2024), did not upend the Supreme Court's earlier directive that "for bribery there must be a quid pro quo—a specific intent to give or receive something of value in exchange for an official act." *United States v. Sun-Diamond Growers of California*, 526 U.S. 398, 404–05 (1999). That "exchange" can consist of a public official intending to act for the benefit of the bribe payor as opportunities arise to do so in exchange for bribes. *See United States v. Skelos*, 988 F.3d 645, 655 (2d Cir. 2021) ("Put differently, this theory means that the government does not have to prove an explicit promise to perform a particular act made at the time of payment so long as the general nature of the act to be taken was understood at the time of the payment. (internal quotation marks omitted)).

Second, and dispositive of the defendant's request to modify this Court's jury instruction, Section 201(c)—which prohibits, inter alia, the gift, offer, promise, demand, receipt, or acceptance of "anything of value . . . for or because of any official act performed or to be performed by [federal] public official[s]"—covers gratuities. The Supreme Court confirmed that understanding in *Snyder*. *See, Snyder*, 603 U.S. at 13 ("[Section] 201(b) makes it a crime for federal officials to accept bribes, while a separate provision, [Section] 201(c), makes it a crime for federal officials to accept certain gratuities."). Thus, *Snyder*, which deals with a different criminal statute inapplicable to this case, does not impact or require any change to the Court's proposed jury instructions.

In light of the above, it is unsurprising that the defendant has provided no citation or authority for his proposed "gratuity" instruction, which requests the Court to instruct the jury that "gratuities are payments made to an official after an official act as a token of appreciation. This statute does not make it a crime for state and local officials to accept gratuities that may be given as a token of appreciation after the official act." *See* Doc. No. 1410, at 6. Neither Section 201(b), nor the Supreme Court's holding in *Snyder*, provide a basis for inclusion of a gratuities instruction. Finally, a gratuity under is § 201(c) a lesser included offense of § 201(b). *See United States v. Alfisi,* 308 F.3d 144, 152 (2d Cir. 2002). As such, the instruction requested by the defendant, that "this statute [Section 201]…does not make it a crime… to accept certain gratuities," would be an incorrect misstatement of law in the context of this § 201 prosecution.[1]

---

[1] The defendant has not requested a lesser-included gratuities instruction.

3

**B. The Buyer-Seller Instruction is Inapplicable to the Facts of this Case, and the Defendant's Request for a Buyer-Seller Instruction Should Be Denied.**

**[Responding to Point I of the Defendant's Memorandum at Doc. No. 1410]**

It is well-settled that "[the] rationale for holding a buyer and a seller not to be conspirators is that in the typical buy-sell scenario, which involves a casual sale of small quantities of drugs, there is no evidence that the parties were aware of, or agreed to participate in, a larger conspiracy." *United States v. Medina*, 944 F.2d 60, 65 (2d Cir. 1991). The rationale does not apply where, as here, the defendant maintains a drug involved premises for distribution and use of controlled substances as part of an overarching sex trafficking and narcotics conspiracy.

Here, the distribution of controlled substances, including cocaine, were a part of the daily life at Pharaohs. In this vein, the defendant maintained several sources of supply for controlled substances to ensure that dancers—the performers that were the lifeblood of his business—were able to perform dances and sex acts within his club. The evidence establishes that the defendant controlled Pharaohs and that he had a team of trusted distributors, individuals who helped him distribute, and that he personally distributed controlled substances over-and-over for many years. The fact that the defendant also used drugs, like cocaine, while distributing those drugs to drug addicted dancers and others at the club he controlled does not transform the defendant into a "buyer" within the meaning of a buyer-seller arrangement. Indeed, the buyer-seller exception "the exception "does not protect either the seller or buyer from a charge they conspired together to transfer drugs if the evidence supports a finding that they shared a conspiratorial purpose to advance other transfers, whether by the seller or by the buyer." *United States v. Lucas*, 395 F. Supp. 3d 241, 248

(W.D.N.Y. 2019) (quoting *United States v. Parker*, 554 F.3d 230, 235 (2d Cir. 2009)). The facts of this case present a clear picture of a larger conspiracy, and one in which the defendant's ability to acquire and distribute cocaine and other drugs was essential to the business (and the interrelated sex trafficking conspiracy) at Pharaohs. Moreover, the fact that one of the objects of the charged narcotics conspiracy alleges that the defendant maintained Pharaohs as a drug-involved premises, which requires proof that the defendant agreed with another to "knowingly maintain[] any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance," *United States v. Gerace*, No. 119CR227JLSMJR, 2022 WL 17478270, at *8 (W.D.N.Y. Aug. 5, 2022), further militates against the inclusion of a buyer-seller instruction. The inclusion of a buyer-seller instruction, under these facts, would only confuse the jury and is inapplicable.

## CONCLUSION

The defendant's request for additional jury instructions should be denied.

DATED: Buffalo, New York, December 18, 2024

                                                 TRINI E. ROSS
                                                 United States Attorney

BY:    s/JOSEPH M. TRIPI
           s/NICHOLAS T. COOPER
           Assistant United States Attorneys
           Western District of New York
           138 Delaware Avenue
           Buffalo, New York 14202