

**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

*Federal Center*        *716/843-5700*
*138 Delaware Avenue*      *fax 716/551-3052*
*Buffalo, New York 14202*    *Writer's Telephone: 716/843-5839*
                                  *Writer's fax: 716/551-3052*
                                  *Casey.Chalbeck@usdoj.gov*

December 18, 2024

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

         Re:     ***United States of America v. Peter Gerace, Jr.,***
                  **Case Numbers: 19-CR-227-LJV; 23-CR-37-LJV**
                  **Rebuttal Summation**

Dear Judge Vilardo:

     This letter is provided in reference to assist the Court in evaluating the proper bounds of rebuttal summation in the event the defendant makes arguments pertaining to witnesses who did not testify.

     It is well-settled that when a defendant argues to the jury that by not calling certain witnesses the prosecutor had effectively concealed from the jury evidence that would have been favorable to the defense, the prosecutor is "entitled to point out in response that the defendant 'also has a ... right to call witnesses if he wants to.'" *United States v. Drescher*, 77 F. App'x 45, 47–48 (2d Cir. 2003) (quoting *United States v. Panza,* 750 F.2d 1141, 1153 (2d Cir.1984)). In *Panza*, the government "properly argued in its rebuttal summation, after a defendant had asked the jury to infer from the government's failure to call certain witnesses that they would not have been helpful to it, that the witnesses were equally available to be subpoenaed by the defendants, from which the jury could infer that they would not have been helpful to the defendants." 750 F.2d at 1153 (collecting cases).

     In *United States v. Kanovsky*, the appellant argued that the comments upon his right to subpoena witnesses made in rebuttal summation deprived him of a fair trial. During the government's summation, the following exchange occurred:

> Government: "First of all, the Judge will instruct you that the defendant has subpoena power, and could call in those very same people. And you can be sure that if those people (meaning marshalls (sic) and auctioneers) had anything to say which was helpful, they would have been here. He would have called them here, because both sides can call . . .

> Defense Counsel: Your Honor, I object to misstating the principle of law regarding the obligation of the defendant.
>
> The Court: A defendant doesn't have to offer any proof. But, of course, the jury can be advised that the defendant has subpoena powers and the defendant can call anyone in. The defendant could have subpoenaed marshalls (sic), auctioneers and buyers. Continue."

*United States v. Kanovsky*, 618 F.2d 229, 232 (2d Cir. 1980). The Second Circuit affirmed the conviction and stated, in pertinent part, that "the prosecutor's remarks in rebuttal summation with respect to the defendant's power to subpoena witnesses did not deprive defendants of their right to rely on the Government's failure of proof, where the remarks were made in response to defense summations referring to the failure of the Government to produce certain witnesses." *Id.*

The government previously briefed this issue in its *Pre-trial Memorandum and Motion in Limine*, filed on April 26, 2023 (*see* Doc. No. 441 [Point 41] at 187), which is incorporated herein by reference as though set forth fully herein. The defendant never responded to the government's briefing or provided any contrary legal authority. As a result, in the event the defendant argues that certain witnesses did not testify at trial (consistent with the defense cross examination of summary witness FBI Special Agent Brian Burns), the government intends to respond, as permitted by law, that the defense has a "right to call witnesses if he wants to." *See Panza*, 750 F.2d at 1153.[1]

Very truly yours,

TRINI E. ROSS
United States Attorney

BY:   s/JOSEPH M. TRIPI
Assistant United States Attorney

---

[1] The undersigned typically makes this argument on rebuttal summation while embracing the government's burden of proof—beyond a reasonable doubt—and advising the jury that the proof presented meets and/or exceeds the government's burden.