

December 18, 2024

**<u>Via ECF</u>**
Hon. Lawrence J. Vilardo
United States District Judge
United States District Court
 Western District of New York

          Re:    *United States v. Gerace*
                 19-cr-227/23-cr-37
                 Rebuttal Summation

Your Honor:

On behalf of Peter Gerace, Jr., we write in response to the government's letter from earlier this evening (Dkt.# 1413).

In its letter, the government suggests that defense cross-examination of government agents may open the door to comment at rebuttal summation regarding the defense's ability to subpoena witnesses. To be clear, the cases that consider the appropriateness of this comment on rebuttal summation are limited to consideration of the content of the defense summation, not the content of cross examination or witness testimony. *See, e.g., United States v. Drescher*, 77 F.App'x 45 (2d. Cir 2003) (The defendant had suggested to the jury in his summation that by not calling certain witnesses the prosecutor had effectively concealed from the jury evidence that would have been favorable to the defense.); *United States v. Panza*, 750 F.2d 1141, 1153 (2d Cir. 1984) (The government properly argued in its rebuttal summation, after a defendant had asked the jury to infer from the government's failure to call certain witnesses that they would not have been helpful to it, that the witnesses were equally available to be subpoenaed by the defendants, from which the jury could infer that they would not have been helpful to the defendants).

Further, the defense notes that, regardless of the content of the defense summation, a constitutional violation occurs if either the defendant alone has the information to contradict the government evidence referred to in the rebuttal summation or if the jury "naturally and necessarily" would interpret the government's rebuttal summation as a comment on the failure of the accused to testify. *United States v. Bubar*, 567 F.2d 192, 199 (2d Cir. 1977).

ERIC@SOEHNLEINLAW.COM
716.771.9092



Simply put, the government's ability to comment on the defense's ability to subpoena witnesses has not been triggered, and even if it were, the government's ability to comment in such a way in a case like this – where much of the alleged misconduct involves only government witnesses and Mr. Gerace – is limited.

Thank you for your time and attention.

Respectfully,

*s/Eric M. Soehnlein*

Eric M. Soehnlein

cc: all counsel (via email)



ERIC@SOEHNLEINLAW.COM
716.771.9092