IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

-v-

PETER GERACE, JR.

Defendant.

_____

**DEFENDANT'S REPLY TO THE GOVERNMENT RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER**

**ON BEHALF OF PETER GERACE, JR.**

Case No.: 19-CR-227

Dated: October 10, 2025

- 1 -

**PRELIMINARY STATEMENT** ................................................................................................ 2

**DISCUSSION** ............................................................................................................................ 3

   A. THE GOVERNMENT MISSTATES THE DEFENSE REQUEST; THE PROPOSED RELIEF IS NARROW AND MAINTAINS ALL EXISTING PROTECTIONS .......................................................... 3

   B. GOOD CAUSE EXISTS: THERE IS SIGNIFICANT OVERLAP AND THE CURRENT RESTRICTION IMPAIRS THE DEFENSE'S ABILITY TO PREPARE ............................................................................ 4

   C. THE GOVERNMENT'S PRIVACY ARGUMENTS ARE FULLY ADDRESSED BY KEEPING THE SAME PROTECTIVE TERMS ................................................................................................................ 5

   D. THE GOVERNMENT'S "JUST READ THE PUBLIC TRANSCRIPTS AND ASK LATER" PROPOSAL IS INADEQUATE AND PREJUDICIAL .................................................................................................. 5

   E. THE GOVERNMENT'S PRIVACY ARGUMENTS ARE FULLY ADDRESSED BY KEEPING THE SAME PROTECTIVE TERMS ................................................................................................................ 6

   F. THE GOVERNMENT'S PRIOR RELIANCE ON THE ORDER DOES NOT BAR A LIMITED, PERSONNEL-SCOPE ADJUSTMENT .................................................................................................. 6

**CONCLUSION** .......................................................................................................................... 7

## PRELIMINARY STATEMENT

The government's opposition rests on a straw man argument. The government repeatedly attempts to characterize the defense request as a "blanket modification" that would cast aside protections for sensitive materials and open decades of files to public dissemination. That is not what the defense asked for. The motion does not seek to life the existing protective order in case no. 19-cr-227, it only seeks to extend the order to permit counsel and defense-team members for Mr. Gerace in case no. 23-cr-99 to receive

and discuss the case no. 19-cr-227 materials under the very same restrictions that already bind counsel in case no. 19-cr-227. There would be no public filing, no unilateral dissemination, and no alteration of the use-limitations or return/destroy obligations.

The record also refutes the premise that such sharing is unreasonable. At a recent status conference in case no. 23-cr-99, Chief Judge Wolford described the government's position—that co-counsel for the same defendant cannot be freely discuss protected information from the related case—as "unreasonable" and "impractical." The defense-proposed modification would cure that impracticality while preserving the safeguards the Court has already put in place.

## DISCUSSION

### A. THE GOVERNMENT MISSTATES THE DEFENSE REQUEST; THE PROPOSED RELIEF IS NARROW AND MAINTAINS ALL EXISTING PROTECTIONS

The defense does not seek to unseal protected filings in case no. 19-cr-227. Since Mr. Foti is already privy to the protected materials, the defense merely seeks to add specific personnel—Ms. Meyers Buth and defense-team members in case no. 23-cr-99 for the same defendant—to the list of individuals who may receive and discuss materials subject to the identical "solely for trial preparation/investigation/trial" limitation, nondissemination rules, and return/destroy provisions that already govern. In other words, the ask is parity of access for the case no. 23-cr-99 team, not public posting or

dilution of safeguards. Labeling that limited request a "blanket" change is inaccurate. It is a targeted personnel-scope adjustment that leaves the order's substance intact.

### B. G<small>OOD</small> C<small>AUSE</small> E<small>XISTS</small>: T<small>HERE IS</small> S<small>IGNIFICANT</small> O<small>VERLAP AND THE</small> C<small>URRENT</small> R<small>ESTRICTION</small> I<small>MPAIRS THE</small> D<small>EFENSE'S</small> A<small>BILITY TO</small> P<small>REPARE</small>

The case no. 23-cr-99 prosecution expressly draws on people, events, and materials from case no. 19-cr-227. When the government says it will continue to produce discoverable information related to Crystal Quinn in case no. 23-cr-99, and has already provided sealed filings from case no. 19-cr-227 as discovery in case no. 23-cr-99. That is because the cases are related as a matter of theory and proof. The defense declaration likewise explains the need to discuss protected case no. 19-cr-227 materials within the case no. 23-cr-99 defense team to coordinate strategy, avoid missteps, investigate overlaps and provide effective assistance of counsel.

