IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

PETER GERACE JR.,

          Defendant.

19-CR-227
23-CR-37

## ADVISORY AND REQUEST FOR CLARIFICATION

On March 30, 2026, the defendant publicly filed objections to the Pre-Sentence Investigation Report (PSR), ECF No. 1709, and separately emailed to the Court and government a sentencing memorandum that is undocketed. In his transmittal email, counsel for the defendant indicated that a redacted version of the defendant's undocketed sentencing memorandum would be publicly filed within a few days due to the inclusion of "Mr. Gerace's personal medical information." To date, as far as the government is aware, the defendant has not filed a motion requesting sealing or partial sealing of his undocketed sentencing memorandum, and has not publicly filed a redacted version of it.

On April 10, 2026, the defendant also publicly filed a motion for a new trial. ECF No. 1722.

Tomorrow, on April 17, 2026, the government will file its consolidated response to the defendant's objections to the PSR, sentencing memorandum (undocketed), and the defendant's motion for a new trial. *See* ECF No. 1710. The government does not believe there is a proper basis for the defendant to seal, partially seal, or redact the sentencing memorandum

that he transmitted to the Court via email on March 30, 2026. Thus, unless the Court directs

otherwise, the government intends to publicly file its consolidated response.

As courts have observed:

> The public has a presumptive right of access to judicial documents under both the First Amendment and the common law. *See, e.g., Lugosch v. Pyramid Co.*, 435 F.3d 110, 119–20 (2d Cir. 2006). Sentencing memoranda in criminal cases qualify as "judicial documents" to which the presumptive right of public access attaches. *See United States v. Litvak*, 2015 WL 328876, at *2 (D. Conn. 2015); *United States v. Huntley*, 943 F. Supp. 2d 383, 385–86 (E.D.N.Y. 2013); *cf. United States v. Alcantara*, 396 F.3d 189, 197–99 (2d Cir. 2005) (discussing First Amendment right of access to sentencing proceedings). As Judge Weinstein has observed: "Particularly important is transparency in our judicial branch. Its power depends upon the people's confidence. That confidence is founded on the fact that the material judges rely on for decision is available to the public—decisions by which judges' work is judged." *Huntley*, 943 F. Supp. 2d at 385.

*United States v. Roy*, No. 3:15-CR-151 (JAM), 2017 WL 2604250, at *1 (D. Conn. June 15, 2017)

In *United States v. Huntley*, after the defendant there filed her sentencing memorandum

under seal without seeking leave of the court, the court stated:

> Sentencing proceedings are presumed to be open to the public under the First Amendment's right of access to judicial proceedings and documents. *See United States v. Alcantara,* 396 F.3d 189, 196–98 (2d Cir.2005) (right to access plea and sentencing proceedings); *Press–Enterprise Co. v. Superior Court,* 478 U.S. 1, 10 (1986) (First Amendment right of access to preliminary hearings). Documents used in aid of sentencing are independently presumed to be open to the public pursuant to the common law right of public access. *See Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597–98 (1978) (common-law right of access to judicial documents); *Amodeo II,* 71 F.3d at 1048–50 (standard governing presumption); *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir.1995) ("*Amodeo I* "). This presumption of openness is reflected in Congress's directive for sentencing proceedings to be held "in open court." 18 U.S.C. § 3553(c).

943 F. Supp. 2d 383, 385–86 (E.D.N.Y. 2013). The court in *Huntley* continued: "While the Court of Appeals for the Second Circuit has not yet had occasion to articulate such higher values in the context of sentencing proceedings, district courts have identified as one of them the need to avoid jeopardizing ongoing or future investigations, and [t]he need for confidentiality of the investigation. *Id.* at 386 (quotations and citations omitted). "Where possible, limited redaction instead of wholesale sealing of court documents should be considered in order to adequately safeguard First Amendment values." *Id.* "The particular 'weight' afforded to openness will be heaviest when 'judicial documents' directly affect adjudication, including a court's sentencing decision." *Id.* (citing *United States v. Amodeo,* 71 F.3d 1044, 1049 (2d Cir.1995)); *see also United States v. Dare,* 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (defendant's sentencing memoranda was subject to public disclosure where he chose to introduce medical information in attempt to mitigate his sentence).

In the context of sentencing, discussions of a defendant's alleged personal and medical history are routinely discussed in open court. *See, e.g.*, *United States v. Hagerman*, 506 F. App'x 14, 17 (2d Cir. 2012) (unpublished) ("Hagerman also argues that the district court's sentence was substantively unreasonable in light of his offense characteristics and personal background. In particular, Hagerman notes that he has no prior criminal history, that he is the victim of sexual abuse, that he has never sexually abused a minor, and that a psychological assessment concluded that he poses only a low to moderate risk of reoffending."); *Roy*, No. 3:15-CR-151 (JAM), 2017 WL 2604250, at *2 ("Defendant's sentencing memorandum describes her childhood, her drinking and gambling problems, her success as a participant in the Support Court, how the victim company has allegedly "absorbed" the loss from

3

defendant's embezzlements, and how the fraud guidelines of the Sentencing Guidelines may be too severe. No plausible claim could be made that any of these facts and arguments in the sentencing memorandum should be placed under seal."); *Martin v. Astrue*, 2010 WL 1644514, at *2 (D. Conn. 2010) ("Plaintiff has redacted every reference in his Memorandum to his medical history concerning his back problems, his age, his education, and his work history, yet he has made no showing as to why this information is so highly sensitive that it should be sealed"); *United States v. Pierre-Louis*, No. 16-CR-541 (CM), 2025 WL 2984871, at *5 (S.D.N.Y. Oct. 23, 2025) (in the context of denying a motion for compassionate release for a convicted sex trafficker, noting that "the fact that [the defendant] had a rotten childhood does not excuse [the defendant] for" his conduct and further noting that the Court "accepts no excuse for treating another human being in that fashion, none, for anyone"); *United States v. Osborne*, No. 14-CR-0264(JS), 2026 WL 523162, at *7 (E.D.N.Y. Feb. 25, 2026) (detailing the defendant's claims of childhood trauma).

Here, the defendant's emailed sentencing memorandum does not impact any ongoing or future investigation, and it contains the information he intends to principally rely upon to influence the Court's decision at sentencing. This is the sort of information that is routinely filed and discussed publicly in federal sentencing proceedings. There is a strong presumption that this information should be publicly filed. The defendant's reasons for seeking to mitigate his sentence should not be permitted to be argued under the darkness of a sealed or redacted filing.

Nevertheless, because the government's consolidated response will address all the defendant's arguments, including those premised upon his purported personal and medical information, the government respectfully requests clarification or guidance from the Court in the event it believes special instructions are appropriate regarding the manner in which the government files its consolidated response.

DATED: Buffalo, New York, April 16, 2026.

MICHAEL DIGIACOMO
United States Attorney

BY:    s/JOSEPH M. TRIPI
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5839
Joseph.Tripi@usdoj.gov