UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

       v.

PETER GERACE, JR.,

          Defendant.

19-CR-227

23-CR-37

---

## THE UNITED STATES OF AMERICA'S REPLY TO THE DEFENDANT'S RESPONSE IN OPPOSITION OF THE UNITED STATES OF AMERICA'S MOTION FOR FORFEITURE OF PROPERTY

MICHAEL DIGIACOMO
United States Attorney
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202

Jonathan W. Ferris
Elizabeth M. Palma
Assistant United States Attorneys
(Of Counsel)

## PRELIMINARY STATEMENT

In response to the United States' ("Government") Motion for Preliminary Order of Forfeiture of the 999 Aero Drive property, the Defendant, Peter Gerace, Jr., does not contest that the Government established the requisite nexuses between 999 Aero Drive and the Drug Offenses and the Sex Trafficking Offense. Instead, the Defendant response centers around the argument that because he does not own 999 Aero Drive, it cannot be forfeited. The Government's position, and the trial testimony reflects, the Defendant exercised dominion and control over 999 Aero Drive consistent with ownership interest.

The Defendant's position is internally inconsistent: he disclaims any interest in 999 Aero Drive, yet seeks to prevent its forfeiture. In doing so, the Defendant's position that 999 Aero Drive is owned by 999 Aero Drive Inc., which he claims is solely owned by his mother, Linda Gerace, forecloses his ability to object to the entry of the preliminary order of forfeiture. The law is clear that a defendant does not have standing to challenge forfeiture on the basis that a defendant does not have an interest in the property. To the extent that there is a question of ownership, it is not necessary to determine at this stage what interest any defendant or third party might have in the property. The forfeiture framework of Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n) are clear that the time to adjudicate any ownership and third-party interests is *after* the entry of a preliminary order of a forfeiture and in the ancillary proceeding stage.

As set forth in detail below, the Defendant does not raise any viable defenses that should prevent the Court from entering the proposed preliminary order of forfeiture. At this stage, all that is required is that the Government shows a nexus between the real property and the Drug Offenses and the Sex Trafficking Offense, which the Defendant does not challenge.

1

Accordingly, the Court should issue a preliminary order of forfeiture for the 999 Aero Drive

pursuant to Fed.R.Crim.P. 32.2(b)(1)(A) and Title 21, United States Code, Section 853(a)(2)

and Title 18, United States Code, Section 1594(d)(1).

## ARGUMENT

**I.    The Defendant's disclaimer of ownership bars him from challenging the preliminary order of forfeiture.**

As noted above, Defendant's claim that he does not own 999 Aero Drive, creates a

lack of standing to challenge its forfeiture.

Ordinarily, "a litigant 'must assert his own legal rights and interests, and cannot rest

his claim to relief on the legal rights or interests of third parties.'" *Bano v. Union Carbide Corp.*,

361 F.3d 696, 715 (2d Cir. 2004) (quoting *Valley Forge Christian Coll. v. Ams. United for

Separation of Church & State, Inc.,* 454 U.S. 464, 474 (1982)). "Only those with legitimate

possessory interests have standing to challenge forfeitures." *United States v. Amiel*, 995 F.2d

367, 371 (2d Cir. 1993); *see also United States v. Coffman*, 574 F. App'x 541, 563–64 (6th Cir.

2014) ("Further, if Coffman had an interest in the properties, which he denies, then the

Government has acquired it. If he had no interest in the properties, then the Government has

acquired nothing from him."); *United States v. Manlapaz*, 825 Fed. Appx. 109, 117 (4th Cir.

2020) ("Fed. R. Crim. P. 32.2 provides that a defendant may not object to forfeiture on the

ground that the property is owned by someone else."); *United States v. Weitzman*, 963 F. Supp.