Yet, under the government's position, counsel in case no. 19-cr-227 may not meaningfully confer with co-counsel in case no. 23-cr-99 about protected materials—even though both represent the same defendant in a related case. Chief Judge Wolford identified the defect: restricting such discussion is unreasonable and unworkable. The impairment is not hypothetical: specific investigative avenues—e.g., differences between grand jury and trial testimony for a central witness, potential identification of other inmates/COs from transport records, and interview targets—cannot be responsibly developed without shared access to protected reports and Jencks material from case no.

19-cr-227. The present limitation hamstrings basic co-counsel coordination in a way no protective order should.

C. THE GOVERNMENT'S PRIVACY ARGUMENTS ARE FULLY ADDRESSED BY KEEPING THE SAME PROTECTIVE TERMS

The government invokes the privacy and dignity of witnesses and victims and the size of the protected population, implying that any modification invites risk. But the defense seeks no change to the substantive protections that safeguard those interests. Extending the order to identified case no. 23-cr-99 defense personnel preserves nondissemination, use-limitations, delayed sharing with defendants per the Court's schedule, and destruction/return duties. The government never explains how allowing Ms. Meyers Buth, co-counsel for the same defendant, to review materials under the same restrictions would compromise privacy in any way that does not already exist with Mr. Foti, current counsel in case no. 19-cr-227.

D. THE GOVERNMENT'S "JUST READ THE PUBLIC TRANSCRIPTS AND ASK LATER" PROPOSAL IS INADEQUATE AND PREJUDICIAL

The opposition suggests counsel should read publicly available trial transcripts and then make granular Rule 16 motions. That ignores two realities: First, public transcripts do not include protected items essential to effective preparation—e.g., grand jury minutes, FBI 302s, 3500 packets, and protected witness identifiers that enable targeted investigation. Second, the current restriction prevents co-counsel from even

discussing what lead counsel already knows (but "can't unlearn"), creating a one-way information bottleneck inside the defense team. That is unworkable for complex, overlapping prosecutions.

E. THE GOVERNMENT'S PRIVACY ARGUMENTS ARE FULLY ADDRESSED BY KEEPING THE SAME PROTECTIVE TERMS

If the Court prefers additional tailoring, the defense proposes the following order language:

1. Added Authorized Recipients. "Counsel of record for Mr. Gerace in case no. 23-cr-99 (and their paralegal/investigator staff and experts retained in that case) are added to the definition of 'Defense Team' in the case no. 19-cr-227 protective order for the limited purpose of preparing the defense of case no. 23-cr-99."

2. No Substantive Change. "All existing restrictions—including use solely for litigation purposes, nondissemination to third parties, timed disclosures to the defendant per court schedule, filing under seal, and post-litigation return/destruction—remain in full force."

3. No Public Unsealing. "Nothing in this Order authorizes public disclosure of sealed materials or wholesale unsealing of the 202-name witness list."

F. THE GOVERNMENT'S PRIOR RELIANCE ON THE ORDER DOES NOT BAR A LIMITED, PERSONNEL-SCOPE ADJUSTMENT

The government argues it relied on the protective order when it decided to produce a broad range of discovery in case no. 19-cr-227, so the relief sought by the

defense should be denied. But the defense is not asking the Court to unwind any protection the government relied upon—only to add specific co-counsel and staff for the same defendant, under the same terms, because of later-arising related charges (case no. 23-cr-99) that make coordinated preparation necessary. The government's own disclosures of sealed case no. 19-cr-227 filings in case no. 23-cr-99 further confirm that a strictly controlled cross-case use is appropriate when material bears on the later case.

The government has no made a particularized, specific showing under Rule 16(d) how the witnesses would be harmed by granting co-counsel access.

## CONCLUSION

The defense is not seeking to relitigate the terms of the general terms of the protective order in case no. 19-cr-227, or to publish sensitive materials, or to embarrass witnesses. We seek only the ability for the case no. 23-cr-99 defense team to stand on equal footing and to be able to prepare effectively for the related charges—under the same protections already in place. That is good cause for the Court to grant the defendant's motion.

Thus, it is respectfully requested that this Court grant the motion and enter an Order modifying the protective order as suggested above, or otherwise extending the case no. 19-cr-227 protective order to counsel and defense-team members for Mr. Gerace in case no. 23-cr-99 on identical terms.

- 8 -

DATED:    Rochester, New York
              October 10, 2025

s/ Mark A. Foti
Mark A. Foti, Esq.
THE FOTI LAW FIRM, P.C.
*Attorneys for Defendant Peter Gerace, Jr.*
16 W. Main Street – Suite 100
Rochester, New York 14614
(585) 461-1999
mark@fotilaw.com

- 8 -