2d 218, 221 (S.D.N.Y. 2013) (defendant lacks standing to object to forfeiture on the ground

that a third party has an interest in it; third party must file a claim in ancillary proceeding);

*United States v. Collado*, No. 14 Cr. 731, 2020 WL 248685, at *2 (S.D.N.Y. Jan. 16, 2020)

(defendant lacked standing to assert his fiancé's "alleged property rights" of currency that was

subject to forfeiture); *United States v. Tam*, 812 F. Supp.3d 155, 162 (D. Mass. Dec. 12, 2025)

(defendant could not vacate a preliminary order of forfeiture on the ground that a third party's claim has merit); *see also* Rule 32.2(c)(2) ("The defendant may not object to the entry of the final order on the ground that the property belongs, in whole or in part, to a codefendant or third party"); Advisory Notes to Fed. R. Crim. Proc. 32.2 ("Subsection (b)(1) . . . To the extent that the government is seeking forfeiture of a particular asset . . .  the court must find that the government has established the requisite nexus between the property and the offense. . . . The court may make the determination based on evidence in the record, or on additional evidence submitted by the defendant or evidence submitted by the government in support of the motion for the entry of a judgment of forfeiture. **The defendant would have no standing to object to the forfeiture on the ground that the property belonged to someone else**.") (emphasis added).

Here, the Defendant  argues that because he "never owned or had any interest" in 999 Aero Drive, and which he claims is owned by another (999 Aero Drive Inc., which he claims is solely owned by Linda Gerace), the Court cannot issue a preliminary order of forfeiture for it. However, under this premise, the Defendant lacks standing to challenge the forfeiture of 999 Aero Drive, and therefore his objection to the entry of the preliminary order of forfeiture should be denied.

II.    **Title 21, United States Code, Section 853 and Title 18, United States Code, Section 1594(d)(1) do not require the Defendant to own the property in order for the preliminary order of forfeiture to be entered.**

The Defendant  also contests the issuance of the preliminary order of forfeiture on the grounds that it "is at odds with the clear language of the statutes." Defs. Br. at 5. Although he does not make explicitly make the argument, the Defendant suggests that the relevant forfeiture statutes, Title 21, United States Code, Section 853 and Title 18, United States Code,

Section 1594(d)(1), require the government to specify or label the exact nature of the defendant's interest in property prior to the entry of a preliminary order of forfeiture. Def. Br. at 5. This is incorrect.

"[T]he extent of the Defendant's ownership or interest in the property is not at issue in determining whether the court should enter a preliminary order of forfeiture." *United States v. Schlesinger*, 396 F.Supp.2d 267, 273 (E.D.N.Y. 2005). The Government is not required to prove ownership prior to the entry of the preliminary order of forfeiture. *See De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) ("The statutory wording [of 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(a)(1)] makes sufficiently clear that criminal forfeiture is not a measure restricted to property owned by the criminal defendant; it reaches *any* property that is 'involved' in the offense. The likelihood that some property involved in an offense will be owned by persons other than the criminal defendant is reflected in the provision for an ancillary proceeding.") (emphasis in original); *see also United States v. Watts*, 477 Fed. Appx. 816, 817–18 (2d Cir. 2012) (following *De Almeida*; property may be forfeited based on its nexus to the offense, regardless of ownership); *United States v. Molina-Sanchez*, 298 F.R.D. 311, 314 (W.D.N.C. 2014) ("the fact that defendant has no legal ownership interest in the . . . property does not bar criminal forfeiture").

As explained in the Advisory Committee Notes, Rule 32.2 was revised (from the previous Rule 31(e)) with the intent to eliminate confusion over whether the extent of the defendant's ownership interest should be determined by the finder of fact. *See* Advisory Committee Notes to Rule 32.2 (2000) ("[I]t is not necessary to determine at this [preliminary order of forfeiture] stage what interest any defendant might have in the property. Instead, the court would order forfeiture of whatever interest each defendant might have in the property

4

and conduct the ancillary proceeding"). "The Court's task at this juncture is not to consider and resolve the potentially thorny issues concerning third-party ownership of the property sought to be forfeited. . . Rather, the Court's obligation at this stage is primarily to determine the nexus or connection between the crime of conviction and the property sought to be forfeited." *United States v. Nicolo*, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (Larimer, J.). Further, a defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. *Schlesinger*, 396 F.Supp.2d at 273.

Here, the Defendant's argument on this point centers around distinguishing two cases cited by the Government in its Motion for Forfeiture on the basis that they are not perfectly aligned with the facts of this case. However, these arguments fall flat and misdirect the Court from the relevant issue of determining the requisite nexus between 999 Aero Drive and the relevant crimes of conviction.

Both *Schlessinger* and *Feger* stand for the rule of law that third-party interests must be adjudicated in the ancillary proceeding after the issuance of a preliminary order of forfeiture. Those cases are just two of many cases discussed throughout this reply that stand for that proposition and follow the plain language of Rule 32.2 and its corresponding Advisory Committee Notes.

The Defendant's argument, that he does not own nor has any interest in 999 Aero Drive, is not a recognized defense to the entry of a preliminary order of forfeiture. If such argument were allowed, defendants could simply disavow any interest in subject property and a court would never be allowed to enter a preliminary order of forfeiture. Additionally, if courts were required to resolve third-party ownership disputes at the preliminary forfeiture stage, defendants could easily frustrate forfeiture by titling assets into the names of relatives,

5

corporations, or other nominees. Such a rule would invite precisely the type of evasion that Title 21, United States Code, Section 853(n) was enacted to prevent and, as discussed *infra*, would render the ancillary proceeding mechanism largely superfluous by creating duplicative litigation of ownership interests. To allow such argument to prevent entry of the preliminary order of forfeiture would be inconsistent with Congressional intent of the ancillary hearing process, as well as depart from how criminal matters are ordinarily adjudicated.

Since the Government has set forth evidence to prove the requisite nexus between 999 Aero Drive and the relevant crimes of conviction in its initial Motion for Forfeiture and the Defendant does not contest that factual basis and nexus, the Court should promptly enter the preliminary order of forfeiture.

### III.    Any third-party interests must be adjudicated in an ancillary proceeding.

The Defendant's Memorandum in Opposition' does not address Federal Rule of Criminal Procedure 32.2 nor Title 21, United States Code, Section 853(n) and seemingly ignores the two-stage procedural framework for finalizing forfeiture. The Supreme Court has recognized in *Libretti v. United States*, that Congress has determined that Section 853(n) provides the means by which third-party rights must be vindicated. 516 U.S. 29, 44 (1995).

Together with Federal Rule of Criminal Procedure 32.2, these legal authorities set forth a bifurcated forfeiture procedure for all parties. *United States v. Wolf*, 375 F. Supp. 3d 428, 435 (S.D.N.Y. 2019). In the first stage, the sentencing court must "adjudicate the government's interest vis-a-vis the defendant 'without regard to any third party's interest in the property.'" *United States v. Daugerdas*, 892 F.3d 545, 549 (2d Cir. 2018) (quoting Criminal Rule 32.2(b)(2)(A)). During this first stage, third parties are expressly barred from participating in the proceedings. *See* Title 21, United States Code, Section 853(k) ("Except as

6

provided in [853](n), no party claiming an interest in property subject to forfeiture under [Section 853] may" either "intervene in a trial or appeal of a criminal case involving the forfeiture of such property" or "commence an action at law or equity against the United States" to challenge the forfeiture).

After the entry of a preliminary order of forfeiture, the forfeiture moves to the second stage, the ancillary proceeding stage, where any ownership interests are adjudicated. At the outset, to comport with due process, the government is required to provide notice to third parties of the preliminary order of forfeiture and give notice of the opportunity to file a petition. Title 21, United States Code, Section 853(n)(1) and Rule 32.2(b)(6). In the second stage, "before entering a final order of forfeiture, the court [must] resolve[ ] any third-party petitioner's interests vis-a-vis the defendant." *Daugerdas*, 892 F.3d at 549 (quoting 21 U.S.C. § 853(n)(6)(A)); Fed. R. Crim. P. 32.2(c). Unlike the first stage, third parties have rights during the ancillary proceeding to make claims under Section 853(n). *See* Title 21, United States Code, Section 853(n) ("any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.").

The Advisory Committee Notes to Rule 32.2 are instructive on why this bifurcated system exists:

> [T]he ancillary proceeding has become the forum for determining the extent of the defendant's forfeitable interest in the property. This allows the court to conduct a proceeding in which all third-party claimants can participate and which ensures that the property forfeited actually belongs to the defendant. Since the enactment of the ancillary proceeding statutes, the requirement in Rule 31(e) that the court (or jury) determine the extent of the defendant's interest in the property

> as part of the criminal trial has become an unnecessary anachronism that leads more often than not to duplication and a waste of judicial resources. There is no longer any reason to delay the conclusion of the criminal trial with a lengthy hearing over the extent of the defendant's interest in property when the same issues will have to be litigated a second time in the ancillary proceeding if someone files a claim challenging the forfeiture. For example, in *United States v. Messino*, 917 F. Supp. 1307 (N.D. Ill. 1996), the court allowed the defendant to call witnesses to attempt to establish that they, not he, were the true owners of the property. After the jury rejected this evidence and the property was forfeited, the court conducted an ancillary proceeding in which the same witnesses litigated their claims to the same property.
>
> **A more sensible procedure would be for the court, once it (or a jury) determines that property was involved in the criminal offense for which the defendant has been convicted, to order the forfeiture of whatever interest a defendant may have in the property without having to determine exactly what that interest is.** If third parties assert that they have an interest in all or part of the property, those interests can be adjudicated at one time in the ancillary proceeding. (emphasis added).

Advisory Notes to Fed. R. Crim. Proc. 32.2. If a petitioner in the ancillary proceeding ultimately demonstrates that they are entitled to the property, the court can then "enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Rule 32.2(c)(2); *see also* Title 21, United States Code, Section 853(n)(6).

Here, pursuant to Rule 32.2(c) and Title 21, United States Code, Section 853, any third-party (other than the Defendant) including 999 Aero Drive Inc. and any mortgage holder, will have a due process opportunity to be heard on their interest in the property. But under the plain language of the statutes and the two-step forfeiture process, the time to evaluate those interests are during the *later* ancillary proceedings, not now. As the Advisory Committee Notes quoted above instruct, if the Court were to consider third-party interests at this time, it would create redundancy: ownership would first be determined before a

8

preliminary order is issued but would also need to be determined *again* at the ancillary proceeding stage.

Therefore, because any third-party property interests must be, and will be, adjudicated in any subsequent ancillary proceeding before forfeiture is final, this Court should promptly enter the preliminary order of forfeiture.

## CONCLUSION

As indicated above, the Defendant's opposition is contradictory: if the Defendant claims he does not have interest in 999 Aero Drive, then he has no standing nor suffers any cognizable legal injury from its forfeiture. Further, at this stage, the government is only required to establish the requisite nexuses between the Drug Trafficking Offenses and Sex Trafficking Offense and 999 Aero Drive, which it has done; it not required to determine what specific interest the Defendant has before the Court enters a preliminary order of forfeiture. Lastly, 999 Aero Drive Inc.'s rights are well protected and can be asserted in the ancillary proceeding. This Court need not "at this juncture [] consider and resolve . . . issues concerning third-party ownership of the property sought to be forfeited." *Nicolo*, 597 F. Supp. 2d at 346. Instead, since the Government has shown the required nexus, which is all that is required at this stage, this Court should grant the Government's Motion for Forfeiture and enter the proposed preliminary order of forfeiture.

DATED:      April 17, 2026

MICHAEL DiGIACOMO
United States Attorney
Western District of New York

BY:   s/*Jonathan W. Ferris*
      s/*Elizabeth M. Palma*
      Assistant United States Attorneys
      United States Attorney's Office
      Western District of New York

9